1  LAW OFFICES OF DALE K. GALIPO
   Dale K. Galipo, Esq. (SBN 144074)
2  dalekgalipo@yahoo.com
   21800 Burbank Boulevard, Suite 310
3  Woodland Hills, CA  91367
   Telephone:  (818) 347-3333
4  Facsimile:   (818) 347-4118

5  Thomas C. Hurrell, Esq. (SBN 119876)
   Email: thurrell@hurrellcantrall.com
6  Janet J. Hur, Esq. (SBN 330358)
   E-Mail: jhur@hurrellcantrall.com
7  Jerad J. Miller (SBN 334001)
   Email: jjmiller@hurrellcantrall.com
8  HURRELL CANTRALL, LLP
   725 S. Figueroa Street, Suite 3800
9  Los Angeles, California 90017
   Telephone: (213) 426-2000
10 Facsimile: (213) 426-2020
   Attorney for County of Los Angeles

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNIE QUAN, individually and as successor in interest to BENJAMIN CHIN, deceased,<br><br>            Plaintiff,<br>    vs.<br><br>COUNTY OF LOS ANGELES; and DOES 1-10, inclusive,<br><br>            Defendants. | Case No. 2:24-cv-04805-MCS-KS<br><br>**JOINT RULE 26(f) REPORT**<br><br>Sched. Conf. Date: September 9, 2024<br>Time:                    10:00 a.m.<br>Courtroom:           7C |

**TO THE HONORABLE COURT**:

Pursuant to Federal Rules of Civil Procedure Rule 26(f), Local Rule 16-1 and the Court's July 3, 2024 Order setting the Rule 26(f) Scheduling Conference, Plaintiff Jennie Quan ("Plaintiff") and Defendant COUNTY OF LOS ANGELES ("Defendant") (collectively, "the Parties") respectfully submit the following Joint Report.

**1. STATEMENT OF THE CASE**

**1. Plaintiff's Statement:**

On June 19, 2023, at approximately 11:30 a.m., Los Angeles County Sheriff's Deputies responded to the 2900 block of Crooked Creek Drive in Diamond Bar, California regarding reports of a man with a rifle. The deputies located Benjamin Chin ("Decedent") walking on the sidewalk along Crooked Creek Drive. The deputies followed Decedent as he walked to the intersection of Crooked Creek Drive and Diamond Bar Boulevard. Decedent then stood in the middle of Diamond Bar Boulevard while deputies were positioned in front and behind of Decedent. As Decedent slowly walked in the direction of the deputies in front of him with the rifle pointed towards the ground, the deputies in the front and from behind discharged their firearms, striking Decedent several times. At all relevant times, Decedent did not pose an immediate threat of death or serious bodily injury to anyone. Decedent died as a result of his gunshot wounds.

Plaintiff Jennie Quan, Decedent's mother, brings this civil rights action individually and on behalf of Decedent as his successor in interest. Plaintiff brings the following claims for relief: Plaintiff brought this civil rights action with the following claims for relief: (1) Fourth Amendment Unreasonable Search and Seizure – Detention and Arrest (42 U.S.C. § 1983); (2) Fourth Amendment Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983); (3) Fourth Amendment Unreasonable Search and Seizure – Denial of Medical Care (42 U.S.C. § 1983); (4) Municipal Liability for Ratification (42 U.S.C. § 1983); (5) Municipal

Liability for Inadequate Training (42 U.S.C. § 1983); (6) Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983); (7) battery; (8) negligence; and (9) violation of the Bane Act (Cal. Civil Code § 52.1).

### 2. Defendants' Statement:

Defendant COUNTY OF LOS ANGELES ("COLA") disputes the allegations in Plaintiff's Complaint. COLA will assert qualified immunity for any individual defendants as well as state law immunities, including those under the California *Government Code*, for the state claims.

## 2. SUBJECT MATTER JURISDICTION

Plaintiff has filed federal claims pursuant to 42 U.S.C. § 1983 and related state law claims. Accordingly, the Parties do not dispute that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction), 28 USC §1343 (a)(3)-(4) (original jurisdiction over civil rights claims) and 1367 (supplemental jurisdiction as to the state law claims).

