# Exhibit A

1  LAW OFFICES OF DALE K. GALIPO
   Dale K. Galipo, Esq. (SBN 144074)
2  dalekgalipo@yahoo.com
   Hang D. Le, Esq. (SBN 293450)
3  hlee@galipolaw.com
   21800 Burbank Boulevard, Suite 310
4  Woodland Hills, CA  91367
   Telephone:   (818) 347-3333
5  Facsimile:   (818) 347-4118

6

7

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10

11  JENNIE QUAN, individually and as     Case No. 2:24-cv-04805-MCS-KS
    successor in interest to BENJAMIN
12  CHIN, deceased,                      **[PROPOSED] FIRST AMENDED**
                                         **COMPLAINT FOR DAMAGES**
13
              Plaintiff,                  1. Unreasonable Search and
14                                           Seizure—Excessive Force (42
         vs.                                 U.S.C. § 1983)
15                                        2. Unreasonable Search and
    COUNTY OF LOS ANGELES;                   Seizure—Denial of Medical Care
16  MARISOL BARAJAS; HECTOR                  (42 U.S.C. § 1983)
    VAZQUEZ; and DOES 1̶3-10, inclusive,  3. Municipal Liability – Ratification
17                                           (42 U.S.C. § 1983)
              Defendants.                 4. Municipal Liability – Inadequate
18                                           Training (42 U.S.C. § 1983)
                                          5. Municipal Liability –
19                                           Unconstitutional Custom or Policy
                                             (42 U.S.C. § 1983)
20                                        6. Battery
                                          7. Negligence
21                                        8. Bane Act (Cal. Civil Code 52.1)
22
                                         **DEMAND FOR JURY TRIAL**
23

24

25

26

27

28

-1-

## **COMPLAINT FOR DAMAGES**

JENNIE QUAN, individually and as successor in interest to BENJAMIN CHIN, deceased, brings this Complaint against Defendants COUNTY OF LOS ANGELES, MARISOL BARAJAS, HECTOR VAZQUEZ, and DOES ~~1~~3-10, inclusive, and hereby alleges as follows:

## **INTRODUCTION**

1.      This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved shooting of Benjamin Chin on June 19, 2023.

## **JURISDICTION AND VENUE**

2.      This case arises under 42 U.S.C. § 1983 and 1988 as well as California law.  This court has subject matter jurisdiction over Plaintiff's federal question and civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343.  This Court has jurisdiction over Plaintiff's supplemental state law claims under 28 U.S.C. § 1367 as those claims arise out of the same transactions and occurrences as Plaintiff's federal question claims.

3.      Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) because all incidents, events, and occurrences giving rise to this action occurred in the City and the County of Los Angeles, California.

## **PARTIES**

4.      At all relevant times, Decedent BENJAMIN CHIN ("DECEDENT") was an individual residing in the City of Diamond Bar, County of Los Angeles, California.

5.      Plaintiff JENNIE QUAN ("Plaintiff") is an individual residing in the City of Diamond Bar, County of Los Angeles, California. Plaintiff is the natural mother of Decedent. Plaintiff sues both in her individual capacity as the mother of Decedent and in a representative capacity as the successor-in-interest to Decedent

1  pursuant to California Code of Civil Procedure § 377.30. Plaintiff seeks survival

2  damages, wrongful death damages, and punitive damages under federal and state

3  law.

4        6.     At all relevant times, Defendant COUNTY OF LOS ANGELES

5  ("COUNTY") is and was a municipal corporation existing under the laws of the

6  State of California. COUNTY is a chartered subdivision of the State of California

7  with the capacity to be sued. COUNTY is responsible for the actions, omissions,

8  policies, procedures, practices, and customs of its various agents and agencies,

9  including the Los Angeles County Sheriff's Department ("LASD") and its agents

10  and employees.  At all relevant times, Defendant COUNTY was responsible for

11  assuring that the actions, omissions, policies, procedures, practices, and customs of

12  the and its employees and agents complied with the laws of the United States and of

13  the State of California.  At all relevant times, COUNTY was the employer of

14  Defendants MARISOL BARAJAS, HECTOR VAZQUEZ, and DOE DEPUTIES.

15        7.     At all relevant times, Defendant MARISOL BARAJAS ("BARAJAS")

16  was employed as a sheriff's deputy for LASD, was acting under color of law, and

17  within the course and scope of her duties as a sheriff's deputy for LASD. Defendant

