**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
E-mail: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIE QUAN, individually and as successor in interest to BENJAMIN CHIN, deceased,<br><br>                     Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES; MARISOL BARAJAS; HECTOR VAZQUEZ; and DOES 3-10, inclusive,<br><br>                     Defendants. | Case No. 2:24-cv-04805-MCS-KS<br><br>*Assigned to*:<br>Hon Mark C. Scarsi<br>Hon. Mag. Judge Karen L. Stevenson<br><br>**STIPULATION AND FIRST REQUEST FOR ORDER CONTINUING DISCOVERY DEADLINES** |

**TO THE HONORABLE COURT:**

Plaintiff Jennie Quan and Defendants County of Los Angeles, Marisol Barajas, and Hector Vazquez, by and through their respective attorneys of record, hereby stipulate as follows:

1. Plaintiff initiated this action on June 7, 2024 (Doc. No. 1), alleging that Los Angeles County Sheriff's Deputies were involved in officer-involved shooting death of her son, Benjamin Chin.

2. On September 23, 2024, the Court issued its Order re: Jury Trial, setting case management dates, including a Non-Expert Discovery Cut-Off of September 29, 2025, an Initial Expert Disclosure deadline of October 6, 2025, a Rebuttal Expert Dislcosure deadline of October 20, 2025, and an Expert Discovery Cut-Off of November 3, 2025.

3. Early on, the parties elected to conduct an early mediation in an attempt of an early resolution of this action. The parties agreed on an April 2, 2025 mediation with panel mediator Phyllis Cheng. Further, in order to avoid unnecessary costs, expense, and work in this matter, the parties agreed to hold off on depositions until after the mediation if the case did not settle. The deposition of the medical examiner Paul Glinieki, M.D., who performed the autopsy of Decedent Benjamin Chin as taken on July 21, 2025. The deposition of witness Deputy Kyle Toves was taken on September 18, 2025.

4. The mediation was held on April 2, 2025. However, the parties were unable to come to an early resolution of this action.

5. The parties have been diligently conducting discovery. Written discovery have been propounded and responded to. The deposition of the medical examiner who performed the autopsy of Decedent Benjamin Chinw as taken on July 21, 2025. The deposition of witness Deputy Kyle Toves was taken on September 18, 2025.

6. On May 23, 2025, Plaintiff sent out deposition notices for Defendants

1  Marisol Barajas and Hector Vazquez for June 19, 2025. Defendants informed
2  Plaintiff that June 19, 2025 did not work for Defendants and provided a date of July
3  17, 2025 for the deposition of Defendant Vazquez and Plaintiff send out an amended
4  notice accordingly. However, prior to the deposition date, Defendants' counsel had a
5  trial that was advanced to the week of July 17, 2025. Thus, the parties agreed to
6  continue to work to find a mutually agreeable date for Defendants Barajas and
7  Vazquez's depositions.

8      7.    The parties mutually agreed upon a deposition date of August 27, 2025
9  for Defendants Barajas and Vazquez and notices were sent out accordingly.
10 However, on August 14, 2025, Plaintiffs' counsel was informed that Defense counsel
11 would be engaged in trial starting August 18, 2025 and that the trial was expected to
12 last through the second week of September. Defendants thereafter served objections
13 to Plaintiff's deposition notices based on the unavailablity of counsel.

14     8.    The parties worked for find alternative, mutually available dates for
15 depositions. However, Defense counsel was engaged in trial in the case of *Marler v.*
16 *Los Angeles Unified School District, et al.*, case no. 20STCV15107, until the end of
17 the second week of September. Additionally, Plaintiff's counsel was engaged in trial
18 in the case of *Stephenson v. State of California, et al.*, case no. 5:21-cv-00526-JAK-
19 DTB, in front of the Honorable John A. Kronstadt in the District Court for the
20 Central District of California from September 9, 2025 to September 18, 2025. With
21 limited availability, the parties are unable to complete the requisite discovery before
22 the current Non-Expert Discovery Cut-Off of September 29, 2025.

23     9.    Defendant Vazquez's deposition is currently scheduled for September
24 25, 2025. The parties are working on mutually agreeable dates for Defendant
25 Barajas's deposition, as well as depositions of Plaintiff and percipient witnesses. The
26 parties anticipate that they can complete discovery by the end of October 2025.

27     10.    This Stipulation is the parties' <u>first</u> request to modify the Scheduling
28 Order.

11. Accordingly, in light of the foregoing, the parties hereby stipulate that good cause exists, and jointly request that the Court modify the Scheduling Order and continue the discovery dates and deadlines as follows:

| Case Management Event | Prior Date/Deadline | New Date/Deadline |
|---|---|---|
| Non-Expert Discovery Cut-Off | September 29, 2025 | October 31, 2025 |
| Expert Disclosure (Initial) | October 6, 2025 | November 7, 2025 |
| Expert Disclosure (Rebuttal) | October 20, 2025 | November 21, 2025 |
| Expert Discovery Cut-Off | November 3, 2025 | December 5, 2025 |

12. All other case management dates remain unchanged.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

IT IS SO STIPULATED.

DATED: September 22, 2025       LAW OFFICES OF DALE K. GALIPO

By _____/s/ Hang D. Le_____
  Dale K. Galipo
  Hang D. Le
  Attorneys for Plaintiff

DATED: September 22, 2025       HURRELL CANTRALL LLP

By _____/s/ Jerad J. Miller*_____
  Thomas C. Hurrell
  Janet J. Hur
  Jerad J. Miller
  Attorneys for Defendant, County of Los Angeles

*The filer, Hang D. Le, hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur with the filing's content and have authorized the filing.