Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Janet J. Hur, State Bar No. 330358
E-Mail: jhur@hurrellcantrall.com
Jerad J. Miller, State Bar No. 334001
E-Mail: jjmiller@hurrellcantrall.com
HURRELL CANTRALL LLP
800 West 6th Street, Suite 700
Los Angeles, California 90017
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants, COUNTY OF LOS ANGELES, MARISOL BARAJAS and HECTOR VAZQUEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JENNIE QUAN, individually and as successor in interest to BENJAMIN CHIN, deceased,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES; MARISOL BARAJAS; HECTOR VAZQUEZ; and DOES 3-10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-04805-MCS(KSx)<br><br>**AMENDED STIPULATION AND FIRST REQUEST FOR ORDER CONTINUING DISCOVERY DEADLINES**<br><br>[Assigned to Hon. Mark C. Scarsi, Courtroom "7C"] |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Jennie Quan and Defendants County of Los Angeles, Marisol Barajas, and Hector Vazquez, by and through their respective attorneys of record, hereby amend their Stipulation and First Request for An Order Continuing Discovery Deadlines (Doc. No. 44), filed on September 22, 2025, as follows:

1. Plaintiff initiated this action on June 7, 2024 (Doc. No. 1), alleging that Los Angeles County Sheriff's Deputies were involved in officer-involved shooting death

of her son, Benjamin Chin.

2. On September 23, 2024, the Court issued its Order re: Jury Trial, setting case management dates, including a Non-Expert Discovery Cut-Off of September 29, 2025, an Initial Expert Disclosure deadline of October 6, 2025, a Rebuttal Expert Disclosure deadline of October 20, 2025, and an Expert Discovery Cut-Off of November 3, 2025.

3. Early on, the parties elected to conduct an early mediation in an attempt of an early resolution of this action. The parties agreed on an April 2, 2025 mediation with panel mediator Phyllis Cheng. Further, in order to avoid unnecessary costs, expense, and work in this matter, the parties agreed to hold off on depositions until after the mediation if the case did not settle. The deposition of the medical examiner Paul Glinieki, M.D., who performed the autopsy of Decedent Benjamin Chin as taken on July 21, 2025. The deposition of witness Deputy Kyle Toves was taken on September 18, 2025.

4. The mediation was held on April 2, 2025. However, the parties were unable to come to an early resolution of this action.

5. The parties have been diligently conducting discovery. Written discovery have been propounded and responded to. The deposition of the medical examiner who performed the autopsy of Decedent Benjamin Chin was taken on July 21, 2025. The deposition of witness Deputy Kyle Toves was taken on September 18, 2025.

6. On May 23, 2025, Plaintiff sent out deposition notices for Defendants Marisol Barajas and Hector Vazquez for June 19, 2025. Defendants informed Plaintiff that June 19, 2025 did not work for Defendants and provided a date of July 17, 2025 for the deposition of Defendant Vazquez and Plaintiff send out an amended notice accordingly. However, prior to the deposition date, Defendants' counsel had a trial that was advanced to the week of July 17, 2025. Thus, the parties agreed to continue to work to find a mutually agreeable date for Defendants Barajas and Vazquez's depositions.

7. The parties mutually agreed upon a deposition date of August 27, 2025 for Defendants Barajas and Vazquez and notices were sent out accordingly. However, on August 14, 2025, Plaintiffs' counsel was informed that Defense counsel would be engaged in trial starting August 18, 2025 and that the trial was expected to last through the second week of September. Defendants thereafter served objections to Plaintiff's deposition notices based on the unavailability of counsel.

8. The parties worked for find alternative, mutually available dates for depositions. However, Defense counsel was engaged in trial in the case of *Marler v. Los Angeles Unified School District, et al.*, case no. 20STCV15107, until the end of the second week of September. Additionally, Plaintiff's counsel was engaged in trial in the case of *Stephenson v. State of California, et al.*, case no. 5:21-cv-00526-JAK-DTB, in front of the Honorable John A. Kronstadt in the District Court for the Central District of California from September 9, 2025 to September 18, 2025. With limited availability, the parties are unable to complete the requisite discovery before the current Non-Expert Discovery Cut-Off of September 29, 2025.

9. Defendant Vazquez's deposition is currently scheduled for September 25, 2025. Deputy Barajas' deposition is currently scheduled for September 26, 2025. The parties anticipate that they can complete discovery by the end of October 2025.

10. On September 22, 2025, the parties filed a Stipulation and First Request for An Order Continuing Discovery Deadlines and Proposed Order (Doc. No. 44-1). The stipulation requested an extension of fact and expert discovery consistent with the circumstances outlined above.

11. Due to an oversight, language requesting a continuance of the last date to hear motions was not included in the parties' Stipulation and First Request for An Order Continuing Discovery Deadlines, or its accompanying Proposed Order.

12. Defendants anticipate filing a Rule 56 Motion for Summary Judgment as to all causes of action. The last date to hear motions is scheduled for November 3, 2025, the same date as the Expert Discovery Cut-Off.

3

13. The last date to file and serve a Rule 56 Motion is September 29, 2025.

14. The parties respectfully request that the Stipulation and First Request for An Order Continuing Discovery Deadlines and Proposed Order be amended to include a request for a continuance of the November 3, 2025 deadline to hear motions. The parties further request that the timing to file and serve any motion, opposition, or reply be continued and calculated based on the new deadline to hear motions.

15. This Stipulation is an amendment to the parties' first request to modify the Scheduling Order.

16. Accordingly, in light of the foregoing, the parties hereby stipulate that good cause exists, and jointly request that the Court modify the Scheduling Order and continue the discovery dates and deadlines as follows:

| Case Management Event | Prior Date/Deadline | New Date/Deadline |
| --- | --- | --- |
| Non-Expert Discovery Cut-Off | September 29, 2025 | October 31, 2025 |
| Expert Disclosure (Initial) | October 6, 2025 | November 7, 2025 |
| Expert Disclosure (Rebuttal) | October 20, 2025 | November 21, 2025 |
| Expert Discovery Cut-Off | November 3, 2025 | December 5, 2025 |
| Last Date to Hear Motions | November 3, 2025 | December 5, 2025 |

17. All other case management dates remain unchanged.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

4

**IT IS SO STIPULATED**

DATED: September 23, 2025    LAW OFFICES OF DALE K. GALIPO

By    */s/ Hang D. Le*
Dale K. Galipo
Hang D. Le
Attorneys for Plaintiff

DATED: September 23, 2025    HURRELL CANTRALL LLP

By    */s/ Jerad J. Miller*
Thomas C. Hurrell
Janet J. Hur
Jerad J. Miller
Attorneys for Defendants

*The filer, Jerad J. Miller, hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur with the filing's content and have authorized the filing.

5