1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
E-mail: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JENNIE QUAN, individually and as
successor in interest to BENJAMIN
CHIN, deceased,

                        Plaintiffs,

vs.

COUNTY OF LOS ANGELES;
MARISOL BARAJAS; HECTOR
VAZQUEZ; and DOES 3-10, inclusive,

                        Defendants.

Case No. 2:24-cv-04805-MCS-KS

*Assigned to*:
Hon Mark C. Scarsi
Hon. Mag. Judge Karen L. Stevenson

**PLAINTIFF'S OBJECTIONS TO
DEFENDANTS' SEPARATE
STATEMENT OF
UNCONTROVERTED FACTS**

1 | **<u>TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS</u>**
2 | **<u>OF RECORD:</u>**
3 |      Pursuant to Local Rules 56-1 and 56-2 and this Court's June 10, 2024 Initial
4 | Standing Order for Civil Cases Assigned to Judge Mark C. Scarsi, Plaintiff
5 | respectfully submits her Objections to Defendants' Separate Statement of
6 | Uncontroverted Facts.
7 |
8 | DATED:  October 13, 2025         LAW OFFICES OF DALE K. GALIPO
9 |
10 |                     By_____*/s/ Hang D. Le*_____
11 |                       Dale K. Galipo
12 |                       Hang D. Le
13 |                       Attorneys for Plaintiff

### PLAINTIFF'S STATEMENT OF ADDITIONAL UNCONTROVERTED FACTS

| Moving Party's Uncontroverted Material Facts and Supporting Evidence: | Opposing Party's Objection(s): | Court's Ruling |
|---|---|---|
| 1. Marisol Barajas was a deputy for the Los Angeles County Sheriff's Department on the day of the incident.<br><br>**Evidence:** Declaration of Deputy Marisol Barajas ("Barajas Decl."), at ¶ 4; COLA 00285 (Exhibit A) – 00286 (Exhibit D). | 1. **Objection**. Fed. R. Evid. 801, 802. Hearsay as to the audio recorded interview. | |
| 2. Hector Vazquez was a detective for the Los Angeles County Sheriff's Department on the day of the incident.<br><br>**Evidence:** Declaration of Deputy Hector Vazquez ("Vazquez Decl."), at ¶ 4; COLA 00285 (Exhibit A) (Exhibit A) – 00286 (Exhibit D). | 2. **Objection**. Fed. R. Evid. 801, 802. Hearsay as to the audio recorded interview. | |
| 3. The incident occurred on June 19, 2023 in Diamond Bar, CA.<br><br>**Evidence:** Barajas Decl., at ¶ 5; Vazquez Decl., at ¶ 5. | 3. **Objection**. Fed. R. Evid. 801, 802. Hearsay as to the audio recorded interview. | |

| Moving Party's Uncontroverted Material Facts and Supporting Evidence: | Opposing Party's Objection(s): | Court's Ruling |
|---|---|---|
| 4. Deputy Barajas and Detective Vazquez ("Defendant Deputies") responded Code-3 after receiving a dispatch call concerning a man armed with an AR-15 style rifle walking around Diamond Bar Boulevard and wearing a bullet-proof vest, later determined to be the Decedent.<br><br>**Evidence:** Barajas Decl., at ¶ 5; Vazquez Decl., ¶ 5; COLA 00285 (Exhibit A) (Exhibit A), at 0:01:40; COLA 00752 (Exhibit E), at 0:3:42 – 0:04:50; | 4. **Objection**. Fed. R. Evid. 801, 802. Hearsay as to the audio recorded interview. | |
| 5. Deputy Barajas traveled southbound on Diamond Bar Boulevard, and the Decedent appeared on the same street walking northbound.<br><br>**Evidence:** Barajas Decl., at ¶ 7; COLA 00285 (Exhibit A), at 0:07:25-0:08:12. | 5. | |
| 6. The Decedent was estimated to be approximately 15 - 20 feet from Deputy Barajas' | 6. **Objection**. Fed. R. Evid. 801, 802. Hearsay as to the audio recorded interview. | |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS

| Moving Party's Uncontroverted Material Facts and Supporting Evidence: | Opposing Party's Objection(s): | Court's Ruling |
|---|---|---|
| vehicle when she turned on Diamond Bar Boulevard.<br><br>**Evidence:** Barajas Decl., at ¶ 7; COLA 00285 (Exhibit A), at 0:07:25-0:08:12; COLA 00755 (Exhibit B), at 08:03. | | |
| 7.  The Decedent continued to move northbound towards deputies and civilians with his rifle slung around his shoulder to his right side.<br><br>**Evidence:** Barajas Decl., at ¶ 7; Vazquez Decl., ¶ 12; COLA 00285 (Exhibit A), at 0:07:25-0:08:12; COLA 00286 (Exhibit D). | 7.  **Objection**. Vague and ambiguous as to "deputies and civilians."<br><br>**Objection**. Fed. R. Evid. 801, 802. Hearsay as to the audio recorded interview. | |
| 8.  Deputy Barajas planned to further the distance between her vehicle and the Decedent due to his ongoing approach, but civilian and deputy vehicles to Deputy Barajas' left and behind her prevented this option.<br><br>**Evidence:** Barajas Decl., at ¶ 8; COLA 00285 (Exhibit A), at 0:07:25-0:18:57; COLA | 8.  **Objection**. Vague and ambiguous as to "ongoing approach."<br><br>**Objection**. Lacks foundation and calls for speculation.<br><br>**Objection**. Fed. R. Evid. 801, 802. Hearsay as to the audio recorded interview. | |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED
FACTS

| | **Moving Party's Uncontroverted Material Facts and Supporting Evidence:** | **Opposing Party's Objection(s):** | **Court's Ruling** |
|---|---|---|---|
| | 00286 (Exhibit D); COLA 00755 (Exhibit B), at 8:10 – 8:22. | | |
| | 9. Believing that the Decedent was an imminent dangerous threat to civilians, deputies and herself, Deputy Barajas exited her vehicle and drew her firearm<br><br>**Evidence:** Barajas Decl., at ¶ 9; COLA 00285 (Exhibit A), at 0:07:25; COLA 00755 (Exhibit B), at 7:15 – 10:55; COLA 00756 (Exhibit C), at 12:00 – 12:15. | 9. **Objection**. Vague and ambiguous as to "imminent dangerous threat."<br><br>**Objection**. Lacks foundation and is speculative.<br><br>**Objection**. Fed. R. Evid. 401, 402. Relevance. An officer's subjective fear is not relevant to the reasonableness of the use of force analysis. Claims under the Fourth Amendment for excessive force are evaluated under the "objective reasonableness" standard. *See Graham v. Connor*, 490 U.S. 386, 388 (1989).<br><br>**Objection**. Fed. R. Evid. 801, 802. Hearsay as to the audio recorded interview. | |
| | 10. Deputy Barajas used the driver-side door as cover and stated over her radio that she was detaining the suspect. | 10. | |

