# EXHIBIT 13

```
 1                UNITED STATES DISTRICT COURT
 2               CENTRAL DISTRICT OF CALIFORNIA
 3
 4   JENNIE QUAN, individually and  ) Case No.: 2:24-cv-
     as successor in interest to    ) 04805-MCS-KS
 5   BENJAMIN CHIN, deceased,       )
                                    )
 6                Plaintiffs,       )
                                    )
 7   vs.                            )
                                    )
 8   COUNTY OF LOS ANGELES;         )
     MARISOL BARAJAS; HECTOR VASQUEZ;)
 9   and DOES 3-10, inclusive,      )
                                    )
10                Defendants.       )
                                    )
11   _____)
12
13
14
15     VIDEOCONFERENCE DEPOSITION OF DEPUTY KYLE TOVES
16                  Los Angeles, California
17             Thursday, September 18, 2025
18
19
20
21
22   Reported by:
23   JANA J. BOMMARITO
24   CSR No. 10880
25   Job No. 20195
```

```
 1                  UNITED STATES DISTRICT COURT

 2                 CENTRAL DISTRICT OF CALIFORNIA

 3

 4   JENNIE QUAN, individually and   ) Case No.: 2:24-cv-
     as successor in interest to     ) 04805-MCS-KS
 5   BENJAMIN CHIN, deceased,        )
                                     )
 6                 Plaintiffs,       )
                                     )
 7   vs.                             )
                                     )
 8   COUNTY OF LOS ANGELES;          )
     MARISOL BARAJAS; HECTOR VASQUEZ;)
 9   and DOES 3-10, inclusive,       )
                                     )
10                 Defendants.       )
                                     )
11   _____)

12

13          Videoconference deposition of DEPUTY KYLE

14   TOVES, taken on behalf of Plaintiffs, in Los Angeles,

15   California, beginning at 10:00 a.m., and ending at

16   10:55 a.m., Pacific Time, on Thursday, September 18,

17   2025, before Jana J. Bommarito, Certified Shorthand

18   Reporter No. 10880.

19

20

21

22

23

24

25
```

```
 1   APPEARANCES:

 2

 3   FOR PLAINTIFFS:

 4           LAW OFFICES OF DALE K. GALIPO
             BY:  HANG D. LE, ESQ.
 5           21800 Burbank Boulevard
             Suite 310
 6           Woodland Hills, California 91367
             (818) 347-3333
 7           hlee@galipolaw.com

 8

 9   FOR DEFENDANTS:

10           HURRELL CANTRALL LLP
             BY:  JERAD MILLER, ESQ.
11           725 South Figueroa Street
             Suite 3800
12           Los Angeles, California 90017
             (213) 426-2000
13           jjmiller@hurrellcantrall.com

14

15

16

17

18

19

20

21

22

23

24

25
```

1   Q.   Okay.  Did you receive any additional
2   information regarding the incident prior to getting to
3   the scene?
4   A.   Yes.  Information was put out over the radio
5   that the male was firing rounds, and further
6   information said that there was a person who had been
7   possibly stabbed that was related to the incident.
8   Q.   What -- what information did you receive
9   regarding the possible stabbing that led you to believe
10  it was related to the incident?
11      MR. MILLER:  Hold on.
12          Objection; misstates testimony.
13          But you can respond.
14      THE WITNESS:  It was just updated over the radio
15  that there was a victim who had been possibly stabbed
16  that was in the area where the person with the gun was.
17  BY MS. LE:
18  Q.   Understood.  Okay.
19          And did you ever receive any information that
20  the subject with the gun had shot at anyone or any
21  property?
22  A.   I don't recall.  I just remember that he had
23  shot.
24  Q.   Do you -- did you receive any information
25  that the subject with the gun had pointed the gun at

| | |
|---|---|
| 1 | Q. So let me try to clarify that. |
| 2 | So in a child's pose, a person is generally |
| 3 | on their -- or sort of squat- -- squatted down on their |
| 4 | legs. |
| 5 | Was he still on his feet or was he on, like, |
| 6 | the shins of the legs? |
| 7 | A. On, like, the shins of his legs. |
| 8 | Q. Okay. Understood. |
| 9 | Do you recall in your interview with the |
| 10 | homicide division that you said when you saw him again, |
| 11 | that he was not fully standing but he was not fully on |
| 12 | the ground yet? |
| 13 | Do you recall that statement being made? |
| 14 | A. Yes. |
| 15 | Q. Okay. Did you hear any shots after you |
| 16 | saw -- after Mr. Chin came back into your view? |
| 17 | A. No. |
| 18 | Q. Could you see where the rifle was when |
| 19 | Mr. Chin came back into your view? |
| 20 | A. Yes. |
| 21 | Q. Where was it? |
| 22 | A. Slightly above his upper body, so above his |
| 23 | head, if that gives a better visual. |
| 24 | Q. So I guess I -- I -- I'd like to clarify. |
| 25 | When you -- when you saw him again, was |

1  his -- was the majority of his body on the ground or
2  was he still standing on his feet?  Where -- I -- I
3  guess I need clarification to kind of understand where
4  the rifle was.
5       A.   Okay.  So when I came back around the vehicle
6  and got into my position, from where I could see him,
7  he was again with his shins on the ground and his upper
8  body laying towards the -- towards the ground.  And as
9  I stabilized myself, he fully flattened out with his
10 head faced more towards north.
11          And so the rifle was towards his upper body,
12 like head/shoulder area, so it would have been just
13 north, I -- I believe, of his -- like, where he was
14 laying at that point.
15      Q.   So then when you -- when you saw the rifle
16 again, it was on the ground?
17      A.   Yes.
18      Q.   Okay.  Sorry, just a second.
19          Could you see whether either of Mr. Chin's
20 hands were on the rifle when it was on the ground?
21      A.   He was moving from side to side, but his
22 hands weren't on the rifle.
23      Q.   Understood.
24          Was -- and you said that there was -- when
25 you first saw Mr. Chin, that there was a possibility

```
 1   CERTIFICATION OF COURT REPORTER

 2                    FEDERAL JURAT

 3

 4          I, the undersigned, a Certified Shorthand

 5   Reporter of the State of California do hereby certify:

 6          That the foregoing proceedings were taken

 7   before me at the time and place herein set forth; that

 8   any witnesses in the foregoing proceedings, prior to

 9   testifying, were placed under oath; that a verbatim

10   record of the proceedings was made by me using machine

11   shorthand, which was thereafter transcribed under my

12   direction; further, that the foregoing is an accurate

13   transcription thereof.

14          That before completion of the deposition, a

15   review of the transcript [ ] was [X] was not requested.

16          I further certify that I am neither

17   financially interested in the action nor a relative or

18   employee of any attorney of any of the parties.

19          IN WITNESS WHEREOF, I have this date

20   subscribed my name this 29th day of September, 2025.

21

22                        *Jana Bommarito* (signature)

23   _____

24            Jana Bommarito, CSR No. 10880

25
```