Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Janet J. Hur, State Bar No. 330358
E-Mail: jhur@hurrellcantrall.com
Jerad J. Miller, State Bar No. 334001
E-Mail: jjmiller@hurrellcantrall.com
HURRELL CANTRALL LLP
800 West 6th Street, Suite 700
Los Angeles, California 90017
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants, COUNTY OF LOS ANGELES, MARISOL BARAJAS and HECTOR VAZQUEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JENNIE QUAN, individually and as successor in interest to BENJAMIN CHIN, deceased,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF LOS ANGELES; MARISOL BARAJAS; HECTOR VAZQUEZ; and DOES 3-10, inclusive,<br><br>    Defendants. | Case No. 2:24-cv-04805-MCS(KSx)<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT**<br><br>[Assigned to Hon. Mark C. Scarsi, Courtroom "7C"] |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants, COUNTY OF LOS ANGELES, MARISOL BARAJAS AND HECTOR VAZQUEZ (collectively, "Defendants") hereby submit the following Reply in support of their Motion for Summary Judgment, or in the alternative, Motion for Partial Summary Judgment.

/ / /

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants maintain that summary judgment is appropriate and that Plaintiff's Opposition to Defendants' Motion for Summary Judgment, or Partial Summary Judgment ("Opposition") failed to create a genuine dispute as to any material fact. At the minimum, Plaintiff has failed to provide admissible evidence demonstrating that *every* reasonable officer would have understood that their use of lethal force violated the Decedent's rights, the standard articulated in *Reichle v. Howards*, 566 U.S. 658, 659, and thus Deputy Barajas and Detective Vazquez are entitled to qualified immunity.

## II. DEPUTIES ARE ENTITLED TO QUALIFIED IMMUNITY UNDER GRAHAM

### A. Deputies were warranted in using deadly force under the first and third Graham factors.

Unlike Plaintiff's contentions, Deputies were warranted in using deadly force under the factors outlined in *Graham v. Connor,* 490 U.S. 386 (1989). All claims of excessive force are analyzed under the objective reasonableness standard of the Fourth Amendment as enunciated in *Graham v. Connor*, 490 U.S. 386 (1989), and *Tennessee v. Garner*, 471 U.S. 1 (1985). Factors *Graham* sets for evaluating reasonability include: "(1) the severity of the crime at issue, (2) whether the suspect posed an immediate threat to the safety of the officers or others, and (3) whether the suspect actively resisted arrest or attempted to escape." *Maxwell v. Cnty. of San Diego*, 697 F.3d 941, 951 (9th Cir. 2012).

First, Plaintiff contends that Decedent "was not engaged in any felony when Vazquez and Barajas encountered Chin under Plaintiffs' facts, and Chin was not engaged in any felonious conduct during any of Barajas's and Vazquez's shots . . . accordingly the alleged crimes do not support the use of deadly force." (Plaintiffs' Opposition pg. 10 lines 14-18.) However, this is immaterial as the deputies shot

2

Decedent because he posed an imminent threat of death.

Second, Plaintiff unsuccessfully draws similarities between the actions of the Decedent in this case to the Plaintiffs in *Singh v. City of Phoenix* and *Smith v. City of Hemet*. (Plaintiff's Opposition pg. 10-11 lines 27-10.) Unlike the plaintiff in *Smith*, Decedent was openly carrying an assault rifle while wearing a bullet-proof vest all while on a busy public street. The plaintiff in *Smith* did not have a visible weapon and was reentering his home while ignoring officers' commands to remove his hands from his pockets. In *Singh*, the plaintiff refused to follow demands to drop a knife.

Plaintiff undermines the threat presented by the Decedent. Objectively, Decedent's refusal to drop his assault rifle that was slung around his right shoulder poses a far greater threat than a perpetrator with a knife. The Defendant Deputies were aware of the Decedent's propensity for violence, as it was reported to them that the Decedent had fired multiple rounds from his rifle, and that there was a stabbing victim prior to their encounter. Once the Defendant Deputies arrived on scene, the deputies demanded several times for Chin to drop his gun – all of which were ignored while he continued his pursuit on Diamond Bar Boulevard towards deputies and civilians. A pursuit that included his rifle slung around his right shoulder, and a hand that appeared to be on the pistol grip of the rifle. The Defendant Deputies were thus presented with an imminent lethal threat, unlike the deputies in the cases cited by Plaintiff in this section.

**B.    Plaintiff posed an immediate and imminent threat of death and serious bodily injury**

Plaintiff cites to *Calonge v. City of San Jose,* 104 F4th 39, 46 (9th Cir. 2024) to indicate that deputies were not justified to use deadly force. However, the facts in *Calonge* are starkly different from the instant case. In *Calonge,* the defendant's gun was in a holster around his waist while he was walking in a public area. There are several facts in this instant case that heightens the imminent threat of death and serious bodily injury that were not present in the *Calonge* case: (1) Decedent's loaded assault

3

rifle was slung around his right shoulder with his hand appearing to be on the pistol grip, making it extremely accessible to Decedent, (2) Deputies had knowledge that Plaintiff was prone to violence as deputies had knowledge of Decedent's immediate prior attack of his mother, (3) Decedent had already fired rounds into the air, (4) Decedent was advancing towards deputies and civilian vehicles, (5) Decedent demonstrated a clear intent to ignore deputy commands and came within dangerous proximity of a civilian in his Tesla.

Accordingly, the Defendant Deputies are entitled to qualified immunity for this cause of action because their use of force did not violate any clearly established right of the Decedent.

### III. PLAINTIFF'S STATE LAW CLAIMS WILL FAIL BECAUSE THE DEFENDANT DEPUTIES ACTED REASONABLY

#### A. Negligence and Battery

The Defendants are shielded from Plaintiff's state law claims for Negligence and Battery because the Defendant Deputies' of force during the incident was reasonable. "Except when otherwise provided by law, public employees in California are statutorily liable to the same extent as private persons for injuries caused by their acts or omissions, subject to the same defenses available to private persons." *Hayes v. Cty. of San Diego*, 57 Cal.4th 622, 628-29 (2013) (citing *Cal. Gov't Code* § 820). "[T]o prove facts sufficient to support a finding of negligence, a plaintiff must show that defendant had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury." *Id*. at 629, 160 Cal.Rptr.3d 684. The California Supreme Court "has long recognized that peace officers have a duty to act reasonably when using deadly force." *Id*. "Law enforcement personnel's tactical conduct and decisions preceding the use of deadly force are relevant considerations under California law in determining whether the use of deadly force gives rise to negligence liability." *Id*. at 639, 160 Cal.Rptr.3d 684, 305 P.3d 252. "Such liability can arise, for example, if the tactical conduct and decisions show, as

4

part of the totality of the circumstances, that the use of deadly force was unreasonable." *Id*.

Here, the analysis of Plaintiff's federal claim for Unreasonable Search and Seizure – Excessive Force clearly demonstrates that the Defendant Deputies' use of force was reasonable at all times, and no violation of the Decedent's clearly established rights occurred. (SSUMF Nos. 24; 59.)   Plaintiff correctly notes in her opposition that the federal doctrine of qualified immunity does not extend to California tort claims. See Plaintiff's Opposition to Defendants' Motion for Summary Judgment or Partial Summary Judgment, p. 18:11-15.  Defendants do not argue that qualified immunity should extend to Plaintiff's state law claims. Rather, Defendants argue that because the Defendant Deputies' use of force was reasonable, as determined by an analysis of Plaintiff's federal claims and qualified immunity, Plaintiff cannot recover for Negligence and Battery. Battery requires unreasonable force, and Negligence requires a breach of duty. Because the Defendant Deputies used reasonable force, liability is negated for both state causes of action.

### B.     Bane Act

The Bane Act, California Civil Code § 52.1, authorizes a claim for relief against any "person or persons, whether or not acting under color of law, [who] interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state[.]" *Cal. Civ. C*ode § 52.1(a)-(b). "The elements of a section 52.1 excessive force claim are essentially identical to those of a § 1983 excessive force claim." *Knapps v. City of Oakland*, 647 F.Supp.2d 1129, 1168 (N.D. Cal. 2009); *Gomez v. City of Fremont*, 730 F.Supp.2d 1056, 1068 (N.D. Cal. 2010). "[A] successful claim for excessive force under the Fourth Amendment provides the basis for a successful claim under § 52.1." *Chaudhrey v. City of Los Angeles*, 751 F.3d 1096, 1105-06 (9th Cir. 2014).  "[T]he 'reasonableness' inquiry in an excessive

5

force case is ... whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1045 (9th Cir. 2018). "A mere intention to use force that the jury ultimately finds unreasonable—that is, general criminal intent—is insufficient." *United States v. Reese*, 2 F.3d 870, 885 (9th Cir. 1993). Rather, the jury must find that the defendants "intended not only the force, but its unreasonableness, its character as 'more than necessary under the circumstances.' " *Id*. But it is not necessary for the defendants to have been "thinking in constitutional or legal terms at the time of the incidents, because a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights." *Reese* at 1045.

The Defendants are entitled to judgment as a matter of law on Plaintiff's Bane Act claim because, as outlined above, the Defendant Deputies' conduct during the encounter was reasonable. SSUMF Nos. 24; 59. Plaintiff cannot establish that the Defendant Deputies violated the Decedent's constitutional rights since reasonable force was used, and a claim under the Bane Act cannot succeed without such a showing.

## IV. CONCLUSION

Based on the foregoing, the Court should grant the Defendants' motion for summary judgment as to all causes of action. Plaintiff has not met their burden of showing that any reasonable officer would have acted differently and therefore the deputies are entitled to qualified immunity.

6

DATED: October 20, 2025      HURRELL CANTRALL LLP

By:    */s/ Jerad J. Miller*
THOMAS C. HURRELL
JANET J. HUR
JERAD J. MILLER
Attorneys for Defendants, COUNTY OF LOS ANGELES, MARISOL BARAJAS and HECTOR VAZQUEZ

HURRELL CANTRALL LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000