1  Thomas C. Hurrell, State Bar No. 119876
   E-Mail: thurrell@hurrellcantrall.com
2  Janet J. Hur, State Bar No. 330358
   E-Mail: jhur@hurrellcantrall.com
3  Jerad J. Miller, State Bar No. 334001
   E-Mail: jjmiller@hurrellcantrall.com
4  HURRELL CANTRALL LLP
   800 West 6th Street, Suite 700
5  Los Angeles, California 90017
   Telephone: (213) 426-2000
6  Facsimile: (213) 426-2020

7  Attorneys for Defendants, COUNTY OF LOS ANGELES, MARISOL BARAJAS
   and HECTOR VAZQUEZ

8

9

10

11

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

12

13  JENNIE QUAN, individually and as
    successor in interest to BENJAMIN
14  CHIN, deceased,

15          Plaintiff,

16     v.

17  COUNTY OF LOS ANGELES;
    MARISOL BARAJAS; HECTOR
18  VAZQUEZ; and DOES 3-10, inclusive,

19          Defendants.

Case No. 2:24-cv-04805-MCS(KSx)

**DEFENDANTS' EVIDENTIARY
OBJECTIONS TO PLAINTIFF'S
STATEMENT OF ADDITIONAL
UNCONTROVERTED FACTS**

[Filed Concurrently with: 1)
Defendants' Reply to Plaintiff's
Opposition; 2) Defendants' Response to
Plaintiff's Statement of Additional
Uncontroverted Facts; 3) Defendants'
Response to Plaintiff's Statement of
Genuine Disputes]

[Assigned to Hon. Mark C. Scarsi,
Courtroom "7C"]

20

21

22  TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF

23  RECORD:

24          Defendants COUNTY OF LOS ANGELES, MARISOL BARAJAS AND

25  HECTOR VAZQUEZ (collectively, "Defendants") hereby submit their evidentiary

26  objections to Plaintiff's Statement of Additional Uncontroverted Facts.

27  / / /

28  / / /

HURRELL CANTRALL LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

HURRELL CANTRALL LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Objections | Court's Ruling |
|---|---|---|
| **The Deputies Receive a Call for Service** | | |
| 94.    Vazquez received a call for service regarding a male Asian, wearing a bullet proof vest, walking down the street with an assault-style rifle, and firing off rounds. *Evidence*: Ex. 1 to Le Decl., Vazquez Dep. 52:12-18. | 94. | |
| 95.    Vazquez had information that the shots had been fired in the air. *Evidence*: Ex. 1 to Le Decl., Vazquez Dep. 41:13-17. | 95. | |
| 96.    Vazquez also had information that someone had been stabbed but he did not know the severity of it. *Evidence*: Ex. 1 to Le Decl., Vazquez Dep. 41:18-25. | 96.    Lacks foundation and calls for speculation- FRE 602; 701. | |
| 97.    The only information that was transmitted over the radio that related the stabbing victim to the incident was that the victim was in the area where the person with the gun was. *Evidence:* Ex. 13 to Le Decl., Toves Dep. 20:1-16. | 97.    Lacks foundation and calls for speculation- FRE 602; 701.  Relevance – FRE 401  Vague as to time – FRE 403 | |

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Objections | Court's Ruling |
|---|---|---|
| 98.    Barajas started to panic when she heard the priority call.<br><br>*Evidence*: Barajas Dep. 41:8-12. | 98.  Relevance – FRE 401 | |
| 99.    When Barajas heard that there was a stabbing victim and shots had been fired, she became extremely nervous and started to panic.<br><br>Barajas Dep. 47:16-19. | 99.  Lacks foundation - FRE 602<br><br>Misstates testimony - FRE 403.<br><br>This evidence refers to Deputy Barajas *recalling* a statement she made about becoming extremely nervous and starting to panic.<br><br>Relevance – FRE 401 | |
| 100.    Neither Vazquez nor Barajas had ever seen Chin before the day of the incident.<br><br>*Evidence*: Ex. 1 to Le Decl., Vazquez Dep. 77:8-10; Barajas Dep. 58:22-24. | 100. Relevance – FRE 401 | |
| 101.    Neither Vazquez nor Barajas had any information regarding Chin's background, including any criminal history or any information as to | 101. Lacks foundation and calls for speculation- FRE 602; 701.<br><br>Relevance – FRE | |

HURRELL CANTRALL LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Objections | Court's Ruling |
|---|---|---|
| whether Chin was under the influence of drugs or alcohol. *Evidence*: Ex. 1 to Le Decl., Vazquez Dep. 77:11-13, 77:14-19; Barajas Dep. 58:25-59:2. | 401<br><br>Vague and ambiguous as to "any information" – FRE 403 | |
| **The Deputies Encounter Decedent** | | |
| 102.    When Vazquez encountered an Asian female, later identified as Plaintiff Jennie Quan, Vazquez saw blood on Plaintiff's hands but did not know the source of the blood. *Evidence*: Ex. 1 to Le Decl., Vazquez Dep. 42:14-43:5. | 102. Relevance – FRE 401 | |
| 103.    When Vazquez was talking to Plaintiff, he could not tell whether or not she had been stabbed—he just saw blood. *Evidence*: Ex. 1 to Le Decl., Vazquez Dep. 59:21-25. | 103. Relevance – FRE 401 | |
| 104.    Vazquez did not ask Plaintiff if she needed medical attention nor did he call medical attention for her. *Evidence*: Ex. 1 to Le Decl., Vazquez Dep. 43:9-13. | 104. Relevance – FRE 401 | |

HURRELL CANTRALL LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Objections | Court's Ruling |
|---|---|---|
| 105.   Plaintiff told Vazquez "Don't hurt him" and "Don't shoot him" a few times.<br><br>*Evidence*: Ex. 1 to Le Decl., Vazquez Dep. 42:1-11. | 105. Relevance – FRE 401 | |
| 106.   At around the time Plaintiff told Vazquez, "Don't hurt him" or "Don't shoot him," Vazquez saw Chin.<br><br>*Evidence*: Vazquez 43:14-18. | 106. Relevance – FRE 401<br><br>Vague as to time – FRE 403 | |
| 107.   Vazquez first saw Chin in Crooked Creek, facing houses, and there did not appear to be any people around.<br><br>*Evidence*:  Vazquez  24:11-15, 61:20-21. | 107. Lacks foundation and calls for speculation- FRE 602; 701.<br><br>Relevance – FRE 401<br><br>Vague as to time – FRE 403 | |
| 108.   Vazquez observed that Chin was wearing a vest and had a rifle slung over his right side.<br><br>*Evidence*: Vazquez 24:23-25:1. | 108. | |
| 109.   Vazquez decided to get his County-issued patrol shotgun.<br><br>*Evidence*:  Vazquez  15:5-12, 43:19-21. | 109. | |

HURRELL CANTRALL LLP<br>800 WEST 6TH STREET, SUITE 700<br>LOS ANGELES, CA 90017-2710<br>TELEPHONE  (213) 426-2000

HURRELL CANTRALL LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Objections | Court's Ruling |
|---|---|---|
| 110.    Vazquez's shotgun is a pump shotgun that requires the user the pump the shotgun to eject a casing and load the next round.<br><br>*Evidence*: Ex. 1 to Le Decl., Vazquez Dep. 66:2-11. | 110. Relevance – FRE 401 | |
| 111.    A casing is ejected from the shotgun after a shot has occurred, in order to load the next round.<br><br>*Evidence*: Ex. 1 to Le Decl., Vazquez Dep. 66:12-67:1. | 111. Relevance – FRE 401 | |
| 112.    Vazquez then observed Chin walk eastbound towards Diamond Bar Boulevard.<br><br>*Evidence*: Vazquez 25:13-26:6. | 112. | |
| 113.    Chin walked approximately half a block with the rifle slung over his right side the entire time before he got to Diamond Bar Boulevard.<br><br>*Evidence*: Vazquez 26:16-22. | 113. Vague as to time – FRE 403 | |
| 114.    When Chin reached Diamond Bar Boulevard, he made a turn and proceeded northbound<br><br>*Evidence*: Vazquez 26:10-15. | 114. | |

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Objections | Court's Ruling |
|---|---|---|
| 115.   Chin walked a northbound on Diamond Bar Boulevard a very minimal amount—approximately 20 to 30 feet.<br><br>*Evidence*: Vazquez 27:13-15. | 115. Lacks foundation and calls for speculation- FRE 602; 701.<br><br>Relevance – FRE 401<br><br>Vague as to time – FRE 403 | |
| 116.   Chin was walking at a slow, steady pace on Diamond Bar Boulevard.<br><br>*Evidence*: Ex. 1 to Le Decl., Vazquez Dep. 62:20-23; Ex. 2 to Le Decl., Vazquez BWC at 5:02-5:34. | 116. Lacks foundation - FRE 602;<br><br>Relevance – FRE 401<br><br>Vague as to time – FRE 403 | |
| 117.   Vazquez conceded that he could not shoot Chin for simply walking away.<br><br>*Evidence*: Ex. 1 to Le Decl., Vazquez Dep. 30:1-4. | 117. Lacks foundation - FRE 602<br><br>Relevance – FRE 401<br><br>Vague as to time – FRE 403 | |
| 118.   Vazquez conceded that based on his training and the totality of the circumstances, he could not shoot Chin as a fleeing felon and could only shoot him if Chin posed an immediate or imminent threat of death or serious bodily injury. | 118. Lacks foundation - FRE 602<br><br>Relevance – FRE 401<br><br>Calls for speculation; calls for legal conclusion – FRE 701 | |

HURRELL CANTRALL LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Objections | Court's Ruling |
|---|---|---|
| *Evidence*: Ex. 1 to Le Decl., Vazquez Dep.  30:5-22. | | |
| 119.    Vazquez told Bronowicki to pull up with his vehicle so that he could continue to provide cover to Vazquez and Bronowicki complied.<br><br>*Evidence*: Ex. 1 to Le Decl., Vazquez Dep. 62:24-63:7. | 119. Relevance – FRE 401 | |
| 120.    One of the reasons Vazquez wanted the other deputy to bring the car up was to provide Vazquez with cover.<br><br>*Evidence*: Ex. 1 to Le Decl., Vazquez Dep. 48:2-5. | 120. Relevance – FRE 401 | |
| 121.    Vazquez then left cover ran on foot away from Bronowicki's vehicle, towards the north sidewalk of Crooked Creek.<br><br>*Evidence*: Ex. 1 to Le Decl., Vazquez Dep. 63:8-12. | 121. Lacks foundation and calls for speculation- FRE 602; 701.<br><br>Relevance – FRE 401<br><br>Vague as to time – FRE 403 | |
| 122.    Barajas was driving southbound on Diamond Bar Boulevard before she saw Chin and stopped her car and got out when she saw him.<br><br>*Evidence*: Ex. 10 to Le Decl., | 122. | |

HURRELL CANTRALL LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Objections | Court's Ruling |
|---|---|---|
| Barajas Dep. 22:20-23. | | |
| 123.    Chin was walking northbound on the southbound lane of Diamond Bar Boulevard.<br><br>*Evidence*: Ex. 10 to Le Decl., Barajas Dep. 20:2-16. | 123. | |
| 124.    Chin was in the number one southbound lane on Diamond Bar Boulevard when Barajas encountered him.<br><br>*Evidence*: Ex. 10 to Le Decl., Barajas Dep. 20:2-6, 50:25-51:1. | 124. | |
| 125.    Barajas stopped her vehicle in the number two lane of the three southbound lanes of Diamond Bar Boulevard.<br><br>*Evidence*: Ex. 10 to Le Decl., Barajas Dep. 51:3-8; Ex. 2 to Le Decl., Vazquez BWC at 5:19. | 125. | |
| 126.    Barajas experienced additional panic when she saw Chin.<br><br>*Evidence*: Ex. 10 to Le Decl., Barajas Dep. 42:19-21. | 126. Vague and ambiguous – FRE 403 | |
| 127.    Barajas observed a firearm in a slung manner on Chin's right side. | 127. | |

9

HURRELL CANTRALL LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Objections | Court's Ruling |
|---|---|---|
| *Evidence*: Ex. 10 to Le Decl., Barajas Dep. 36:20-22. | | |
| 128.    Barajas observed that the barrel of the gun on Chin was pointed down.<br><br>*Evidence*: Ex. 10 to Le Decl., Barajas Dep. 36:23-37:2. | 128. Lacks foundation and calls for speculation- FRE 602; 701.<br><br>Misstates testimony - FRE 403.<br><br>This evidence refers to Deputy Barajas *recalling* a statement she made about the barrel of the Decedent's weapon being pointed down.<br><br>Relevance – FRE 401<br><br>Vague as to time – FRE 403 | |
| 129.    Barajas claims she exited her vehicle as soon as she saw Chin.<br><br>*Evidence*: Ex. 10 to Le Decl., Barajas Dep. 22:3-6. | 129. | |
| 130.    There is no cross street near where Barajas got out; it was just a long street.<br><br>*Evidence*: Ex. 10 to Le Decl., Barajas Dep. 22:22-23:6. | 130. Relevance – FRE 401 | |

HURRELL CANTRALL LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Objections | Court's Ruling |
|---|---|---|
| 131.    Barajas started to panic as Chin began walking in her direction.<br><br>*Evidence*: Ex. 10 to Le Decl., Barajas Dep. 47:9-11. | 131. Lacks foundation - FRE 602<br><br>Misstates testimony - FRE 403.<br><br>This evidence refers to Deputy Barajas *recalling* a statement she made about becoming extremely nervous and starting to panic.<br><br>Relevance – FRE 401 | |
| 132.    Chin had a blank stare on his face.<br><br>*Evidence*: Ex. 10 to Le Decl., Barajas Dep. 59:6-8. | 132. Lacks foundation and calls for speculation- FRE 602; 701.<br><br>Relevance – FRE 401<br><br>Vague as to "blank stare"– FRE 403 | |
| **The Deputies Use Excessive and Unreasonable Deadly Force Against Decedent** | | |
| 133.    Barajas fired the first shot.<br><br>*Evidence*: Ex. 10 to Le Decl., Barajas Dep. 27:16-18, 56:7-12. | 133. | |
| 134.    Chin was walking northbound on Diamond Bar | 134. | |

11

HURRELL CANTRALL LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Objections | Court's Ruling |
|---|---|---|
| Boulevard at the time of the first shot. *Evidence*: Ex. 1 to Le Decl., Vazquez Dep. 28:7- 12. | | |
| 135.   Barajas was positioned behind her driver's side door when she fired her first shot. *Evidence*: Ex. 10 to Le Decl., Barajas Dep. 23:17-23. | 135. | |
| 136.   Chin was approximately 20 to 25 feet from Barajas's patrol vehicle when she fired her first shot. *Evidence*: Ex. 2 to Le Decl., Vazquez BWC at 11:45:04-11:45:06. | 136. Lacks foundation and calls for speculation- FRE 602; 701. | |
| 137.   Barajas was aiming towards Chin's waistline when she fired her first shot because she was trying to aim at a part that was not covered by the vest he was wearing. *Evidence*: Ex. 10 to Le Decl., Barajas Dep. 26:15-27:12. | 137. Relevance – FRE 403 | |
| 138.   The gun on Chin was pointed down when Barajas fired her first shot. *Evidence*: Ex. 10 to Le Decl., Barajas Dep. 37:3-5. | 138. Lacks foundation - FRE 602; Relevance – FRE 401 Vague as to | |

HURRELL CANTRALL LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Objections | Court's Ruling |
|---|---|---|
| | "pointed down" – FRE 403. | |
| 139.    Vazquez conceded that based on his training, he could not shoot Chin for walking away at the time he heard the first shot because there was not enough to justify the use of deadly force as Chin had only fired rounds in the air and Vazquez did not know the extent of the assault Chin had previously committed.<br><br>*Evidence*: Ex. 1 to Le Decl., Vazquez Dep. 28:17-29:25. | 139. Lacks foundation and calls for speculation- FRE 602; 701.<br><br>Relevance – FRE 401<br><br>Vague as to time – FRE 403 | |
| 140.    Vazquez thought Chin possibly had been struck by the first shot but was not sure.<br><br>*Evidence*: Ex. 1 to Le Decl., Vazquez Dep. 22:24-23:1. | 140. Calls for speculation- FRE 701. | |
| 141.    Vazquez observed Chin flinch by bending forward slightly before coming back up at the time of the first shot.<br><br>*Evidence*: Ex. 1 to Le Decl., Vazquez Dep. 22:4-21. | 141. | |
| 142.    Other than a few cars on Diamond Bar, there was nobody outside.<br><br>*Evidence*: Ex. 1 to Le Decl., Vazquez Dep. 62:17-19. | 142. Lacks foundation and calls for speculation- FRE 602; 701.<br><br>Relevance – FRE | |

HURRELL CANTRALL LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Objections | Court's Ruling |
|---|---|---|
| | 401<br><br>Vague as to time – FRE 403 | |
| 143.    After Barajas' first shot, she started panicking even more.<br><br>*Evidence*: Ex. 10 to Le Decl., Barajas Dep. 48:10-16. | 143. Lacks foundation - FRE 602<br><br>Misstates testimony - FRE 403.<br><br>This evidence refers to Deputy Barajas *recalling* a statement she made about becoming panicking after her first shot.<br><br>Relevance – FRE 401 | |
| 144.    Chin's right arm was positioned at an angle with his upper arm angling towards his back, his elbow behind his back, and his forearm angling toward his front the entire time he was walking down Diamond Bar Boulevard.<br><br>*Evidence*: Ex. 2 to Le Decl., Vazquez BWC at 11:44:49-11:45:10; Ex 3 to Le Decl., Vazquez Dep. Ex. 1 Screenshot; Ex. 4 to Le Decl., Vazquez Dep. Ex. 2 Screenshot; Ex. 5 to Le Decl., Vazquez Dep. Ex. 3 Screenshot; Ex. 6 to Le Decl., Vazquez Dep. Ex. 4 | 144. Lacks foundation - FRE 602;<br><br>Vague and ambiguous – FRE 403 | |

HURRELL CANTRALL LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Objections | Court's Ruling |
|---|---|---|
| Screenshot. | | |
| 145.    Approximately six seconds after Barajas' first shot, Vazquez discharged his shotgun at Chin.<br><br>*Evidence*: Ex. 2 to Le Decl., Vazquez BWC at 11:45:03-11:45:11; Ex. 11 to Le Decl., Barajas BWC at 11:45:04-11:45:10. | 145. | |
| 146.    After Barajas's first shot, Chin took four small, slow steps forward before Vazquez's first shot, followed immediately by Barajas's second shot.<br><br>*Evidence*: Ex. 2 to Le Decl., Vazquez BWC at 11:45:03-11:45:12. | 146. Lacks foundation and calls for speculation- FRE 602; 701.<br><br>Relevance – FRE 401<br><br>Vague as to time – FRE 403 | |
| 147.    Vazquez was 30 to 40 feet from Chin at the time he fired.<br><br>*Evidence*: Ex. 1 to Le Decl., Vazquez Dep. 16:11-13. | 147. Lacks foundation and calls for speculation- FRE 602; 701.<br><br>Relevance – FRE 401<br><br>Vague as to time – FRE 403 | |
| 148.    At the time of Vazquez's first shot, Chin was facing northbound. | 148. Lacks foundation – FRE 602<br><br>Relevance – FRE | |

HURRELL CANTRALL LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Objections | Court's Ruling |
|---|---|---|
| *Evidence*: Ex. 1 to Le Decl., Vazquez Dep. 32:4-7; Ex. 2 to Le Decl., Vazquez BWC at 11:45:10. | 401<br><br>Vague as to time – FRE 403 | |
| 149.   Vazquez could tell that his first shot struck the middle left, rear area of Chin's vest.<br><br>*Evidence*: Ex. 1 to Le Decl., Vazquez Dep.  31:2-6, 31:16-32:3. | 149. Lacks foundation and calls for speculation- FRE 602; 701.<br><br>Relevance – FRE 401 | |
| 150.   When Vazquez fired his first shot, he was aiming at the left side of Chin's torso.<br><br>*Evidence*: Ex. 1 to Le Decl., Vazquez Dep. 18:10-15. | 150. Relevance – FRE 401<br><br>Compound – FRE 403. | |
| 151.   Vazquez was able to see Chin's back at the time of Vazquez's first shot.<br><br>*Evidence*: Ex. 1 to Le Decl., Vazquez Dep. 19:19-21; Ex. 2 to Le Decl., Vazquez BWC at 11:45:10. | 151. Relevance – FRE 401 | |
| 152.   At the time of Vazquez's first shot, Chin was facing northbound and Vazquez was firing in a slightly northeast direction<br><br>*Evidence*: Ex. 1 to Le Decl., Vazquez Dep. 19:4-13; Ex. 2 to Le Decl.,  Vazquez  BWC  at | 152. Lacks foundation - FRE 602<br><br>Relevance – FRE 401<br><br>Vague and ambiguous – FRE 403 | |

HURRELL CANTRALL LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Objections | Court's Ruling |
|---|---|---|
| 11:45:10. | | |
| 153.    Chin's right arm did not change positions from when he started walking northbound on Diamond Bar Boulevard to the time of Vazquez's first shot.<br><br>*Evidence*: Ex. 2 to Le Decl., Vazquez BWC at 11:44:49-11:45:11; Ex. 3 to Le Decl., Vazquez Dep. Ex. 1 Screenshot; Ex. 4 to Le Decl., Vazquez Dep. Ex. 2 Screenshot; Ex. 5 to Le Decl., Vazquez Dep. Ex. 3 Screenshot Dep.; Ex. 6 to Le Decl., Vazquez Dep. Ex. 4 Screenshot. | 153. Lacks foundation and calls for speculation- FRE 602; 701<br><br>Relevance – FRE 401<br><br>Vague as to time – FRE 403 | |
| 154.    Barajas fired an additional shot immediately after Vazquez's first shot.<br><br>*Evidence*: Ex. 2 to Le Decl., Vazquez BWC at 11:45:9-11:45:12; Ex. 11 to Le Decl., Barajas BWC at 11:45:10-11:45:13. | 154. Relevance – FRE 401<br><br>Vague as to time – FRE 403 | |
| 155.    Barajas fired her second shot approximately seven seconds after her first shot.<br><br>*Evidence*: Ex. 2 to Le Decl., Vazquez BWC at 11:45:03-11:45:12; Ex. 11 to Le Decl., Barajas BWC at 11:45:04- | 155. Relevance – FRE 401<br><br>Vague as to time – FRE 403 | |

Hurrell Cantrall LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Objections | Court's Ruling |
|---|---|---|
| 11:45:13. | | |
| 156.   Barajas fired a third shot approximately two seconds after her second shot.<br><br>*Evidence*: Ex. 2 to Le Decl., Vazquez BWC at 11:45:10-11:45:14; Ex. 11 to Le Decl., Barajas BWC at 11:45:10-11:45:15. | 156. Relevance – FRE 401<br><br>Vague as to time – FRE 403 | |
| 157.   The gun on Chin was pointed down when Barajas fired additional shots.<br><br>*Evidence*: Ex. 10 to Le Decl., Barajas Dep. 37:6-8. | 157. Lacks foundation - FRE 602<br><br>Relevance – FRE 401<br><br>Vague as to time – FRE 403 | |
| 158.   At all times while Barajas and Vazquez were on scene, Chin never pointed the firearm at anyone.<br><br>*Evidence*: Ex. 10 to Le Decl., Barajas Dep. 38:2-6. | 158. Lacks foundation - FRE 602<br><br>Relevance – FRE 401<br><br>Vague as to time – FRE 403 | |
| 159.   At all times while Barajas and Vazquez were on scene, Chin never raised the firearm towards anyone.<br><br>*Evidence*: Ex. 2 to Le Decl., Vazquez BWC at 11:44:57-11:45:16; Ex. 10 to Le Decl., Barajas Dep. 38:7-9. | 159. Lacks foundation and calls for speculation- FRE 602; 701.<br><br>Relevance – FRE 401<br><br>Vague as to time – | |

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Objections | Court's Ruling |
|---|---|---|
| | FRE 403 | |
| 160.   Barajas never saw Chin holding the firearm with both hands.<br><br>*Evidence*: Ex. 10 to Le Decl., Barajas Dep. 38:10-13. | 160. Lacks foundation and calls for speculation- FRE 602; 701.<br><br>Relevance – FRE 401<br><br>Vague as to time – FRE 403 | |
| 161.   At all times while Barajas and Vazquez were on scene, Chin never manipulated the firearm.<br><br>*Evidence*: Ex. 10 to Le Decl., Barajas Dep. 36:13-15. | 161. Lacks foundation and calls for speculation- FRE 602; 701.<br><br>Relevance – FRE 401<br><br>Vague as to time – FRE 403 | |
| 162.   The gun was within reach of Chin but Barajas never saw Chin touch the gun.<br><br>*Evidence*: Ex. 10 to Le Decl., Barajas Dep. 59:9-14. | 162. Lacks foundation and calls for speculation- FRE 602; 701.<br><br>Relevance – FRE 401<br><br>Vague as to time – FRE 403 | |
| 163.   Barajas never heard Chin say anything.<br><br>*Evidence*: Ex. 10 to Le Decl., Barajas Dep. 35:24-36:1. | 163. Calls for speculation- FRE 701.<br><br>Relevance – FRE | |

HURRELL CANTRALL LLP<br>800 WEST 6TH STREET, SUITE 700<br>LOS ANGELES, CA 90017-2710<br>TELEPHONE  (213) 426-2000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Objections | Court's Ruling |
|---|---|---|
| | 401<br><br>Vague as to time – FRE 403 | |
| 164.  Vazquez never heard Chin say anything at any time.<br><br>*Evidence*: Ex. 1 to Le Decl., Vazquez Dep. 40:12-14. | 164. Calls for speculation- FRE 701.<br><br>Relevance – FRE 401<br><br>Vague as to time – FRE 403 | |
| 165.  Barajas could tell that other shots were coming from her right side and she knew that there was another deputy positioned to her right.<br><br>*Evidence*: Ex. 10 to Le Decl., Barajas Dep. 28:19-29:15. | 165.<br><br>Relevance – FRE 401<br><br>Vague and ambiguous – FRE 403 | |
| 166.  Barajas saw Chin react to the gunshots in between Barajas' shots and Deputy Vazquez's shot.<br><br>*Evidence*: Ex. 10 to Le Decl., Barajas Dep. 31:14-32:1. | 166. Lacks foundation and calls for speculation- FRE 602; 701.<br><br>Relevance – FRE 401<br><br>Vague and ambiguous – FRE 403 | |
| 167.  Barajas observed Chin's posture bend slightly forward and he was no longer upright. | 167. Relevance – FRE 401<br><br>Vague and | |

HURRELL CANTRALL LLP<br>800 WEST 6TH STREET, SUITE 700<br>LOS ANGELES, CA 90017-2710<br>TELEPHONE   (213) 426-2000

HURRELL CANTRALL LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Objections | Court's Ruling |
|---|---|---|
| *Evidence*: Ex. 10 to Le Decl., Barajas Dep. 32:2-9; Ex. 2 to Le Decl., Vazquez BWC at 11:45:11-11:45:15; Ex. 11 to Le Decl., Barajas BWC at 11:45:11-11:45-17. | ambiguous– FRE 403 | |
| 168.   Chin was going to the ground in a slow manner. <br><br>*Evidence*: Ex. 10 to Le Decl., Barajas Dep. 40:22-24; Ex. 2 to Le Decl., Vazquez BWC at 11:45:11-11:45:15; Ex. 11 to Le Decl., Barajas BWC at 11:45:11-11:45-17. | 168. Lacks foundation and calls for speculation- FRE 602; 701. <br><br>Relevance – FRE 401 <br><br>Vague and ambiguous– FRE 403 | |
| 169.   Barajas recalls observing shot(s) fired after Chin's posture bent slightly forward. <br><br>*Evidence*: Ex. 10 to Le Decl., Barajas Dep. 32:10-17; Ex. 2 to Le Decl., Vazquez BWC at 11:45:14-11:45:16; Ex. 11 to Le Decl., Barajas BWC at 11:45:14-11:45:16. | 169. Lacks foundation and calls for speculation- FRE 602; 701. <br><br>Relevance – FRE 401 <br><br>Vague as to time – FRE 403 | |
| 170.   Barajas never gave Chin commands to stop walking, to not advance towards her or the other vehicle on the road, or to get down on the ground. <br><br>*Evidence*: Ex. 11 to Le Decl., Barajas BWC at 11:44:25- | 170. Lacks foundation and calls for speculation- FRE 602; 701. <br><br>Relevance – FRE 401 | |

HURRELL CANTRALL LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Objections | Court's Ruling |
|---|---|---|
| 11:45:18. | Vague as to time – FRE 403 | |
| 171.  Barajas never gave Chin a warning that she was prepared to use deadly force if Chin did not comply with her commands before any of her shots. *Evidence*: Ex. 11 to Le Decl., Barajas BWC at 11:44:25-11:45:18. | 171. Lacks foundation and calls for speculation- FRE 602; 701.  Relevance – FRE 401  Vague as to time – FRE 403 | |
| 172.  Chin was facing northbound and was not rotating towards Vazquez at the time of Vazquez's second shot. *Evidence*: Ex. 2 to Le Decl., Vazquez BWC at 11:45:13-11:45:16; Ex. 7 to LE Decl., Vazquez Dep. Ex. 5 Screenshot; Ex. 8 to Le Decl., Vazquez Dep. Ex. 6 Screenshot; Ex. 9 to Le Decl., Vazquez Dep. Ex. 7 Screenshot; Ex. 11 to Le Decl., Barajas BWC at 11:45:13-11:45:17; Ex. 12 to Le Decl., Barajas Dep. Ex. 13 Screenshot. | 172. Lacks foundation and calls for speculation- FRE 602; 701.  Relevance – FRE 401  Vague and ambiguous– FRE 403 | |
| 173.  Vazquez fired his second shot approximately five | 173. Relevance – FRE 401  Vague as to time – | |

HURRELL CANTRALL LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Objections | Court's Ruling |
|---|---|---|
| seconds after he fired his first shot.<br><br>*Evidence*: Ex. 2 to Le Decl., Vazquez BWC at 11:45:09-11:45:16. | FRE 403 | |
| 174.   At the time Vazquez fired from his shotgun, he did not have any cover.<br><br>*Evidence*: Ex. 1 to Le Decl., Vazquez Dep. 44:16-21. | 174. | |
| 175.   The fact that Vazquez did not have cover was a factor in his decision to fire his second shot.<br><br>*Evidence*: Ex. 1 to Le Decl., Vazquez Dep. 44:25-45:12. | 175. Relevance – FRE 401<br><br>Vague as to time – FRE 403 | |
| 176.   Chin went to the ground soon after Vazquez's second shot.<br><br>*Evidence*: Ex. 1 to Le Decl., Vazquez Dep. 41:2-5. | 176. Relevance – FRE 401<br><br>Vague as to time – FRE 403 | |
| 177.   After Vazquez's second shot, Chin fell onto his back, with his face looking upwards towards the sky.<br><br>*Evidence*: Ex. 2 to Le Decl., Vazquez BWC at 11:45:14-11:45:30. | 177. Relevance – FRE 401<br><br>Vague as to time – FRE 403 | |

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Objections | Court's Ruling |
|---|---|---|
| 178.  Chin fell to the ground approximately 15 to 20 feet from Barajas's vehicle.<br><br>*Evidence*: Ex. 2 to Le Decl., Vazquez BWC at 11:45:14-11:45:30; Ex. 11 to Le Decl., Barajas BWC at 11:47:06-11:47:08. | 178. Lacks foundation and calls for speculation- FRE 602; 701.<br><br>Relevance – FRE 401<br><br>Vague as to time – FRE 403 | |
| 179.  Vazquez got the impression that his second shot struck Chin.<br><br>*Evidence*: Ex. 1 to Le Decl., Vazquez Dep. 40:19-41:1. | 179. Calls for speculation- FRE 602; 701.<br><br>Relevance – FRE 401<br><br>Vague as to time – FRE 403 | |
| 180.  Vazquez did not hear any shots immediately after his shooting sequence.<br><br>*Evidence*: Ex. 1 to Le Decl., Vazquez Dep. 41:9-12. | 180. Relevance – FRE 401<br><br>Vague as to time – FRE 403 | |
| 181.  At 11:45:14 on Vazquez's bodyworn camera video, Chin is slightly bent over and facing northbound.<br><br>*Evidence*: Ex. 1 to Le Decl., Vazquez Dep. 73:21-74:4; Ex. 7 to Le Decl., Vazquez. Dep. Ex. 5; Ex. 8 to Le Decl., Vazquez Dep. Ex. 6. | 181. Relevance – FRE 401<br><br>Vague and ambiguous – FRE 403 | |

HURRELL CANTRALL LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Objections | Court's Ruling |
|---|---|---|
| 182.    At 11:45:13 on Barajas's bodyworn camera video, a couple of shots have already gone off and Chin is facing north.<br><br>*Evidence*: Ex. 1 to Le Decl., Vazquez Dep. 78:13-79:5. | 182. Relevance – FRE 401<br><br>Vague and ambiguous – FRE 403 | |
| 183.    At 11:45:15 on Barajas's bodyworn camera, Chin is somewhat bent or canted forward and he is still facing north.<br><br>*Evidence*: Ex. 1 to Le Decl., Vazquez Dep. 79:20-80:5; Ex. 12 to Le Decl., Barajas Dep. Ex. 13. | 183. Relevance – FRE 401<br><br>Vague and ambiguous – FRE 403 | |
| 184.    Vazquez never gave Chin any commands to stop walking or to get on the ground.<br><br>*Evidence*: Ex. 2 to Le Decl., Vazquez BWC at 11:41:56-11:45:19. | 184. Lacks foundation FRE 602<br><br>Relevance – FRE 401<br><br>Vague as to time – FRE 403 | |
| 185.    Vazquez never gave Chin a warning that he was prepared to use deadly force if Chin did not comply with his command before either of Vazquez's shots.<br><br>*Evidence*: Ex. 2 to Le Decl., Vazquez BWC at 11:41:56- | 185. Lacks foundation and calls for speculation- FRE 602; 701.<br><br>Relevance – FRE 401<br><br>Vague as to time; | |

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Objections | Court's Ruling |
|---|---|---|
| 11:45:19. | vague and ambiguous – FRE 403 | |
| 186.   No officer on scene ever gave Chin commands to stop walking, to not advance towards them, or to get on the ground.<br><br>*Evidence*: Ex. 2 to Le Decl., Vazquez BWC at 11:41:56-11:45:19; Ex. 11 to Le Decl., Barajas BWC at 11:44:25-11:45:18. | 186. Lacks foundation and calls for speculation- FRE 602; 701.<br><br>Relevance – FRE 401<br><br>Vague as to time – FRE 403 | |
| 187.   No officer on scene ever gave Chin a warning that deadly force would be used if Chin did not comply with their commands.<br><br>*Evidence*: Ex. 2 to Le Decl., Vazquez BWC at 11:41:56-11:45:19; Ex. 11 to Le Decl., Barajas BWC at 11:44:25-11:45:18. | 187. Lacks foundation and calls for speculation- FRE 602; 701.<br><br>Relevance – FRE 401<br><br>Vague as to time – FRE 403 | |
| 188.   Vazquez conceded that had Decedent just been walking northbound with the rifle slung around his neck, pointed down, and had not grabbed the rifle, raised the rifle, or turned towards Vazquez with the rifle, it would have been inappropriate to shoot based on his training and he would have let the | 188. Lacks foundation and calls for speculation- FRE 602; 701.<br><br>Relevance – FRE 401<br><br>Vague as to time; vague and ambiguous – FRE | |

Hurrell Cantrall LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

HURRELL CANTRALL LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Objections | Court's Ruling |
|---|---|---|
| situation play out and try to deescalate the situation further.<br><br>*Evidence*: Ex. 1 to Le Decl., Vazquez Dep. 45:15-46:4. | 403 | |
| 189. Chin sustained gunshot wounds to the front of his body just above his pubic region and lower back.<br><br>*Evidence*: Ex. 14 to Le Decl., Gliniecki Dep. 7:5-15, 7:21-25, 10:13-17. | 189. Relevance – FRE 401<br><br>Vague and ambiguous– FRE 403 | |
| 190. The gunshot wound to the front of the Chin's body above his pubic region had a trajectory of left to right, front to back, and downwards.<br><br>*Evidence*: Ex. 14 to Le Decl., Gliniecki Dep. 8:12-15. | 190. Calls for speculation- FRE 602<br><br>Relevance – FRE 401<br><br>Vague as to time – FRE 403 | |
| 191. The gunshot wound to the lower back, which was close to the middle of the back, had a trajectory of left to right, back to front, and 45-degree angle upwards.<br><br>*Evidence*: Ex. 14 to Le Decl., Gliniecki Dep. 10:13-11:6, 12:12-21 | 191. Calls for speculation- FRE 602<br><br>Relevance – FRE 401<br><br>Vague as to time – FRE 403 | |
| 192. The trajectory of the gunshot wound to the middle | 192. Calls for speculation- FRE | |

HURRELL CANTRALL LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Objections | Court's Ruling |
|---|---|---|
| of the lower back is consistent Chin being bent forward at the waist and the shooter at Chin's back.<br><br>*Evidence*: Ex. 14 to Le Decl., Gliniecki Dep. 12:22-13:4. | 602<br><br>Relevance – FRE 401<br><br>Vague as to time – FRE 403 | |
| 193.   The gunshot wound that entered the middle of the lower back was determined to be fatal.<br><br>*Evidence*: Ex. 14 to Le Decl., Gliniecki Dep. 13:5-10, 14:1-4. | 193. Lacks foundation and calls for speculation- FRE 602; 701.<br><br>Relevance – FRE 401<br><br>Vague as to time – FRE 403 | |
| **The Deputies' Use of Deadly Force Against Decedent Violated Standard Police Practices and Training** | | |
| 194.   Officers are trained that there must be objective factors to justify an immediate threat and that a simple statement by an officer that he or she fears for his or her safety or the safety of others is insufficient.<br><br>*Evidence*: Noble Decl. ¶ 12. | 194. Vague and ambiguous – FRE 403 | |
| 195.   Officers are trained that to use deadly force, the threat of death or serious bodily injury must be immediate or imminent.<br><br>*Evidence*: Noble Decl. ¶ 13; Ex. | 195. Vague and ambiguous – FRE 403 | |

HURRELL CANTRALL LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Objections | Court's Ruling |
|---|---|---|
| 1 to Le Decl. Vazquez Dep. 50:12-16. | | |
| 196.    Officers are trained that a threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances known to the officer, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause serious bodily injury to the peace officer or another person.<br><br>*Evidence*: Noble Decl. ¶ 13; Ex. 1 to Le Decl., Vazquez Dep. 51:17-22. | 196. Vague and ambiguous – FRE 403 | |
| 197.    Officers are trained that an imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but one that, from appearances, must be instantly confronted and addressed.<br><br>*Evidence*: Noble Decl. ¶ 13. | 197. Vague and ambiguous – FRE 403 | |
| 198.    Officers are trained to control their emotions and to not panic when encountering situations similar this incident. | 198. Vague and ambiguous – FRE 403 | |

HURRELL CANTRALL LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE   (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Objections | Court's Ruling |
|---|---|---|
| *Evidence*: Noble Decl. ¶ 15. | Lacks foundation – FRE 701 | |
| 199.    Officers are trained that their subjective fear cannot be a justification for the use of deadly force and that their must be objective facts that show that the subject posed an immediate or imminent threat of death or serious bodily injury at the time of the use of deadly force.<br><br>*Evidence*: Noble Decl. ¶ 15; Ex. 1 to Le Decl., Vazquez Dep. 67:2-4. | 199. Vague and ambiguous – FRE 403<br><br>Lacks foundation – FRE 701 | |
| 200.    Officers are trained that an overreaction in using force is excessive force.<br><br>*Evidence*: Noble Decl. ¶ 15. | 200. Vague and ambiguous – FRE 403<br><br>Lacks foundation – FRE 701 | |
| 201.    Officers are trained that deadly force is a last resort that should only be used in an immediate defense of life situation and when no other reasonable alternatives are available.<br><br>*Evidence*: Noble Decl. ¶ 17; Ex. 1 to Le Decl., Vazquez Dep. 50:20-23. | 201. Vague and ambiguous – FRE 403 | |
| 202.    Officers are trained that they cannot shoot a person who they suspect or believe to have | 202. Vague and ambiguous – FRE 403 | |

HURRELL CANTRALL LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Objections | Court's Ruling |
|---|---|---|
| committed a violent felony simply for fleeing, unless the officer reasonably believes that the person will cause death or serious bodily injury to another unless immediately apprehended.<br><br>*Evidence*: Noble Decl. ¶ 16. | | |
| 203.    Under the facts of this case, deadly force would not be justified against Mr. Chin for his simple act of walking away from officers and the information known to the officers at the time is insufficient to justify the use of deadly force against Mr. Chin for walking away.<br><br>*Evidence*: Noble Decl. ¶ 16. | 203. Lacks foundation and calls for speculation- FRE 602; 701.<br><br>Assumes facts – FRE<br><br>Relevance – FRE 401<br><br>Vague as to time; vague and ambiguous – FRE 403 | |
| 204.    Detective Vazquez violated standard police practices and training when he left available cover to follow Mr. Chin onto Diamond Bar Boulevard and his tactically inappropriate decision to leave cover contributed to his later use of deadly force against Mr. Chin, as evidenced by Detective Vazquez's testimony that being without cover was a | 204. Lacks foundation and calls for speculation- FRE 602; 701.<br><br>Misstates testimony/evidence – FRE 403<br><br>Vague as to time; vague and ambiguous – FRE | |

HURRELL CANTRALL LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Objections | Court's Ruling |
|---|---|---|
| factor in his decision to shoot at Mr. Chin.<br><br>*Evidence*: Noble Decl. ¶ 19. | 403 | |
| 205.  Deputy Barajas's first shot at Mr. Chin violated standard police practices and training and a reasonably trained officer in Deputy Barajas's position would not have believed that Mr. Chin posed an immediate or imminent threat of death or serious bodily injury at the time of Deputy Barajas's first shot and would not have shot at all.<br><br>*Evidence*: Noble Decl. ¶ 20. | 205. Lacks foundation and calls for speculation- FRE 602; 701.<br><br>Misstates evidence – FRE 403<br><br>Vague as to time; vague and ambiguous – FRE 403 | |
| 206.  Detective Vazquez's first shot at Mr. Chin violated standard police practices and training and a reasonably trained officer in Detective Vazquez's position, acting pursuant to standard police practices and training, would have been aware of Mr. Chin's body and arm positioning throughout the encounter and would not have believed that Mr. Chin posed an immediate threat of death or serious bodily injury at the time of | 206. Lacks foundation and calls for speculation- FRE 602; 701.<br><br>Misstates evidence – FRE 403<br><br>Vague as to time; vague and ambiguous – FRE 403 | |

HURRELL CANTRALL LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Objections | Court's Ruling |
|---|---|---|
| Detective Vazquez's first shot and would not have shot at all. *Evidence*: Noble Decl. ¶ 21. | | |
| 207. Approximately six seconds elapsed between Deputy Barajas's first shot and Detective Vazquez's first shot, which is sufficient time for Detective Vazquez to evaluate to situation and see that Mr. Chin was not making any threatening or furtive movement prior to Detective Vazquez's first shot. *Evidence*: Noble Decl. ¶ 21. | 207. Lacks foundation and calls for speculation- FRE 602; 701.<br><br>Misstates testimony – FRE 403<br><br>Vague as to time; vague and ambiguous – FRE 403 | |
| 208. Deputy Barajas fired her second shot approximately seven seconds after her first shot, which is sufficient time for Deputy Barajas to reevaluate the situation. *Evidence*: Noble Decl. ¶ 22. | 208. Lacks foundation and calls for speculation- FRE 602; 701.<br><br>Misstates testimony – FRE 403<br><br>Vague as to time; vague and ambiguous – FRE 403 | |
| 209. Deputy Barajas's second shot at Mr. Chin violated standard police practices and training and a reasonably trained officer in Deputy Barajas's position would not have believed that Mr. Chin | 209. Lacks foundation and calls for speculation- FRE 602; 701.<br><br>Assumes facts – FRE 602 | |

HURRELL CANTRALL LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Objections | Court's Ruling |
|---|---|---|
| posed an immediate or imminent threat of death or serious bodily injury at the time of Deputy Barajas's second shot and would not have shot at all.<br><br>*Evidence*: Noble Decl. ¶ 22. | Misstates testimony – FRE 403<br><br>Vague as to time; vague and ambiguous – FRE 403 | |
| 210.    Deputy Barajas fired her third shot approximately two seconds after her second shot, which is sufficient time to allow Deputy Barajas to reevaluate the situation.<br><br>*Evidence*: Noble Decl. ¶ 23. | 210. Lacks foundation and calls for speculation- FRE 602; 701.<br><br>Assumes facts – FRE 602<br><br>Vague as to time; vague and ambiguous – FRE 403 | |
| 211.    Deputy Barajas's third shot at Mr. Chin violated standard police practices and training and a reasonably trained officer in Deputy Barajas's position would not have believed that Mr. Chin posed an immediate or imminent threat of death or serious bodily injury at the time of Deputy Barajas's third shot and would not have shot at all.<br><br>*Evidence*: Noble Decl. ¶ 23. | 211. Lacks foundation and calls for speculation- FRE 602; 701.<br><br>Assumes facts – FRE 602<br><br>Misstates evidence – FRE 403<br><br>Vague as to time; vague and ambiguous – FRE 403 | |

HURRELL CANTRALL LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Objections | Court's Ruling |
|---|---|---|
| 212. Detective Vazquez's second shot violated standard police practices and training and a reasonably trained officer in Detective Vazquez's position, acting pursuant to standard police practices and training, would not have believed that Mr. Chin posed an immediate threat of death or serious bodily injury at the time of Detective Vazquez's second shot and would not have shot at all, particularly since Mr. Chin had already been shot, was bent over at the waist, and was not holding the firearm or turned towards Detective Vazquez (as can be seen in the videos). *Evidence*: Noble Decl. ¶ 24. | 212. Lacks foundation and calls for speculation- FRE 602; 701. Assumes facts – FRE 602 Misstates evidence – FRE 403 Vague as to time; vague and ambiguous – FRE 403 | |
| 213. Police officers are trained that they should give a warning that they are prepared to use deadly force, when feasible. *Evidence*: Noble Decl. ¶ 25; Ex. 1 to Le Decl., Vazquez Dep. 50:17-19. | 213. Lacks foundation and calls for speculation- FRE 602; 701. Vague as to time; vague and ambiguous – FRE 403 | |
| 214. Detective Vazquez and Deputy Barajas violated standard police practices and training when they failed to give Mr. Chin a warning that | 214. Lacks foundation and calls for speculation- FRE 602; 701. | |

HURRELL CANTRALL LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Objections | Court's Ruling |
|---|---|---|
| they were prepared to use deadly force despite it being feasible to do so.<br><br>*Evidence*: Noble Decl. ¶ 25. | Assumes facts – FRE 602<br><br>Misstates evidence – FRE 403<br><br>Vague as to time; vague and ambiguous – FRE 403 | |
| 215.   The deputies had other reasonable alternatives available to them to take Mr. Chin into custody at the time of the shooting.<br><br>*Evidence*: Noble Decl. ¶ 26. | 215. Lacks foundation and calls for speculation- FRE 602; 701.<br><br>Assumes facts – FRE 602<br><br>Misstates evidence – FRE 403<br><br>Vague as to time; vague and ambiguous – FRE 403 | |
| 216.   The deputies had the time and opportunity to deescalate further by setting up a perimeter, as other units were on scene and on their way, and could have utilized less-lethal force, such as the 40mm, the beanbag shotgun, or the Taser in order to gain compliance.<br><br>*Evidence*: Noble Decl. ¶ 26. | 216. Lacks foundation and calls for speculation- FRE 602; 701.<br><br>Assumes facts – FRE 602<br><br>Misstates evidence – FRE 403<br><br>Vague as to time; | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Objections | Court's Ruling |
|---|---|---|
| | vague and ambiguous – FRE 403 | |

DATED:  October 20, 2025          HURRELL CANTRALL LLP


By:      /s/ Jerad J. Miller
         THOMAS C. HURRELL
         JANET J. HUR
         JERAD J. MILLER
         Attorneys for Defendants, COUNTY OF
         LOS ANGELES, MARISOL BARAJAS
         and HECTOR VAZQUEZ

HURRELL CANTRALL LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000