Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrell-llp.com
Joseph K. Miller, State Bar No. 245685
E-Mail: jmiller@hurrell-llp.com
Jerad J. Miller, State Bar No. 334001
E-Mail: jjmiller@hurrell-llp.com
HURRELL-LLP
800 West 6th Street, Suite 700
Los Angeles, California 90017
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants, COUNTY OF LOS ANGELES, MARISOL BARAJAS and HECTOR VAZQUEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JENNIE QUAN, individually and as successor in interest to BENJAMIN CHIN, deceased,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF LOS ANGELES; MARISOL BARAJAS; HECTOR VAZQUEZ; and DOES 3-10, inclusive,<br><br>　　　　　　Defendants. | Case No. 2:24-cv-04805-MCS(KSx)<br><br>**MOTION IN LIMINE NO. 2 TO PRECLUDE PLAINTIFF FROM DISPLAYING AUTOPSY AND POSTSHOOTING PHOTOGRAPHS OF DECEDENT; DECLARATION OF JOSEPH K. MILLER**<br><br>Date:　01/26/2026<br>Time:　2:00 p.m.<br>Crtrm.:　7C<br><br>[Assigned to Hon. Mark C. Scarsi, Courtroom "7C"] |

TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that at the on January 26, 2026 at 2:00 p.m. or as soon thereafter as the matter may be heard, in Courtroom 7C of the above-entitled Court, located at the First Street Courthouse, 350 West 1st Street, Los Angeles, CA 90012, Defendants MARISOL BARAJAS, HECTOR VAZQUEZ and COUNTY OF LOS ANGELES (collectively, "Defendants") will move and do hereby submit their Motion in Limine No. 2 to for an order that Plaintiffs be precluded from

displaying autopsy and post shooting photographs and images, namely: Graphic photographs of decedent's dead body and autopsy photographs of decedent Benjamin Chin, proposed to be introduced by Plaintiff, attached as Attachment A, and other similar gruesome photographs depicting Plaintiff's decedent's dead body.

The photographs are unreasonably prejudicial, inflammatory, irrelevant and immaterial to this suit. The images do not tend to prove or disprove any fact that is of consequence to the determination of this action, the photographs are irrelevant and inadmissible pursuant to Federal Rules of Evidence Code §§ 401, 402.

Furthermore, evidence or reference to these photographs serve no justifiable Defendants and provoke See, Fed. R. Evid. 403.

Defendants bring this Motion on the grounds that there is no dispute that decedent died as a result of the subject shooting and that admission of the post shooting photographs and autopsy photographs serve no purpose but to inflame the jurors. To allow such evidence to be presented at trial would substantially prejudice Defendants beyond any probative value that showing the photos may have.

Defendants further move this Court to instruct Plaintiff and her counsel and to require them to advise all witnesses:

1. Not to attempt to convey to the jury, directly or indirectly, any of the facts mentioned in this Motion without first obtaining permission of the Court outside the presence and hearing of the jury;

2. Not to make any reference to the fact that this Motion has been filed; and

3. To warn and caution each of Plaintiffs' witnesses to strictly follow the same instructions.

The admission of the autopsy photographs would be irrelevant and inadmissible pursuant to Fed. R. Evid. 401. The photographs are irrelevant because the photographs do not have a tendency to prove or disprove any disputed issue in this case. Fed. R. Evid. 402. Even if the photographs had any slight relevance, it is substantially outweighed by the extreme prejudicial effect. Fed. R. Evid. 403.

2

This motion is made following the conference of counsel pursuant to Local Rule 7-3. Plaintiffs' counsel opposes this motion in limine.

DATED: January 5, 2026  HURRELL-LLP

By: */s/ Jerad J. Miller*
THOMAS C. HURRELL
JOSEPH K. MILLER
JERAD J. MILLER
Attorneys for Defendants, COUNTY OF LOS ANGELES, MARISOL BARAJAS and HECTOR VAZQUEZ

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On June 19, 2023, Deputy Marisol Barajas and Detective Hector Vazquez (collectively, "Defendant Deputies") responded to a call involving Benjamin Chin ("Decedent") wearing bullet-proof vest and carrying an AR-15 around Diamond Bar Boulevard and Crooked Creek Drive. Prior to the Defendant Deputies arriving on scene, each received dispatch reports that the Decedent fired his assault rifle in the air multiple times, and that there was a stabbing victim. Deputy Barajas arrived to the scene and positioned herself and her vehicle in front of the Decedent on Diamond Bar Boulevard, and Detective Vazquez responded on Crooked Creek Drive behind the Decedent as the Decedent walked onto Diamond Bar Boulevard heading northbound. After ignoring numerous commands to drop his rifle and dangerously proceeding forward toward deputy and civilian vehicles with at least one hand on his rifle, Deputy Barajas and Detective Vazquez fired several shots at the Decedent. The Decedent collapsed after being struck by multiple rounds. Medical aid was immediately rendered to the Decedent by the deputies on-site. The Decedent was transported to Pomona Valley Hospital, where he was pronounced dead later that same day.

The shooting was captured on video. There is no dispute regarding the shooting and Plaintiff's decedent's death that requires introduction of the gruesome autopsy photographs of Plaintiff's decedent's dead body. Plaintiff proposes to introduce the autopsy photographs of Plaintiff's decedent's dead body at trial. The photographs that depict the autopsy are extremely graphic and disturbing as they show the decedent's lifeless body. Plaintiff's counsel has identified a series of gruesome autopsy photographs depicting the decedent's dead body. Defendants have not included in this filing the actual photographs given their disturbing nature. However, if the Court determines that it needs to see the photographs to rule on this Motion Defendants would recommend submitting them for an in camera review as

4

opposed to filing given the nature of the subject matter.

## II. PLAINTIFFS MUST BE PRECLUDED FROM PRESENTING PHOTOGRAPHIC IMAGES OF DECEDENT'S AUTOPSY AS SAID IMAGES ARE IRRELEVANT AND PREJUDICIAL

Evidence of, or references to, inflammatory crime autopsy photographs of the Plaintiff's decedent should be excluded *in limine*. These photographs depicting decedent post-mortem are irrelevant as they do not have any tendency to prove or disprove any disputed facts that are of consequence to the determination of this action. County Defendants and Plaintiffs do not contest that Decedent's cause of death was decapitation due to being run over while trying to board a moving train. Simply put, photographs taken of Decedent's headless torso and various scattered body parts and/or autopsy photographs of decedent have no relevance toward the resolution of liability here. See, Fed. R. Evid. 401, 402.

Should this Court determine that the post-death and autopsy photographs of decedent are relevant, exclusion is nevertheless warranted under Fed. R. Evid. 403. The photographs of Decedent's lifeless, bloody body in the autopsy photos, are obviously emotionally disturbing and needlessly inflammatory in nature. The all-to-real possibility that a jury may hold County Defendants liable simply because they saw lurid, grisly images, rather than because the jury finds Defendants violated the law, is the precise type of "unfair prejudice" that Rule 403 was designed to prevent. See, Fed. R. Evid. 403 Committee Notes ("'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one"); *see also, Johnson v. Rankin,* 547 *Fed.Appx.* 263, 270 (4th Cir. 2013) ("[t]his Court has recognized that autopsy photographs are highly prejudicial, and it will not disturb a district court's decision regarding their admissibility 'absent a clear abuse of discretion.' *United States v. Analla,* 975 F.2d 119, 126 (4th Cir.1992). In light of the abuse of discretion standard and the prejudicial effect of autopsy photographs, we determine that the district

5

court did not err in excluding the photograph, even if it had some probative value."); *Flythe v. District of Columbia*, 4 F.Supp.3d 222, 232 (D.C. 2014) ("[A]utopsy photographs also have the tendency to be prejudicial."); *Sanchez v. Jiles*, 2012 WL 13005996, *5 (C.D. Cal. 2012) (explaining that with autopsy photos, "[t]here is a strong possibility that such photographs will inflame the jury's sympathies and distract them from relevant issues in dispute," and excluding cumulative and inflammatory photos).

Moreover, Courts have determined that the party seeking to admit prejudicial evidence of post death photographs bears the burden of establishing its relevance and that the photographs at issue would assist testimony. *Cooke v. City of Stockton*, 2017 WL 6447999, at *7 (E.D. Cal. 2017). Plaintiff is unable to carry this burden here.

### III. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant their Motion *in Limine*.

DATED:  January 5, 2026          HURRELL-LLP

By: */s/ Jerad J. Miller*
THOMAS C. HURRELL
JOSEPH K. MILLER
JERAD J. MILLER
Attorneys for Defendants, COUNTY OF LOS ANGELES, MARISOL BARAJAS and HECTOR VAZQUEZ

6

# DECLARATION OF JOSEPH K. MILLER

I, Joseph K. Miller, declare:

1. I am an attorney duly licensed to practice before this Court and am a partner of Hurrell-LLP, attorneys of record for County of Los Angeles, Marisol Barajas and Hector Vazquez herein. The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto.

2. The photographs Defendants are seeking to exclude are photographs of Plaintiff's decedent's dead body. They are graphic photographs. Do to the graphic nature of these images, we have not attached these photographs to this Motion. Should the Court need to see the photographs to rule on the Motion, Defendants recommend an in camera review opposed to filing the gruesome photographs given the nature of the subject matter. Defendants are able to provide the Court with the photographs upon request.

3. During the meet and confer process, Defendants requested that Plaintiff agree to exclude these photographs. Plaintiff would not stipulate to the exclude the photographs. Plaintiff's counsel identified a series of autopsy photographs they intend to present to the jury. Following this meet and confer attempt and receipt of the gruesome autopsy photographs proposed to be shown to the jury at trial, Defendants prepared this instant motion *in limine* to exclude.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 5, 2026, at Los Angeles, California.

                                       */s/ Joseph K. Miller*
                                       Joseph K. Miller