Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrell-llp.com
Joseph K. Miller, State Bar No. 245685
E-Mail: jmiller@hurrell-llp.com
Jerad J. Miller, State Bar No. 334001
E-Mail: jjmiller@hurrell-llp.com
HURRELL-LLP
800 West 6th Street, Suite 700
Los Angeles, California 90017
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants, COUNTY OF LOS ANGELES, MARISOL BARAJAS and HECTOR VAZQUEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JENNIE QUAN, individually and as successor in interest to BENJAMIN CHIN, deceased,<br><br>            Plaintiff,<br><br>    v.<br><br>COUNTY OF LOS ANGELES; MARISOL BARAJAS; HECTOR VAZQUEZ; and DOES 3-10, inclusive,<br><br>            Defendants. | Case No. 2:24-cv-04805-MCS(KSx)<br><br>**MOTION IN LIMINE NO. 3 TO PRECLUDE EVIDENCE OF OTHER CLAIMS, LAWSUITS, SETTLEMENTS, VERDICTS, JUDGMENTS, COMPLAINTS, ADMINISTRATIVE INVESTIGATIONS OR PROCEEDINGS AND/OR OTHER ALLEGED INCIDENTS CONCERNING DEFENDANTS OR OTHER MEMBERS OF LAW ENFORCEMENT AND THE LOS ANGELES SHERIFF'S DEPARTMENT**<br><br>Date:   01/26/2026<br>Time:   2:00 p.m.<br>Crtrm.: 7C<br><br>[Assigned to Hon. Mark C. Scarsi, Courtroom "7C"] |

TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that at the on January 26, 2026 at 2:00 p.m. or as soon thereafter as the matter may be heard, in Courtroom 7C of the above-entitled

Court, located at the First Street Courthouse, 350 West 1st Street, Los Angeles, CA 90012, Defendants MARISOL BARAJAS, HECTOR VAZQUEZ and COUNTY OF LOS ANGELES (collectively, "Defendants") will move and do hereby submit their Motion in Limine No. 3 for an order *in limine* to preclude plaintiff and her counsel from introducing at trial any evidence, references to evidence, witness testimony, contentions, or cross-examination relating to any other claims, lawsuits, settlements, verdicts, judgments, complaints, Los Angeles County Sheriff's Department (LASD) administrative investigations or proceedings concerning any of the defendants or any other member of law enforcement and LASD. Defendants bring this Motion on the grounds that such evidence is irrelevant to the issues to be tried; it amounts to inadmissible character evidence; administrative investigations are confidential and barred from disclosure, and should be precluded under Rule 407; and such evidence would only serve to unduly prejudice defendants, waste time, confuse the issues, and mislead the jury.

Defendants further move this Court to instruct plaintiff and her counsel to require them to advise all witnesses:

1. Not to attempt to convey to the jury, directly or indirectly, any of the facts mentioned in this Motion without first obtaining permission of the Court outside the presence and hearing of the jury;

2. Not to make any reference to the fact that this Motion has been filed; and

3. To warn and caution each of plaintiff's witnesses to strictly follow the same instructions.

///
///
///
///
///
///

This motion is made following compliance with the meet and confer requirements of *Local Rule* 7-3. This Motion is based upon the Memorandum of Points and Authorities served herewith, upon the pleadings and papers on file herein, and upon such other and further oral argument and evidence as may be presented at the hearing on this Motion.

DATED: January 5, 2026          HURRELL-LLP

By:    */s/ Jerad J. Miller*
THOMAS C. HURRELL
JOSEPH K. MILLER
JERAD J. MILLER
Attorneys for Defendants, COUNTY OF LOS ANGELES, MARISOL BARAJAS and HECTOR VAZQUEZ

3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On June 19, 2023, Deputy Marisol Barajas and Detective Hector Vazquez (collectively, "Defendant Deputies") responded to a call involving Benjamin Chin ("Decedent") wearing bullet-proof vest and carrying an AR-15 around Diamond Bar Boulevard and Crooked Creek Drive. Prior to the Defendant Deputies arriving on scene, each received dispatch reports that the Decedent fired his assault rifle in the air multiple times, and that there was a stabbing victim. Deputy Barajas arrived to the scene and positioned herself and her vehicle in front of the Decedent on Diamond Bar Boulevard, and Detective Vazquez responded on Crooked Creek Drive behind the Decedent as the Decedent walked onto Diamond Bar Boulevard heading northbound. After ignoring numerous commands to drop his rifle and dangerously proceeding forward toward deputy and civilian vehicles with at least one hand on his rifle, Deputy Barajas and Detective Vazquez fired several shots at the Decedent. The Decedent collapsed after being struck by multiple rounds. Medical aid was immediately rendered to the Decedent by the deputies on-site. The Decedent was transported to Pomona Valley Hospital, where he was pronounced dead later that same day.

## II. THE SUBJECT EVIDENCE IS IRRELEVANT

Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. Fed. R. Evid. 401. Relevant evidence is admissible unless barred by the U.S. Constitution, a federal statute, the Federal Rules of Evidence, or other U.S. Supreme Court rules. Fed. R. Evid. 402. Irrelevant evidence is not admissible. Fed. R. Evid. 402.

Evidence of or reference to any other claims, lawsuits, settlements, verdicts, complaints, LASD administrative investigations or proceedings and/or other alleged incidents concerning any of the defendants, LASD or any other member of law

enforcement, locally or nationally, is irrelevant to the issue to be determined in this case. This type of evidence has no factual connection to what occurred during this incident and it does not prove or disprove any fact of consequence in determining the action.

Any administrative investigations or proceedings have no bearing on this case and will not prove or disprove that defendants used unreasonable force against Plaintiff's decedent. These administrative investigations or proceedings also do not prove or disprove whether LASD a custom, practice of policy that caused Plaintiff's alleged constitutional violations. The LASD responds to all the officer-involved shootings and obtains evidence and statements that are reviewed administratively by the LASD to determine whether LASD policies and procedures were followed. This administrative process does not concern itself with whether state or federal laws were violated. The standards governing administrative investigations and proceedings, and how they are conducted, are markedly different from the Federal Rules of Civil Procedure or any other rule governing civil litigation. Further, a finding that an employee violated some administrative policy or procedure does not automatically make the employee legally liable for the same conduct. Conversely, a finding that an employee did not violate any administrative policies or procedures does not automatically make the employee not liable under federal or state law. In addition, the decision whether to have an attorney present or not during an administrative proceeding has no bearing on liability. There are no claims in this case to which such evidence would be even remotely relevant. Allowing such information to come into evidence further would invade the province of the jury, who is the fact finder in this case, not some administrative body.

Thus, defendants respectfully request that evidence of or reference to any other claims, lawsuits, settlements, verdicts, judgments, complaints, LASD administrative investigations or proceedings and/or other alleged incidents concerning any of the defendants or any other member of law enforcement be

5

excluded as it is irrelevant and inadmissible. Plaintiff also should not be allowed to ask any witnesses, including the defendants or any of defendants' expert witnesses, about these incidents. Plaintiff's witnesses, including expert witnesses, also should be informed outside the presence of the jury that such incidents should not be referred to in front of the jury.

### III. THE SUBJECT EVIDENCE IS BARRED BY RULE 404

Federal Rules of Evidence, Rule 404 precludes the use of character evidence to prove wrongful conduct on a specified occasion. Thus, plaintiff cannot use any of the evidence that is subject to this motion in limine to prove the defendants in this case violated any law during the subject incident. Each case is separate and must be tried on its own merits. The jury is to determine the lawfulness of the defendants' actions based on what happened during this incident. This is further reason to preclude evidence of other claims, lawsuits, settlements, verdicts, judgments, complaints, administrative investigations or proceedings, and/or other alleged incidents concerning any of the defendants or any other member of law enforcement.

Here, the reason plaintiff would attempt to introduce evidence of claims, lawsuits, settlements, verdicts, judgments, complaints, administrative investigations or proceedings, or any other alleged incidents concerning any of the individual law enforcement officers in this case or any other member of the LASD would be to show the bad character of the involved deputies in this case and the LASD in general. That kind of evidence is explicitly barred by Rule 404, as it would amount to inadmissible character evidence. Plaintiff will argue that during the subject incident, defendants acted in accordance with their alleged bad character. Accordingly, the Court should preclude this evidence.

### IV. EVIDENCE REGARDING ADMINISTRATIVE PROCEEDINGS SHOULD BE EXCLUDED UNDER RULE 407

Federal Rules of Evidence, Rule 407 establishes that when measures are taken

6

1. that would have made an earlier injury or harm less likely to occur, evidence of the
2. subsequent measures is not admissible to prove negligence or culpable conduct.
3. The Ninth Circuit has held that evidence pertaining to a police department's
4. administrative investigation and disciplinary proceedings are subsequent remedial
5. measures under Rule 407 and should therefore be excluded to prove liability as it
6. pertains to an individual officer's actions.  *Maddox v. City of Los Angeles*, 792 F.2d
7. 1408, 1417 (9th Cir., 1986).  *See also, Boeing Airplane Co. v. Brown*, 291 F.2d 310,
8. 315 (9th Cir.1961) (subsequent remedial measures are inadmissible with regard to
9. the issue of prior negligence); *Luera v. Snyder*, 599 F.Supp. 1459, 1463
10. (D.C.Col.1984) (testimony of changes in police department's policies are
11. inadmissible as evidence of a subsequent remedial measure); Fed.R.Evid. § 407.
12. Therefore, as was the case in *Maddox*, evidence of any LASD administrative
13. proceedings, investigation or its review of the use of force incident should be
14. excluded to prove liability as to the individual defendants.

## V. THE SUBJECT EVIDENCE SHOULD BE EXCLUDED PURSUANT TO RULE 403

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  Fed. R. Evid. 403.

Even if evidence of any other claims, lawsuits, settlements, verdicts, judgments, complaints, LASD administrative investigations or proceedings and/or other alleged incidents concerning any of the defendants, LASD or any other member of law enforcement were somehow relevant in this case, this evidence should be excluded under Rule 403 as any probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and causing undue delay and waste of time.

Evidence of or reference to other verdicts, settlements, or judgments would be

unfairly prejudicial to defendants as the jury may subconsciously infer, even if instructed otherwise, that the monetary value of the instant case is the same as in earlier verdicts, settlements, or judgments. Moreover, any reference to news media reporting of alleged scandals involving LASD, including so called Deputy Gangs or other incidents with considerable negative media coverage against the County and LASD should not be placed in front of the jury at trial. These or other similar unrelated local and national news stories involving law enforcement officers' actions that have taken center stage in the news and commented upon by the public, including actors, politicians and other public figures should be excluded. The concern is that jurors in this case may be influenced by the negative media coverage and that they may be induced to make an emotional decision as a result of a visceral reaction to the other alleged incidents. Thus, making reference to such topics during the trial in this case would be unfairly inflammatory and would result in extreme prejudice to defendants. Allowing this evidence or references also would only serve to confuse the issues as jurors may feel compelled to spend their time deliberating the other alleged incidents and ignore the evidence relevant to this case. Such evidence or references also may cause the jury to render a decision which reflects their view of these other alleged events in general. Constant reference to the subject items could certainly mislead the jury and could unduly prolong the trial and waste valuable judicial resources, as defendants would be forced to rebut such evidence, which has no correlation to the facts of this case.

    If evidence of or reference to other alleged incidents were permitted, defendants would have to bear the burden of defending themselves against not only the specific allegations of plaintiff's action, but also against the vague, incomplete and unreliable hearsay allegations contained in the other claims. The waste of judicial time involved in holding a "mini-trial" on each and every incident cannot be justified. Further, to minimize the prejudicial effect of other alleged claims or lawsuits, defendants would have to defend themselves regarding each claim and

would have to call numerous witnesses to testify about matters that bear little or no relationship to the instant litigation.  A number of courts, when confronted with similar evidence, have found that the waste of judicial time and resources and the danger of jury confusion has dictated the exclusion of such evidence.  The admission of such evidence also would create the potential danger for jurors to subconsciously infer that because other lawsuits or claims existed, defendants must be liable here.

For example, in *Maddox v City of Los Angeles*, 792 F.2d at 1417 (9th Cir. 1986), the court held the admission into evidence of a Los Angeles Police Department internal affairs investigation, wherein the officer in question admitted to violating the City's policy on chokeholds, would unfairly prejudice the jury:

*"The jury might have inferred that Officer Harris was guilty of wrongdoing merely because the Police Department conducted disciplinary proceedings.  The jury might have given unfair or undue weight to this evidence or they might have been confused as to the relevance of this evidence."*

Reference to other incident, subsequent administrative investigations and proceedings, would only serve to confuse the issues and mislead the jury. The jurors may be distracted by the administrative process and may be unable to distinguish between the civil process and the administrative process.  The jury also may be induced to make an emotional decision as a result the manner of and/or the outcome of any administrative investigations or proceedings.  Further, reference to any administrative investigations or proceedings also would be unfairly inflammatory and would result in unfair prejudice to defendants, as it would color the jury's impressions of defendants.  Moreover, reference to administrative proceedings could unduly prolong the trial and waste valuable judicial resources, as defendants would be forced to rebut such evidence and would have to spend considerable time explaining a process and a policy, which have no bearing on the outcome of this case.

## VI. UNRELATED, PRIVILEGED AND CONFIDENTIAL ADMINISTRATIVE INVESTIGATIONS ARE HIGHLY PREJUDICIAL AND SHOULD NOT BE PRESENTED TO THE

Irrelevant evidence of unrelated administrative investigations are privileged and confidential under California law and should be precluded at trial. See Cal. Gov. Code, §§ 832 et seq.; Cal. Evid. Code §§ 1043 and 1046; *Davis v. City of San Diego*, 106 Cal.App.4th 893 (2003). California places a high priority on preserving the privacy of various personnel records, California Constitution, Article I, Section I; Civil Code Section 1798, et seq. Among those protected records are peace officer personnel records, which are privileged and confidential pursuant to California Penal Code § 832.7 and are protected by the constitutional right to privacy. *City and County of San Francisco v. Superior Court* 125 Cal.App.3d 879, 882 (1981). "[Section] 832.7 is part of a statutory scheme enacted to protect peace officers' interest in privacy to the fullest extent possible." *Copley Press, Inc. v. Superior Court*, 39 Cal.4th 1272, 1301, (2006). There are specific requirements that a person must meet in order to obtain copies of those records, if they are released at all. Cal. Evid. Code § 1040 et seq. Administrative investigations and proceedings are subject to the official information privilege and are maintained as part of an employee's personnel records.

Finally, the statements of any involved officers from the subject incident should not be disclosed, especially since their statements are compelled and protected under the 5th Amendment privilege against self-incrimination. In California, public safety officers may be compelled to give statements against their interest. Los Angeles Police Officers are public safety officers. See Cal. Gov. Code § 3301. This typically occurs in conjunction with an administrative investigation into the actions of one or more officers. Under the direction of their union representative, officers decline to give a voluntary statement during the investigation, and they are then ordered to provide a compelled statement pursuant

to *Lybarger v. City of Los Angeles*, 40 Cal.3d 822 (1985). Officers are told ". . . among other things, that although [they have] the right to remain silent and not incriminate [themselves], (1) [their] silence could be deemed insubordination, leading to administrative discipline, and (2) any statement made under the compulsion of the threat of such discipline could not be used against [them] in any subsequent criminal proceedings." *Id. at* 829. Such occurred in this case when the FID conducted an investigation into the actions of the involved officers.

While plaintiff obtained copies of the investigation report and interviews in discovery pursuant to a protective order, defendants still have a right to privacy regarding their personnel records.

## VII. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant their Motion *in Limine*.

DATED: January 5, 2026          HURRELL-LLP

By: */s/ Jerad J. Miller*
THOMAS C. HURRELL
JOSEPH K. MILLER
JERAD J. MILLER
Attorneys for Defendants, COUNTY OF LOS ANGELES, MARISOL BARAJAS and HECTOR VAZQUEZ