**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
E-mail: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JENNIE QUAN, individually and as successor in interest to BENJAMIN CHIN, deceased,

                          Plaintiffs,

vs.

COUNTY OF LOS ANGELES; MARISOL BARAJAS; HECTOR VAZQUEZ; and DOES 3-10, inclusive,

                          Defendants.

Case No. 2:24-cv-04805-MCS-KS

*Assigned to*:
Hon Mark C. Scarsi
Hon. Mag. Judge Karen L. Stevenson

**JOINT WITNESS LIST**

Final Pretrial Conference:
Date:    January 26, 2026
Time:    2:00 p.m.
Crtrm:  7C

Trial:
Date:    February 10, 2026

**<u>TO THE HONORABLE COURT</u>**:

Plaintiff Jennie Quan and Defendants County of Los Angeles, Marisol Barajas, and Hector Vazquez, by and through their respective counsel of record, hereby submit their Joint Witness List pursuant to the Court's Order re: Jury/Court Trial.

DATED:  January 5, 2026          LAW OFFICES OF DALE K. GALIPO


By_____*/s/ Hang D. Le*_____
          Dale K. Galipo
          Hang D. Le
          Attorneys for Plaintiff


DATED:  January 5, 2026          HURRELL CANTRALL LLP


By_____*/s/ Jerad J. Miller*\*_____
          Thomas C. Hurrell
          Janet J. Hur
          Jerad J. Miller
          Attorneys for Defendant, County of Los Angeles

\*The filer, Hang D. Le, hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur with the filing's content and have authorized the filing.

## PLAINTIFF'S WITNESS LIST

| Witness's Name, Phone Number, Address | Summary of Testimony/ Why Testimony Unique | Time for Direct Exam (hours) | Time for Cross Exam (hours) | | Dates of Testimony |
|---|---|---|---|---|---|
| 1. Defendant Hector Vazquez, c/o defense counsel | Defendant Hector Vazquez was one of the two deputies who used deadly force against Decedent Benjamin Chin. Deputy Vazquez is expected to testify as to his knowledge of Decedent and the call for service on the day of the incident, his observations when he responded to the scene, his observations of Decedent, and the facts and circumstances that led to his use of deadly force. | 1.5-2 hours | 1.5 – 2.0 hours | | |
| 2. Defendant Marisol Barajas, c/o defense counsel | Defendant Marisol Barajas was one of the two deputies who used deadly force against Decedent Benjamin Chin. Deputy Barajas is expected to testify as to her knowledge of Decedent and the call for service on the day of the incident, her observations when | 1.5-2 hours | 1.5 – 2.0 hours | | |

JOINT WITNESS LIST

| Witness's Name, Phone Number, Address | Summary of Testimony/ Why Testimony Unique | Time for Direct Exam (hours) | Time for Cross Exam (hours) | | Dates of Testimony |
|---|---|---|---|---|---|
| | she responded to the scene, her observations of Decedent, and the facts and circumstances that led to her use of deadly force. | | | | |
| 3. Deputy Chad Holland[1], c/o defense counsel | Deputy Chad Holland was an LA County Sheriff's Deputy who responded to the scene of the incident in response to a call for service. He was present at the scene and had his gun pointed at the Decedent Benjamin Chin but never fired his gun. He is expected to testify as to his knowledge of Decedent and the call for service, his observations when he responded to the scene, and the facts and circumstances surrounding Deputy Barajas and Deputy Vazquez's uses of | 0.5 hours | 0.5 hours | | Deputy Chad Holland[2], c/o defense counsel |

---

[1] Indicates that witness will be called only if need arises.
[2] Indicates that witness will be called only if need arises.

| Witness's Name, Phone Number, Address | Summary of Testimony/ Why Testimony Unique | Time for Direct Exam (hours) | Time for Cross Exam (hours) | | Dates of Testimony |
|---|---|---|---|---|---|
| | deadly force against Decedent. | | | | |
| 4.  Deputy Kyle Toves*, c/o defense counsel | Deputy Kyle Toves was an LA County Sheriff's Deputy who responded to the scene of the incident in response to a call for service. He was present at the scene when other deputies used force against Decedent Benjamin Chin. He is expected to testify as to his knowledge of Decedent and the call for service, his observations when he responded to the scene, and the facts and circumstances surrounding Deputy Barajas and Deputy Vazquez's uses of deadly force against Decedent. | 0.5 hours | 0.5 hours | | Deputy Kyle Toves*, c/o defense counsel |
| 5.  Deputy Carlos De La Torres*, c/o defense counsel | Deputy Kyle Toves was an LA County Sheriff's Deputy who responded to the scene of the incident in response to a call for service. He was | 0.5 hours | 0.5 hours | | Deputy Carlos De La Torres*, c/o defense counsel |

| Witness's Name, Phone Number, Address | Summary of Testimony/ Why Testimony Unique | Time for Direct Exam (hours) | Time for Cross Exam (hours) | | Dates of Testimony |
|---|---|---|---|---|---|
| | present at the scene when other deputies used force against Decedent Benjamin Chin. He is expected to testify as to his knowledge of Decedent and the call for service, his observations when he responded to the scene, and the facts and circumstances surrounding Deputy Barajas and Deputy Vazquez's uses of deadly force against Decedent. | | | | |
| 6. Deputy Christopher Bronowicki*, c/o defense counsel | Deputy Christopeher Bronowicki was an LA County Sheriff's Deputy who responded to the scene of the incident in response to a call for service. He was present at the scene when other deputies used force against Decedent Benjamin Chin. He is expected to testify as to his knowledge of Decedent and the call for service, his | 0.5 hours | 0.5 hours | | Deputy Christopher Bronowicki*, c/o defense counsel |

| Witness's Name, Phone Number, Address | Summary of Testimony/ Why Testimony Unique | Time for Direct Exam (hours) | Time for Cross Exam (hours) | | Dates of Testimony |
|---|---|---|---|---|---|
| | observations when he responded to the scene, and the facts and circumstances surrounding Deputy Barajas and Deputy Vazquez's uses of deadly force against Decedent. | | | | |
| 7. Deputy German Perez*, c/o defense counsel | Deputy German Perez was an LA County Sheriff's Deputy who responded to the scene of the incident in response to a call for service. He was present at the scene when other deputies used force against Decedent Benjamin Chin. He was part of a group that made the approach to Decedent after the shooting and helped render aid to Decedent. He is expected to testify as to his knowledge of Decedent and the call for service, his observations when he responded to the scene, and the facts and circumstances surrounding Deputy | 0.5 hours | 0.5 hours | | Deputy German Perez*, c/o defense counsel |

| Witness's Name, Phone Number, Address | Summary of Testimony/ Why Testimony Unique | Time for Direct Exam (hours) | Time for Cross Exam (hours) | | Dates of Testimony |
|---|---|---|---|---|---|
| | Barajas and Deputy Vazquez's uses of deadly force against Decedent. | | | | |
| 8.  Jeffrey Noble, Rancho Santa Margarita, CA 92688; (949) 279-4678 | Mr. Noble is Plainitff's retained police practices expert. Mr. Noble will testify regarding standard police practices training for pre-force tactics and conduct and use of deadly force as it relates to this incident. He is further expected to give opinions regarding whether the deputies' conduct and use of force were appropriate based on standard police officer training and pracrices. | 1.0-1.5 hours | 1.0 hours | | Jeffrey Noble, Rancho Santa Margarita, CA 92688; (949) 279-4678 |
| 9.  Justin Rosander, JSM Forensics, 872 Higuera Street, San Luis Obispo, CA 934001; (559) 321-2009, ext. | Mr. Rosander is Plaintiff's retained forensic video expert. Mr. Rosander synced the BWC videos of Deputies Barajas and Vazquez. He further corrected for the videos for lens distortion and did a | 0.5-1 hours | 0.5 hours | | Justin Rosander, JSM Forensics, 872 Higuera Street, San Luis Obispo, CA 934001; (559) 321-2009, ext. |

| Witness's Name, Phone Number, Address | Summary of Testimony/ Why Testimony Unique | Time for Direct Exam (hours) | Time for Cross Exam (hours) | | Dates of Testimony |
|---|---|---|---|---|---|
| 700 | frame-by-frame analysis of the videos, including analyzing the videos for pixel distortion and artifacts. Mr. Rosander will testify as to his opinions regarding the chronology of the shots and when they occurred, and whether certain facts can or cannot be discerned from the video. | | | | 700 |
| 10. John Aldama, c/o defense counsel | Mr. Aldama is a paramedic for the Los Angeles County Fire Department. Mr. Aldama responded to the scene after the shooting, treated Benjamin Chin for his injuries and transported Mr. Chin to the hospital. Mr. Aldama is expected to testify to the injuries he observed on Mr. Chin, any and all medical care and treatment he provided or observed being provided to Mr. Chin, Mr. Chin's state of | 0.5 hours | 0.5 hours | | John Aldama, c/o defense counsel |

| Witness's Name, Phone Number, Address | Summary of Testimony/ Why Testimony Unique | Time for Direct Exam (hours) | Time for Cross Exam (hours) | | Dates of Testimony |
|---|---|---|---|---|---|
| | consciousness during his interactions with Mr. Chin,, and any information he was given regarding the incident. | | | | |
| 11. Kyle Groff*, c/o defense counsel | Mr. Groff is a paramedic for the Los Angeles County Fire Department. Mr. Groff responded to the scene after the shooting, treated Benjamin Chin for his injuries and transported Mr. Chin to the hospital. Mr. Groff is expected to testify to the injuries he observed on Mr. Chin, any and all medical care and treatment he provided or observed being provided to Mr. Chin, Mr. Chin's state of consciousness during his interactions with Mr. Chin,, and any information he was given regarding the incident. | 0.5 hours | 0.5 hours | | Kyle Groff*, c/o defense counsel |
| 12. Onoaona Uanoe | Dr. Gurney was a physician at Pomona | 0.5 hours | 0.5 hours | | Onoaona Uanoe |

| Witness's Name, Phone Number, Address | Summary of Testimony/ Why Testimony Unique | Time for Direct Exam (hours) | Time for Cross Exam (hours) | | Dates of Testimony |
|---|---|---|---|---|---|
| Gurney, MD, Pomona Valley Hospital Center, 1798 N. Garey Ave, Pomona, CA 91767-2918; (909) 865-9500 | Valley Hospital Center who treated Benjamin Chin when he was brought in on June 19, 2023, after the shooting incident. Dr. Gurney was the admitting and attending physician for Decedent's care. Dr. Gurney provided medical care and treatment to Mr. Chin. Dr. Gurney is expected to testify to his or her observations of Mr. Chin's injuries and diagnoses at the hospital, and any medical treatment or care, including surgical intervention, provided to Mr. Chin. | | | | Gurney, MD, Pomona Valley Hospital Center, 1798 N. Garey Ave, Pomona, CA 91767-2918; (909) 865-9500 |
| 13. Gabriel Estermera, MD*, Pomona Valley Hospital Center, 1798 N. Garey Ave, Pomona, CA 91767-2918; | Dr. Estermera was a physician at Pomona Valley Hospital Center who treated Benjamin Chin when he was brought in on June 19, 2023, after the shooting incident. Dr. Estermera provided medical care and treatment to Mr. | 0.5 hours | 0.5 hours | | Gabriel Estermera, MD*, Pomona Valley Hospital Center, 1798 N. Garey Ave, Pomona, CA 91767-2918; |

| Witness's Name, Phone Number, Address | Summary of Testimony/ Why Testimony Unique | Time for Direct Exam (hours) | Time for Cross Exam (hours) | | Dates of Testimony |
|---|---|---|---|---|---|
| (909) 865-9500 | Chin. Dr. Estermera is expected to testify to his or her observations of Mr. Chin's injuries and diagnoses at the hospital, and any medical treatment or care, including surgical intervention, provided to Mr. Chin. | | | | (909) 865-9500 |
| 14. Paul Sungjun Park, MD, Pomona Valley Hospital Center, 1798 N. Garey Ave, Pomona, CA 91767-2918; (909) 865-9500 | Dr. Park was a physician at Pomona Valley Hospital Center who treated Benjamin Chin when he was brought in on June 19, 2023, after the shooting incident. Dr. Park performed a surgical pathological examination of Mr. Chin. Dr. Park is expected to testify as to his observations of Mr. Chin's organs and injuries during his examination as well as his pathologic diagnoses. | 0.5 hours | 0.5 hours | | Paul Sungjun Park, MD, Pomona Valley Hospital Center, 1798 N. Garey Ave, Pomona, CA 91767-2918; (909) 865-9500 |
| 15. Stephen Y.C. To, MD*, Pomona | Dr. To was a physician at Pomona Valley Hospital Center who treated | 0.5 hours | 0.5 hours | | Stephen Y.C. To, MD*, Pomona |

| Witness's Name, Phone Number, Address | Summary of Testimony/ Why Testimony Unique | Time for Direct Exam (hours) | Time for Cross Exam (hours) | | Dates of Testimony |
|---|---|---|---|---|---|
| Valley Hospital Center, 1798 N. Garey Ave, Pomona, CA 91767-2918; (909) 865-9500 | Benjamin Chin when he was brought in on June 19, 2023, after the shooting incident. Dr. To took abdominal radiographs of Mr. Chin. He is expected to testify as to his observations, findings, impressions, and conclusions from the radiographs. | | | | Valley Hospital Center, 1798 N. Garey Ave, Pomona, CA 91767-2918; (909) 865-9500 |
| 16. Paul V. Gliniecki, MD, Los Angeles County Department of Medical Examiner, 1101 N Mission Rd, Los Angeles, CA 90033; (323) 343-0512 | Dr. Gliniecki was the medical examiner who performed the autopsy Benjamin Chin. Dr. Gliniecki is expected to testify on the autopsy he performed on Mr. Chin, the external examination of Mr. Chin's body, the nature and extent of Mr. Chin's injuries, the cause and manner of the injuries found on Mr. Puga's Chin, the trajectory of the gunshot wounds to Mr. Chin's body, the internal examination of Mr. Chin's body, any other findings | 0.75-1 hours | 0.5 hours | | Paul V. Gliniecki, MD, Los Angeles County Department of Medical Examiner, 1101 N Mission Rd, Los Angeles, CA 90033; (323) 343-0512 |

| Witness's Name, Phone Number, Address | Summary of Testimony/ Why Testimony Unique | Time for Direct Exam (hours) | Time for Cross Exam (hours) | | Dates of Testimony |
|---|---|---|---|---|---|
| | from Mr. Chin's autopsy, the manner and cause of death, and any hypotheticals posed to Dr. Gliniecki based on his personal knowledge and observations from the autopsy. | | | | |
| 17. Bennet Omalu, MD, 1621 Executive Court, Sacramento, CA 95864; (279) 345-1300 | Dr. Omalu is Plaintiff's retained Forensic Pathologist. He is expected to testify on his opinions regarding Decedent's injuries, manner and cause of death, trajectory of gunshot wounds, and body positioning when Decedent sustained the gunshot wounds based on his review of Decedent's medical records, autopsy report, and video evidence. He is further expected to testify on the pain and suffering Decedent experienced prior to his death. | 1.0-1.5 hours | 1.0 hours | | Bennet Omalu, MD, 1621 Executive Court, Sacramento, CA 95864; (279) 345-1300 |
| 18. Plaintiff Jennie Quan, | Plaintiff Jennie Quan interacted with | 0.75-1.0 | 1.0 hours | | Plaintiff Jennie Quan, |

| Witness's Name, Phone Number, Address | Summary of Testimony/ Why Testimony Unique | Time for Direct Exam (hours) | Time for Cross Exam (hours) | | Dates of Testimony |
|---|---|---|---|---|---|
| c/o of Plaintiff's counsel | Decedent on the day of the incident and was present in the neighborhood when Decedent was shot. Plaintiff is expected to testify regarding her observations of Decedent's behavior, his lack of drug or behavioral/mental illness history, and her interactions with Decedents and law enforcement on that day. Ms. Quan will further provide testimony regarding Decedent's life, her relationship with Decedent, and additional testimony regarding damages. | hours | | | c/o of Plaintiff's counsel |
| 19. Stephanie Chin, c/o Plaintiff's counsel | Stephanie Chin is Plaintiff's daughter and decedent's sister. Ms. Chin was present with Plaintiff and Decedent earlier on the day of the incident and can testify to Decedent's behavior and communications she received from the Kaiser doctor who | 0.5-0.75 hours | 0.5 hours | | Stephanie Chin, c/o Plaintiff's counsel |

| Witness's Name, Phone Number, Address | Summary of Testimony/ Why Testimony Unique | Time for Direct Exam (hours) | Time for Cross Exam (hours) | | Dates of Testimony |
|---|---|---|---|---|---|
| | prescribed Decedent medication that day. Ms. Chin can also provide testimony regarding Decedent's and Plaintiff's damages. | | | | |
| 20. Hanh Duc Truong, LMFT*, Kaiser Permanente Southern California, Santa Ana Medical Offices, Pyschiatry, 1900 E. 4th St, Santa Ana, CA 92705-3910; (888) 988-2800 | Mr. Truong is a Licensed Marriage and Family Therapist at Kaiser Permanent Southern California and treated Plaintiff Jennie Quan after the shooting incident. Mr. Truong is expected to testify as to her diagnostic impression of Ms. Quan as it relates to Mr. Chin's passing, including any DSM diagnoses, treatment recommendations and plans devised for Ms. Quan, and Ms. Quan's treatment progress. | 0.5 hours | 0.5 hours | | Hanh Duc Truong, LMFT*, Kaiser Permanente Southern California, Santa Ana Medical Offices, Pyschiatry, 1900 E. 4th St, Santa Ana, CA 92705-3910; (888) 988-2800 |

JOINT WITNESS LIST

**DEFENDANTS' WITNESS LIST**

| Name of Witness | Subject of Testimony | Direct | Cross |
|---|---|---|---|
| 1. Jennie Quan, c/o plaintiff counsel | She is the Plaintiff in this case. She will testify as to the damages that the death of Benjamin Chin ("Decedent") has purported to cause her, as well as the relationship she had with the Decedent. | 1.0 | 0.75-1.0 |
| 2. Marisol Barajas, c/o defense counsel | She is Deputy for the Los Angeles County Sheriff's Department ("LASD"). She will testify that the Decedent ignored her commands to drop his rifle on Diamond Bar Boulevard. She will testify as to the facts known to her regarding the Decedent prior to encountering him on Diamond Bar Boulevard. She will testify that she fired at least three shots at the Decedent. She will testify that a civilian, Brandon Wiseman, was inside his parked Tesla next to her on Diamond Bar Boulevard. | 1.0 | 1.5 - 2.0 |
| 3. Hector Vazquez, c/o defense counsel | He is a Detective for the Los Angeles County Sheriff's Department. He will testify that the Decedent ignored his commands to drop his rifle. He will testify as to the facts known to him regarding the Decedent prior to encountering him on Diamond Bar Boulevard. He will testify that he shot at the Decedent two times. | 1.0 | 1.5 - 2.0 |
| 4. Kyle Toves*, c/o defense counsel | He is a Deputy for the Los Angeles County Sheriff's Department. He will testify that he witnessed the Decedent walking on Diamond Bar Boulevard with an AR-15 and a bullet-proof vest. He will testify as to the facts known to him regarding the Decedent prior to encountering him on Diamond Bar | 0.5 | 0.5 |

| | | | |
|---|---|---|---|
| | Boulevard. He will further testify that the Decedent ignored commands to drop his weapon and approached within close proximity of Mr. Wiseman's vehicle. | | |
| 5. Christopher Bronowicki*, c/o defense counsel | He is a Detective for the Los Angeles County Sheriff's Department. He will testify that he witnessed the Decedent walking on Diamond Bar Boulevard with an AR-15 and a bullet-proof vest. He will testify that he provided commands for the Decedent to drop his weapon, which were ignored, while following the Decedent from Crooke Creek Drive to Diamond Bar Boulevard. He will further testify that he and Detective Vazquez used his vehicle for cover while following the Decedent to Diamond Bar Boulevard. | 0.5 | 0.5 |
| 6. Carlos De La Torre*, c/o defense counsel | He is a Deputy for the Los Angeles County Sheriff's Department. He will testify that he witnessed the Decedent walking on Diamond Bar Boulevard with an AR-15 and a bullet-proof vest. He will testify that he broadcast that a stabbing victim was in the area. He will testify that he used Detective Bronowicki's vehicle for cover while following the Decedent on Diamond Bar Boulevard. | 0.5 | 0.5 |
| 7. Patrick Coussa*, c/o defense counsel | He is a Sergeant for the Los Angeles County Sheriff's Department. He is expected to testify that he witnessed the Decedent walking on Diamond Bar Boulevard with an AR-15 and a bullet-proof vest. He is expected to testify regarding tactics used by the responding deputies and L-TAC | 0.5 | 0.5 |

JOINT WITNESS LIST

| | | | |
|---|---|---|---|
| | communications during the incident. | | |
| 8. Paul Gliniecki, MD, Los Angeles County Department of Medical Examiner, 1101 N Mission Rd, Los Angeles, CA 90033; (323) 343-0512 | Dr. Gliniecki performed the autopsy of the Decedent. Dr. Gliniecki will testify that the Decedent was struck by two bullets. He will testify that gunshot #1 entered the Decedent's lower abdomen and exited through his right hip. He will testify that gunshot #1 was potentially fatal. He will testify that gunshot wound #2 entered the Decedent's lower back and exited through his right upper abdomen. He will testify that gunshot wound #2 was rapidly fatal. | 0.5 | 0.75-1 |
| 9. Kevin McGovern*, c/o defense counsel | Mr. McGovern is a Los Angeles County Fire Department engineer/paramedic and primary patient caregiver who responded to the shooting of the Decedent. He will testify as to the Decedent's care and response levels in the ambulance after the shooting. | 0.5 | 0.5 |
| 10. Keoni Salazar*, c/o defense counsel | Mr. Salazar is a Los Angeles County Fire Department firefighter who responded to the shooting of the Decedent. He will testify regarding the transportation of the Decedent to Pomona Valley Hospital Medical Center | 0.5 | 0.5 |
| 11. Robert Farrell*, c/o defense counsel | Mr. Farrell is a Los Angeles County Fire Department Captain who responded to the shooting of the Decedent. He will testify regarding the transportation of the Decedent to Pomona Valley Hospital Medical Center. | 0.5 | 0.5 |

JOINT WITNESS LIST

| | | | |
|---|---|---|---|
| 12. Christopher Poptsis*, c/o defense counsel | Mr. Poptsis is a Los Angeles County Fire Department firefighter who responded to the shooting of the Decedent. He will testify regarding the transportation of the Decedent to Pomona Valley Hospital Medical Center | 0.5 | 0.5 |
| 13. Gary Durian*, c/o defense counsel | Mr. Durian is a Los Angeles County Fire Department paramedic driver who responded to the shooting of the Decedent. He will testify regarding the transportation of the Decedent to Pomona Valley Hospital Medical Center. | 0.5 | 0.5 |
| 14. Justin Neese*, c/o defense counsel | Mr. McGovern is a Los Angeles County Fire Department primary patient caregiver who responded to the shooting of the Decedent. He will testify as to the Decedent's care and response levels in the ambulance after the shooting. | 0.5 | 0.5 |
| 15. Brandon Wiseman, 6840 Dublin Drive, Chino, CA 91710, (909) 544-1842 | Mr. Wiseman was in his parked Tesla next to Deputy Barajas while the Decedent walked northbound on Diamond Bar Boulevard. He witnessed the shooting of the Decedent. He is expected to testify regarding his perceptions of the incident, as well as his mental state during the Decedent's encounter with LASD deputies. | 0.5 | 0.5 |
| 16. Vergel Sandifer*, 3065 Crooked Creek Dr., Pomona, CA, 91765, (909) 240-5089 | Vergel Sandifer witnessed the Decedent prior to the incident with LASD deputies. Mr. Sandifer lives on Crooked Creek Drive. He will testify that he was inside of his home when he heard a loud noise impact the front of his residence. He will testify that he walked outside and observed the Decedent | 0.5 | 0.5 |

| | | | | |
|---|---|---|---|---|
| | | armed with a rifle across the street. He will testify that the Decedent raised the rifle and pointed it directly at Mr. Sandifer. Mr. Sandifer will testify that he believed the Decedent pulled the trigger, but the rifle malfunctioned. He will further testify that he heard the suspect fire approximately 7-8 shots. He will testify that he observed the Plaintiff bleeding near the back shoulder area. | | |
| | 17. Janet Johansen*, 21221 Mapache Drive, Diamond Bar, CA 91765, (909) 568-8296 | Ms. Johansen will testify that she was traveling on Crooked Creek Drive when she heard approximately four gunshots. She will testify that she then witnessed the Decedent standing on the sidewalk near the passenger side of her vehicle. She will testify that the Decedent raised his rifle at the sky and fired a round. | 0.5 | 0.5 |
| | 18. Syed Razvi* | Mr. Razvi will testify that the Decedent came to his house on June 19, 2023, the day of the incident, at approximately 10:00 – 1030 a.m. He will testify that Plaintiff came to his house on June 18, 2023, crying because the Decedent did not come home the day before. He will testify that Plaintiff told Mr. Razvi that the Decedent had been in a depression. He will testify that on June 19, 2023, the Decedent and Plaintiff arrived at Mr. Razvi's residence, and the Decedent asked Plaintiff to leave. The Decedent appeared agitated and wanted to leave after a few minutes. Mr. Razvi will testify that he dropped the Decedent off at home afterwards. Mr. Razvi will testify that Plaintiff called him at approximately 11:36 a.m. and informed him that the Decedent stabbed | 0.5 | 0.5 |

| | | | | |
|---|---|---|---|---|
| | | her. | | |
| | 19. Jonathan Marehbian, MD, 8797 Beverly Blvd., Suite 350, West Hollywood, CA 90048, (424) 234-1118 | Dr. Marehbian is Defendants' retained neurology expert. Dr. Marehbian was retained as a rebuttal expert to Plaintiff's expert and forensic pathologist, Bennet Omalu, MD. Dr. Marehbian will rebut Dr. Omalu's opinions regarding the pain and suffering experienced by the Decedent before and after being shot. | 1.0 | 1.0 |
| | 20. Ed Flosi, 1519 E. Chapman Ave., #34, Fullerton, CA 92831, (408) 315-0520 | Ed Flosi is Defendants' retained police practices expert. He will testify that the deputies had a legitimate law enforcement purpose to contact, stop, and detain the Decedent based on the facts known to Deputy Barajas and Detective Vazquez prior to the encounter, and their observations during the encounter.<br><br>He will testify that the deputies' use of deadly force to (1) prevent an imminent threat or serious bodily injury or death created by the Decedent; and (2) prevent the escape of a subject that was armed and had committed a crime involving infliction or threaten infliction of serious physical injury or death was appropriate and consistent with current law enforcement training standards in consideration of the "totality of circumstances" presented to them prior to and during their encounter with the Decedent. | 1.0 | 1.0 – 1.5 |
| | 21. Joel Suss, Ph.D, Calgary, Alberta, CA, | Mr. Suss is Defendants' retained human factors expert. Mr. Suss will testify that Deputy Barajas and Detective Vazquez's use of deadly force was | 1.0 | 1.0 – 1.5 |

| | | | | |
|---|---|---|---|---|
| | (368) 993-8255 | reasonable based on the Decedent's ability to raise, point and fire his rifle at the deputies, or civilians, and the deputies' ability to perceive and react to this threat. He will further testify regarding the scientific principles of human reaction time. He will testify regarding Deputy Barajas' and Detective Vazquez's ability to reassess after each shot fired. | | |
| | 22. Parris Ward, P.O. Box 722, Pacific Palisades, CA 90272, (31) 454-0924 | Mr. Ward is retained as Defendant's forensic video analyst. He synchronized Deputy Barajas' and Detective Vazquez's body-worn camera videos side-by-side to display the incident with the Decedent from both deputies' perspectives, simultaneously. He also prepared a video stabilizing the movement of the Decedent and magnifying the position of the Decedent's body during the shooting. Mr. Ward will testify regarding the programs used to prepare the videos. He will testify regarding the approximate position of the Decedent, Deputy Barajas and Detective Vazquez during the incident. He will testify regarding the time elapse between each shot fired. | 0.5 | 0.5 - 1.0 |
| | 23. Bennet Omalu, MD, 1621 Executive Court, Sacramento, CA 95864; (279) 345-1300 | Dr. Omalu is the Plaintiff's retained forensic pathology. Dr. Omalu will testify regarding the pain and suffering experienced by the Decedent due to the incident. | 1.0 | 1.0-1.5 |

JOINT WITNESS LIST

| | | | |
|---|---|---|---|
| 24. Jeffrey Noble, Rancho Santa Margarita, CA 92688; (949) 279-4678 | Mr. Noble is the Plaintiff's retained police practices expert. Mr. Noble will testify that Deputy Marisol and Detective Vazquez violated LASD policies and procedures by shooting the Decedent. | 1.0 | 1.0-1.5 |
| 25. Justin Rosander, JSM Forensics, 872 Higuera Street, San Luis Obispo, CA 934001; (559) 321-2009, ext. 700 | Mr. Rosander is the Plaintiff's retained forensic video analyst. Mr. Rosander synchronized and prepared videos showing Deputy Barajas' and Detective Vazquez's body-worn camera footage side-by-side. | 0.5 | 0.5-1 |