**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
E-mail: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367S
Tel: (818) 347-3333; Fax: (818) 347-4118

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIE QUAN, individually and as successor in interest to BENJAMIN CHIN, deceased,<br><br>                              Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES; MARISOL BARAJAS; HECTOR VAZQUEZ; and DOES 3-10, inclusive,<br><br>                              Defendants. | Case No. 2:24-cv-04805-MCS-KS<br><br>*Assigned to*:<br>Hon Mark C. Scarsi<br>Hon. Mag. Judge Karen L. Stevenson<br><br>**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br><u>Final Pretrial Conference</u>:<br>Date:    January 26, 2026<br>Time:    2:00 p.m.<br>Crtrm:  7C<br><br><u>Trial</u>:<br>Date:    February 10, 2026 |

**PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

## I.    SUMMARY OF FACTUAL CONTENTIONS

On June 19, 2023, at approximately 11:30 a.m., Los Angeles County Sheriff's Deputies responded to the 2900 block of Crooked Creek Drive in Diamond Bar, California regarding reports of a man with a rifle. The deputies located Benjamin Chin ("Decedent") walking on the sidewalk along Crooked Creek Drive. The deputies observed Decedent wearing a rifle slung over the right side of his body. They also encountered Decedent's mother, Jennie Quan, who had non-life-threatening injuries. Ms. Quan pleaded with the deputies to not shoot her son. The deputies, including Deputy Hector Vazquez, followed Decedent as he walked to the intersection of Crooked Creek Drive and Diamond Bar Boulevard.

Diamond Bar Boulevard runs north to south. Decedent entered the intersection and then walked southbound in the middle of Diamond Bar Boulevard. Deputy Hector Vazquez left cover from behind a patrol vehicle that was slowly moving in the direction of Decedent to follow behind Decedent on the east sidewalk of Diamond Bar Boulevard. Deputy Marisol Barajas was driving northbound on Diamond Bar Boulevard when she spotted Decedent and pulled over, exited her vehicle, positioned herself behind the "V" of the open door of her patrol vehicle, and pointed her duty weapon at Decedent while giving him commands to drop the gun. Deputy Barajas observed Decedent walking with the rifle slung over the right side of his body with the barrel pointed down. Throughout the entire encounter while Deputy Barajas had her eyes on Decedent, she never saw Decedent touch the rifle, manipulate the rifle, raise the rifle, or point the rifle at anyone.

As Decedent slowly walked southbound on Diamond Bar Boulevard, Deputy Barajas gave Decedent repeated commands to put the gun down. When Decedent continued to walk slowly southbound, with the gun still resting against his chest and the barrel pointed down towards the ground, Deputy Barajas fired one shot at Decedent. Deputy Vasquez's Bodyworn Camera (BWC) captured this portion of the

shooting, which shows Decedent flinching as if struck by the gunshot. Decedent then briefly paused before slowly walking southbound, again with the rifle resting against his chest and the barrel pointed down. Deputy Barajas gave two additional commands to put the gun down before Deputy Vasquez fired one shot, paused while Deputy Barajas fired two additional shots, and Deputy Vasquez fired a final shot. After Deputy Barajas' second shot but before Deputy Vasquez's final shot, Decedent had stopped advancing and was bent over, before going down to the ground.

Deputy Barajas fired three shots total and Deputy Vazquez fired two shots total. There was an approximate six-second pause between the first shot (fired by Deputy Barajas) and the second shot (fired by Deputy Vazquez). There was an approximate seven-second pause between Deputy Barajas' first shot and her second shot. There was a five-second pause between Deputy Vasquez's first shot and second shot. Between all of the pauses, Decedent never touched the gun, manipulated the gun, raised the gun, or made any sudden or threatening movements.

## II.    **CONTENTIONS OF LAW**

### Claim 1: Fourth Amendment—Excessive Force

This survival claim, brought by Plaintiff Jennie Quan, contends that Defendants Marisol Barajas and Hector Vazquez used excessive force against Benjamin Chin in violation of his Fourth Amendment rights and 42 U.S.C. § 1983. Plaintiff seeks survival damages and attorneys' fees under this claim.

Elements:

1.    Marisol Barajas and Hector Vazquez Vaccari acted under color of law;

2.    Marisol Barajas and Hector Vazquez used excessive force against Benjamin Chin;

3.    The excessive force caused injury, damage, loss, or harm to Benjamin Chin.

*See* Ninth Circuit Manual of Model Jury Civil Instructions, No. 9.25.

Key Evidence: (1) testimonies of defendants; (2) testimonies of deputies at the scene; (3) testimonies of plaintiffs' expert witnesses; (4) videos capturing the incident; (5) still shots from videos capturing the incident; (6) forensic evidence, including autopsy report; (7) testimonies of plaintiff and damages witnesses; and (8) photographs of plaintiff and the decedent.

### Claim 6: Battery (Survival and Wrongful Death)

Plaintiff Jennie Quan brings this claim individually and as Benjamin Chin's successor-in-interest against Defendants Marisol Barajas, Hector Vazquez, and the County of Los Angeles. Plaintiff seeks survival damages for Mr. Chin's pre-death pain and suffering, loss of life, and loss of enjoyment of life. *See* Cal. Code Civ. Proc. § 377.34. Plaintiff also seeks wrongful death damages for the loss of Mr. Chin's love, companionship, comfort, care, assistance, protection, affection, society, and moral support. *See* Cal. Code Civ. Proc. § 377.60. Plaintiff also seeks punitive damages. The County of Los Angeles is vicariously liable for the conduct of Marisol Barajas and Hector Vazquez. *See* Cal. Gov. Code § 815.2(a).

Elements:

1. Marisol Barajas and Hector Vazquez used unreasonable force against Mr. Chin;

2. Marisol Barajas and/or Hector Vazquez's use of unreasonable force was a cause of injury or death to Mr. Chin.

*See* CACI 1305B (2025 edition).

Key Evidence: (1) testimonies of defendants; (2) testimonies of deputies at the scene; (3) testimonies of plaintiffs' expert witnesses; (4) videos capturing the incident; (5) still shots from videos capturing the incident; (6) forensic evidence, including autopsy report; (7) testimonies of plaintiff and damages witnesses; and (8) photographs of plaintiff and the decedent.

//

//

**Claim 7: Negligence (Survival and Wrongful Death)**

Plaintiff Jennie Quan brings this claim individually and as Benjamin Chin's successor-in-interest against Defendants Marisol Barajas, Hector Vazquez, and the County of Los Angeles. Plaintiff seeks survival damages for Mr. Chin's pre-death pain and suffering, loss of life, and loss of enjoyment of life. *See* Cal. Code Civ. Proc. § 377.34. Plaintiff also seeks wrongful death damages for the loss of Mr. Chin's love, companionship, comfort, care, assistance, protection, affection, society, and moral support. *See* Cal. Code Civ. Proc. § 377.60. The County of Los Angeles is vicariously liable for the conduct of Marisol Barajas and Hector Vazquez. *See* Cal. Gov. Code § 815.2(a).

Elements:

1. Marisol Barajas and/or Hector Vazquez were negligent;
2. The negligence of Marisol Barajas and/or Hector Vazquez was a cause of injury or death to Mr. Chin.

*See* CACI 401, 441 (2025 edition).

Key Evidence: (1) testimonies of defendants; (2) testimonies of deputies at the scene; (3) testimonies of plaintiffs' expert witnesses; (4) videos capturing the incident; (5) still shots from videos capturing the incident; (6) forensic evidence, including autopsy report; (7) testimonies of plaintiff and damages witnesses; and (8) photographs of plaintiff and the decedent.

**Claim 8: Violation of Cal. Civ. Code § 52.1 ("Bane Act")**

Plaintiff Jennie Quan brings this claim against Defendants Marisol Barajas, Hector Vazquez, and the County of Los Angeles. Plaintiff brings this claim as Benjamin Chin's successor-in-interest and seeks survival damages for Mr. Chin's pain and suffering, loss of life, and loss of enjoyment of life, and punitive damages. *Chaudhry v. City of Los Angeles*, 751 F.3d 1096 (9th Cir. 2014). The County of Los Angeles is vicariously liable for the conduct of Marisol Barajas and Hector Vazquez. *See* Cal. Gov. Code § 815.2(a).

Elements:

1. Marisol Barajas and/or Hector Vazquez used excessive force against Mr. Chin;

2. Marisol Barajas and/or Hector Vazquez intended to violate Mr. Chin's rights, demonstrated by these Defendants acting with reckless disregard for Mr. Chin's right to be free from excessive force;

3. The use of excessive force was a cause of injury, damage, harm, or death to Mr. Chin.

*See* CACI 3066; *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (citing *Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766, 801-802 (2017)).

Key Evidence: (1) testimonies of defendants; (2) testimonies of deputies at the scene; (3) testimonies of plaintiffs' expert witnesses; (4) videos capturing the incident; (5) still shots from videos capturing the incident; (6) forensic evidence, including autopsy report; (7) testimonies of plaintiff and damages witnesses; and (8) photographs of plaintiff and the decedent.

## III.    ANTICIPATED EVIDENTIARY ISSUES

Plaintiff has filed the following motions *in limine*:

1.    Plaintiffs' Motion *in Limine* No. 1 to Exclude Testimony of Defense Expert Joel Suss, PhD From Trial;

2.    Plaintiffs' Motion *in Limine* No. 2 to Exclude Testimony of Defense Expert Edward T. Flosi From Trial;

3.    Plaintiffs' Motion *in Limine* No. 3 to Exclude Opinions of Defense Expert John Marehbian, MD Not Disclosed in Rebuttal Report;

4.    Plaintiffs' Motion *in Limine* No. 4 to Exclude Evidence or References to Information Not Known to Defendant Deputies at the Time of the Incident;

## IV.    ANTICIPATED ISSUES OF LAW

None at this time.

## V.    BIFURCATION

Plaintiff requests that the issue of the amount of punitive damages to be awarded, if any, be bifurcated from the remainder of the trial. At this time, Plaintiff does not request bifurcation of any other issues. However, subject to the Court's rulings on Plaintiffs' pending Motions *in Limine*, Plaintiffs may request bifurcation of liability and damages if the Court allows admission of certain prejudicial evidence solely on the basis that such evidence is relevant only to damages.

## VI.    JURY TRIAL

The issues herein are triable to a jury as a matter of right.  The parties made a timely demand for trial by jury.

## VII.    ATTORNEYS' FEES

If Plaintiff prevails at trial, they are entitled to attorneys' fees under 42 U.S.C. § 1988, *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983), and under state law pursuant to California Civil Code Section 1021, *et seq.*

## VIII.    ABANDONMENT OF ISSUES

The following claims have been dismissed/adjudicated: Fourth Amendment—Denial of Medical Care claim, and all Plaintiff's *Monell* claims for Unconstitutional Custom, Practice, or Policy, Ratification, and Inadequate Training.


Respectfully submitted,


DATED:  January 5, 2026          LAW OFFICES OF DALE K. GALIPO



By_____/s/ Hang D. Le_____
         Dale K. Galipo
         Hang D. Le
         Attorneys for Plaintiff