**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
E-mail: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIE QUAN, individually and as successor in interest to BENJAMIN CHIN, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES; MARISOL BARAJAS; HECTOR VAZQUEZ; and DOES 3-10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-04805-MCS-KS<br><br>*Assigned to*:<br>Hon Mark C. Scarsi<br>Hon. Mag. Judge Karen L. Stevenson<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE OPINIONS OF DEFENSE EXPERT JOHN MARAHEBIAN, MD NOT DISCLOSED IN REBUTTAL REPORT**<br><br>Final Pretrial Conference:<br>Date: January 26, 2026<br>Time: 2:00 p.m.<br>Crtrm: 7C<br><br>Trial:<br>Date: February 10, 2026 |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** that Plaintiff Jennie Quan hereby moves the Court, by way of this Motion in Limine No. 3, to exclude defense expert John Marahebian, MD, from offering certain opinions that were not initially disclosed in his rebuttal report. Plaintiff makes this Motion under Federal Rules of Procedure 26 and 37.

**Statement of Local Rule 7-3 Compliance**: This motion is made following a conference of counsel during which no resolution could be reached.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

DATED: January 5, 2026            LAW OFFICES OF DALE K. GALIPO

By  /s/ Hang D. Le
　　Dale K. Galipo
　　Hang D. Le
　　Attorneys for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This civil rights case arises from the officer-involved shooting death of Benjamin Chin on June 19, 2023 by County of Los Angeles Sheriff's Department Deputies Marisol Barajas and Hector Vazquez. In Plaintiff's initial expert disclosures, Plaintiff disclosed the report of retained forensic pathology expert, Dr. Bennet Omalu, to opine on the the nature of Decedent's wounds, including a trajectory analysis of his gunshot wounds, and Decedent's pain and suffering as a result of the incident. Defendants subsequently retained Dr. John Marehbian, a neurologist, the rebut Dr. Omalu's opinions that Decedent continued to experience pain and suffering even after he was admitted into the hospital and was documented with a Glasgow Coma Scale of 3/15. However, approximately a month later at Dr. Marehbian's deposition, Dr. Marehbian offered new opinions that had not been in his report in addition to the opinions contained in his report, including opining that before Decedent was admitted into the hospital with a Glasgow Coma Sclae of 3/15, Decedent experienced variable levels of pain and suffering, such that at times he did not experience any pain and suffering despite still be awake and responsive. Plaintiff now moves to exclude any and all opinions by Dr. Marehbian that were not timely disclosed in his initial rebuttal report.

## II. LEGAL STANDARD

"Although Rule 26(e) obliges a party to 'supplement or correct' its disclosures upon information later acquired, this 'does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report…" *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010). "[A] supplemental expert report that states additional opinions or seeks to strengthen or deepen opinions expressed in the original report is beyond the scope of proper supplementation and subject to exclusion under Rule 37(c)." *Id.* (cleaned up) (citing

*Cohlmia v. Ardent Health Servs.*, LLC, 254 F.R.D. 426, 433 (N.D. Okla.2008)). Rule 37(c)(2) "give teeth" to the disclosure requirements under Rule 26(a) "by forbidding the use at trial of any information required to be disclosed" that was not properly disclosed. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)

### III.  DR. MAREHBIAN'S UNTIMELY OPINIONS SHOULD BE EXCLUDED

Dr. Marehbian's report states that it "specifically addresses Dr. Omalu's conclusions concerning the presence and duration of conscious pain and suffering experienced by Mr. Benjamin Chin." (Ex. 5 to Le Decl., Marehbian Report at 1). His report goes on to specifically rebut Dr. Omalu's contention that Decedent experienced pain and suffering starting when he first encountered law enforcement and ending with "the complete cessation of al bodily functions, including cardiac and respiratory arrest." Dr. Marehbian opines that Decedent experienced "at most, a short-lived period of pain in the immediate after of the injury" and that by the time Decedent was admitted into the hospital with a Glasgow Coma Scale score of 3/15, "there was a total loss of consciousness" and therefore, he could not have experienced pain and suffering after that time. (*Id.* at 5, 8). Later at his deposition, Dr. Marehbian offered new opinions regarding the variable levels of pain Decedent experienced while still awake and responsive. This opinion is untimely as it was not expressed in any way in his report. Accordingly, Dr. Marehbian should be precluded from offering such new opinions, pursant to Rule 37(c).

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court preclude defense expert Dr. John Marehbian from testifying on subjects or offering opinions that were not initially disclosed in his rebuttal report.

1  Respectfully submitted,

3  DATED: January 5, 2026        LAW OFFICES OF DALE K. GALIPO

                        By  */s/ Hang D. Le*
                            Dale K. Galipo
                            Hang D. Le
                            Attorneys for Plaintiff