**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
E-mail: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIE QUAN, individually and as successor in interest to BENJAMIN CHIN, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES; MARISOL BARAJAS; HECTOR VAZQUEZ; and DOES 3-10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-04805-MCS-KS<br><br>*Assigned to*:<br>Hon Mark C. Scarsi<br>Hon. Mag. Judge Karen L. Stevenson<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OR REFERENCES TO INFORMATION NOT KNOWN TO DEFENDANT DEPUTIES AT THE TIME OF THE INCIDENT**<br><br>Final Pretrial Conference:<br>Date:    January 26, 2026<br>Time:    2:00 p.m.<br>Crtrm:   7C<br><br>Trial:<br>Date:    February 10, 2026 |

---

1                                                                         2:24-cv-04805-MCS-KS
PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OR
REFERENCES TO INFORMATION NOT KNOWN TO DEFENDANT DEPUTIES AT THE TIME OF THE
INCIDENT

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** that Plaintiff Jennie Quan hereby moves the Court, by way of this Motion in Limine No. 4, to exclude Defendants from introducing evidence, argument, or references to information not known to the defendant deputies at the time of the incident at trial. Plaintiff makes this Motion under Federal Rules of Evidence 401, 402, 403, and 404.

**Statement of Local Rule 7-3 Compliance**: This motion is made following a conference of counsel during which no resolution could be reached.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

DATED: January 6, 2026                    LAW OFFICES OF DALE K. GALIPO

By _____*/s/ Hang D. Le*_____
　　Dale K. Galipo
　　Hang D. Le
　　Attorneys for Plaintiff

2                    2:24-cv-04805-MCS-KS

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OR REFERENCES TO INFORMATION NOT KNOWN TO DEFENDANT DEPUTIES AT THE TIME OF THE INCIDENT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This civil rights case arises from the officer-involved shooting deaht of Benjamin Chin ("Decedent") on June 19, 2023 by County of Los Angeles Sheriff's Department Deputies Marisol Barajas and Hector Vazquez. Neither defendant deputy had ever encountered Decedent prior to the date of the incident nor knew anything about him except the information they were given over dispatch and their radio channels. Plaintiff, Decedent's mother, is proceeding to trial on calims for (1) Excessive Force under the Fourth Amendment, pursuant to 42 U.S.C. 7 1983; (2) Battery under California law; (3) Negligence under California law; and (4) Violation of California Civil Code section 52.1 (Bane Act). As explained herein, the jury's evaluation of Plaintiff's core claims can only be based on the information known to the defendant deputies at the time they used force.

Accordingly, by way of this Motion, Plaintiff seeks to exclude at trial evidence, argument, and references to any information about Decedent that was not known to the defendant deputies at the time of their uses of force. Such information was unknown to the defendant deputies during their encounter with Decedent, is likely to unduly prejudice the jury against Decedent and plaintiff, and constitutes improper character evidence. According, Plaintiff seeks to exclude introduction to, references to or argument concerning the following evidence and related details contained therein, at trial:

- March 7, 2019 contact with law enforcement, including details that Decedent told an officer that he had suicidal thoughts, details regarding a U.S. DOJ/FBI file that was generated from a tip regarding Decedent based on Facebook posts, and Decedent being held on a 5150 as a result of the contact;
- Details regarding the restraining order taken by the Yen family against

1  Decedent, which included Decedent having to surrender firearms
2  - June 13, 2023 court appearance for the restraining order and subsequent
3     contact with law enforcement due to Decedent's outburst in court;
4  - June 17, 2023 contact with law enforcement that resulted from Decedent
5     attempting to turn over his firearm to a gun store;
6  - Evidence collected from Decedent's house after the incident, including 3D
7     print files for gun parts found on Decedent's computer;
8  - Decedent's journal and calendar, which includes his internal thoughts and
9     struggles
10 - Testimony from percipient witnesses that witnessed Decedent with his rifle
11    before defendant deputies responded to the scene (details of which were not
12    communicated to the defendant deputies); and
13 - Testimony from Syed Razvi, Decedent's deceased friend's father, who
14    interacted with Decedent on the day of the incident, and received a call from
15    Plaintiff informing him that Decedent had stabbed her.

## II. ARGUMENT

### A. Information Unknown to Defendant Deputies is Not Relevant

Under Federal Rule of Evidence 401, evidence is only relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and the fact is "of consequence in determining the action." Fed. R. Evid. 401(a). Evidence that is not relevant is inadmissible. Fed. R. Evid. 402. In determining whether an officer's use of force was objectively reasonable, trial courts and juries must confine their inquiry to the information known to the officer at the time of the use of force. *See Graham v. Connor*, 490 U.S. 386, 396 (1989). "The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions made in uncertain and often dangerous circumstances." *Tennessee v. Garner*, 471 U.S. 1, 26 (1985). The "reasonableness" standard is an objective one.

*Kingsley v. Hendrickson*, 576 U. S. 389, 402 (2015).

The Ninth Circuit has held that information unknown to an officer at the time of his use of force — including information acquired after the incident by investigators or during discovery — cannot be considered. *Glenn v. Washington County*, 673 F.3d 864, 873 (9th Cir. 2011). In *Glenn*, unbeknownst to the shooting officer at the time of the incident, a witness had told a 911 operator that the suspect "was threatening to kill everybody" and might "run at the cops with a knife." *Id.* The Ninth Circuit flatly rejected the district court's "suggestion that . . . these statements provided 'uncontroverted evidence demonstrat[ing] that the officers' safety concerns were not at odds with information provided to law enforcement." *Id.* at 873 n.8. The Court explained that "[w]e cannot consider evidence of which the officers were unaware--the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways." *Id.* (quoting *Graham*, 490 U.S. at 396). Accordingly, juries in the Ninth Circuit are expressly instructed that they "must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene," based on "the facts known to the officer." Ninth Circuit Model Jury Instruction 9.25.

The relevant legal issue is thus whether defendant deputies' use of force against Decedent was "'objectively reasonable' in light of the facts and circumstances confronting them." *See Graham*, 490 U.S. at 397. The reasonableness analysis must be based only "upon the information the officers had when the conduct occurred." *Saucier v. Katz*, 533 U.S. 194, 207 (2001); *see Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1232-33 (9th Cir. 2013) ("[W]e can only consider the circumstances of which [the officers] were aware when they employed deadly force"). Here, defendant deputies contend that they shot Decedent because they believed he posed an immediate threat of death or serious bodily injury when they saw that he possessed a rifle. The defendant deputies admitted that they did not know

Decedent prior to the incident date and had no knowledge of his background, including prior law enforcement contacts, prior bad acts, or court records. Moreover, defendant deputies were not told about witness statements to 911, only that there had been reports of a man with a gun, who had fired shots into the air. Presentation to the jury of evidence or argument on these subjects would allow the jury to expand the scope of its excessive force analysis, which is impermissible under Graham and related precedent, and therefore is not relevant and should be excluded.

### B. Evidence of Decedent's Prior Contacts with Law Enforcement and Restraining Order Are Unfairly Prejudicial

Exposing the jury to information that was unknown to the defendant deputies at the time of the shooting would unduly prejudice Plaintiff by creating a substantial risk of a decision by the jury on an improper basis. Rule 403 provides for the exclusion even of relevant evidence "if its probative value is substantially outweighed by a danger of…unfair prejudice, confusing the issues, [and/or] misleading the jury..." Evidence is unfairly prejudicial if it creates an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *see Larez v. City of Los Angeles*, 946 F.2d 630, 642 n.5 (9th Cir. 1991) (evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses).

Evidence regarding a party's negative interaction with law enforcement is particularly susceptible to improper use or consideration by juries. "As the Ninth Circuit has explained, 'evidence of other crimes or wrong acts is not looked upon with favor and must be carefully scrutinized to determine probative value.'" *Hermosillo v. County of San Bernardino*, 2017 WL 5479645, at *2 (C.D. Cal. Feb. 16, 2017) (quoting *United States v. Aims Back*, 588 F.2d 1283, 1287 (9th Cir. 1979)); see id. (finding "that any probative value regarding [decedent's] prior arrests (as

opposed to convictions) or the nature of the outstanding warrant would be substantially outweighed by the significant risk of unfair prejudice to plaintiffs"); *see also Jackson v. City of Gahanna*, 2011 WL 587283, at *5 (S.D. Ohio Feb. 9, 2011) ("Allowing evidence of the illegal items seized from the Plaintiff . . . would undermine the protections of the Fourth Amendment by permitting the jury to infer that the Plaintiff's culpability or status as a presumed drug dealer justify the Defendant's use of force against him."). "[E]ven a murderer has a right to be free from [civil rights violations] and the correlative right to present his claim[s] of [violations] to a jury that has not been whipped into a frenzy of hatred." *Wilson v. City of Chicago*, 6 F.3d 1233, 1236 (7th Cir. 1993).

Details regarding Decedent's prior contacts with law enforcement and the restraining order taken out against him, all of which the defendant deputies were unaware at the time they used force against him, are likely to lead the jury to an improper, emotional decision. Allowing the jury to hear testimony or evidence regarding unrelated encounters with law enforcement and the court system — details that are wholly irrelevant, as explained above — would create a significant risk of prejudice based on jurors' views of the propriety of Decedent's past decisions or what they perceive to be his morals or quality of character. Introduction of such evidence risks the jury impermissibly deciding the reasonableness of the deputies' force based on its view of who Decedent was as a person, or based on a desire to punish Decedent (or not "reward" Plaintiff, his heir), rather than on the circumstances facing and known to the deputies at the time. *See Engman v. City of Ontario*, 2011 WL 2463178, at *10 (C.D. Cal. June 20, 2011) ("even if the evidence of plaintiffs' prior convictions and bad acts were admissible for a non-character purpose, the probative value of such evidence is substantially outweighed by the unfair prejudice to plaintiffs" under Rule 403); *Hosey v. City of Los Angeles*, 2011 WL 13213573, at *5 (C.D. Cal. Feb. 25, 2011) (explaining, in § 1983 case arising from domestic

violence call, that evidence plaintiff had been in prior domestic arguments "that involved 'some shoving'" was "substantially prejudicial" and that "[t]here is a substantial risk that the jury may infer from th[at] fact ... that plaintiff engaged in acts of domestic violence on the day of the incident," and excluding evidence under Rule 403 after "[b]alancing the substantial risk of unfair prejudice against the minimally probative value of the evidence").

Admission of such evidence also poses a substantial risk of leading to "litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues." *Blancha v. Raymark Industries*, 972 F.2d 507, 516 (3d Cir. 1992); see Arlio v. Lively, 474 F.3d 46, 53 (2d Cir. 2007); *Rockwell v. Yukins*, 341 F.3d 507, 513 (6th Cir. 2003) (en banc). The central factual dispute in this case is whether Decedent posed an immediate threat of death or serious bodily injury to anyone when the defendant deputies fired at Decedent. Refuting the inferences of criminal liability and character deficits would necessitate several mini trials on collateral issues that have nothing to do with the central factual dispute, thereby "confusing the issues, misleading the jury," Fed. R. Evid. 403, "turn[ing] the trial of defendants into a trial of [decedent]," *Wilson*, 6 F.3d at 1236, and depriving Plaintiff of a fair trial, *Blancha*, 972 F.2d at 516.

### C. Decedent's Prior Contacts with Law Enforcement and Restraining Order Are Improper Character Evidence

Under the Federal Rules of Evidence, Rule 404, many of the foregoing items of evidence Plaintiff seeks to exclude cannot be used to prove that Decedent acted in conformity with some general "bad character" during the incident. Rule 404(a)(1) specifically prohibits character evidence, stating that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Further, Ninth Circuit case law is clear that character evidence is normally not admissible in a civil rights case.

*See Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Character must be "in issue," *i.e.*, an essential element of a charge, claim, or defense, for character evidence to be admitted. *See* Adv. Comm. Notes, Fed. R. Evid. 405(b); *United States v. Mendoza–Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002). Character is not an essential element in any claim or defense to be tried in this matter. For example, testimony or evidence from information gathered after the incident relating to any unknown history or other crimes, wrongs, or acts, or investigative findings poses a danger that the jury will (1) improperly infer that defendant officers knew this information, (2) improperly infer that Decedent had the propensity to act violently or recklessly toward the defendant officers, and (3) reach a verdict that does not reflect the circumstances facing the officers at the time.

Rule 404 is most implicated by Defendants' intention to introduce evidence of details regarding Decedent's three prior contacts with law enforcement, including details regarding a 5150 hold, an FBI file, and a restraining order. Such evidence cannot be used to show Decedent's character or that he acted in conformity therewith. *Palmerin v. Riverside*, 794 F.2d 1409, 1414 (9th Cir. 1985) (excluding "any circumstantial evidence that requires an inference of a person's character to make it relevant"). Moreover, any argument that this evidence is admissible under Rule 404(b)(2) or 406 is unavailing. Admission of the information unknown, including as listed herein, would be nothing more than a backdoor attempt to tarnish Decedent's character and pollute the jury against him.

**D. Information Unknown to Defendant Deputies Is Inadmissible under *Boyd***

To the extent that Defendants argue such evidence is relevant pursuant to *Boyd v. City and County of San Francisco*, 576 F.3d 938 (9th Cir. 2009), subsequent cases within the Ninth Circuit have limited *Boyd*'s holding to a specific set of circumstances that are not present here. As another court in this district recognized,

"[i]n Boyd, we have a traumatic life-changing event that caused the amputation of both of the decedent's legs 'that could be tied to police action,' which made it more likely that [the decedent] resolved to place liability for his death on the police, and "there was evidence that [the decedent] was arrested three days prior while performing a 'practice run' during which he exclaimed "kill me," and the decedent "was aware of the substantial damages his family could receive if the police were found liable for his death." *Shirar v. Guerrero*, No. EDCV13906JGBDTBX, 2017 WL 6001270, at *10 (C.D. Cal. Aug. 2, 2017). And, "[s]ince *Boyd*, the Ninth Circuit appears to have retreated somewhat from its holding." *Estate of Tindle v. Mateu*, No. 18-CV-05755-YGR, 2020 WL 5760287, at *11 (N.D. Cal. Sept. 28, 2020) (citing *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1232-33 (9th Cir. 2013); *Glenn.*, 673 F.3d at 873 n.8; *see Morad v. City of Long Beach*, No. CV166785MWFAJWX, 2018 WL 11352372, at *6 (C.D. Cal. June 15, 2018) (recognizing that it was "apparent that the Ninth Circuit has clarified its position on unknown, preshooting knowledge, holding that it is inadmissible to establish the reasonableness of an officer's conduct."); *Ruvalcaba v. City of Los Angeles*, No. 2:12-CV-06683-ODW, 2014 WL 4426303, at *2 (C.D. Cal. Sept. 8, 2014) (same).

Additionally, this incident was captured on video from several different angles, which will allow the jury to decide for themselves as to whether the deputies correctly perceived Decedent to be an imminent threat at the time of the shooting, without the need for extrinsic evidence. There is no dispute that Decedent did not manipulate the rifle, raise the rifle, or point the rifle at any time prior to or during the shooting. Nor is there any dispute that the video blatantly contradicts Deputy Vazquez's claim that Decedent suddenly raised his right arm immediately prior to Deputy Vazquez's first shot or that Decedent turned and faced Deputy Vazquez prior to Deputy Vazquez's second shot. Thus, the information unknown to the defendant deputies has no probative value to the use of force analysis in light of the video

evidence of the shooting and to the extent that there some probative value could be found, it is outweighed by the prejudicial effect of the evidence. *See Esate of Tindle v. Mateu*, No. 18-CV-05755-YGR, 2020 WL 5760287, at *12 (N.D. Cal. Sept. 28, 2020) (finding that *Boyd* did not require the admission of evidence unknown to the officer that the decedent possessed or fired a gun just prior to the officer's arrival because the officer's body camera captured the entire incident such that there was no material dispute as to the conduct of decedent and the officers before and at the time of the shooting, and therefore, information unknown to the officer had little to no probative value on the question of whether the officer correctly perceived the decedent to be an imminent threat); *I.H. v. California*, No. 2:19-CV-02343-DAD-AC, 2025 WL 531798, at *3 (E.D. Cal. Feb. 18, 2025) (prejudicial evidence of decedent's drug use on the day of the incident had almost no probative value in light of the video footage capturing decedent's driving behavior); *Estate of O'Brien v. City of Livingston*, No. 18-cv-00106-BLG-TJC, 2021 WL 3565574, at *1–2 (D. Mont. Aug. 12, 2021) (excluding evidence of decedent's drug use during the incident where video of the interaction existed and thus the case was "not a situation where evidence of intoxication may tend to support one version of events of another.").

### E. Conditional Request for Bifurcation of Liability and Damages

Should the Court find that some evidence of Decedent's prior contacts with law enforcement or with the court system may have some relevance on the basis of damages, Plaintiff requests that the Court bifurcate trial into two phases: liability and damages. The Ninth Circuit has observed that "where…graphic and prejudicial evidence about the victim has little, and in large part no, relevant to the liability issue, district courts should bifurcate to avoid [prejudicial error]"). *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 603 (9th Cir. 2016).

//
//

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully request the Court issue an order excluding any evidence, references, or arguments to information not known to the defendant deputies at the time of the incident.

Respectfully submitted,

DATED: January 5, 2026         LAW OFFICES OF DALE K. GALIPO

                              By          */s/ Hang D. Le*
                                 Dale K. Galipo
                                 Hang D. Le
                                 Attorneys for Plaintiff