**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
E-mail: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIE QUAN, individually and as successor in interest to BENJAMIN CHIN, deceased,<br><br>                    Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES; MARISOL BARAJAS; HECTOR VAZQUEZ; and DOES 3-10, inclusive,<br><br>                    Defendants. | Case No. 2:24-cv-04805-MCS-KS<br><br>Assigned to:<br>Hon Mark C. Scarsi<br>Hon. Mag. Judge Karen L. Stevenson<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2 TO PRECLUDE PLAINTIFF FROM DISPLAYING AUTOPSY AND POSTSHOOTING PHOTOGRAPHS OF DECEDENT**<br><br>Final Pretrial Conference:<br>Date:   January 26, 2026<br>Time:   2:00 p.m.<br>Crtrm:  7C<br><br>Trial:<br>Date:   February 10, 2026 |

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

This civil rights case arises out of the officer-involved shooting death of Benjamin Chin ("Decedent") by Los Angeles County Sheriff's Department Deputies Marisol Barajas and Hector Vazquez on June 19, 2023. Jennie Quan, Decedent's mother and the plaintiff in this case, brings claims for Fourth Amendment – Excessive Force (42 U.S.C. § 1983), state law battery, state law negligence, and violation of California Civil Code section 52.1 (Bane Act). Under Plaintiff's Fourth Amendment Excessive Force claim, Plaintiff seeks survival damages, including pre-death pain and suffering and loss of life. *See Valenzuela v. City of Anaheim*, 6 F.4th 1098, 1102–03 (9th Cir. 2021); *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014). Plaintiff further seeks survival damages, including pre-death pain and suffering, under Plaintiff's state law claims. *See* Cal. Civ. Proc. Code § 377.34. Defendants have moved to preclude Plaintiff from introducing autopsy or post-shooting photographs of Decedent. For the reasons discussed herein, Plaintiff opposes Defendants' motion in its entirety.

## II.   ARGUMENT

**A. Autopsy Photographs Are Relevant to Plaintiff's Claims and Damages**

Autopsy photographs showing the injuries sustained by Decedent as a result of the incident are relevant to how the Decedent died and the positioning of the bullet wounds are relevant to show how Decedent sustained those gunshot wounds, including identifying which deputy inflicted which gunshot wound on Decedent. The photographs of the gunshot wounds and blunt force injuries are relevant to the medical examiner's testimony of the autopsy he conducted as well as Plaintiff's forensic pathologist's opinions regarding the nature and extent of the injuries and the pain and suffering Decedent experienced prior to death. Courts have routinely denied exclusion of autopsy photographs on relevance grounds in police shooting cases and

1  even cases where the cause of death is uncontested or stipulated to, as autopsy
2  photographs are relevant to the issue of liability. *See, e.g., Walden v. Shinn*, 990 F.3d
3  1183, 1204–05 (9th Cir. 2021) (prosecution not required to refrain from introducing
4  relevent evidence of autopsy photos of injuries simply because the defense chooses
5  not to contest the point); *United States v. Benally*, 656 F. App'x 858, 859 (9th Cir.
6  2016) (admission of autopsy photos did not create danger of undue prejudice that
7  substantially outweighed their probative value because the visual depiction made it
8  easier to grasp the expert testimony regarding cause of death and stipulation to the
9  cause of death did not relieve the prosecution's burden of proof to prove ever element
10 of the crime); *Monroy v. Cnty. of Riverside*, No. 5:21-CV-1278-MEMF-KK, 2025
11 WL 3268585, at *3 (C.D. Cal. Nov. 21, 2025) (relatively small number of autopsy
12 photos were probative due to coroner's testimony); *Craig v. Cnty. of Orange*, No.
13 SACV1700491CJCKESX, 2019 WL 12379198, at *11 (C.D. Cal. Sept. 5, 2019)
14 (autopsy photos of decedent's wounds relevant to decedent's pain and suffering);
15 *Archibald v. Cnty. of San Bernardino*, No. EDCV1601128ABSPX, 2018 WL
16 6070998, at *3 (C.D. Cal. Feb. 28, 2018) (autopsy photos relevant to liability and
17 damages).

**B. Autopsy Photographs are More Probative Than Prejudicial**

19 Plaintiff has identified thirteen autopsy photographs that are relevant to
20 Plaintiff's claims and damages, eleven of which depict the gunshot wounds sustained
21 by Decedent. *Cf. Monroy*, 2025 WL 3268585, at *3 (the number of autopsy photos
22 were relatively small such that they were more probative than prejudicial). The
23 remaining two are photographs of abrasions sustained by Decedent on Decedent's
24 arm. Plaintiff has redacted the photographs such that none of the photographs show
25 Decedent's face or the entirety of Decedent's in-tact body and Decedent's private
26 parts are not visible in any of them. Additionally, the majority of the gunshot wound
27 photographs are close-up shots and were taken after medical intervention and after

1  Decedent's body had been cleaned of blood residue and generally show the cleaned-
2  up gunshot wound and the bruising around the wound. *See United States v. Gomez*,
3  No. 118CR00002JLTSKO, 2022 WL 1778231, at *6–7 (E.D. Cal. June 1, 2022)
4  (finding that autopsy photographs presented in a clinical fashion reduces their shock
5  value and permitting the government to introduce twelve crime scene photogrpahs of
6  the decedent's body because the probative value of *some* autopsy photographs is not
7  substantially outweighed by unfair prejudice); *Walden*, 990 F.3d at 1204–05
8  (agreeing with the district court's finding that the close-up autopsy photograpsh
9  decedent's wounds after the decedent's body had been washed were not unduly
10 prejudicial). Two of the photographs show the trajectory of the gunshot wounds from
11 outside of the body. None of the photographs depict any gory or gruesome internal
12 injuries to Decedent's body. *Cf. Benally*, 656 F. App'x at 859 ("autopsy photo of the
13 victim's heart and open chest cavity did not create a danger of undue prejudice that
14 substantially outweighed their probative value" as the photos were probative of how
15 the victim died). Due to the limited number of photographs Plaintiff seeks to
16 introduce, and the nature of the photographs, which present a sanitized, clinical view
17 of Decedent's injuries, the autopsy photographs are not unduly prejudicial.

## III. CONCLUSION

19     For the foregoing reasons, the Court should deny Defendants' Motion in
20 Limine to preclude Plaintiff from displaying autopsy and post-shooting photographs
21 of Decedent in its entirety.
22 //
23 //
24 //
25 //
26 //
27 //
28

Respectfully submitted,

DATED: January 12, 2026          LAW OFFICES OF DALE K. GALIPO

                                 By  */s/ Hang D. Le*
                                    Dale K. Galipo
                                    Hang D. Le
                                    Attorneys for Plaintiff