**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
E-mail: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIE QUAN, individually and as successor in interest to BENJAMIN CHIN, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES; MARISOL BARAJAS; HECTOR VAZQUEZ; and DOES 3-10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-04805-MCS-KS<br><br>*Assigned to*:<br>Hon Mark C. Scarsi<br>Hon. Mag. Judge Karen L. Stevenson<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 3 TO PRECLUDE EVIDENCE OF OTHER CLAIMS, LAWSUITS, SETTLEMENTS, VERDICTS, JUDGMENTS, COMPLAINTS, ADMINISTRATIVE INVESTIGATIONS OR PROCEEDINGS AND/OR OTHER ALLEGED INCIDENTS CONCERNING DEFENDANTS OR OTHER MEMBERS OF LAW ENFORCEMENT AND THE LOS ANGELES SHERIFF'S DEPARTMENT**<br><br><u>Final Pretrial Conference</u>:<br>Date:   January 26, 2026<br>Time:   2:00 p.m.<br>Crtrm:  7C<br><br><u>Trial</u>:<br>Date:   February 10, 2026 |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This civil rights case arises out of the officer-involved shooting death of Benjamin Chin ("Decedent") by Los Angeles County Sheriff's Department Deputies Marisol Barajas and Hector Vazquez on June 19, 2023. Jennie Quan, Decedent's mother and the plaintiff in this case, brings claims for Fourth Amendment – Excessive Force (42 U.S.C. § 1983), state law battery, state law negligence, and violation of California Civil Code section 52.1 (Bane Act). Defendants have moved to preclude Plaintiff from introducing evidence of other claims, lawsuits, settlements, verdicts, judgments, complaints, administrative investigations or proceedings, and/or other alleged incidents concerning Defendants or other law enforcement and the Los Angeles Sheriff's Department. Defendants have also moved for the exclusion of any and all evidence and references to the administrative/internal investigation of *this incident*, including deputy witness statements made during the course of the investigation. For the reasons discussed herein, Plaintiff opposes Defendants' Motion in its entirety.

### II. ARGUMENT

**A. Defendants' Motion is Overbroad**

"Motions in limine that seek exclusion of broad and unspecific categories of evidence…are generally disfavored." *Forbes v. Cnty. of Orange*, No. SACV111330JGBANX, 2013 WL 12165672, at *4 (C.D. Cal. Aug. 4, 2013) (citing *Sperberg v. The Goodyear Tire and Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975)). When confronted with such a motion, courts generally "deal with questions of admissibility of evidence as they arise in actual trial as opposed to tackling the matter in a vacuum on a motion in limine." *Id.* (cleaned up) (quoting *Sperberg*, 519 F.2d at 712). Defendants' Motion in Limine seeking general exclusion of unrelated incidents and any and all evidences and references to the adminstrative/internal investigation of the incident is overly broad as it fails to identify any specific evidence it seeks to

exclude and thus, should be denied. *See Forbes*, 2013 WL 12165672, at *6–7 (declining to rule on similar motion as overly broad and premature).

### B. Specific Evidence of Unrelated Incidents is Admissible

Plaintiff does not intend on introducing any evidence of unrelated incidents, including claims, lawsuits, settlements, verdicts, judgments, complaints, or administrative investigations or proceedings of other, unrelated incidents. However, Plaintiff reserves the right to do so should Defendants open the door to such evidence. Additionally, while Plaintiff does not intend to introduce such evidence, tangentionally related evidence may come out through expert testimony, in establishing an expert's experience and expertise. Plaintiff should be able to elicit testimony from experts regarding their work on other use of force cases as it relates to their experience and expertise.

### C. Evidence of the Administrative/Internal Investigation and Statements Made During the Investigaion Are Admissible

Evidence of the adminstrative investigation or internal investigation into *this* incident is highly relevant and probative to the issues in this case. Statements made by witnesses, including defendant deputies and other LASD deputies, regarding the incident were the freshest when they were made shortly after the incident during the administrative investigation. Over time, witnesses are unable to recall certain facts they were able to recall in detail shortly after the event occurred. Thus, these statements may help refresh a witness's recollection or impeach the witness on divergent facts testified to under oath. *See Alvarez v. King Cnty.*, No. C16-0721RAJ, 2017 WL 3189025, at *6–7 (W.D. Wash. July 27, 2017) (officer statements made during the course of the department's internal investigation was admissible for the purpose of impeaching the witness in accordance with Federal Rule of Evidence 801(d)); *Gonzalez v. Olson*, 11 C 8356, 2015 WL 3671641, at *17 (N.D. Ill. June 12, 2015) ("Prior statements made as part of the [ ] investigation may be used for impeachment or as a party admission when appropriate."); *United States v.*

*Rubin/Chambers, Dunhill Ins. Servs.*, 828 F. Supp.2d 698, 710 (S.D.N.Y. 2011) ("Defendants may cross-examine cooperating witness regarding statements they made during investigatory interviews and may use the notes or reports to refresh witnesses' recollections."). Moreover, Defendants experts relied almost exclusively on the defendant deputies' statements made pursuant to the administrative/internal investigation to form their opinions and Plaintiff should be able to cross-examine Defendants' experts on the statements they relid on. (*See* Exs. 1, 3 to Le Decl. [Doc. Nos. 70-1, 70-3]).

Defendants' argument that the deputies' statements made within the course of the administrative investigation should be excluded pursuant to *Lybarger v. City of Los Angeles*, 40 Cal. 3d 822 (1984) is unpersuasive. As one district court noted in rejecting a similar argument, "[t]he Fifth Amendment's privilege against self-incrimination protects an individual from the use of his or her compelled statements in any subsequent criminal proceeding. This protection does not extend to the use of compelled statements in a civil proceeding." *Phillips v. Bratton*, No. CV 07-873 CAS (VBKX), 2008 WL 11409876, at *4 (C.D. Cal. Jan. 28, 2008); *see Estate of Bui v. City of Westminster Police Dep't*, 244 F.R.D. 591, 595 (C.D. Cal. 2007) (Fifth Amendment privilege cannot be used to prevent use of an officer's compelled statement in a civil rights action).

Additionally, Defendants seek to exclude any and all references to the adminstrative investigation, arguing the investigation constitutes a remedial measure which is prohibited by Rule 407. However, courts have made the distinction between an investigation that precedes a disciplinary process and the actual discipline, finding that only the actual discipline constitutes a remedial measure. *See Aguilar v. City of Los Angeles*, 853 F. App'x 92, 95 (9th Cir. 2021) (LAPD in-custody death investifation was not a disciplinary proceeding nor did it prompt any disciplinary action or policy changes and thus did not constitute a remedial measure for exclusion); *Aranda v. City of McMinnville*, 942 F. Supp. 2d 1096, 1103 (D. Or. 2013)

(denying motion to strike Use of Force Review because "[t]here is a distinction…between the actual disciplining of officers for their conduct, which could constitute a remedial measure, and the investigation that precedes a disciplinary process"); *Willis v. Vasquez*, No. LACV1007390JAKDTBX, 2014 WL 12596313, at *11 (C.D. Cal. Apr. 1, 2014) (finding report conducted for the purpose of investigating inappropriate use of force in LA County jails and recommending remdial measures was not evidence of a remedial measure); *see also Howard v. City of Los Angeles*, No. CV 14-3687 SS, 2017 WL 11682193, at *13 (C.D. Cal. Feb. 21, 2017) ("Maddox does not stand for the proposition tht evidence of internal affairs investigations or other police reports are categoricslly inadmissible in all civil rights cases."). There is no evidence that any remedial or disciplinary action was taken after LASD's investigation into this incident, thus, Plaintiff does not intend on introducing any evidence of remedial measures. On the other side of the coin, since Plaintiff does not intend on introducing evidence or making any arguments regarding remedial measures, Defendants should be precluded from introducing evidence or making references or arguments to any findings by LASD or the district attorneys' office that the defendant deputies' conduct was not criminal, was justified, or was within policy.

      Defendants' argument that evidence or references to the adminstrative/internal investigation should be excluded based on privilege and confidentialy under various California statutes is also unavailing. "In cases involving section 1983 claims, courts have repeatedly held that police personnel files and documents are relevant and discoverable." *Green v. Baca*, 226 F.R.D. 624, 644 (C.D. Cal. 2005). Moreover, documents related to an officer-involved shooting, including investigations, statements, and findings, are no longer privileged under California law pursuant to California Penal Code section 832.7(b). Penal Code section 832.7(b) requires that any peace officer personnel record relating to the report, investigation or findings of "an incident involving the discharge of a firearm at a person by a peace officer or custodial officer [and/or]…[a]n incident in which the use of force by a peace officer

or custody officer against a person resulted in death, or in great bodily injury" be made available for public inspection. These records include:

> [A]ll investigative reports; photographic, audio, and video evidence; transcripts or recordings of interviews; autopsy reports; all materials compiled and presented for review to the district attorney or to any person or body charged with determining whether to file criminal charges against an officer in connection with an incident, or whether the officer's action was consistent with law and agency policy for purposes of discipline or administrative action, or what discipline to impose or corrective action to take; documents setting forth findings or recommended findings; and copies of disciplinary records relating to the incident, including any letters of intent to impose discipline, any documents reflecting modifications of discipline due to the Skelly or grievance process, and letters indicating final imposition of discipline or other documentation reflecting implementation of corrective action.

Cal. Penal Code § 832.7(b)(2). Thus, Defendants cannot argue that that the adminstrative/internal investigation should be excluded on the basis of confidentiality or privilege.

## III.   CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion in Limine to preclude Plaintiff from introducing evidence of other claims, lawsuits, settlements, verdicts, judgments, complaints, administrative investigations or proceedings, and/or other alleged incidents concerning Defendants or other law enforcement and the Los Angeles Sheriff's Department and to exclude any and all evidence and references to the administrative/internal investigation of this incident in its entirety.

//
//
//
//
//
//

Respectfully submitted,

DATED: January 12, 2026  　　　　LAW OFFICES OF DALE K. GALIPO

　　　　　　　　　　　　　　　　　　By  */s/ Hang D. Le*
　　　　　　　　　　　　　　　　　　　　Dale K. Galipo
　　　　　　　　　　　　　　　　　　　　Hang D. Le
　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff