Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrell-llp.com
Joseph K. Miller, State Bar No. 245685
E-Mail: jmiller@hurrell-llp.com
Jerad J. Miller, State Bar No. 334001
E-Mail: jjmiller@hurrell-llp.com
HURRELL-LLP
800 West 6th Street, Suite 700
Los Angeles, California 90017
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants, COUNTY OF LOS ANGELES, MARISOL BARAJAS and HECTOR VAZQUEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JENNIE QUAN, individually and as successor in interest to BENJAMIN CHIN, deceased,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES; MARISOL BARAJAS; HECTOR VAZQUEZ; and DOES 3-10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-04805-MCS(KSx)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE NOT KNOWN TO DEFENDANTS**<br><br>Date: January 26, 2026<br>Time: 2:00 p.m.<br>Crtrm: 7C<br><br>[Assigned to Hon. Mark C. Scarsi, Courtroom "7C"] |

TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendants MARISOL BARAJAS, HECTOR VAZQUEZ and COUNTY OF LOS ANGELES (collectively, "Defendants") hereby submit their opposition to Plaintiff's Motion in Limine No. 4 to Exclude Evidence or References to Information Not Known to Defendant Deputies at the time of the Incident.

/ / /

/ / /

/ / /

## I. INTRODUCTION

On June 19, 2023, Deputy Marisol Barajas and Detective Hector Vazquez (collectively, "Defendant Deputies") responded to a call involving Benjamin Chin ("Decedent") wearing bullet-proof vest and carrying an AR-15 around Diamond Bar Boulevard and Crooked Creek Drive. Prior to the Defendant Deputies arriving on scene, each received dispatch reports that the Decedent fired his assault rifle in the air multiple times, and that there was a stabbing victim. Deputy Barajas arrived to the scene and positioned herself and her vehicle in front of the Decedent on Diamond Bar Boulevard, and Detective Vazquez responded on Crooked Creek Drive behind the Decedent as the Decedent walked onto Diamond Bar Boulevard heading northbound. After ignoring numerous commands to drop his rifle and dangerously proceeding forward toward deputy and civilian vehicles with at least one hand on his rifle, Deputy Barajas and Detective Vazquez fired several shots at the Decedent. The Decedent collapsed after being struck by multiple rounds. Medical aid was immediately rendered to the Decedent by the deputies on-site. The Decedent was transported to Pomona Valley Hospital, where he was pronounced dead later that same day.

Plaintiff now seeks to exclude evidence concerning evidence not known to the Defendant Deputies at the time of the shooting. Not only is Plaintiff's Motion grossly overbroad and in violation of the particularity requirements for motions in limine, but the information Plaintiff seeks to exclude is more probative than prejudicial and should be admitted as relevant evidence. Plaintiff has not established that the evidence at issue is irrelevant to the subject incident.

### A. Evidence Unknown to the Defendant Deputies Concerning the Decedent's Intent is Relevant and Admissible

Evidence not known to the Defendant Deputies at the time of the shooting is relevant and admissible because it tends to make the existence of a fact of consequence – the Decedent's behavior during the subject incident and his damages, if any – more or less probable. Fed. R. Evid. 401, 402. Evidence also is admissible

2

when it is relevant to a material issue in the case and is allowed under FRE 404(b). *United States v. Abel*, 469 U.S. 45, 49 (1984); see also *United States v. Takahashi*, 205 F.3d 1161, 1164 (2000).

Relevant evidence may be excluded if its probative value is substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. "[E]vidence is excludable only if it is 'unfairly' prejudicial, in that it has 'an undue tendency to suggest decision on an improper basis.' " (*Old Chief v. U.S.*, 519 U.S. 172, 193 (1977), citing *Dollar v. Long Mfg., N. C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977) [" '[U]nfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair' "]. ) Moreover, motions in limine "should not be used to resolve factual disputes or weigh evidence" because that is the province of the jury. (See *C & E Servs., Inc. v. Ashland Inc.*, 359 F.Supp.2d 316, 323 (D.D.C. 2008).)

The Ninth Circuit has not held that information unknown to police officers can never be admissible. Under *Graham*, evidence of facts unknown to a police officer is admissible "in assessing the credibility of an officer's account of the circumstances that prompted the use of force". *Graham v. Connor*, 490 U.S. 386, 399 n.12 (1989). Consistent with this *Graham* principle, the Ninth Circuit has held that where the material facts are disputed, as they are here, facts unknown to the officers at the point of the use of deadly force can be admissible. *Boyd v. City & County of San Francisco*, 576 F.3d 938, 944 (9th Cir. 2009) (holding that evidence that decedent was on drugs was relevant and admissible in an excessive force case because it made assertions that decedent was acting erratically more probable); *T.D.W. v. Riverside County*, 2010 U.S. Dist. LEXIS 35821, 2010 WL 1006618, at *4 (C.D. Cal. Mar. 11, 2010) (holding that evidence of decedent's intoxication was properly admitted at trial "because this evidence was probative of decedent's conduct, particularly when defendants

contended that decedent's erratic behavior immediately preceding and at the time of the shooting led to their use of force").

Here, the parties dispute whether the Decedent objectively presented an imminent lethal threat. Based on the facts known to the Defendant Deputies at the time the shooting, Defendants contend that the Decedent presented an objective imminent threat. The facts known to the Defendants before the shooting include that the Decedent possessed an AR-15 and fired it multiple times in the air, he was wearing a bullet-proof vest, he stabbed the Plaintiff, and he ignored several commands to drop his rifle while coming within dangerous proximity to a civilian vehicle. Declaration of Jerad J. Miller, ("Miller Decl." at ¶ 4.) Plaintiff, on the other hand, contends that the Decedent did not pose an imminent threat because he never raised, pointed or fired his rifle, or made any verbal threats of violence once the Defendant Deputies arrived. Evidence concerning whether the Decedent had the intent to cause harm during the subject incident is thus relevant and necessary to resolve the dispute between the parties.

Evidence that the Decedent stabbed his mother, had a prior 5150 hold, was known to the FBI because of online posts he made threatening violence and murder against "white men," and had a restraining order and gun return order is relevant in establishing the Decedent's motive and intent. Miller Decl., at ¶¶ 5-7. Federal Rules of Evidence 404(b) allows evidence of prior bad acts to be admitted when it is admitted for the purpose of establish intent and motive, among other purposes. The evidence will not be introduced as character evidence, and will instead be used to assist the jury in resolving factual disputes and determining the credible nature of the threat the Decedent posed. It also should be allowed under FRE 403 because it will not be unduly prejudicial and will provide probative value in helping the jury to assess the imminency of the threat the Decedent posed. If this evidence is excluded, Defendants will be severely prejudiced as the jury's decision will not be based on all the relevant, material facts, and Defendants will be deprived of a fair trial.

4

In addition, FRE 608 permits cross-examination on a witness's character for truthfulness. If Plaintiff misrepresents the Decedent's character and his prior legal issues and violent tendencies, and attempts to portray him as a person who is a law-abiding citizen, then Defendants should be allowed to impeach Plaintiffs with evidence of the Decedent's prior bad acts. See also *United States v. Cook*, 608 F.2d 1175, 1187 (9th Cir. 1979). If Plaintiff takes the stand and Defendants are not permitted to offer truthful and complete facts and/or impeach her, the jury would likely be left with a false impression about Plaintiff's trustworthiness. The threatening posts that led to the Decedent being on the FBI's radar, in conjunction with the video of him stabbing the Plaintiff, will allow the jury to make a complete and accurate assessment of the threat level the Decedent posed at the time of the subject incident.

### B. The Present Case is Distinguishable from the Cases Cited by Plaintiff Concerning Unknown Evidence

Plaintiff cites *Glenn v. Washington County*, 73 F.3d 864, 873 (9th Cir. 2011), and *Hayes v. County of San Diego*, 736 F.3d 1223, 1232-33 (9th Cir. 2013) as supporting her argument that evidence unknown to the Defendant Deputies should be excluded, but both cases can be distinguished from the present case. In both cases, the Court reiterated the standard set in *Graham v. Connor*, 490 U.S. 386, 396 (1989), that the reasonableness of a peace officer's use of force is based on the totality of circumstances made aware to the peace officer at the scene. Plaintiff further cites *Boyd v. City and County of San Francisco*, 576 F.3d 938 (9th Cir. 2009), which **did** admit evidence unknown to officers at the time of the subject incident to corroborate the defendant's defense that the plaintiff attempted suicide by cop. As a result of the Ninth Circuit's subsequent decisions, numerous district courts have read *Boyd* as being "limited to cases where a suicide by cop theory is being asserted or other similar circumstances **where the suspect/defendant's intent is clearly at issue** (emphasis added)." *Stringer v. City of Pablo*, No. C 07–03544 MEJ, 2009 WL 5215396, at *3 (N.D. Cal. Dec. 28, 2009); *Willis v. City of Fresno*, No. 1:09–CV–01766–BAM, 2013

WL 6145232, at *4 (E.D. Cal. Nov. 21, 2013) (declining to admit evidence of prior acts under *Boyd* where the plaintiff's "motive or intent [was] not at issue, as it was in *Boyd*" and where his "absence of mistake or accident [was] not at issue"); *Jackson v. Cty. of San Bernardino*, 194 F. Supp. 3d 1004, 1009 (C.D. Cal. 2016) (declining to apply *Boyd* were defendants "d[id] not assert a 'suicide by cop' defense, and [the decedent]'s motivation or intention to provoke the deputies to shoot him [was] not at issue"). *Est. of Tindle v. Mateu*, No. 18-CV-05755-YGR, 2020 WL 5760287, at *11 (N.D. Cal. Sept. 28, 2020).

Here, Plaintiff argues that the Decedent was not a lethal imminent threat because he never raised, pointed, manipulated or fired his rifle at the Defendant Deputies. Dkt. #69 (Plaintiff's Motion in Limine No. 4) at p. 8:21-23. Defendants, on the other hand, argue that these facts are not dispositive of the absence of a lethal imminent threat, and that the Decedent stabbing his mother, firing multiple rounds in the air, wearing a bullet-proof vest, and ignoring commands to drop his weapon while advancing towards a civilian vehicle is evidence that he intended to cause harm. The Decedent's intent is clearly at issue, and evidence not known to the Defendant Deputies will assist the jury in determining whether or not the Decedent was a lethal imminent threat. Accordingly, evidence of prior 5150 holds, threatening online posts, and the video of him stabbing the Plaintiff should be admitted.

### C. The Stabbing and the Decedent's Prior Legal Issues Are Relevant to His Damages

In addition to impeachment, intent and motive purposes, Defendant should be allowed to introduce the evidence discussed above because it is relevant to Plaintiff's damages. In *Green v. Baca,* 226 F.R.D. 624, 658 (C.D. Cal. 2005), the court held that the plaintiffs prison time and length thereof were relevant to the jury's consideration of damages. Plaintiff alleges that as a result of the Decedent's death, she has suffered loss of love, companionship, affection, comfort, care, society, training, guidance, and financial support. The alleged loss of each type of support is contingent on the

1 Decedent's presence in the Plaintiff's life and ability to provide each type of support.
2 It is fair for the jury to consider whether the actions of the Decedent during the subject
3 incident were likely to result in the Decedent going to prison, and for how long. If the
4 jury determines that there is a likelihood that the Decedent would have gone to prison
5 for a serious crime had he not died from his gunshot wounds, the amount of financial
6 and non-economic support he could provide would be severely limited. The
7 Decedent's past 5150 hold, threatening online posts, and the video of him stabbing
8 the Plaintiff are thus relevant in the jury's determination of likely charges against the
9 Decedent, and his ability to support the Plaintiff.

### D. The Stabbing Video Corroborates the Dispatch Calls and Information Known to the Defendant Deputies

Video evidence of the Decedent stabbing the Plaintiff should further be admitted because it corroborates the information known to the Defendant Deputies before the subject incident. Prior to responding to the scene, the Defendant Deputies received information through L-TAC and dispatch that a stabbing victim was in the area. Miller Decl., at ¶ 4. Footage of the stabbing corroborates the truth and veracity of the radio calls that the Defendant Deputies received, and will assist the jury in understanding the mindset of Defendant Deputies as they responded to the subject incident. The average juror likely has not seen footage of an individual being stabbed, and the video will aid the jury's awareness of the level of violence associated with a stabbing. Referring to the attack on the Plaintiff merely as a "stabbing" fails to convey the extreme violence and brutality of the incident - circumstances that the Defendant Deputies, given their training and experience, would have fully understood when responding. Accordingly, the video footage of the Decedent stabbing his mother should be admitted because it is relevant and helpful to the jury in understanding the subject incident.

### E. The Decedent's 5150 Hold is relevant to Plaintiff's Testimony

The Decedent's prior 5150 hold is relevant to the Plaintiff's testimony because

Plaintiff intends to testify regarding the Decedent's prior mental health history. The witness list description drafted by Plaintiff's counsel indicates that Plaintiff will testify regarding "her observations of Decedent's behavior, his lack of drug or behavioral/mental illness history." The Decedent's prior 5150 hold serves as impeachment evidence to Plaintiff's expected testimony and should therefore be admissible.

## II. CONCLUSION

Based on the foregoing, Plaintiff's Motion in Limine No. 4 should be denied.

DATED: January 12, 2026         HURRELL-LLP

By:     */s/ Jerad J. Miller*
THOMAS C. HURRELL
JOSEPH K. MILLER
JERAD J. MILLER
Attorneys for Defendants, COUNTY OF LOS ANGELES, MARISOL BARAJAS and HECTOR VAZQUEZ

8

# DECLARATION OF JERAD J. MILLER

I, Jerad J. Miller, declare:

1. I am an attorney duly licensed to practice before this Court and am an associate with Hurrell-LLP, attorneys of record for MARISOL BARAJAS, HECTOR VAZQUEZ and COUNTY OF LOS ANGELES herein. The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto.

2. The parties met and conferred on December 22, 2025 to discuss Plaintiff's Motion in Limine No. 4. An agreement regarding evidence unknown to the Defendant Deputies at the time of the shooting was not reached, and Plaintiff proceeded with the filing of the motion herein.

3. This declaration is made in support of Defendants' Opposition to Plaintiff's Motion in Limine No. 4 to Exclude Evidence or References to Information Not Known to Defendant Deputies at the time of the Incident.

4. Dispatch reported prior the Defendant Deputies' encounter with the Decedent that the Decedent possessed an AR-15 and fired it multiple times in the air, he was wearing a bullet-proof vest, and that there was a stabbing victim in the area. The Defendant Deputies observed the Decedent wearing a bullet-proof vest, carrying an AR-15, and approaching a civilian inside a Tesla after responding to the subject incident.

5. Video evidence depicting the Decedent stabbing the Plaintiff was produced to Plaintiff in discovery as COLA 00816. Defendants have not included in this filing the relevant discovery as an exhibit due to the protective order in place. If the Court determines that it needs to see the photographs to rule on this Motion, Defendants would recommend submitting them for an *in camera* review.

6. The Decedent was held pursuant to California's Welfare and Institution Code § 5150 after the Federal Bureau of Investigations investigated online posts in which he repeatedly "joked about suicide, mass shootings, and taking revenge upon

white people." Documents and reports related to these events were produced to Plaintiff in discovery as COLA 00142 – 00156. Defendants have not included in this filing the relevant discovery as an exhibit due to the protective order in place. If the Court determines that it needs to see the photographs to rule on this Motion, Defendants would recommend submitting them for an *in camera* review.

7.   On June 13, 2023, a Civil Harassment Restraining Order was entered against the Decedent, which required him to turn in any firearms in his possession. Court records reflecting the Order were produced to Plaintiff in discovery as COLA 00157 – COLA 00193. Defendants have not included in this filing the relevant discovery as an exhibit due to the protective order in place. If the Court determines that it needs to see the photographs to rule on this Motion, Defendants would recommend submitting them for an *in camera* review.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 12, 2026, at Los Angeles, California.

                                        */s/ Jerad J. Miller*
                                        Jerad J. Miller