Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrell-llp.com
Joseph K. Miller, State Bar No. 245685
E-Mail: jmiller@hurrell-llp.com
Jerad J. Miller, State Bar No. 334001
E-Mail: jjmiller@hurrell-llp.com
HURRELL-LLP
800 West 6th Street, Suite 700
Los Angeles, California 90017
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants, COUNTY OF LOS ANGELES, MARISOL BARAJAS and HECTOR VAZQUEZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JENNIE QUAN, individually and as successor in interest to BENJAMIN CHIN, deceased,<br><br>   Plaintiff,<br><br>   v.<br><br>COUNTY OF LOS ANGELES; MARISOL BARAJAS; HECTOR VAZQUEZ; and DOES 3-10, inclusive,<br><br>   Defendants. | Case No. 2:24-cv-04805-MCS(KSx)<br><br>**DEFENDANTS' [PROPOSED] VOIR DIRE QUESTIONS**<br><br>[Assigned to Hon. Mark C. Scarsi, Courtroom "7C"] |

## DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS

**TO THE HONORABLE COURT:**

Defendants MARISOL BARAJAS, HECTOR VAZQUEZ and COUNTY OF LOS ANGELES, hereby respectfully submit the following Proposed Voir Dire Questions. Defendants request the trial Court ask the following questions during the Voir Dire of prospective jurors for this case. Defendants request the Court question on the following areas, if they are not already included within the Court's inquiry:

   A.   Opinions/thoughts about the legal system and jury system;

  B. Opinions/thoughts about tort reform and litigation;

  C. Special training or experience with criminal investigations, the legal field, law enforcement work, and homicide investigation;

  D. Media coverage concerning law enforcement events throughout the United States.

**SPECIFIC QUESTIONS:**

1. Do you understand that the burden of proving this case rests solely with the Plaintiff?

2. Do you understand that the Defendants are not required to call any witnesses or produce any evidence?

3. Would any of you hold the officers to a higher legal standard of responsibility because they work for the County of Los Angeles/Los Angeles County Sheriff's Department?

4. Has anyone on the panel of prospective jurors ever called for law enforcement services or help? If yes:

  a) Please explain the nature of your request for service?

  b) Do you feel that you were treated fairly by the personnel who responded to your call?

  c) Do you think your experience would affect your ability to be a fair impartial juror? If yes, why?

  d) Does anybody feel that because the Plaintiff filed a lawsuit, the allegations are more likely true than not?

5. Does anybody feel that because the Plaintiff filed a lawsuit, the allegations are more likely true than not?

6. Have any of your or any member of your close family or friends ever been treated in what you considered an unfair or improper manner by any members of a law enforcement agency including, but not limited to, the Los Angeles County Sheriff's Department?

      a) If so, what were the circumstances?

      b) If you were treated unfairly, what did you do about it?

      c) How do you think this experience or hearing about this experience, will affect your ability to fairly judge this case?

7) Have any of you ever been parties to litigation – that is, have you ever sued anyone or been sued? If so, please answer the following:

      a) Please briefly describe the nature of the dispute.

      b) How was the matter resolved?

      c) Has that dispute changed your opinion of the justice system?

8) Have any of you considered making a complaint or bringing a lawsuit against a peace officer?

      a) Did you?

      b) Why or why not?

      c) How did you become aware of the existence of a procedure to make complaints against officers?

      d) If you made a complaint, was the matter investigated?

      e) Whatever the outcome of the investigation, was the matter looked into?

      f) Do you know if any law enforcement officer received training, discipline, demotion, or termination because of your complaint?

      g) Does the experience of having made a complaint or failing to make a complaint affect your ability to be a fair and impartial juror in this matter?

9) Is there any reason that you could not be completely fair and impartial juror?

10) Do you promise to follow the law as the judge instructed whether you like it or not, or agree or disagree with it?

11) Is there anything that you think the Court, counsel or the parties should know about your qualifications to sit as a juror in this case?

12) Would any of you have difficulty making common sense and reasoned decision in this case without emotion, sympathy or passion?

13) do any of you have any reluctance, either due to personal views, time commitments or religious view to sit in judgment of others?

14) Would any of you award money to the Plaintiff merely because you feel sympathy towards her?

15) Would any of you prefer not to sit as a juror in this case for any reason?

16) Do any of you have friends or relatives that are law enforcement officers?

17) Have you or anyone with whom you are close to have positive experiences with law enforcement? if so, what?

18) Have you or anyone with whom you are close to have negative experiences with law enforcement? If so, what?

19) If you ever called for law enforcement services, do you believe that the law enforcement officer handled the matter appropriate or inappropriately?

    a) Why or why not?

    b) Was the person who was the subject of the request for law enforcement services taken into custody?

    c) Was excessive force used?

    d) Has the incident affected your opinion of law enforcement officers?

      e) If so, how and why?

DATED:  January 12, 2026          HURRELL-LLP

By:    */s/ Thomas C. Hurrell*
THOMAS C. HURRELL
JOSEPH K. MILLER
JERAD J. MILLER
Attorneys for Defendants, COUNTY OF LOS ANGELES, MARISOL BARAJAS and HECTOR VAZQUEZ

4