1  **LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
2  dalekgalipo@yahoo.com
Hang D. Le, Esq. (Bar No. 293450)
3  hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
4  Woodland Hills, California, 91367
Telephone: (818) 347-3333
5  Facsimile: (818) 347-4118

6  Attorneys for Plaintiff

7

8           **UNITED STATES DISTRICT COURT FOR THE**
9           **CENTRAL DISTRICT OF CALIFORNIA**

10

11  JENNIE QUAN, individually and as         Case No. 2:24-cv-04805-MCS-KS
    successor in interest to BENJAMIN
12  CHIN, deceased,                          *Assigned to*:
                                             Hon Mark C. Scarsi
13                                           Hon. Mag. Judge Karen L. Stevenson
                        Plaintiffs,
14                                           **AMENDED JOINT AGREED UPON**
    vs.                                      **JURY INSTRUCTIONS**
15
    COUNTY OF LOS ANGELES;
16  MARISOL BARAJAS; HECTOR
    VAZQUEZ; and DOES 3-10, inclusive,      Final Pretrial Conference:
17                                           Date:   January 26, 2026
                                             Time:   2:00 p.m.
18                      Defendants.          Crtrm:  7C

19                                           Trial:
                                             Date:   February 10, 2026
20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

| Number | Title | Source | Page No. |
|---|---|---|---|
| 1 | Duty of Jury | 9th Cir. 1.3 | 3 |
| 2 | Claims and Defenses | 9th Cir. 1.5 | 4 |
| 3 | Burden of Proof | 9th Cir. 1.6 | 5 |
| 4 | Burden of Proof | 9th Cir. 1.7 | 6 |
| 5 | Two or More Parties—Different Legal Rights | 9th Cir. 1.8 | 7 |
| 6 | What is Evidence | 9th Cir. 1.9 | 8 |
| 7 | What is Not Evidence | 9th Cir. 1.10 | 9 |
| 8 | Evidence for a Limited Purpose | 9th Cir. 1.11 | 10 |
| 9 | Direct and Circumstantial Evidence | 9th Cir. 1.12 | 11 |
| 10 | Ruling on Objections | 9th Cir. 1.13 | 12 |
| 11 | Credibility of Witnesses | 9th Cir. 1.14 | 13 |
| 12 | Conduct of the Jury | 9th Cir. 1.15 | 15 |
| 13 | Publicity During Trial | 9th Cir. 1.16 | 17 |
| 14 | No Transcript Available to Jury | 9th Cir. 1.17 | 18 |
| 15 | Taking Notes | 9th Cir. 1.18 | 19 |
| 16 | Question to Witnesses by Jurors | 9th Cir. 1.19 | 20 |
| 17 | Bench Conferences and Recesses | 9th Cir. 1.20 | 21 |
| 18 | Outline of Trial | 9th Cir. 1.21 | 22 |
| 19 | Stipulations of Fact | 9th Cir. 2.2 | 23 |
| 20 | Impeachment Evidence—Witness | 9th Cir. 2.9 | 24 |
| 21 | Expert Opinion | 9th Cir. 2.13 | 25 |
| 22 | Charts and Summaries Not Received in Evidence | 9th Cir. 2.14 | 26 |
| 23 | Evidence in Electronic Format | 9th Cir. 2.16 | 27 |
| 24 | 1983 Claim—Introductory Instruction | 9th Cir. 9.1 | 29 |
| 25 | 1983 Claims Against Individual Defendants | 9th Cir. 9.3 | 30 |
| 26 | Battery by a Peace Officer (Deadly Force)—Essential Factual Elements | CACI 1305B | 31 |
| 27 | Causation—Substantial Factor | CACI 430 | 33 |
| 28 | Causation—Multiple Causes | CACI 431 | 34 |
| 29 | Negligent Use of Deadly Force by Peace Officer—Essential Factual Elements | CACI 441 | 35 |
| 30 | Bane Act—Essential Elements | CACI 3066 | 37 |

| Number | Title | Source | Page No. |
|--------|-------|--------|----------|
| 31 | Vicarious Liability—Introduction | CACI 3700 | 38 |
| 32 | Damages—Proof and Types | 9th Cir. 5.1, 5.2; CACI 3905A. 3921. | 39 |
| 33 | Punitive Damages—Predicate Question | 9th Cir. 5.5 | 41 |
| 34 | Duty to Deliberate | 9th Cir. 3.1 | 42 |
| 35 | Consideration of Evidence—Conduct of the Jury | 9th Cir. 3.2 | 43 |
| 36 | Communication with Court | 9th Cir. 3.3 | 45 |
| 37 | Return of Verdict | 9th Cir. 3.5 | 46 |

**INSTRUCTION NO. 1**

<u>Duty of Jury</u>

Members of the jury: You are now the jury in this case. It is my duty to inform you of the law.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

At the end of trial I will give you final instructions. It is the final instructions that will govern your duties.

Pleased do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

<u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.3

1

**INSTRUCTION NO. 2**

2

Claims and Defenses

3      To help you follow the evidence, I will give you a brief summary of the

4 positions of the parties:

5      The decedent in this case is Benjamin Chin. The Plaintiff in this case is the

6 decedent's mother, Jennie Quan. The Defendants are the County of Los Angeles,

7 Marisol Barajas, and Hector Vazquez. Plaintiff contends that Defendants Marisol

8 Barajas and Hector Vazquez used excessive and unreasonable deadly force against

9 Benjamin Chin. Plaintiff also contends that Marisol Barajas and Hector Vazquez

10 were negligent in their conduct with Decedent. Plaintiff has the burden of proving

11 these claims.

12      The defendants deny these claims and contend that their uses of force and

13 conduct were reasonable under the circumstances.

14

15

16 Source: Ninth Circuit Manual of Model Civil Jury Instructions No. 1.5.

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NO. 3**

<u>Burden of Proof – Preponderance of the Evidence</u>

When a party has the burden of proof on any claim by a preponderance of evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.


<u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions No. 1.6.

**INSTRUCTION NO. 4**

<u>Burden of Proof—Clear and Convincing Evidence</u>

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

<u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions No. 1.7.

**INSTRUCTION NO. 5**

<u>Two or More Parties—Different Legal Rights</u>

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

<u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions No. 1.8.

1

## INSTRUCTION NO. 6

2

### What is Evidence

3    The evidence you are to consider in deciding what facts are consists of:

4    1.  the sworn testimony of any witness;

5    2.  the exhibits which are admitted into evidence;

6    3.  any facts to which the lawyers have agreed; and

7    4.  any facts that I may instruct you to accept as proved.

8

9    Source: Ninth Circuit Manual of Model Civil Jury Instructions No. 1.9.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# INSTRUCTION NO. 7

## What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No.1.10.

1

## INSTRUCTION NO. 8

2

<u>Evidence for a Limited Purpose</u>

3        Some evidence may be admitted only for a limited purpose.

4        When I instruct you that an item of evidence has been admitted for a limited

5    purpose, you must consider it only for that limited purpose and not for any other

6    purpose.

7

8    <u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions, No. 1.11.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**INSTRUCTION NO. 9**

2

Direct and Circumstantial Evidence

3
4
5
6
7
8

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a
fact, such as testimony by a witness about what that witness personally saw or heard
or did.  Circumstantial evidence is proof of one or more facts from which you could
find another fact.  You should consider both kinds of evidence.  The law makes no
distinction between the weight to be given to either direct or circumstantial
evidence.  It is for you to decide how much weight to give to any evidence.

9
10
11
12
13
14
15

By way of example, if you wake up in the morning and see that the sidewalk
is wet, you may find from that fact that it rained during the night.  However, other
evidence, such as a turned on garden hose, may provide a different explanation for
the presence of water on the sidewalk.  Therefore, before you decide that a fact has
been proved by circumstantial evidence, you must consider all the evidence in the
light of reason, experience, and common sense.

16
17

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.12.

18
19
20
21
22
23
24
25
26
27
28

# INSTRUCTION NO. 10

## Ruling on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected.  If I overruled the objection, the question may have been answered or the exhibit received.  If I sustained the objection, the question could not be answered, and the exhibiit could not be received.  Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may have ordered that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the stricken evidence for any purpose.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.13.

AMENDED JOINT AGREED UPON JURY INSTRUCTIONS

# INSTRUCTION NO. 11

## Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.14.

**PROPOSED INSTRUCTION NO. 12**

<u>Conduct of the Jury</u>

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any

research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved – including the parties, the witnesses or the lawyers – until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on the evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested throughout the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial but an impartial jury, and if you decide the case based on the information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.15.

# PROPOSED INSTRUCTION NO. 13

## Publicity During Trial

If there is any news media account or commentary about the case or anything to do with it, you must ignore it.  You must not read, watch, or listen to any news media account or commentary about the case or anything to do with it.  The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies.  If any juror is exposed to any outside information, please notify me immediately.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.16.

1

## PROPOSED INSTRUCTION NO. 14

2

<u>No Transcript Available to Jury</u>

3      I urge you to pay close attention to the testimony as it is given. During

4  deliberations, you will not have a transcript of the trial testimony.

5

6

7  <u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.17.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROPOSED INSTRUCTION NO. 15**

2

<u>Taking Notes</u>

3    If you wish, you may take notes to help you remember the evidence.  If you

4 do take notes, please keep them to yourself until you and your fellow jurors go to

5 the jury room to decide the case.  Do not let note-taking distract you.  When you

6 leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury

7 room].  No one will read your notes.

8    Whether or not you take notes, you should rely on your own memory of the

9 evidence.  Notes are only to assist your memory.  You should not be overly

10 influenced by your notes or those of your fellow jurors.

11

12 <u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.18.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROPOSED INSTRUCTION NO. 16

2

<u>Questions to Witnesses by Jurors</u>

3        Only the lawyers and I are allowed to ask questions of witnesses.  A juror is

4 not permitted to ask questions of witnesses.  If, however, you are unable to hear a

5 witness or a lawyer, please raise your hand and I will correct the situation.

6

7 <u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.19.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROPOSED INSTRUCTION NO. 17

<u>Bench Conferences and Recesses</u>

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

<u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.20.

# PROPOSED INSTRUCTION NO. 18

## Outline of Trial

Trials proceed in the following way: First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendants may cross-examine.  Then the defendants may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 1.21.

# INSTRUCTION NO. 19

## Stipulations of Fact

The parties have agreed to certain facts that will be read to you.  You must therefore treat these facts as having been proved.

(1)    The incident occurred on June 19, 2022.

(2)    At all relevant times, Defendants Marisol Barajas and Hector Vazquez were acting within the course and scope of their employment as police officers for Los Angeles County Sheriff's Department.

(3)    At all relevant times, Defendants Marisol Barajas and Hector Vazquez were acting under color of law.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 2.2

1

## INSTRUCTION NO. 20

2

<u>Impeachment Evidence—Witness</u>

3      The evidence that a witness [*<u>lied under oath on a prior occasion, etc</u>*.] may be

4  considered, along with all other evidence, in deciding whether or not to believe the

5  witness and how much weight to give to the testimony of the witness and for no

6  other purpose.

7

8  <u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions No. 2.9.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**INSTRUCTION NO. 21**

2

<u>Expert Opinion</u>

3    You are about to hear testimony from Jeffrey Noble, Dr. Bennet Omalu,

4 Justin Rosander, Edward Flosi, Dr. Joel Suss, Parris Ward, and Dr. Jonathan

5 Marehbian who will testify to opinions and reasons for their opinions. This opinion

6 testimony is allowed, because of the education or experience of this witness.

7    Such opinion testimony should be judged like any other testimony. You may

8 accept or reject it, and give it as much weight as you think it deserves, considering

9 the witness's education and experience, the reasons for the opinion, and all the other

10 evidence in the case.

11

12 <u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions No.  2.13.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INSTRUCTION NO. 22

<u>Charts and Summaries Not Received in Evidence</u>

Certain charts, summaries, and demonstrative diagrams and videos may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. These demonstrative materials are only as good as the underlying evidence that supports them. You should, therefore, given them only such weight as you think the underlying evidence deserves.

<u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions No.  2.14.

2:24-cv-04805-MCS-KS

# INSTRUCTION NO. 23

## Evidence in Electronic Format

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the clerk. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately

and refrain from viewing such materials.  Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No.  2.16.

# INSTRUCTION NO. 24

## Section 1983 Claim – Introductory Instruction

The plaintiff brings her *Fourth Amendment claim for excessive force* under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 9.1 (modified to show that only Plaintiff's federal claim is being brough under federal statute).

**INSTRUCTION NO. 25**

<u>Section 1983 Claim against Defendants in Individual Capacity—Elements and Burden of Proof</u>

In order to prevail on their § 1983 claim for excessive force against defendants Marisol Barajas and/or Hector Vazquez (collectively, "Defendant Officers"), the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.    the defendant acted under color of law; and

2.    the acts of the defendant deprived Benjamin Chin of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that defendants Marisol Barajas and Hector Vazquez acted under color of law.

The defendant's conduct is an actual cause of Benjamin Chin's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements she required to prove under Instruction 22, your verdict should be for the plaintiff on that claim. If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant(s) on that claim.


<u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions No. 9.3.

**INSTRUCTION NO. 26**

Battery by a Peace Officer (Deadly Force)—Essential Factual Elements

A peace officer may use deadly force only when necessary in defense of a human life. The plaintiff claims that defendants Marisol Barajas and Hector Vazquez unnecessarily used deadly force on Benjamin Chin. To establish this claim, the plaintiffs must prove all of the following:

1. That the officer(s) intentionally shot Benjamin Chin;

2. That the officer(s) used deadly force on Benjamin Chin;

3. That the officer(s)' use of deadly force was not necessary to defend human life;

4. That Benjamin Chin was harmed; and

4. That the officer(s)' use of deadly force was a substantial factor in causing Benjamin Chin's harm.

The Defendant Officers' use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by the Defendant Officer(s) at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily harm to the Defendant Officer(s) and/or to another person.

A person being arrested or detained has a duty not to use force to resist the peace officer unless the peace officer is using unreasonable force.

"Deadly force" means any use of force that creates a substantial risk of causing death or serious bodily injury, including, but not limited to, the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another

person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to the peace officer at the time, including the conduct of the Defendant Officers and Benjamin Chin leading up to the use of deadly force. In determining whether the Defendant Officers' use of deadly force was necessary in defense of human life, you must consider the Defendant Officers' tactical conduct and decisions before using deadly force on Benjamin Chin and whether the Defendant Officers used other available resources and techniques as alternatives to deadly force, if it was reasonably safe and feasible to do so.

A police officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested resists or threatens to resist. Tactical repositioning or other de-escalation tactics are not retreat. An officer does not lose the right to self-defense by using objectively reasonable force to arrest/detain or prevent escape. A peace officer does, however, have a duty to use reasonable tactical repositioning or other de-escalation tactics.


Source: CACI 1305B.

AMENDED JOINT AGREED UPON JURY INSTRUCTIONS

1

**INSTRUCTION NO. 28**

2

<u>Causation—Substantial Factor</u>

3    A substantial factor in causing harm is a factor that a reasonable person would

4  consider to have contributed to the harm.  It must be more than a remote or trivial

5  factor.  It does not have to be the only cause of the harm.

6    Conduct is not a substantial factor in causing harm if the same harm would

7  have occurred without that conduct.

8

9  <u>Source</u>: CACI 430.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 29**

<u>Causation—Multiple Causes</u>

     A person's conduct may combine with another factor to cause harm. If you find that any of the Defendant Officers' conduct was a substantial factor in causing Benjamin Chin's injuries, then that Defendant Officer is responsible for the injuries. A Defendant Officer cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing Benjamin Chin's injuries.

<u>Source</u>: CACI 431.

**INSTRUCTION NO. 30**

Negligent Use of Deadly Force by Peace Officer—Essential Factual Elements

A peace officer may use deadly force only when necessary in defense of human life. The plaintiff claims that defendants Marisol Barajas and Hector Vazqueez (collectively, "Defendant Officers") were negligent in using deadly force to arrest Benjamin Chin. To establish this claim, the plaintiffs must prove all of the following:

1. That the Defendant Officer(s) was a/were peace officer(s);

2. That the Defendant Officer(s) used deadly force on Benjamin Chin;

3. That the Defendant Officers(s)' use of deadly force was not necessary to defend human life;

4. That Benjamin Chin was harmed and/or killed;

5. That the Defendant Officer(s)' use of deadly force was a substantial factor in causing Benjamin Chin's harm and/or death.

The Defendant Officers' use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by the Defendant Officers at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily injury to the Defendant Officer(s) and/or another person.

A person being detained has a duty not to use force to resist a peace officer unless the peace officer is using unreasonable force.

A threat of death or serious bodily injury is "imminent" if, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or to another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to or perceived by the peace officer at the time, including the conduct of the Defendant Officers and Benjamin Chin leading up to the use of deadly force. In determining whether the Defendant Officers' use of deadly force was necessary in defense of human life, you must consider the Defendant Officers' tactical conduct and decisions before using deadly force on Benjamin Chin and whether the Defendant Officers used other available resources and techniques as alternatives to deadly force, if it was reasonably safe and feasible to an objectively reasonable officer.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other deescalation tactics are not retreat. A peace officer does not lose the right to self-defense by using objectively reasonable force to detain. A peace officer does, however, have a duty to use reasonable tactical repositioning or other de-escalation tactics.

Source: CACI 441.

# INSTRUCTION NO. 31

## Bane Act—Essential Elements

The plaintiff claims that Defendant Officers intentionally interfered with or attempted to interfere with Benjamin Chin's civil rights by threats, intimidation, or coercion. To establish this claim, the plaintiff must prove all of the following:

1. That the defendant officer(s) acted violently against Benjamin Chin to prevent him from exercising his right to be free from excessive force.

2. That defendant officer(s) intended to deprive Benjamin Chin of his enjoyment of the interests protected by the right to be free from excessive force

3. That Benjamin Chin was harmed; and

4. That defendant officer(s)' conduct was a substantial factor in causing Benjamin Chin's harm.

A reckless disregard of a person's constitutional rights is evidence of specific intent to deprive that person of those rights.

Source: CACI 3066 (modified); *Reese v. County of Sacramento*, 888 F.3d 1030, 1045 (9th Cir. 2018).

# INSTRUCTION NO. 32

## <u>Vicarious Liability—Introduction</u>

As to the plaintiff's claims for battery, negligence and violation of the Bane Act, the County of Los Angeles is responsible for harm caused by the wrongful conduct of its employees while acting within the scope of their employment. The parties have stipulated that Defendant Officers, Marisol Barajas and Hector Vazquez, were acting within the scope of their respective employment at the time of the incident.

<u>Source</u>: CACI 3700 (modified).

**INSTRUCTION NO. 33**

<u>Damages—Proof and Types of Damages</u>

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on any of the plaintiff's claims, you must determine the plaintiff's damages and Benjamin Chin's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff and Benjamin Chin for any injury you find was caused by a defendant.

When determining Benjamin Chin's damages, you should consider the following:

1.  The nature and extent of the injuries;

2.  The loss of life; and

3.  The mental, physical, and emotional pain and suffering, grief, anxiety, emotional distress and loss of enjoyment of life experienced.

The damages the plaintiff claims fall into two categories called economic and noneconomic damages. You will be asked to state the two categories of damages separately on the verdict form.

When determining the plaintiff's economic damages, you should consider the following:

1.  The financial support, if any, that Benjamin Chin would have contributed to Plaintiff during either the life expectancy of Benjamin Chin before his death or the life expectancy of the plaintiff, whichever is shorter;

2.  The loss of gifts or benefits that the plaintiff would have expected to receive from Benjamin Chin;

3.  Funeral and burial expenses;

    4.  The reasonable value of household services that Benjamin Chin would
have provided to the plaintiff.

Your award of any future economic damages must be reduced to present cash value.

When determining the plaintiff's noneconomic damages, you should consider the following:

    1.  The loss of Benjamin Chin's love, companionship, comfort, care, assistance, protection, affection, society, and moral support; and

    2.  The loss of Benjamin Chin's training and guidance.

It is for you to determine what damages, if any, have been proved. No fixed standard exists for deciding the amount of noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

In determining the plaintiff's damages, do not consider:

1. The plaintiff's grief, sorrow, or mental anguish; or

2.  The poverty or wealth of the plaintiff.

In deciding a person's life expectancy, you may consider, among other factors, the average life expectancy of a person of that age, as well as that person's health, habits, activities, lifestyle, and occupation.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

Source: Ninth Circuit Manual of Model Jury Civil Instructions Nos. 5.1, 5.2; CACI 3905A, 3921 (modified pursuant to Code Civ. Proc., § 377.34(b)).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 34**

<u>Punitive Damages – Predicate Question</u>

   Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the decedent.  Conduct is in reckless disregard of the decedent's rights if, under the circumstances, it reflects complete indifference to the decedent's safety or rights, or the individual defendant acts in the face of a perceived risk that its actions will violate the decedent's rights under federal law. An act or omission is oppressive if the individual defendant injures or damages or otherwise violates the decedent's rights with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the decedent.

<u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions No. 5.5 (modified for bifurcation of entitlement and amount).

**INSTRUCTION NO. 35**

Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and speak for the jury here in court.

You shall diligently strive to reach an agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the disucssion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 3.1.

**INSTRUCTION NO. 36**

Consideration of Evidence—Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

1      These rules protect each party's right to have this case decided only on

2 evidence that has been presented here in court. Witnesses here in court take an oath

3 to tell the truth, and the accuracy of their testimony is tested through the trial

4 process. If you do any research or investigation outside the courtroom, or gain any

5 information through improper communications, then your verdict may be influenced

6 by inaccurate, incomplete or misleading information that has not been tested by the

7 trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if

8 you decide the case based on information not presented in court, you will have

9 denied the parties a fair trial. Remember, you have taken an oath to follow the rules,

10 and it is very important that you follow these rules.

11      A juror who violates these restrictions jeopardizes the fairness of these

12 proceedings, and a mistrial could result that would require the entire trial process to

13 start over. If any juror is exposed to any outside information, please notify the court

14 immediately.

15

16 <u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions No. 3.2.

**INSTRUCTION NO. 37**

<u>Communication with Court</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

<u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions No. 3.3.

# INSTRUCTION NO. 38

## Return of Verdict

A verdict form has been prepared for you. [*Explain verdict form as needed*.] After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form to your deliberations, sign and date it, and advise the marshal that you are ready to return to the courtroom.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 3.5.