## 3. LEGAL ISSUES

A. Whether the deputies used excessive force;
B. Whether the County or its deputies denied medical care to Decedent;
C. Whether the deputies unlawfully interfered with Plaintiff's right to familial relationship with her son, Decedent;
D. Whether the County of Los Angeles has an unconstitutional custom, practice or policy that was the moving force that caused Decedent's and Plaintiff's injuries;
E. Whether the County of Los Angeles failed to adequately train its deputies;
F. Whether the County of Los Angeles ratified the excessive and unreasonable force, if any, used by the deputies;
G. Whether the deputies were negligent with respect to their handling of the situation, including using force against Decedent and their use of negligent tactics;

H. Whether the deputies conduct showed a specific intent to violate Plaintiff's rights;

I. Whether Defendant is immune from liability for the state claims;

J. Whether Defendant's conduct was a substantial factor in causing Plaintiff harm;

K. The nature and scope of Plaintiff's damages; and

L. Entitlement to punitive damages.

## 4. PARTIES, EVIDENCE, ETC.

Parties: The Parties are Plaintiff Jennie Quan and Defendant County of Los Angeles. Defendant COUNTY OF LOS ANGELES has been served and has filed a responsive pleading in this matter.

Witnesses: The percipient witnesses to the incident include Plaintiff and County of Los Angeles Sheriff's Department personnel.

Additional non-percipient witnesses may include other County of Los Angeles personnel, including policy makers, investigators and medical personnel.

The Parties have not yet identified all other percipient witnesses.

Key Documents: The key documents include County of Los Angeles Sheriff's Department records regarding the incident, including but not limited to, statements, reports, and recorded interviews the officers and witnesses, investigative reports and diagrams, audio and/or video of the incident, photographs of the scene of the incident; physical evidence recovered from the scene of the incident; County of Los Angeles policies, procedures, and officer training; depositions of the Parties and witnesses; responses to written discovery; Decedent's medical records, documents regarding the County of Los Angeles' investigation into the incident, and Documents that Plaintiff possesses regarding the incident.

//
//
//

## 5. DAMAGES

### A. Plaintiff's Statement:

Plaintiff is seeking survival damages on behalf of Decedent for his pain and suffering, loss of life, and loss of enjoyment of life. Plaintiff is seeking wrongful death damages for the loss of Decedent's love, companionship, comfort, care, assistance, protection, society, and moral support as well as funeral and burial expenses. Plaintiffs further seek punitive damages, attorney's fees, and costs under Plaintiff's federal claims. Plaintiff also seeks punitive damages under her state law battery and Bane Act claim and attorney's fees and costs under her Bane Act claim. Plaintiff is unable to provide an estimate of her damages at this time.

### B. Defendant's Statement:

Defendant, COLA, disputes the nature and extent of the claimed damages.

## 6. INSURANCE

**Defendant's Statement:**

The County of Los Angeles is self-insured.

## 7. MOTIONS

There are no motions pending before the Court. Plaintiff anticipates on seeking leave to file a First Amended Complaint, naming Marisol Barajas and Hector Vazquez as the deputies involved in the incident. Plaintiff intends on working with Defendant on a stipulation for leave to amend in lieu of the need to file a motion to amend, if possible.

### Defendant's Statement:

After the discovery phase, Defendant will likely file a motion for summary judgment or partial summary judgment. Defendant will file any necessary Motions in Limine and Pre-Trial Motions prior to trial in this matter.

//
//
//

## 8. DISPOSITIVE MOTIONS

**Plaintiff's Statement:**

The parties have discussed potential motions and propose motion dates set forth in the attached schedule. Plaintiff anticipates filing motions *in limine* to exclude evidence at trial. Depending on the Court's rulings on these evidentiary issues, Plaintiff may seek bifurcation of liability from damages at trial.

**Defendant's Statement:**

Defendant anticipates filing a Motion for Summary Judgment, or Partial Summary Judgment, if appropriate, depending on the course of discovery in this case.

## 9. MANUAL FOR COMPLEX LITIGATION

The Parties agree that this is not a complex case and is therefore not subject to the Manual for Complex Litigation.

## 10. STATUS OF DISCOVERY

The Parties intend to exchange initial disclosures on September 9, 2024. The Parties also anticipate propounding initial written discovery.

**Defendant's Statement:**

COLA will begin discovery immediately. COLA anticipates the exchanges of written discovery including: (1) Request for Production of Documents; (2) Subpoenas for the production of documents; (3) Requests for Admissions; and (4) Interrogatories. COLA anticipates taking the deposition of Plaintiff, other unidentified witnesses, Plaintiff's treating physicians, and any other percipient witnesses identified by Plaintiff.

## 11. DISCOVERY PLAN

The parties have discussed the anticipated discovery and propose the non-expert discovery schedule set forth in Exhibit A hereto. This schedule was compiled based upon the trial calendars of counsel and their evaluation of the parties' discovery needs.

Plaintiff anticipates taking the deposition upon oral examination of the involved deputies, the additional deputies who responded to the scene, medical personnel, percipient witnesses, persons most knowledgeable, and Defendants' expert witnesses. Plaintiff anticipates on serving written interrogatories, requests for admission, and requests for production of documents, including on the issues of liability for excessive and unreasonable force, *Monell* liability, and related state law claims.

Defendants will conduct discovery regarding the facts and circumstances of the incident that forms the basis for Plaintiff's claims, including taking Plaintiff's deposition and unidentified third-party witness present during the subject incident and serving written discovery requests. Discovery will also be conducted regarding Plaintiff's claimed damages. COLA will subpoena all the medical providers who treated Plaintiff for any injuries he allegedly suffered during the subject incident. COLA will then depose the treaters identified by Plaintiff.

The parties do not foresee any issues regarding electronically stored information pursuant to Rule 26(f)(3)(C) in this case.

The parties will seek a protective order from the Magistrate Judge to cover discovery and exchange of confidential information.

The parties do not anticipate any changes to the limitations on discovery imposed by the Federal Rules at this time.

Plaintiff proposes that discovery be conducted in two phases: (i) fact discovery and (ii) expert discovery.

**Defendant's Statement:**

COLA does not believe discovery should be conducted in phases or be limited to or focused on particular issues.

**12. DISCOVERY CUT-OFF**

The Parties propose a discovery cut-off of November 10, 2025, for which all fact discovery is to be completed, including the resolution of all discovery motions.

The above-mentioned discovery cut-off allows the parties sufficient time to engage in requisite fact finding and provide sufficient time after the cut-off to allow the parties to prepare for trial. Defendant COLA anticipates various privileges will prohibit disclosure of certain discovery sought in this case, including the official information privilege and deliberative process privilege.

**13. EXPERT DISCOVERY**

The Parties propose an Initial Expert Disclosure date of November 17, 2025, Expert Rebuttal Date of December 1, 2025, and Expert Discovery Cut-Off of December 15, 2025.

**14. SETTLEMENT CONFERENCE/ALTERNATIVE DISPUTE RESOLUTION**

The parties have not yet engaged in substantive settlement discussions but are amenable to doing so following a period of discovery. The parties are agreeable to participating in ADR Procedure No. 2 (appearance before neutral selected from Court's Mediation Panel). The parties will select a mutually agreed-upon neutral and have commenced discussions of acceptable mediators.

**15. TRIAL ESTIMATE**

Both Parties have requested a jury trial and both estimate that the trial will take approximately five (5) to seven (7) days, including *voir dire*, opening statements, closing arguments, and time reasonably anticipated that will be spent on discussions regarding jury instructions and verdict forms outside the presence of the jury. At this time, the Parties cannot accurately anticipate how many witnesses they will call in this particular matter, but based on similar litigation and the facts known to date, the Parties estimate calling approximately 5-10 witnesses per side.

//
//
//
//

## 16. TRIAL COUNSEL

Dale K. Galipo (lead counsel) and Hang Le from the Law Offices of Dale K. Galipo will try this case for Plaintiff.

**Defendant's Statement:**

Thomas C. Hurrell.

## 17. INDEPENDENT EXPERT OR MASTER

The Parties agree that this case does not require an independent expert or master.

## 18. SCHEDULE WORKSHEET

Per the Court's order setting the Scheduling Conference, the parties have attached "Exhibit A: Schedule of Pretrial and Trial Dates Worksheet" hereto.

## 19. OTHER ISSUES

There are no other issues that require the Court's attention at this time.

DATED: August 26, 2024            LAW OFFICES OF DALE K. GALIPO

By _____/s/ Hang D. Le_____
Dale K. Galipo
Hang D. Le
Attorneys for Plaintiff

DATED: August 26, 2024            HURRELL CANTRALL LLP

By _____/s/ Janet J. Hur*_____
Thomas C. Hurrell
Janet J. Hur
Attorneys for Defendant, County of Los Angeles

\*The filer, Hang D. Le, hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur with the filing's content and have authorized the filing.