18  BARAJAS was acting with the complete authority and ratification of her principal,

19  Defendant COUNTY.

20        8.     At all relevant times, Defendant HECTOR VAZQUEZ ("VAZQUEZ")

21  was employed as a sheriff's deputy for LASD was acting under color of law, and

22  within the course of scope of his duties as a sheriff's deputy for LASD. Defendant

23  VAZQUEZ was acting with complete authority and ratification of his principal,

24  Defendant COUNTY.

25       7.9.   At all relevant times, Defendants DOES 1̶3-5 ("DOE DEPUTIES") are

26  deputies for L̶A̶P̶D̶ LASD who were acting under color of law within the course and

27  scope of their duties as deputies for the L̶A̶P̶D̶LASD.  DOES 1̶3-5 were acting with

28  the complete authority and ratification of their principal, Defendant COUNTY.

8.10.   Defendants DOES 6-10 are managerial, supervisorial, and policymaking employees of ~~LAPD~~LASD, who at all relevant times was acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the ~~LAPD~~LASD. DOES 6-10 was acting with the complete authority and ratification of their principal, Defendant COUNTY.

9.11.   On information and belief, at all relevant times BARAJAS, VAZQUEZ, and DOES ~~1~~3-10 were residents of the County of Los Angeles.

10.12.  In doing the acts and failing and omitting to act as hereinafter described, DOE DEPUTIES were acting on the implied and actual permission and consent of DOES 6-10 and the COUNTY.

11.13.  In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 6-10 was acting on the implied and actual permission and consent of the COUNTY.

12.14.  The true names and capacities, whether individual, corporate, association, or otherwise of Defendants DOES ~~1~~3-10, inclusive, are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained.  Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

13.15.  At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

14.16.  All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or

1  employment capacity.  Moreover, Defendants and their agents ratified all of the acts
2  complained of herein.

3      15.17.Defendants BARAJAS, VAZQUEZ, and DOES 13-10 are sued in their
4  individual capacity.

5

6  **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

7      16.18.Plaintiff repeats and realleges each and every allegation in paragraphs 1
8  through 15-17 of this Complaint with the same force and effect as if fully set forth
9  herein.

10      17.19.On June 19, 2023, Defendants BARAJAS, VAZQUEZ, and DOE
11  DEPUTIES responded to the 2900 block of Crooked Creek Drive in Diamond Bar,
12  California regarding reports of a man with a rifle. Defendants BARAJAS,
13  VAZQUEZ, and DOE DEPUTIES encountered Plaintiff, who begged Defendants
14  BARAJAS, VAZQUEZ, and DOE DEPUTIES not to shoot DECEDENT.
15  Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES subsequently located
16  DECEDENT walking on the sidewalk along Crooked Creek Drive.

17      18.20.Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES followed
18  DECEDENT as he walked to the intersection of Crooked Creek Drive and Diamond
19  Bar Boulevard. DECEDENT stood in the middle of Diamond Bar Boulevard as
20  Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES positioned themselves in
21  front of and behind DECEDENT.

22      19.21.As DECEDENT slowly walked towards the Defendants BARAJAS,
23  VAZQUEZ, and DOE DEPUTIES in front of him with the rifle pointed towards the
24  ground, Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES in front and
25  from behind DECEDENT discharged their firearms at DECEDENT, striking
26  DECEDENT several times.

27      20.22.At all relevant times, DECEDENT did not pose an immediate threat of
28  death or serious bodily injury to Defendants BARAJAS, VAZQUEZ, and DOE

1  DEPUTIES or others. DECEDENT never raised, attempted to raise, or pointed the
2  rifle at Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES nor anyone else
3  at the time of the shooting. DECEDENT never made verbal threats towards
4  Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES or anyone else prior to
5  or during the shooting.

6      21.23. At all relevant times, Defendants BARAJAS, VAZQUEZ, and DOE
7  DEPUTIES were not faced with an immediate defense of life situation and had less-
8  lethal alternatives available to take DECEDENT into custody.

9      22.24. Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES failed to
10 provide a warning that they were prepared to use lethal force prior to their use of
11 lethal force, despite it being feasible to do so.

12     23.25. On information and belief, despite having knowledge that DECEDENT
13 was seriously injured by Defendants BARAJAS, VAZQUEZ, and DOE
14 DEPUTIES' use of deadly force, DOE DEPUTIES failed to timely summon medical
15 care or permit medical personnel to treat DECEDENT. The delay of medical care to
16 DECEDENT was a contributing cause of DECEDENT's harm, injury, pain and
17 suffering, and ultimate death.

18     24.26. DECEDENT sustained several gunshot wounds to his body and died as
19 a result of his gunshot wounds.

20     25.27. Plaintiff is DECEDENT's successor-in-interest as defined in Section
21 377.11 of the California Code of Civil Procedure and succeeds DECEDENT's
22 interest in this action as the natural mother of DECEDENT.

23     26.28. On or around December 12, 2023, Plaintiff filed a comprehensive and
24 timely claim for damages with the County of Los Angeles in substantial compliance
25 with § 910 of the California Government Code. On or around January 29, 2024,
26 COUNTY rejected said claims.

27

28

# **FIRST CLAIM FOR RELIEF**

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(Against Defendants MARISOL BARAJAS, HECTOR VAZQUEZ, and DOE
DEPUTIES)

27.29. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 25 28 of this Complaint with the same force and effect as if fully set forth herein.

28.30. Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES used excessive and unreasonable force against DECEDENT when they shot him several times. Defendants BARAJAS, VAZQUEZ, and Defendant DOE DEPUTIES' unjustified use of force deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

29.31. As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

30.32. At all relevant times, DECEDENT did not forcibly resist, nor did he pose an immediate threat of death or serious bodily injury to Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES or anyone else.

31.33. Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES' use of force was excessive and objectively unreasonable and contrary to basic police officer training because DECEDENT posed no immediate threat of death or serious bodily injury to anyone at the time.

32.34. Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES did not exhaust all reasonable available alternative measures prior using deadly force on DECEDENT. Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES failed

1  provide adequate commands and warnings prior to using deadly force, despite it be
2  feasible to do so.

3      33.35. As a result of their misconduct as described above, Defendants
4  BARAJAS, VAZQUEZ, and DOE DEPUTIES are liable for DECEDENT's
5  injuries, either because they were integral participants in the use of excessive force
6  or because they failed to prevent these violations.

7      34.36. The conduct of Defendants BARAJAS, VAZQUEZ, and DOE
8  DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the
9  rights and safety of Plaintiff and therefore warrants the imposition of exemplary and
10 punitive damages as to Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES.

11     35.37. Plaintiff brings this claim as successor-in-interest to DECEDENT and
12 seeks survival damages, including pre-death pain and suffering, emotional distress,
13 loss of life, and loss of enjoyment of life for the violation of DECEDENT's rights.
14 Plaintiff also seeks attorneys' fees under this claim.

15

16              **SECOND CLAIM FOR RELIEF**

17  **Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

18        (Against Defendants MARISO BARAJAS, HECTOR VAZQUEZ, and DOE

19                              DEPUTIES)

20     36.38. Plaintiff repeats and realleges each and every allegation in paragraphs 1
21 through 35 37 of this Complaint with the same force and effect as if fully set forth
22 herein.

23     37.39. Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES failed to
24 provide much needed medical care to DECEDENT, failed to timely summon needed
25 medical care for DECEDENT, prevented medical care personnel from timely
26 treating DECEDENT, and refused to permit medical care personnel access to
27 DECEDENT for care at the scene for an appreciable amount of time after the
28 incident.

38.40. The denial of medical care by Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

39.41. As a result of the foregoing, DECEDENT suffered great physical pain and suffering up to the time of his death, loss of life, loss of enjoyment of life, and loss of earning capacity.

40.42. Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury, the unnecessary and wanton infliction of pain, or death, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

41.43. The conduct of Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES.

42.44. At all relevant times, Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES were acting under color of state law.

43.45. As a result of their misconduct as described above, Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES are liable for DECEDENT's injuries, either because they were integral participants or because they failed to prevent these violations.

44.46. Plaintiff brings this claim as a successor-in-interest to the DECEDENT, and seeks survival damages, including pre-death pain and suffering, loss of life, and loss of enjoyment of life for the violation of DECEDENT'S rights. Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

**THIRD CLAIM FOR RELIEF**

**Municipal Liability – Ratification (42 U.S.C. § 1983)**

(Against Defendants COUNTY and DOES 6-10)

45.47. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 44 46 of this Complaint with the same force and effect as if fully set forth herein.

46.48. At all relevant times, Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES were acting under color of state law.

47.49. The acts of Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES as described above, including using lethal force against DECEDENT, deprived DECEDENT of his rights under the United States Constitution.

48.50. Upon information and belief, a final policymaker for COUNTY, acting under color of law, who had final policymaking authority concerning the acts of Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES, ratified (or will ratify) Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES' acts and the bases for them.  Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES' acts, which include use of excessive force against Plaintiff as well as the unreasonable detention and arrest of DECEDENT and denial of medical care.

49.51. Upon information and belief, a final policymaker for COUNTY has determined (or will determine) that the acts of Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES were "within policy."

50.52. By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

1  ~~51.~~53. Accordingly, Defendants BARAJAS, VAZQUEZ, and DOE

2  DEPUTIES and DOES 6-10 each are liable to Plaintiff and DECEDENT for

3  compensatory damages under 42 U.S.C. § 1983.

4  ~~52.~~54. Plaintiff brings this claim individually and as a successor-in-interest to

5  the DECEDENT, and seeks survival damages, including pre-death pain and

6  suffering, loss of life, loss of enjoyment of life, and wrongful death damages under

7  this claim. Plaintiff also seeks punitive damages, costs, and attorney's fees under

8  this claim.

9

10  **FOURTH CLAIM FOR RELIEF**

11  **Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

12  (Against Defendants COUNTY and DOES 6-10)

13  ~~53.~~55. Plaintiff repeats and realleges each and every allegation in paragraphs 1

14  through ~~52~~ 54 of this Complaint with the same force and effect as if fully set forth

15  herein.

16  ~~54.~~56. At all relevant times, Defendants BARAJAS, VAZQUEZ, and DOE

17  DEPUTIES were acting under color of state law.

18  ~~55.~~57. The acts of Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES

19  deprived DECEDENT of his rights under the United States Constitution.

20  ~~56.~~58. The training policies of Defendant COUNTY were not adequate to

21  train its officers to handle the usual and recurring situations with which they must

22  deal.

23  ~~57.~~59. Defendant COUNTY was deliberately indifferent to the obvious

24  consequences of its failure to train its police officers adequately.  Specifically,

25  COUNTY failed to adequately train Defendants BARAJAS, VAZQUEZ, and DOE

26  DEPUTIES with respect to detentions and arrests, tactics, use of less-lethal options,

27  and the use of deadly force, including determining whether the use of deadly force is

28  reasonable and appropriate under the circumstances.

-11-

58.60. The failure of Defendant COUNTY to provide adequate training caused the deprivation of the DECEDENT's rights by Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES; that is, COUNTY's failure to train is so closely related to the deprivation of DECEDENT's rights as to be the moving force that caused the ultimate injury.

59.61. By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

60.62. Accordingly, Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES and DOES 6-10 each are liable to Plaintiff and DECEDENT for compensatory damages under 42 U.S.C. § 1983.

61.63. Plaintiff brings this claim individually and as a successor-in-interest to the DECEDENT, and seeks survival damages, including pre-death pain and suffering, loss of life, loss of enjoyment of life, and wrongful death damages under this claim. Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

**FIFTH CLAIM FOR RELIEF**

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Against Defendants COUNTY and DOES 6-10)

62.64. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 63 of this Complaint with the same force and effect as if fully set forth herein.

63.65. At all relevant times, Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES were acting under color of state law.

-12-

64.66. When Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES shot and killed DECEDENT, and denied him timely medical attention, they acted pursuant to an expressly adopted official policy/ies or a longstanding practice(s) or custom of the Defendant COUNTY respectively.

65.67. On information and belief, Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with use of lethal force against DECEDENT.

66.68. Defendants COUNTY and DOES 6-10, together with other COUNTY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a)    Using excessive force, including excessive deadly force;

(b)    Providing inadequate training regarding the use of deadly force;

(c)    Employing and retaining as officers individuals whom Defendant COUNTY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d)    Inadequately supervising, training, controlling, assigning, and disciplining COUNTY sheriff's deputies, and other personnel, whom Defendant COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e)    Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by COUNTY sheriff's deputies;

(f)    Failing to adequately discipline COUNTY sheriff's deputies for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion

1      to the magnitude of the misconduct, and other inadequate

2      discipline that is tantamount to encouraging misconduct;

3    (g)   Announcing that unjustified shootings are "within policy,"

4      including shootings that were later determined in court to be

5      unconstitutional;

6    (h)   Even where shootings are determined in court to be

7      unconstitutional, refusing to discipline, terminate, or retrain the

8      officers involved;

9    (i)   Encouraging, accommodating, or facilitating a "blue code of

10      silence," "blue shield," "blue wall," "blue curtain," "blue veil,"

11      or simply "code of silence," pursuant to which police officers do

12      not report other officers' errors, misconduct, or crimes. Pursuant

13      to this code of silence, if questioned about an incident of

14      misconduct involving another officer, while following the code,

15      the officer being questioned will claim ignorance of the other

16      officers' wrongdoing;

17    (j)   Maintaining a policy of inaction and an attitude of indifference

18      towards soaring numbers of police shootings, including by

19      failing to discipline, retrain, investigate, terminate, and

20      recommend officers for criminal prosecution who participate in

21      shootings of unarmed people.

22    67.69. Defendants COUNTY and DOES 6-10, together with various other

23  officials, whether named or unnamed, had either actual or constructive knowledge

24  of the deficient policies, practices and customs alleged in the paragraphs above.

25  Despite having knowledge as stated above, these defendants condoned, tolerated and

26  through actions and inactions thereby ratified such policies.  Said defendants also

27  acted with deliberate indifference to the foreseeable effects and consequences of

28

these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

68.70. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, COUNTY and DOES 6-10 acted with intentional, reckless, and callous disregard for the life and constitutional rights of Plaintiff and DECEDENT.  Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants COUNTY and DOES 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff and DECEDENT.

69.71. By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

70.72. Accordingly, Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES and DOES 6-10 each are liable to Plaintiff and DECEDENT for compensatory damages under 42 U.S.C. § 1983.

71.73. Plaintiff brings this claim individually and as a successor-in-interest to the DECEDENT, and seeks survival damages, including pre-death pain and suffering, loss of life, loss of enjoyment of life, and wrongful death damages under this claim. Plaintiff also seeks punitive damages, costs, and attorney's fees under this claim.

## SIXTH CLAIM FOR RELIEF

### Battery (Wrongful Death)

(Against Defendants COUNTY, BARAJAS, VAZQUEZ, and DOE DEPUTIES)

72.74. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 73 of this Complaint with the same force and effect as if fully set forth herein.

73.75. At all relevant times, Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES were working as sheriff's deputies for LAPD LASD and was acting within the course and scope of their duties as a sheriff's deputies for the COUNTY.

74.76. Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES while working as officers sheriff's deputies for the CPD LASD, and acting within the course and scope of their duties, intentionally shot DECEDENT multiple times and used unreasonable and excessive force against him. As a result of the actions of Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES, DECEDENT ultimately died from his injuries. Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES had no legal justification for using force against DECEDENT, and their use of force while carrying out their duties as police officers sheriff's deputies was an unreasonable and non-privileged use of force.

75.77. As a direct and proximate result of the conduct of Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES as alleged above, DECEDENT sustained injuries and died from his injuries and also lost his earning capacity.

76.78. The COUNTY is vicariously liable for the wrongful acts of Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

77.79. The conduct of Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES was malicious, wanton, oppressive, and accomplished with a conscious

1  disregard for the rights of DECEDENT, entitling Plaintiff, as successor-in-interest to

2  DECEDENT, to an award of exemplary and punitive damages, which Plaintiff seeks

3  under this claim.

4  ~~78.~~80. Plaintiff this claim individually and as a successor-in-interest to

5  DECEDENT. Plaintiff seeks survival damages and wrongful death damages,

6  including pre-death pain and suffering, under this claim.

7

8  **SEVENTH CLAIM FOR RELIEF**

9  **Negligence (Wrongful Death)**

10  (Against all Defendants)

11  ~~79.~~81. Plaintiff repeats and realleges each and every allegation in paragraphs 1

12  through 80 of this Complaint with the same force and effect as if fully set forth

13  herein.

14  ~~80.~~82. The actions and inactions of Defendants were negligent and reckless,

15  including but not limited to:

16           (a)    Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES'

17                  failure to properly and adequately assess the need to detain,

18                  arrest, and use force and/or deadly force against

19                  ~~Plaintiff~~DECEDENT;

20           (b)    Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES'

21                  negligent tactics and handling of the situation with

22                  ~~Plaintiff~~DECEDENT, including pre-force negligence;

23           (c)    Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES'

24                  negligent detention, arrest, and use of force, against

25                  ~~Plaintiff~~DECEDENT;

26           (d)    Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES's

27                  failure to provide prompt medical care to ~~Plaintiff~~DECEDENT,

28

(e)     the COUNTY's failure to properly train and supervise employees, both professional and non-professional, including Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES;

(f)     the COUNTY's failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of PlaintiffDECEDENT.

81.83. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT ultimately died. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiff suffered emotional distress and mental anguish. Plaintiff also has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life. The COUNTY is vicariously liable for the wrongful acts of Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES and DOES 6-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

82.84. Plaintiff brings this claim individually and as a successor-in-interest to DECEDENT. Plaintiff seeks survival damages and wrongful death damages, including pre-death pain and suffering, under this claim.

## EIGHTH CLAIM FOR RELIEF

### Violation of Cal. Civil Code § 52.1 (Bane Act)

(Against All Defendants)

83.85. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 82 84 of this Complaint with the same force and effect as if fully set forth herein.

-18-

84.86. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights. An intent to violate a person's civil rights can be inferred by a reckless disregard for the person's civil rights.

85.87. On information and believe, Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES, while working for COUNTY and acting within the course and scope of their duties as police officerssheriff's deputies, intentionally committed and attempted to commit acts of violence against DECEDENT and also acted with a reckless disregard for DECEDENT's civil rights, including by shooting him without justification or excuse, and by denying him necessary medical care.

86.88. When Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES shot DECEDENT, they interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

87.89. On information and belief, Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was and is fully entitled to enjoy.

88.90. On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES were intended to discourage him from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

89.91. Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES intentionally and successfully interfered with the above civil rights of DECEDENT,

-19-

1    including his right to be free from excessive force, and acted with a reckless
2    disregard for these rights.

3        90.92. The conduct of Defendants was a substantial factor in causing
4    DECEDENT's harms, losses, injuries, and damages.

5        91.93. The COUNTY is vicariously liable for the wrongful acts of Defendants
6    BARAJAS, VAZQUEZ, and DOE DEPUTIES pursuant to section 815.2(a) of the
7    California Government Code, which provides that a public entity is liable for the
8    injuries caused by its employees within the scope of the employment if the
9    employee's act would subject him or her to liability.

10       92.94. Defendants DOES 6-10 are vicariously liable under California law and
11   the doctrine of *respondeat superior*.

12       93.95. Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES' conduct
13   was malicious, wanton, oppressive, and accomplished with a conscious disregard for
14   DECEDENT's rights, justifying an award of exemplary and punitive damages as to
15   Defendants BARAJAS, VAZQUEZ, and DOE DEPUTIES.

16       94.96. Plaintiff brings this claim as successor-in-interest to DECEDENT and
17   seeks survival damages, including emotional distress, loss of life, and loss of
18   enjoyment of life under this claim. Plaintiff ANTHONY ALVARADO also seeks
19   treble damages, punitive damages, attorney's fees, and costs under this claim.

20
21
22
23
24
25
26
27
28

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff JENNIE QUAN, requests entry of judgment in her favor and against Defendants the County of Los Angeles, Marisol Barajas, Hector Vazquez, and DOES 1-3-10, inclusive, as follows:

A.  For compensatory damages in whatever other amount may be proven at trial, including both survival damages and wrongful death damages under federal and state law;

B.  For funeral and burial expenses, and loss of financial support;

C.  For punitive damages against the individual defendants in an amount to be proven at trial;

D.  For statutory damages;

E.  For treble damages pursuant to California Civil Code Sections 52, 52.1;

F.  For interest;

G.  For reasonable attorneys' fees, including litigation expenses;

H.  For costs of suit; and

I.  For such further other relief as the Court may deem just, proper, and appropriate.

DATED:  [DRAFT]September 26, LAW OFFICES OF DALE K. GALIPO
2024

By_____s/ Dale K. Galipo [DRAFT]_____
Dale K. Galipo
Hang D. Le
Attorneys for Plaintiff

1

## **DEMAND FOR JURY TRIAL**

2        Plaintiff hereby demands a trial by jury.

3

4    DATED: [DRAFT] September 26, LAW OFFICES OF DALE K. GALIPO

5    2024

6

7                                    By_____s/ Dale K. Galipo [DRAFT]
                                         Dale K. Galipo
8                                        Hang D. Le
                                         Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28