| Moving Party's Uncontroverted Material Facts and Supporting Evidence: | Opposing Party's Objection(s): | Court's Ruling |
|---|---|---|
| **Evidence:** Barajas Decl., at ¶ 9; COLA 00285 (Exhibit A), at 0:07:25; COLA 00286 (Exhibit D). | | |
| 11. Deputy Barajas ordered the Decedent to drop his weapon approximately seven (7) times before firing her first shot from her service handgun.<br><br>**Evidence:** Barajas Decl., at ¶ 10; COLA 00285 (Exhibit A), at 0:07:48 – 0:08:06. | 11. | |
| 12. The Decedent ignored Deputy Barajas' seven (7) commands and continued moving northbound, progressing to within approximately 7 – 10 feet of Deputy Barajas.<br><br>**Evidence:** Barajas Decl., at ¶ 10; COLA 00285 (Exhibit A), at 0:07:48 – 0:08:07; COLA 00756 (Exhibit C), at 12:28. | 12. **Objection.** Lacks foundation and calls for speculation.<br><br>**Objection.** Vague and ambiguous as to "ignored."<br><br>**Objection.** Compound.<br><br>**Objection.** Fed. R. Evid. 801, 802. Hearsay as to the audio recorded interview. | |
| 13. Less-lethal ammunition was not an option because the Decedent posed an immediate lethal threat | 13. **Objection.** Fed. R. Evid. 401, 402. Relevance. An officer's subjective fear is | |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS

| Moving Party's Uncontroverted Material Facts and Supporting Evidence: | Opposing Party's Objection(s): | Court's Ruling |
|---|---|---|
| due to his proximity to the civilian, and his bullet-proof vest would have rendered less-lethal ammunition ineffective. **Evidence:** Barajas Decl, at ¶ 11; COLA 00756 (Exhibit C), at 9:36 – 9:50. | not relevant to the reasonableness of the use of force analysis. "[A] merely subjective sense of threat" or "[s]incerely held but unreasonable belief" cannot justify the use of force; "to justify deadly force, an objective belief that an imminent threat of death or serious physical harm is required." *Price v. Sery*, 513 F.3d 962, 969 (9th Cir. 2008). Claims under the Fourth Amendment for excessive force are evaluated under the "objective reasonableness" standard. *See Graham v. Connor*, 490 U.S. 386, 388 (1989). **Objection.** Compound **Objection.** Vague and ambiguous as to "lethal threat" and "proximity." **Objection.** Lacks foundation and calls for speculation. **Objection**. Fed. R. Evid. 801, 802. Hearsay as to the audio recorded interview. | |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS

| Moving Party's Uncontroverted Material Facts and Supporting Evidence: | Opposing Party's Objection(s): | Court's Ruling |
|---|---|---|
| 14. Deputy Barajas fired her first shot from her service weapon at the Decedent, which appeared to have no effect on the Decedent.<br><br>**Evidence:** Barajas Decl., at ¶ 12; COLA 00285 (Exhibit A), at 0:08:07 – 00286 (Exhibit D). | 14.**Objection.** Compound **Objection.** Vague and ambiguous as to "no effect."<br><br>**Objection.** The evidence does not support the alleged fact. Defendants' exhibits do not support the allegation that Deputy Barajas' first shot had no effect on the Decedent.<br><br>**Objection.** Lacks foundation and calls for speculation.<br><br>**Objection.** Fed. R. Evid. 801, 802. Hearsay as to the audio recorded interview. | |
| 15.After her first shot, Deputy Barajas reassessed the situation and determined the Decedent was still an imminent dangerous threat because he continued advancing with his rifle.<br><br>**Evidence:** Barajas Decl., at ¶¶ 12, 14; COLA 00285 (Exhibit A), at 0:08:07 – 0:08:14; COLA 00756 (Exhibit C), at 9:36 – 12:11. | 15.**Objection**. **Objection**. Fed. R. Evid. 401, 402. Relevance. An officer's subjective fear is not relevant to the reasonableness of the use of force analysis. "[A] merely subjective sense of threat" or "[s]incerely held but unreasonable belief" cannot justify the use of force; "to justify deadly force, an objective belief that an imminent threat of death or serious physical | |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS

| **Moving Party's Uncontroverted Material Facts and Supporting Evidence:** | **Opposing Party's Objection(s):** | **Court's Ruling** |
|---|---|---|
| | harm is required." *Price v. Sery*, 513 F.3d 962, 969 (9th Cir. 2008). Claims under the Fourth Amendment for excessive force are evaluated under the "objective reasonableness" standard. *See Graham v. Connor*, 490 U.S. 386, 388 (1989).<br><br>**Objection.** Vague and ambiguous as to "imminent dangerous threat."<br><br>**Objection**. Fed. R. Evid. 801, 802. Hearsay as to the audio recorded interview. | |
| 16. The Decedent's bullet-proof vest prevented the Defendant Deputies from determining the extent of any injuries he suffered from their gunshots.<br><br>**Evidence:** Barajas Decl., at ¶¶ 12, 14; COLA 00285 (Exhibit A), at 0:08:07 – 0:08:20; COLA 00286 (Exhibit D), at | 16. **Objection.** Vague and ambiguous as to "any injuries." | |
| 17. Deputy Barajas commanded the Decedent to drop his rifle an eighth | 17. | |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS

| Moving Party's Uncontroverted Material Facts and Supporting Evidence: | Opposing Party's Objection(s): | Court's Ruling |
|---|---|---|
| (8) time as he continued his approach.<br><br>**Evidence:** Barajas Decl., at ¶ 12; COLA 00285 (Exhibit A), at 0:08:07 – 0:08:14. | | |
| 18. Deputy Barajas then ordered the Decedent to drop his weapon a ninth (9) time and begins ordering him to drop it a tenth (10) time, but her order is interrupted by Detective Vazquez's first shot.<br><br>**Evidence:** Barajas Decl., at ¶ 13; COLA 00285 (Exhibit A), at 0:08:07 – 0:08:14; COLA 00286 (Exhibit D), at 0:05:25. | 18. | |
| 19. The Decedent remained standing and capable of firing his rifle slung around his shoulder, indicating to Deputy Barajas that he still remained a dangerous lethal threat to civilians and deputies.<br><br>**Evidence:** Barajas Decl., at ¶ 14; COLA 00285 (Exhibit | 19. **Objection**. **Objection**. Fed. R. Evid. 401, 402. Relevance. An officer's subjective fear is not relevant to the reasonableness of the use of force analysis. "[A] merely subjective sense of threat" or "[s]incerely held but unreasonable belief" cannot justify the use of force; "to justify deadly | |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS

| Moving Party's Uncontroverted Material Facts and Supporting Evidence: | Opposing Party's Objection(s): | Court's Ruling |
|---|---|---|
| A), at 0:08:14; COLA 00286 (Exhibit D); COLA 00756 (Exhibit C), at 9:36 – 12:11. | force, an objective belief that an imminent threat of death or serious physical harm is required." *Price v. Sery*, 513 F.3d 962, 969 (9th Cir. 2008). Claims under the Fourth Amendment for excessive force are evaluated under the "objective reasonableness" standard. *See Graham v. Connor*, 490 U.S. 386, 388 (1989).<br><br>**Objection**. Compound<br><br>**Objection.** Vague and ambiguous as to "capable of firing" and "dangerous lethal threat."<br><br>**Objection**. Lacks foundation and calls for speculation.<br><br>**Objection**. Fed. R. Evid. 801, 802. Hearsay as to the audio recorded interview. | |
| 20. While the Decedent was still approaching, Deputy Barajas fired two additional shots at the Decedent. | 20. **Objection.** Compound<br><br>**Objection.** Vague and ambiguous as to "still approaching." | |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS

| Moving Party's Uncontroverted Material Facts and Supporting Evidence: | Opposing Party's Objection(s): | Court's Ruling |
|---|---|---|
| **Evidence:** Barajas Decl., at ¶ 15; COLA 00285 (Exhibit A), 0:08:13 – 0:08:15; COLA 00286 (Exhibit D), at 0:05:27 – 0:05:29. | | |
| 21. Deputy Barajas recalled firing three-to-four (3-4) shots total at the Decedent, but body-worn camera of the incident details that she fired three shots.<br><br>**Evidence:** Barajas Decl., at ¶ 15; COLA 00285 (Exhibit A), 0:08:13 – 0:08:15; COLA 00286 (Exhibit D), at 0:05:27 – 0:05:29. | 21. | |
| 22. The Decedent still remained standing with his rifle after Deputy Barajas' two additional shots.<br><br>**Evidence:** COLA 00285 (Exhibit A), at 0:08:13 – 0:08:15;  COLA 00286 (Exhibit D). | 22. **Objection**. Vague as to "still remained standing." | |
| 23. Detective Vazquez then fires the final shot, after which the Decedent is finally immobilized and | 23. **Objection.** Compound.<br><br>**Objection.** Vague and ambiguous as to | |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS

| Moving Party's Uncontroverted Material Facts and Supporting Evidence: | Opposing Party's Objection(s): | Court's Ruling |
|---|---|---|
| drops to the ground with his rifle.<br><br>**Evidence:** Barajas Decl., at ¶ 16; Vazquez Decl., at ¶ 17, 19; COLA 00285 (Exhibit A), at 0:08:16; COLA 00286 (Exhibit D), at 0:05:29. | "immobilized." | |
| 24. Deputy Barajas' use of force was reasonable at all times during the encounter with the Decedent.<br><br>**Evidence:** Barajas Decl., at ¶ 1-17; COLA 00285 (Exhibit A) – 00286 (Exhibit D); COLA 00756 (Exhibit C). | 24. **Objection**. Impermissible legal conclusion. *See United States v. Diaz*, 876 F.3d 1194, 1198–99 (9th Cir. 2017); *Valtierra v. City of Los Angeles*, 99 F. Supp. 3d 1190, 1198 (C.D. Cal. 2015).<br><br>**Objection**. Fed. R. Evid. 401, 402. Relevance. An officer's subjective fear is not relevant to the reasonableness of the use of force analysis. "[A] merely subjective sense of threat" or "[s]incerely held but unreasonable belief" cannot justify the use of force; "to justify deadly force, an objective belief that an imminent threat of death or serious physical harm is required." *Price v. Sery*, 513 F.3d 962, 969 (9th Cir. 2008). Claims | |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS

| Moving Party's Uncontroverted Material Facts and Supporting Evidence: | Opposing Party's Objection(s): | Court's Ruling |
|---|---|---|
| | under the Fourth Amendment for excessive force are evaluated under the "objective reasonableness" standard. *See Graham v. Connor*, 490 U.S. 386, 388 (1989). **Objection**. Lacks foundation and is speculative. **Objection**. Fed. R. Evid. 801, 802. Hearsay as to the audio recorded interview. | |
| 25. Once the Decedent was immobilized, Deputy Barajas did not discharge her weapon further. **Evidence:** Barajas Decl., at ¶ 15-16; Vazquez Decl., ¶ 17; COLA 00285 (Exhibit A), at 0:08:15 – 0:18:57; COLA 00286 (Exhibit D), 0:05:32 – 0:16:14. | 25.**Objection**. Vague and ambiguous as to "immobilized." | |
| 26. Before responding to Diamond Bar Boulevard, Deputy Barajas received radio calls from dispatch and responding deputies on the L-TAC radio that there was a stabbing victim, the Decedent was | 26.**Objection**. Compound. **Objection**. Fed. R. Evid. 801, 802. Hearsay as to the audio recorded interview. | |

| Moving Party's Uncontroverted Material Facts and Supporting Evidence: | Opposing Party's Objection(s): | Court's Ruling |
|---|---|---|
| armed with an AR-15-style rifle, he had fired multiple rounds, and was wearing a bullet-proof vest.<br><br>**Evidence:** Barajas Decl., at ¶ 5-6; COLA 00285 (Exhibit A), at 0:1:42; 0:03:08; 0:04:41; COLA 00755 (Exhibit B), at 07:23. | | |
| 27. After arriving at the incident location, she observed the Decedent wearing bullet-proof vest and wielding an AR-15 – establishing that the Decedent was a lethal threat and anticipated a violent conflict.<br><br>**Evidence:** Barajas Decl., at ¶ 7; Vazquez Decl., ¶ 13; COLA 00285 (Exhibit A), at 0:07:28 – 0:18:57, COLA 00286 (Exhibit D), at 0:05:14 – 0:05:31. | 27. **Objection**. Fed. R. Evid. 401, 402. Relevance. An officer's subjective fear is not relevant to the reasonableness of the use of force analysis. "[A] merely subjective sense of threat" or "[s]incerely held but unreasonable belief" cannot justify the use of force; "to justify deadly force, an objective belief that an imminent threat of death or serious physical harm is required." *Price v. Sery*, 513 F.3d 962, 969 (9th Cir. 2008). Claims under the Fourth Amendment for excessive force are evaluated under the "objective reasonableness" standard. | |

| Moving Party's Uncontroverted Material Facts and Supporting Evidence: | Opposing Party's Objection(s): | Court's Ruling |
|---|---|---|
| | *See Graham v. Connor*, 490 U.S. 386, 388 (1989).<br><br>**Objection.** Compound<br><br>**Objection.** Vague and ambiguous as to "lethal threat" and "violent conflict." | |
| 28. In the direct path of the Decedent on Diamond Bar Boulevard were deputies and civilians in vehicles.<br><br>**Evidence:** Barajas Decl., at ¶ 7; Vazquez Decl., ¶ 14; COLA 00285 (Exhibit A), at 0:07:25-0:18:57; COLA 00286 (Exhibit D), at 0:05:14 – 0:16:14. | 28.**Objection.** Vague and ambiguous as to time. | |
| 29. As Detective Vazquez proceeded to the incident location, dispatch broadcast that the Walnut Sheriff's Station had received multiple calls regarding the same suspect, and that he had fired shots from his rifle and was wearing a bullet-proof vest. | 29. **Objection**. Fed. R. Evid. 801, 802. Hearsay as to the audio recorded interview. | |

| **Moving Party's Uncontroverted Material Facts and Supporting Evidence:** | **Opposing Party's Objection(s):** | **Court's Ruling** |
|---|---|---|
| **Evidence:** Vazquez Decl., ¶ 5; COLA 00285 (Exhibit A) – 00286 (Exhibit D), at 0:1:00 – 0:04:55; COLA 00752 (Exhibit E), at 0:3:42 – 0:04:50. | | |
| 30. After arriving near the intersection of Crooked Creek Drive and Rising Star Drive, Detective Vazquez observed numerous civilians who appeared to be frightened by the Decedent.<br><br>**Evidence:** Vazquez Decl., ¶ 7; COLA 00752 (Exhibit E), at 6:25-6:36. | 30. **Objection**. Vague and ambiguous as to "numerous civilians."<br><br>**Objection.** Calls for speculation and lacks foundation.<br><br>**Objection**. Fed. R. Evid. 801, 802. Hearsay as to the audio recorded interview. | |
| 31. Due to the reports that the suspect was carrying an assault rifle, Detective Vazquez grabbed his shotgun and loaded it with slug ammunition.<br><br>**Evidence:** Vazquez Decl., ¶ 6; COLA 00286 (Exhibit D), at 0:02:53 – 0:03:05. | 31. | |
| 32. While looking for the suspect, Detective Vazquez observed an elderly Asian female with | 32. | |

| Moving Party's Uncontroverted Material Facts and Supporting Evidence: | Opposing Party's Objection(s): | Court's Ruling |
|---|---|---|
| blood on her hands, who later was determined to be Plaintiff Jennie Quan.<br><br>**Evidence:** Vazquez Decl., ¶ 8; COLA 00286 (Exhibit D), at 0:02:12 – 0:02:28. | | |
| 33. Plaintiff approached the deputies and asked us them not to harm the suspect.<br><br>**Evidence:** Vazquez Decl., ¶ 8; COLA 00286 (Exhibit D), 0:02:12 – 0:02:28. | 33. | |
| 34. Although Detective Vazquez did not know that the elderly Asian female was the Decedent's mother at the time of the initial interaction, he believed she was acquainted with the Decedent because she asked the deputies not to harm him.<br><br>**Evidence:** Vazquez Decl., ¶ 8-9; COLA 00286 (Exhibit D), 0:02:12 – 0:02:28; COLA 00752 (Exhibit E) 08:45 – 09:00. | 34. **Objection**. Fed. R. Evid. 801, 802. Hearsay as to the audio recorded interview. | |

| Moving Party's Uncontroverted Material Facts and Supporting Evidence: | Opposing Party's Objection(s): | Court's Ruling |
|---|---|---|
| 35. The Decedent's willingness to attack someone he knew with deadly force heightened Detective Vazquez's fears that the Decedent was a threat and willing to use deadly force against him, other deputies or civilians.<br><br>**Evidence:** Vazquez Decl., ¶ 10; COLA 00285 (Exhibit A) – 00286 (Exhibit D); COLA 00752 (Exhibit E), at 09:02 – 09:25. | 35. **Objection**. Fed. R. Evid. 401, 402. Relevance. An officer's subjective fear is not relevant to the reasonableness of the use of force analysis. "[A] merely subjective sense of threat" or "[s]incerely held but unreasonable belief" cannot justify the use of force; "to justify deadly force, an objective belief that an imminent threat of death or serious physical harm is required." *Price v. Sery*, 513 F.3d 962, 969 (9th Cir. 2008). Claims under the Fourth Amendment for excessive force are evaluated under the "objective reasonableness" standard. *See Graham v. Connor*, 490 U.S. 386, 388 (1989).<br><br>**Objection.** Vague and ambiguous as to "threat."<br><br>**Objection.** Lacks foundation and calls for speculation.<br><br>**Objection**. Fed. R. Evid. 801, 802. Hearsay as to the audio recorded interview. | |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS

| Moving Party's Uncontroverted Material Facts and Supporting Evidence: | Opposing Party's Objection(s): | Court's Ruling |
|---|---|---|
| 36. Deputy Carlos De La Torre informed Detective Vazquez that the Decedent was approaching Diamond Bar Boulevard.<br><br>**Evidence:** Vazquez Decl., ¶ 8; COLA 00286 (Exhibit D), at 0:02:21. | 36. | |
| 37. Detective Vazquez observed the Decedent approximately 150-200 feet ahead of him wearing a bullet-proof vest and what appeared to be an AR-15 rifle with an optical lens for improved accuracy.<br><br>**Evidence:** Vazquez Decl., ¶ 11; COLA 00286 (Exhibit D), at 0:03:00 – 0:03:25; COLA 00752 (Exhibit E), at 10:28 – 11:10. | 37. **Objection**. Fed. R. Evid. 801, 802. Hearsay as to the audio recorded interview. | |
| 38. Detective Vazquez reasonably believed that the Decedent would be capable of accurately striking him, other deputies or civilians from approximately 150 – 200 feet away with an AR-15 | 38.**Objection**. Lacks foundation and calls for speculation.<br><br>**Objection**. Vague and ambiguous as to point in time. | |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS

| Moving Party's Uncontroverted Material Facts and Supporting Evidence: | Opposing Party's Objection(s): | Court's Ruling |
|---|---|---|
| equipped with an optical lens.<br><br>**Evidence:** Vazquez Decl., ¶ 11; COLA 00286 (Exhibit D); COLA 00752 (Exhibit E), at 10:28 – 11:10. | **Objection**. Impermissible legal conclusion. *See United States v. Diaz*, 876 F.3d 1194, 1198–99 (9th Cir. 2017); *Valtierra v. City of Los Angeles*, 99 F. Supp. 3d 1190, 1198 (C.D. Cal. 2015).<br><br>**Objection**. Fed. R. Evid. 401, 402. Relevance. An officer's subjective fear is not relevant to the reasonableness of the use of force analysis. "[A] merely subjective sense of threat" or "[s]incerely held but unreasonable belief" cannot justify the use of force; "to justify deadly force, an objective belief that an imminent threat of death or serious physical harm is required." *Price v. Sery*, 513 F.3d 962, 969 (9th Cir. 2008). Claims under the Fourth Amendment for excessive force are evaluated under the "objective reasonableness" standard. *See Graham v. Connor*, 490 U.S. 386, 388 (1989).<br><br>**Objection**. Fed. R. Evid. | |

2:24-cv-04805-MCS-KS

| Moving Party's Uncontroverted Material Facts and Supporting Evidence: | Opposing Party's Objection(s): | Court's Ruling |
|---|---|---|
| | 801, 802. Hearsay as to the audio recorded interview. | |
| 39. Positioned behind the Decedent, Detective Vazquez began approaching the Decedent with his shotgun. **Evidence:** Vazquez Decl., ¶ 12; COLA 00286 (Exhibit D), at 0:03:15 – 0:05:35. | 39.**Objection**. Vague and ambiguous as to "approaching." | |
| 40.Detective Vazquez yelled repeated commands for the Decedent to drop his weapon, which the Decedent ignored. **Evidence:** Vazquez Decl., ¶ 12; COLA 00286 (Exhibit D), at 0:03:15 – 0:05:35. | 40. | |
| 41. The Decedent then continued approaching the deputies positioned in front of him on Diamond Bar Boulevard with his rifle in the low-ready position on his right side. **Evidence:** Barajas Decl., at ¶ 7-16; Vazquez Decl., ¶ 12.; COLA 00285 (Exhibit A), 0:08:13 – 0:08:17; COLA | 41. **Objection.** Vague and ambiguous as to "approaching." | |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS

| **Moving Party's Uncontroverted Material Facts and Supporting Evidence:** | **Opposing Party's Objection(s):** | **Court's Ruling** |
|---|---|---|
| 00286 (Exhibit D), at 0:05:00 – 0:05:32 | | |
| 42. To prevent against the threat that the Decedent could turn around and shoot at the deputies positioned where Detective Vazquez was located, Deputy Vazquez asked Detective Christopher Bronowicki to use his vehicle as cover as the deputies approached the Decedent.<br><br>**Evidence:** Vazquez Decl., ¶ 13; COLA 00286 (Exhibit D), at 0:03:30 – 0:05:03. | 42. **Objection.** Compound.<br><br>**Objection.** Vague as to point in time.<br><br>**Objection.** Lacks foundation and is speculative. | |
| 43. Detective Vazquez urgently pursued the Decedent towards Diamond Bar Boulevard with fears that the Decedent could open-fire on deputies and civilians at any point.<br><br>**Evidence:** Vazquez Decl., ¶ 13; COLA 00286 (Exhibit D), at 0:03:30 – 0:05:03; COLA 00752 (Exhibit E), at 14:30 – 16:01. | 43. **Objection**. Fed. R. Evid. 401, 402. Relevance. An officer's subjective fear is not relevant to the reasonableness of the use of force analysis. "[A] merely subjective sense of threat" or "[s]incerely held but unreasonable belief" cannot justify the use of force; "to justify deadly force, an objective belief that an imminent threat of death or serious physical harm is required." *Price v.* | |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS

| **Moving Party's Uncontroverted Material Facts and Supporting Evidence:** | **Opposing Party's Objection(s):** | **Court's Ruling** |
|---|---|---|
| | *Sery*, 513 F.3d 962, 969 (9th Cir. 2008). Claims under the Fourth Amendment for excessive force are evaluated under the "objective reasonableness" standard. *See Graham v. Connor*, 490 U.S. 386, 388 (1989).<br><br>**Objection**. Compound.<br><br>**Objection**. The evidence does not support the alleged fact. Defendants' exhibits do not support the allegation that Detective Vazquez "urgently" pursued the Decedent.<br><br>**Objection**. Fed. R. Evid. 801, 802. Hearsay as to the audio recorded interview. | |
| 44. The Decedent's bullet-proof vest and AR-15 signaled to Detective Vazquez that he was ready for a violent conflict, which heightened Deputy Vazquez's fears because he understood Diamond Bar Boulevard to constitute a heavily trafficked roadway where | 44. **Objection**. Fed. R. Evid. 401, 402. Relevance. An officer's subjective fear is not relevant to the reasonableness of the use of force analysis. "[A] merely subjective sense of threat" or "[s]incerely held but unreasonable belief" cannot justify the use of force; "to justify deadly force, an objective belief | |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS

| **Moving Party's Uncontroverted Material Facts and Supporting Evidence:** | **Opposing Party's Objection(s):** | **Court's Ruling** |
|---|---|---|
| significant civilian presence is likely.<br><br>**Evidence:** Vazquez Decl., ¶ 13; COLA 00285 (Exhibit A) – 00286 (Exhibit D); COLA 00752 (Exhibit E), at 14:30 – 16:01. | that an imminent threat of death or serious physical harm is required." *Price v. Sery*, 513 F.3d 962, 969 (9th Cir. 2008). Claims under the Fourth Amendment for excessive force are evaluated under the "objective reasonableness" standard. *See Graham v. Connor*, 490 U.S. 386, 388 (1989).<br><br>**Objection.** Compound.<br><br>**Objection.** Vague and ambiguous as to "violent conflict."<br><br>**Objection**. Lacks foundation and calls for speculation.<br><br>**Objection**. Fed. R. Evid. 801, 802. Hearsay as to the audio recorded interview. | |
| 45. Detective Vazquez continued to give commands to the Decedent to drop his weapon while pursuing him from behind from Crooked Creek Drive to Diamond Bar Boulevard, but the commands were | 45. **Objection**. Compound.<br><br>**Objection**. Lacks foundation and calls for speculation.<br><br>**Objection**. Vague and ambiguous as to "ignored." | |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED
FACTS

| **Moving Party's Uncontroverted Material Facts and Supporting Evidence:** | **Opposing Party's Objection(s):** | **Court's Ruling** |
|---|---|---|
| ignored.<br><br>**Evidence:** Vazquez Decl., ¶ 14; COLA 00286 (Exhibit D), at 0:02:30 – 0:05:03. | | |
| 46. As Detective Vazquez turned the corner of Crooked Creek Drive and approached Diamond Bar Boulevard, he observed civilian and deputy vehicles directly in front of the Decedent's path.<br><br>**Evidence:** Vazquez Decl., ¶ 15; COLA 00286 (Exhibit D), at 0:05:14. | 46. | |
| 47. There was the risk of crossfire from his position due to the civilian and deputy vehicles directly in front of the Decedent, so Detective Vazquez repositioned himself towards the Decedent's left-flank without any cover.<br><br>**Evidence:** Vazquez Decl., ¶ 15; COLA 00286 (Exhibit D), at 0:05:00 – 0:05:25; COLA 00752 (Exhibit E), at 14:30 – 16:01. | 47. **Objection**. Fed. R. Evid. 801, 802. Hearsay as to the audio recorded interview. | |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS

| Moving Party's Uncontroverted Material Facts and Supporting Evidence: | Opposing Party's Objection(s): | Court's Ruling |
|---|---|---|
| | | |
| 48. As he was flanking the Decedent, Detective Vazquez heard one gunshot from an unknown source.<br><br>**Evidence:** Vazquez Decl., ¶15; COLA 00286 (Exhibit D), at 0:05:20; COLA 00752 (Exhibit E), at 18:50 – 19:00. | 48. **Objection**. Fed. R. Evid. 801, 802. Hearsay as to the audio recorded interview. | |
| 49. Detective Vazquez observed that the Decedent had been impacted because he momentarily stopped, but the Decedent then continued forward.<br><br>**Evidence:** Vazquez Decl., ¶ 16; COLA 00286 (Exhibit D), at 0:05:20- 0:05:22. | 49. | |
| 50. Detective Vazquez then perceived the Decedent's elbow raise as if to reach for his rifle, position the barrel forward, and begin firing.<br><br>**Evidence:** Vazquez Decl., ¶ 16; COLA 00286 (Exhibit | 50.**Objection**. Compound.<br><br>**Objection**. Lacks foundation and is speculative.<br><br>**Objection**. Fed. R. Evid. 801, 802. Hearsay as to the audio recorded interview. | |

| Moving Party's Uncontroverted Material Facts and Supporting Evidence: | Opposing Party's Objection(s): | Court's Ruling |
|---|---|---|
| D), at 0:05:22; COLA 00752 (Exhibit E), at 19:30 – 20:00. | | |
| 51. The Decedent was approximately 10-15 feet from the civilian and deputy vehicles in front of him at this point.<br><br>**Evidence:** Vazquez Decl., ¶ 16; COLA 00286 (Exhibit D), 0:05:25. | 51. **Objection**. Lacks foundation and is speculative. | |
| 52. Fearing that the Decedent was going to shoot at deputies and civilians, Detective Vazquez fired one round from his shotgun at the Decedent.<br><br>**Evidence:** Barajas Decl., at ¶ 16; Vazquez Decl., ¶13; COLA 00285 (Exhibit A), at 0:08:12; COLA 00286 (Exhibit D), at 0:05:26. | 52. **Objection**. Fed. R. Evid. 401, 402. Relevance. An officer's subjective fear is not relevant to the reasonableness of the use of force analysis. "[A] merely subjective sense of threat" or "[s]incerely held but unreasonable belief" cannot justify the use of force; "to justify deadly force, an objective belief that an imminent threat of death or serious physical harm is required." *Price v. Sery*, 513 F.3d 962, 969 (9th Cir. 2008). Claims under the Fourth Amendment for excessive force are evaluated under the "objective reasonableness" standard. | |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS

| Moving Party's Uncontroverted Material Facts and Supporting Evidence: | Opposing Party's Objection(s): | Court's Ruling |
|---|---|---|
| | *See Graham v. Connor*, 490 U.S. 386, 388 (1989).<br><br>**Objection**. Compound.<br><br>**Objection**. Lacks foundation and is speculative. | |
| 53. The round struck the Decedent's bullet-proof vest and appeared to have no effect on the Decedent.<br><br>**Evidence:** Barajas Decl., at ¶ 12-14; Vazquez Decl., ¶ 16; COLA 00285 (Exhibit A), at 0:08:12; COLA 00286 (Exhibit D), at 0:05:26. | 53. **Objection**. Compound<br><br>**Objection**. Vague and ambiguous as to "no effect."<br><br>**Objection**. Lacks foundation and is speculative. | |
| 54. Without cover and believing that the Decedent would turn towards Detective Vazquez to shoot him, Detective Vazquez fired a second shotgun round at the Decedent.<br><br>**Evidence:** Vazquez Decl., ¶ 17; COLA 00286 (Exhibit D), at 0:05:30; COLA 00752 (Exhibit E), at 20:50 – 21:50. | 54. **Objection**. Fed. R. Evid. 401, 402. Relevance. An officer's subjective fear is not relevant to the reasonableness of the use of force analysis. "[A] merely subjective sense of threat" or "[s]incerely held but unreasonable belief" cannot justify the use of force; "to justify deadly force, an objective belief that an imminent threat of death or serious physical harm is required." *Price v. Sery*, 513 F.3d 962, 969 | |

| Moving Party's Uncontroverted Material Facts and Supporting Evidence: | Opposing Party's Objection(s): | Court's Ruling |
|---|---|---|
| | (9th Cir. 2008). Claims under the Fourth Amendment for excessive force are evaluated under the "objective reasonableness" standard. *See Graham v. Connor*, 490 U.S. 386, 388 (1989).<br><br>**Objection**. Compound.<br><br>**Objection.** Lacks foundation and is speculative.<br><br>**Objection**. Fed. R. Evid. 801, 802. Hearsay as to the audio recorded interview. | |
| 55. The Decedent fell to the ground after Detective Vazquez fired his second shot.<br><br>**Evidence:** Barajas Decl., at ¶ 16; Vazquez Decl., ¶ 14; COLA 00285 (Exhibit A), at 0:08:18; COLA 00286 (Exhibit D), at 0:05:32. | 55. | |
| 56. The Decedent dropped his rifle when he fell to the ground after Detective Vazquez's second shot. | 56. **Objection.** Assumes facts not in evidence.<br><br>**Objection**. Vague and ambiguous. | |

| Moving Party's Uncontroverted Material Facts and Supporting Evidence: | Opposing Party's Objection(s): | Court's Ruling |
|---|---|---|
| **Evidence:** Barajas Decl., at ¶ 17; Vazquez Decl., ¶ 15; COLA 00285 (Exhibit A), at 0:10:13; COLA 00286 (Exhibit D), at 0:05:34 | **Objection**. Fed. R. Evid. 801, 802. Hearsay as to the audio recorded interview. | |
| 57. With the AR-15 still within the Decedent's reach, a plan was developed to safely and securely approach the Decedent so that medical care could be rendered from approximately 11:45:15 to 11:47:07.<br><br>**Evidence:** Barajas Decl., at ¶ 17-18; Vazquez Decl., ¶ 19-20; COLA 00285 (Exhibit A), at  COLA 00286 (Exhibit D), at 0:06:00 – 0:07:30. | 57. | |
| 58. Deputies cautiously approached the Decedent, handcuffed him and began rendering aid after he fell to the ground.<br><br>**Evidence:** Barajas Decl., at ¶ 18-20; Vazquez Decl., ¶ 19-20; COLA 00285 (Exhibit A), at 010:42 – 0:18:57; COLA 00286 (Exhibit D), at 0:0:25 – 0:16:14. | 58. | |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS

| Moving Party's Uncontroverted Material Facts and Supporting Evidence: | Opposing Party's Objection(s): | Court's Ruling |
|---|---|---|
| 59. Deputy Vazquez's use of force was reasonable based on the totality of circumstances.<br><br>**Evidence:** Barajas Decl., at ¶ 5-20; Vazquez Decl., ¶ 5-20; COLA 00285 (Exhibit A) – 00286 (Exhibit D). | 59. **Objection**. Impermissible legal conclusion. *See United States v. Diaz*, 876 F.3d 1194, 1198–99 (9th Cir. 2017); *Valtierra v. City of Los Angeles*, 99 F. Supp. 3d 1190, 1198 (C.D. Cal. 2015).<br><br>**Objection**. Fed. R. Evid. 401, 402. Relevance. An officer's subjective fear is not relevant to the reasonableness of the use of force analysis. "[A] merely subjective sense of threat" or "[s]incerely held but unreasonable belief" cannot justify the use of force; "to justify deadly force, an objective belief that an imminent threat of death or serious physical harm is required." *Price v. Sery*, 513 F.3d 962, 969 (9th Cir. 2008). Claims under the Fourth Amendment for excessive force are evaluated under the "objective reasonableness" standard. *See Graham v. Connor*, 490 U.S. 386, 388 (1989).<br><br>**Objection.** Lacks | |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS

| Moving Party's Uncontroverted Material Facts and Supporting Evidence: | Opposing Party's Objection(s): | Court's Ruling |
|---|---|---|
| | foundation and is speculative.<br><br>**Objection**. Fed. R. Evid. 801, 802. Hearsay as to the audio recorded interview. | |
| 60. The final shot by Detective Vazquez is discharged at approximately 11:45:15 on body-worn camera footage.<br><br>**Evidence:** COLA 00285 (Exhibit A) 0:08:17; COLA 00286 (Exhibit D), at 0:05:30. | 60. | |
| 61. The Defendant Deputies were unable to determine the extent of the Decedent's injuries due to his bullet-proof vest, preventing the deputies from assessing that the Decedent was no longer a threat.<br><br>**Evidence:** Barajas Decl., at ¶ 18; Vazquez Decl., at ¶19. | 61.**Objection.** Vague and ambiguous as to "threat." | |
| 62. At approximately 11:47:17 – 11:47:39, after making a determination | 62.**Objection.** Compound.<br><br>**Objection.** Vague and | |

| Moving Party's Uncontroverted Material Facts and Supporting Evidence: | Opposing Party's Objection(s): | Court's Ruling |
|---|---|---|
| that the Decedent is no longer a threat, the deputies approach the Decedent and place him in handcuffs.<br><br>**Evidence:** COLA 00285 (Exhibit A), at 0:10:19 – 0:10:41; COLA 00286 (Exhibit D), at 0:07:33 – 0:07:55. | ambiguous as to "threat."<br><br>**Objection**. Lacks foundation and is speculative. | |
| 63. From approximately 11:47:41 – 11:48:30, the Decedent's bullet-proof vest is un-Velcroed, his person is searched, and the deputies release him from his handcuffs.<br><br>**Evidence:** COLA 00285 (Exhibit A), at 0:10:42 – 0:11:31; COLA 00286 (Exhibit D), at 0:07:57 – 0:08:46. | 63.**Objection**. Compound. | |
| 64.Deputies removed the Decedent's vest and cleaned blood from his body.<br><br>**Evidence:** COLA 00285 (Exhibit A), at 0:11:24 – 0:18:57; COLA 00286 | 64. | |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS

| Moving Party's Uncontroverted Material Facts and Supporting Evidence: | Opposing Party's Objection(s): | Court's Ruling |
|---|---|---|
| (Exhibit D), at 0:08:30 – 0:16:14. | | |
| 65. At approximately 11:49:40, paramedics from the fire department begin assisting with the Decedent's aid.<br><br>**Evidence:** COLA 00285 (Exhibit A), at 0:12:42; COLA 00286 (Exhibit D), at 0:09:55. | 65. **Objection**. Vague and ambiguous as to "aid." | |
| 66. At approximately 11:57:40, the Decedent is taken from the scene on a gurney and placed in an ambulance.<br><br>**Evidence:** COLA 00289 (Exhibit F), at 0:15:28. | 66. | |
| 67. The Defendant Deputies fulfilled their duty of summoning prompt medical care as soon as reasonably possible.<br><br>**Evidence:** Barajas Decl., at ¶ 17-20; Vazquez Decl., ¶ 19-20; COLA 00285 (Exhibit A), at 0:11:25 COLA 00286 (Exhibit D), at 0:07:33 – 0:16:14; COLA 00289 | 67. **Objection**. Impermissible legal conclusion. *See United States v. Diaz*, 876 F.3d 1194, 1198–99 (9th Cir. 2017); *Valtierra v. City of Los Angeles*, 99 F. Supp. 3d 1190, 1198 (C.D. Cal. 2015).<br><br>**Objection**. Lacks foundation and is speculative. | |

| Moving Party's Uncontroverted Material Facts and Supporting Evidence: | Opposing Party's Objection(s): | Court's Ruling |
|---|---|---|
| (Exhibit F), at 0:06:00 – 0:20:28. | | |
| 68. LASD deputies had a legitimate law enforcement purpose and reasonable suspicion to contact and detain the Decedent.<br><br>**Evidence:**<br>Declaration of Ed Flosi "Flosi Decl." ¶11-12 | 68. **Objection**. Impermissible legal conclusion. *See United States v. Diaz*, 876 F.3d 1194, 1198–99 (9th Cir. 2017); *Valtierra v. City of Los Angeles*, 99 F. Supp. 3d 1190, 1198 (C.D. Cal. 2015).<br><br>**Objection**. Lacks foundation and is speculative. | |
| 69. The deputies' actions were consistent with current law enforcement training and practices the appropriate level of force was used.<br><br>**Evidence:**<br>Flosi Decl. ¶ 11-12 | 69. **Objection.** Compound.<br><br>**Objection.** Lacks foundation and is speculative. | |
| 70. LASD deputies had a legitimate law enforcement purpose and probable cause to arrest decedent.<br><br>**Evidence:**<br>Flosi Decl. ¶ 13-14 | 70. **Objection**. Impermissible legal conclusion. *See United States v. Diaz*, 876 F.3d 1194, 1198–99 (9th Cir. 2017); *Valtierra v. City of Los Angeles*, 99 F. Supp. 3d 1190, 1198 (C.D. Cal. 2015).<br><br>**Objection**. Compound. | |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS

| Moving Party's Uncontroverted Material Facts and Supporting Evidence: | Opposing Party's Objection(s): | Court's Ruling |
|---|---|---|
| | **Objection.** Lacks foundation and is speculative. | |
| 71. A reasonable officer could have an honest and strong belief that Decedent's actions were in violation of California Penal Code § 148(a)(1).<br><br>**Evidence:**<br>Flosi Decl. ¶11-15, | 71.**Objection**. Impermissible legal conclusion. *See United States v. Diaz*, 876 F.3d 1194, 1198–99 (9th Cir. 2017); *Valtierra v. City of Los Angeles*, 99 F. Supp. 3d 1190, 1198 (C.D. Cal. 2015).<br><br>**Objection**. Lacks foundation and is speculative. | |
| 72. The deadly force response by Defendants Barajas and Vasquez was appropriate and reasonable to prevent a perceived imminent and credible threat of serious bodily injury or death.<br><br>**Evidence:**Flosi Decl. ¶21-29. | 72.**Objection**. Impermissible legal conclusion. *See United States v. Diaz*, 876 F.3d 1194, 1198–99 (9th Cir. 2017); *Valtierra v. City of Los Angeles*, 99 F. Supp. 3d 1190, 1198 (C.D. Cal. 2015).<br><br>**Objection**. Lacks foundation and calls for speculation.<br><br>**Objection**. Assumes facts not in evidence. | |
| 73. The actions of decedent created a life-threatening situation and forced the deputies to react quickly and decisively. | 73.**Objection.** Compound.<br><br>**Objection.** Lacks foundation and calls for speculation. | |

| Moving Party's Uncontroverted Material Facts and Supporting Evidence: | Opposing Party's Objection(s): | Court's Ruling |
|---|---|---|
| **Evidence:** Flosi Decl. ¶27. | **Objection.** Assumes facts not in evidence. | |
| 74. Deadly force responses by the deputies were appropriate and reasonable to prevent a perceived credible threat of injury created by the Decedent's actions and behaviors.<br><br>**Evidence:** Flosi Decl. ¶ 21-29. | 74.**Objection**. Impermissible legal conclusion. *See United States v. Diaz*, 876 F.3d 1194, 1198–99 (9th Cir. 2017); *Valtierra v. City of Los Angeles*, 99 F. Supp. 3d 1190, 1198 (C.D. Cal. 2015).<br><br>**Objection.** Vague and ambiguous as to "Decedent's actions and behaviors."<br><br>**Objection.** Lacks foundation and calls for speculation.<br><br>**Objection.** Assumes facts not in evidence. | |
| 75.The deadly force responses by Deputy Vasquez and Deputy Barajas were appropriate and consistent with current law enforcement training standards in consideration of the "totality of circumstances" presented to them at the moments non-deadly force was used. | 75.**Objection**. Vague and ambiguous as to "current law enforcement training standards."<br><br>**Objection**. Lacks foundation and is speculative.<br><br>**Objection**. Assumes facts not in evidence. | |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS

| Moving Party's Uncontroverted Material Facts and Supporting Evidence: | Opposing Party's Objection(s): | Court's Ruling |
|---|---|---|
| **Evidence:** Flosi Decl. ¶ 21-29. | | |
| 76. Officers are trained that for an investigative stop of detention to be valid, there must be reasonable suspicion that: (1) criminal activity may be afoot and (2) the person about to be detained is connected with that possible criminal activity. **Evidence:** Flosi Decl. ¶ 12. | 76. | |
| 77. Under the totality of the circumstances, a reasonable officer could conclude that the subject described in the call for service was involved or preparing to become involved in criminal activity hence LASD deputies had a legitimate law enforcement purpose and reasonable suspicion to contact and detain Decedent. **Evidence:** Flosi Decl. ¶ 13. | 77. **Objection**. Impermissible legal conclusion. *See United States v. Diaz*, 876 F.3d 1194, 1198–99 (9th Cir. 2017); *Valtierra v. City of Los Angeles*, 99 F. Supp. 3d 1190, 1198 (C.D. Cal. 2015). **Objection**. Compound. **Objection**. Lacks foundation and is speculative. | |
| 78. The deputies' actions were consistent with current | 78. **Objection**. Lacks foundation and is | |

| Moving Party's Uncontroverted Material Facts and Supporting Evidence: | Opposing Party's Objection(s): | Court's Ruling |
|---|---|---|
| law enforcement training and practices.<br><br>**Evidence:**<br>Flosi Decl. ¶¶ 11, 14, 16, 22, and 30. | speculative. | |
| 79. There is no independent and objective evidence to support a claim that the Defendant Deputies denied the Decedent medical care.<br><br>**Evidence:**<br>Flosi Decl. ¶¶9(h), 31 -34. | 79. **Objection**. Impermissible legal conclusion. *See United States v. Diaz*, 876 F.3d 1194, 1198–99 (9th Cir. 2017); *Valtierra v. City of Los Angeles*, 99 F. Supp. 3d 1190, 1198 (C.D. Cal. 2015).<br><br>**Objection**. Lacks foundation and is speculative. | |
| 80. A review of the material and video evidence reveals that the last shot was fired at approximately 11:45:15.<br><br>**Evidence:**<br>Flosi Decl. ¶33. | 80. **Objection**. Vague and ambiguous as to "the material and video evidence." | |
| 81. The approach to the Decedent began at approximately 11:47:07.<br><br>**Evidence:**<br>Flosi Decl. ¶33. | 81. **Objection**. Vague and ambiguous as to "the approach." | |
| 82. LASD deputies make contact with the Decedent | 82. **Objection**. Vague and ambiguous as to "render | |

| Moving Party's Uncontroverted Material Facts and Supporting Evidence: | Opposing Party's Objection(s): | Court's Ruling |
|---|---|---|
| to render aid at approximately 11:47:17.<br><br>**Evidence:**<br>Flosi Decl. ¶33. | aid." | |
| 83. The Decedent was handcuffed at approximately 11:47:40.<br><br>**Evidence:**<br>Flosi Decl. ¶33. | 83. | |
| 84. A deputy confirmed that the fire department personnel was responding at 11:47.58.<br><br>**Evidence:**<br>Flosi Decl. ¶33. | 84. **Objection**. Vague and ambiguous as to "responding." | |
| 85. LASD deputies start rendering medical aid at approximately 11:48:16.<br>**Evidence:**<br>Flosi Decl. ¶33. | 85. **Objection**. Vague and ambiguous as to "rendering medical aid." | |
| 86. The fire department personnel are on scene at approximately 11:48.42.<br><br>**Evidence:**<br>Flosi Decl. ¶33. | 86. | |
| 87. After being shot, the Decedent fell next to the rifle that he was wielding.<br><br>**Evidence:**<br>Flosi Decl. ¶34**.** | 87. **Objection**. Vague and ambiguous as to "next to the rifle." | |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS

| Moving Party's Uncontroverted Material Facts and Supporting Evidence: | Opposing Party's Objection(s): | Court's Ruling |
|---|---|---|
| 88. There was a legitimate tactical need to get a shield and contact team formed with non-deadly and deadly force options prior to moving to whether the Decedent fell.<br><br>**Evidence:**<br>Flosi Decl. ¶34. | 88. **Objection**. Vague and ambiguous as to "legitimate tactical need."<br><br>**Objection**. Lacks foundation and is speculative. | |
| 89. It is also noted that there was information that the Decedent had stabbed another person and the edged weapon was unaccounted for.<br><br>**Evidence:**<br>Flosi Decl. ¶34. | 89. **Objection**. Fed. R. Evid. 401, 401. Relevance.<br><br>**Objection**. Vague and ambiguous as to time.<br><br>**Objection**. Vague and ambiguous as to "unaccounted for."<br><br>**Objection**. Lacks foundation and is speculative. | |
| 90. It is demonstrably false that LASD deputies denied the Decedent of medical care.<br><br>**Evidence:**<br>Flosi Decl. ¶31-34. | 90. **Objection**. Lacks foundation and is speculative.<br><br>**Objection**. Vague and ambiguous as to "medical care." | |
| 91. The deadly force responses by the deputies were appropriate and reasonable to prevent a | 91. **Objection**. Impermissible legal conclusion. *See United States v. Diaz*, 876 F.3d 1194, 1198–99 (9th | |

| Moving Party's Uncontroverted Material Facts and Supporting Evidence: | Opposing Party's Objection(s): | Court's Ruling |
|---|---|---|
| perceived credible threat of injury created by Decedent's actions and behaviors.<br><br>**Evidence:**<br>Flosi Decl.  ¶31-34. | Cir. 2017); *Valtierra v. City of Los Angeles*, 99 F. Supp. 3d 1190, 1198 (C.D. Cal. 2015).<br><br>**Objection**. Fed. R. Evid. 401, 402. Relevance. An officer's subjective fear is not relevant to the reasonableness of the use of force analysis. "[A] merely subjective sense of threat" or "[s]incerely held but unreasonable belief" cannot justify the use of force; "to justify deadly force, an objective belief that an imminent threat of death or serious physical harm is required." *Price v. Sery*, 513 F.3d 962, 969 (9th Cir. 2008). Claims under the Fourth Amendment for excessive force are evaluated under the "objective reasonableness" standard. *See Graham v. Connor*, 490 U.S. 386, 388 (1989).<br><br>**Objection**. Vague and ambiguous as to "Decedent's actions and behaviors." | |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS

| Moving Party's Uncontroverted Material Facts and Supporting Evidence: | Opposing Party's Objection(s): | Court's Ruling |
|---|---|---|
| | **Objection**. Lacks foundation and is speculative. | |
| 92. The deadly force responses by Vasquez and Barajas were appropriate and consistent with current law enforcement training standards in consideration of the "totality of circumstances" presented to them at the moments non-deadly force was used.<br><br>**Evidence:**<br>Flosi Decl. ¶30. | 92. **Objection**. Lacks foundation and is speculative.<br><br>**Objection**. Assumes facts not in evidence. | |
| 93. There is no objective independent evidence in the record that LASD failed to adequately train the involved deputies or that LASD maintains unconstitutional customs, practices, and/or policies.<br><br>**Evidence:**<br>Flosi Decl. ¶35-40. | 93. **Objection**. Vague and ambiguous as to "adequately train."<br><br>**Objection**. Compound.<br><br>**Objection**. Lacks foundation and is speculative. | |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS