1  **LAW OFFICES OF DALE K. GALIPO**
   Dale K. Galipo (SBN 144074)
2  E-mail: dalekgalipo@yahoo.com
   Hang D. Le (SBN 293450)
3  E-mail: hlee@galipolaw.com
   21800 Burbank Blvd., Suite 310
4  Woodland Hills, CA 91367
   Tel: (818) 347-3333; Fax: (818) 347-4118

5

6  *Attorneys for Plaintiff*

7

8              **UNITED STATES DISTRICT COURT**
               **CENTRAL DISTRICT OF CALIFORNIA**

9

10  JENNIE QUAN, individually and as          Case No. 2:24-cv-04805-MCS-KS
    successor in interest to BENJAMIN
11  CHIN, deceased,                           *Assigned to*:
                                              Hon Mark C. Scarsi
12                                            Hon. Mag. Judge Karen L. Stevenson
                          Plaintiffs,
13                                            **AMENDED JOINT DISPUTED JURY**
    vs.                                       **INSTRUCTIONS**
14
    COUNTY OF LOS ANGELES;
15  MARISOL BARAJAS; HECTOR                   <u>Final Pretrial Conference</u>:
    VAZQUEZ; and DOES 3-10, inclusive,        Date:   January 26, 2026
16                                            Time:   2:00 p.m.
                                              Crtrm:  7C
17                        Defendants.
                                              <u>Trial</u>:
18                                            Date:   February 10, 2026

19

20

21

22

23

24

25

26

27

28

**TO THE HONORABLE COURT**:

Pursuant to the Court's Order re: Jury/Court Trial, Plaintiff Jennie Quan and Defendants County of Los Angeles, Marisol Barajas, and Hector Vazquez, by and through their respective counsel of record, hereby submit their Amended Joint Disputed Jury Instructions.

Respectfully submitted,

DATED:  January 13, 2026          LAW OFFICES OF DALE K. GALIPO

By_____*/s/ Hang D. Le*_____
        Dale K. Galipo
        Hang D. Le
        Attorneys for Plaintiff

DATED: January 13, 2026          HURRELL CANTRALL LLP

By_____*/s/ Jerad J. Miller*\*_____
        Thomas C. Hurrell
        Jerad J. Miller
        Attorneys for Defendant, County of Los Angeles

\*The filer, Hang D. Le, hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur with the filing's content and have authorized the filing.

1
2
3
**<u>PLAINTIFF'S PROPOSED DISPUTED JURY INSTRUCTIONS</u>**
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **Fourth Amendment—Unreasonable Seizure—Excessive Force**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or defending himself. Therefore, in order to prove an unreasonable seizure by excessive force in this case, the plaintiffs must prove by a preponderance of the evidence that the Defendant Officers used excessive force against Benjamin Chin.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether Defendant Officer(s) used excessive force in this case, consider all of the circumstances known to the deputy on the scene, including:

1. The nature of the crime or other circumstances known to Defendant Officer(s) at the time the force was applied;

2. Whether Benjamin Chin posed an immediate threat *of death or serious bodily injury* to the Defendant Officer(s) or to others at the time *deadly* force was applied;

3. Whether Benjamin Chin was actively resisting arrest or attempting to evade arrest by flight;

4. The amount of time each officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

5. The relationship between the need for the use of force and the amount of force used;

6. The extent of Benjamin Chin's injury;

7.    Any effort made by Defendant Officer(s) to temper or limit the amount of force;

8.    The availability of alternative methods to take Benjamin Chin into custody;

9.    How quickly the officer used deadly force after encountering the individual;

10.    Whether it was practical for the officer(s) to give warning of the imminent use of force, and whether such warning was given.

11.    Whether a reasonable officer would have or should have accurately perceived a mistaken fact; and

12.    Whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm.

"Probable cause" exists when, under all of the circumstances known to the officer[s] at the time, an objectively reasonable police officer would conclude there is a fair probability that the has committed or was committing a crime.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 9.25 (modified); *Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1126 (9th Cir. 2021) ("Under federal law, deadly force can be reasonable only if the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others." (internal quotation marks omitted); *A. K. H v. City of Tustin*, 837 F.3d 1005, 1012 (9th Cir. 2016) (determining that "perhaps most important" was that the officer at issue "escalated to deadly force very quickly").

<u>Defendants' Objections</u>:

Defendants dispute the modified language of the circumstances the jury should consider when determining whether unreasonable force was used and propose that the Court should instruct the jury on the circumstances listed in Ninth Circuit Manual of Model Jury Civil Instructions No. 9.25. In particular, circumstance "2" requires the jury to consider whether the Decedent posed a threat of immediate harm to others at the time force was used. Plaintiff has modified the instruction to include whether the Decedent posed a threat of *death or serious bodily injury*, which does not follow the language of Ninth Circuit Manual of Model Jury Civil Instructions No. 9.25. Defendants further object to the inclusion of circumstance "9," as it is not part of Ninth Circuit Model Jury Instruction No. 9.25 but rather an added factor.

<u>Plaintiff's Response</u>:

Model Instruction 9.25 allows the parties to "insert other factors particular to the case." *See* Instruction 9.25, bracketed factor 16. The "Comment" section of Model Instruction 9.25 recognizes that additional factors set forth by the Ninth Circuit include "when deadly force is at issue, how quickly the officer used deadly force after encountering the individual," *see* Instruction 9.25, Comment (citing *A.K.H v. City of Tustin*, 837 F.3d 1005, 1012 (9th Cir. 2016)), and "when the use of deadly force is at issue, whether the officer has probable cause to believe that the individual poses a significant threat of death or serious physical injury to the officer or others," *see* Instruction 9.25, Comment (citing *Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1126 (9th Cir. 2021); *Zion v. Cnty. of Orange*, 874 F.3d 1072, 1076 (9th Cir. 2017); *Villanueva v. California*, 986 F.3d 1158 (9th Cir. 2021)). Since this is a deadly force case, those factors apply.

## **Alternative Causation**

You may decide that more than one of the defendants used unreasonable force or was negligent, but that the use of unreasonable force or negligence of only one of them could have actually caused Benjamin Chin's harm. If you cannot decide which defendant caused Benjamin Chin's harm, you must decide that each defendant is responsible for the harm.

However, if a defendant proves that he or she did not cause Benjamin Chin's harm, then you must conclude that defendant is not responsible.

Source: CACI 434.

<u>Defendants' Objections</u>:

Defendants object to this instruction in its entirety because the general negligence CACI instructions do not apply in this case. CACI 441 is the appropriate jury instruction for Plaintiff's negligence claim.  CACI No. 434 will mislead the jury as to the standard of care at issue in this case.  Further, Defendants object to the Plaintiff's modification and addition of "unreasonable force" under the instruction. CACI No. 434 instructs the jury on alternate causation as it applies to negligence. The additional language of "unreasonable force" does not track with the language of the instruction and will confuse the jury.

<u>Plaintiff's Response</u>:

This instruction is necessary as there are two shooters in this case and only one of Decedent's gunshot wound was determined to be lethal and the cause of Decedent's death. Additionally, the alternative causation concept is applicable to all of Plaintiff's claims rather than just Plaintiff's negligence claim.

1

## **<u>Negligence—Essential Elements</u>**

2   The plaintiff claims that Benjamin Chin was harmed by the negligence of the

3   Defendant Officers. To establish this claim, the plaintiff must prove all of the

4   following:

5       1.   That the Defendant Officer(s) was/were negligent;

6       2.   That Defendant Officer(s)' negligence was/were a substantial

7           factor in causing Benjamin Chin's injury, damage, loss, or harm.

8

9   <u>Source</u>:  CACI 440.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    <u>Defendants' Objections</u>:

2        Defendants object to this instruction in its entirety because it is duplicative and

3    unnecessary in light of CACI No. 441. CACI 441 is the appropriate jury instruction

4    for Plaintiff's negligence claim because this case involves the use of deadly force by

5    Los Angeles County Sheriff's Department deputies.

6

7    <u>Plaintiff's Response</u>:

8        Plaintiffs' negligence claim is not limited to the officer's use of force. Under

9    California negligence law, "the actor's conduct must always be gauged in relation to

10    all other material circumstances surrounding it…" *Grudt v. City of Los Angeles*, 2

11    Cal. 3d 575, 587 (1970) (citing *Toschi v. Christian*, 24 Cal. 2d 354, 360 (1944)); *see*

12    *Shin v. Ahn* , 42 Cal. 4th 482, 499 (2007) (discussing totality-of-the-circumstances

13    rule); *John B. v. Superior Court*, 38 Cal. 4th 1177, 1191(2006) (same); *Kahn v. East*

14    *Side Union High School Dist.*, 31 Cal. 4th 990, 996 (2003) (same); *Commercial U.A.*

15    *Co. v. Pacific G. & E. Co.*, 220 Cal. 515, 522 (1934) (same). Under California

16    negligence law, a jury may "broadly [] consider whether officers acted in a manner

17    consistent with their duty of due care *during the use of force incident*." *Alves v. Cnty.*

18    *of Riverside*, 135 F.4th 1161, 1173 n.11 (9th Cir. 2025) (emphasis added).

19        In a recently published opinion, the Ninth Circuit recognized that California

20    tort law's "reasonable care" standard is distinct form the Fourth Amendment

21    "reasonableness" standard and that the California's "totality of the circumstances"

22    analysis was broader in scope than the Fourth Amendment's "totality of the

23    circumstances." *Alves*, 135 F.4th at 1172-73. Thus, the Ninth Circuit concluded that

24    under the plaintiff's negligence claim, the jury was permitted to focus on different

25    aspects of the "totality of the circumstances." *Id.* at 1173-74. While in the *Alves*

26    case, the only negligence instruction given were CACI 440 and 441, which pertained to an

27    officer's negligent use of force and deadly force, the Ninth Circuit still found that the

28    plaintiff's negligence claim "allowed the jury to consider more broadly all the facts

1    known to a reasonable officer at the time" and all conduct, including pre-force and

2    post-force conduct, during the incident. *Id.* at 1174 (cleaned up) (finding that a jury

3    could have reasonably determined that the officers owed a duty of care to the

4    decedent *after* restraining him in handcuffs, and breached that duty by failing to place

5    him in a recovery position or check whether he was breathing or had a pulse); *see*

6    *also Dooley v. City of Long Beach*, No. CV 13-4179 JFW RZ, 2014 WL 7405444, at

7    *9 (C.D. Cal. Dec. 29, 2014) (using CACI 400 and 441 as the standard of review for

8    the plaintiff's negligence claim in an excessive force case).

1

## **Basic Standard of Care**

2    Negligence is the failure to use reasonable care to prevent harm to oneself or to

3    others.

4    A person can be negligent by acting or by failing to act. A person is

5    negligent if that person does something that a reasonably careful person would not do

6    in the same situation or fails to do something that a reasonably careful person would

7    do in the same situation.

8    You must decide how a reasonably careful person would have acted in the

9    Defendant Officer(s)' situation.

10

11    Source: CACI 401.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    <u>Defendants' Objections</u>:

2        Defendants object to this instruction because the basic standard of care for a

3    negligence claim involving a peace officer's deadly use of force is whether a

4    reasonable officer in the same situation would have believed, based on the totality of

5    the circumstances known to or perceived by the defendant at the time, that deadly

6    force was necessary. CACI No. 401 will mislead the jury as to the standard of care at

7    issue in this case.

8

9    <u>Plaintiff's Response</u>:

10        Plaintiffs' negligence claim is not limited to the officer's use of force. Under

11    California negligence law, "the actor's conduct must always be gauged in relation to

12    all other material circumstances surrounding it…" *Grudt v. City of Los Angeles*, 2

13    Cal. 3d 575, 587 (1970) (citing *Toschi v. Christian*, 24 Cal. 2d 354, 360 (1944)); *see*

14    *Shin v. Ahn* , 42 Cal. 4th 482, 499 (2007) (discussing totality-of-the-circumstances

15    rule); *John B. v. Superior Court*, 38 Cal. 4th 1177, 1191(2006) (same); *Kahn v. East*

16    *Side Union High School Dist.*, 31 Cal. 4th 990, 996 (2003) (same); *Commercial U.A.*

17    *Co. v. Pacific G. & E. Co.*, 220 Cal. 515, 522 (1934) (same). Under California

18    negligence law, a jury may "broadly [] consider whether officers acted in a manner

19    consistent with their duty of due care *during the use of force incident*." *Alves v. Cnty.*

20    *of Riverside*, 135 F.4th 1161, 1173 n.11 (9th Cir. 2025) (emphasis added).

21        In a recently published opinion, the Ninth Circuit recognized that California

22    tort law's "reasonable care" standard is distinct form the Fourth Amendment

23    "reasonableness" standard and that the California's "totality of the circumstances"

24    analysis was broader in scope than the Fourth Amendment's "totality of the

25    circumstances." *Alves*, 135 F.4th at 1172-73. Thus, the Ninth Circuit concluded that

26    under the plaintiff's negligence claim, the jury was permitted to focus on different

27    aspects of the "totality of the circumstances." *Id.* at 1173-74. While in the *Alves* case,

28    the only negligence instruction given were CACI 440 and 441, which pertained to an

officer's negligent use of force and deadly force, the Ninth Circuit still found that the
plaintiff's negligence claim "allowed the jury to consider more broadly all the facts
known to a reasonable officer at the time" and all conduct, including pre-force and
post-force conduct, during the incident. *Id.* at 1174 (cleaned up) (finding that a jury
could have reasonably determined that the officers owed a duty of care to the
decedent *after* restraining him in handcuffs, and breached that duty by failing to place
him in a recovery position or check whether he was breathing or had a pulse); *see
also Dooley v. City of Long Beach*, No. CV 13-4179 JFW RZ, 2014 WL 7405444, at
*9 (C.D. Cal. Dec. 29, 2014) (using CACI 400 and 441 as the standard of review for
the plaintiff's negligence claim in an excessive force case).

1
2
3        **<u>DEFENDANTS' PROPOSED DISPUTED INSTRUCTIONS</u>**
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## 9.2 Causation

2       A Defendant deprives another of a constitutional right, within the meaning of §

3 1983, "if he does an affirmative act, participates in another's affirmative act, or omits

4 to perform an act which he is legally required to do that causes the deprivation of

5 which" Plaintiff complains.

6       To prevail on any claim brought under 42 U.S.C. § 1983, the Plaintiff must

7 prove that LASD Deputies Marisol Barajas' and Hector Vazquez's conduct was the

8 cause of the alleged injury.  In other words, the Plaintiff must prove that but for the

9 LASD Deputies' conduct, the injury would not have occurred.

10       To prevail on any claim brought under 42 U.S.C. § 1983, the Plaintiff must

11 prove that the LASD Deputies' unconstitutional conduct was the factual cause of the

12 alleged injury.  This means the Plaintiff must prove the injury was the foreseeable

13 consequence of the conduct, and that without the conduct, the injury would not have

14 occurred in the same way.

15       In addition, the Plaintiff must further prove the injury was a foreseeable

16 consequence of LASD Deputies' unconstitutional conduct.

17

18 **Sources and Authority**:

19 Ninth Circuit Manuel of Model Jury Civil Instructions No. 9.2.

20

21

22

23

24

25

26

27

28

Plaintiff's Objections:

Plaintiff objects to this instruction on the basis that under the facts and circumstances of this case, causation of Decedent's injuries is uncontested. To give this instruction would only serve to confuse the jury. Additionally, the wording of this instruction is confusing. "Affirmative act" is not defined. "Factual cause" appears to be an inaccurate phrase for cause-in-fact and is not defined. The instruction also repeats confusing concepts regarding foreseeable conduct. It is undisputed that the deputies intentionally shot at Decedent and that a foreseeable consequence of shooting at Decedent is Decedent sustaining injuries and dying.

Defendants' Response:

The instruction appropriately follows the language of Ninth Circuit Manuel of Model Jury Civil Instructions No. 9.2 for causation based on a § 1983 claim. Under Instruction No. 9.2, Plaintiff must prove by a preponderance of evidence that an unconstitutional action by the Defendant Deputies caused the Plaintiff's/Decedent's alleged injury. Plaintiff must prove more than the gunshots causing the Decedent's injuries – she must also prove that the action was unconstitutional, and that the unconstitutional action caused the harm.

## **Burden of Proof—Clear and Convincing Evidence**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

**Sources and Authority:**

Ninth Circuit Manuel of Model Jury Civil Instructions No. 1.7.

Plaintiff's Objections:

      Plaintiff objects to duplicative instructions regarding the Clear and Convincing Burden of Proof. This unnecessarily emphasizes this burden and is therefore prejudicial to Plaintiff.

Defendants' Response:

      This instruction appropriately follows the language of Ninth Circuit Manuel of Model Jury Civil Instructions No. 1.7 and instructs the jury on Plaintiff's burden of proof for evidence requiring a clear and convincing standard.

**Particular Rights—Fourth Amendment—Unreasonable Seizure of Person**

**Excessive Force**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in attempting to stop or apprehend a fleeing suspect. Therefore, to establish an unreasonable seizure in this case, the Plaintiff, Jennie Quan, must prove by a preponderance of the evidence that the officers used excessive force.

Under the Fourth Amendment, a police officer may use only such force as is objectively reasonable under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant.

In determining whether the officers used excessive force in this case, you should consider all of the circumstances known to the officers at the time force was applied, including:

1.    The nature of the crime or other circumstances known to the officers at the time;

2.    Whether Benjamin Chin posed an immediate threat to the safety of the officers or others;

3.    Whether the Benjamin Chin was actively resisting arrest or attempting to evade arrest by flight;

4.    The amount of time the officers had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

5.    The relationship between the need for the use of force and the amount of force used;

6.    The extent of the Benjamin Chin's injury;

AMENDED JOINT DISPUTED JURY INSTRUCTIONS

7.    Any effort made by the officers to temper or to limit the amount of force;

8.    The severity of the security problem at issue;

9.    The availability of alternative methods of capturing or subduing Benjamin Chin;

10.    the number of lives at risk and the parties' relative culpability; *i.e.*, which party created the dangerous situation, and which party is more innocent;

11.    Whether it was practical for the deputies to give a warning of the imminent use of force, and whether such warning was given;

12.    Whether a reasonable officer would have or should have accurately perceived any mistaken facts;

13.    Whether there was probable cause for a reasonable officer to believe that the decedent had committed a crime involving the infliction or threatened infliction of serious physical harm.

"Probable cause" exists when, under all of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude there is a fair probability that the person has committed or was committing a crime.

**Sources and Authority:**

Ninth Circuit Manuel of Model Jury Civil Instructions No. 9.25.

1 | <u>Plaintiff's Objections</u>:

2 |       Plaintiff objects to the failure to edit the second element to reflect that the

3 | caselaw that a suspect must pose an immediate threat of *death or serious bodily*

4 | *injury* to justify the use of *deadly force* that was used in this case. Plaintiff further

5 | objects to element 8 and 10 as they are inapplicable under the facts and circumstances

6 | of this case. Plaintiff further objects to the omission of "additional factors" that are

7 | applicable to the facts and circumstances of this case, including how quickly the

8 | officer used deadly force after encountering the individual. *See A.K.H v. City of*

9 | *Tustin*, 837 F.3d 1005, 1012 (9th Cir. 2016).

10 |

11 | <u>Defendants' Response</u>:

12 |       The instruction proposed by Defendants appropriately follows the language of

13 | Ninth Circuit Manuel of Model Jury Civil Instructions No. 9.25. In particular,

14 | circumstance "2" instructs the jury to consider whether the Decedent posed a threat

15 | of immediate harm to others at the time force was used, and does not require a

16 | consideration of whether the Decedent posed an immediate threat of *death or serious*

17 | *bodily injury*. The jury should only be instructed to consider the immediate threat of

18 | harm the Decedent posed to the safety of the Defendant Deputies when considering

19 | the reasonableness of their force.

## <u>Intent</u>

Deputies Marisol Barajas and Hector Vazquez acted intentionally if they intended to use deadly force on Benjamin Chin or if they were substantially certain that the use of deadly force on Benjamin Chin would result from their conduct.

**Sources and Authority:**

Judicial Council of California Civil Jury Instructions 1320.

Plaintiff's Objections:

Plaintiff objects to this instruction on the basis that the Defendants' intent is not in dispute under the facts and circumstances of this case and to give this instruction would only serve to confuse the jury. It is further confusingly worded.

Defendants' Response:

This instruction appropriately follows the language of Judicial Council of California Civil Jury Instructions 1320 and instructs the jury on the intent requirement of battery.

## **Bane Act – Essential Factual Elements**

Jennie Quan claims that the County of Los Angeles, Deputy Marisol Barajas, and Detective Hector Vazquez intentionally interfered with Benjamin Chin's civil rights by threats, intimidation, or coercion. To establish this claim, Jennie Quan must prove all of the following:

14.    That Marisol Barajas and Hector Vazquez, acted violently against Benjamin Chin to prevent him from exercising his right to be free from unreasonable seizure and unreasonable excessive force;

15.    That Marisol Barajas and Hector Vazquez intended to deprive Benjamin Chin of his enjoyment of the interests protected by the right to be free from unreasonable excessive force;

16.    That Benjamin Chin was harmed; and

17.    That the Marisol Barajas' and Hector Vazquez's conduct was a substantial factor in causing Benjamin Chin's harm.

**Sources and Authority:**

Judicial Council of California Civil Jury Instructions 3066.

<u>Plaintiff's Objections</u>:

Plaintiff objects to this instruction on the basis that it does not instruct the jury that a reckless disregard for the Decedent's right can be evidence of intent to violate his rights. *See Reese v. County of Sacramento*, 888 F.3d 1030, 1045 (9th Cir. 2018).

<u>Defendants' Response</u>:

The language proposed by Plaintiff is not found in CACI No. 3066 and will only confuse the jury.

### **<u>Introduction to Tort Damages - Liability Contested</u>**

If you decide that Jennie Quan has proved her claims against the County of Los Angeles, Marisol Barajas and Hector Vazquez, you also must decide how much money will reasonably compensate Jennie Quan for the harm. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by County of Los Angeles, Marisol Barajas' and Hector Vazquez's wrongful conduct, even if the particular harm could not have been anticipated.

Jennie Quan does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Jennie Quan:

[Plaintiff insert]

**Sources and Authority:**

Judicial Council of California Civil Jury Instructions 3900.

Plaintiff's Objections:

Plaintiff objects to separate instructions on separate categories of damages. The categories of damages should be included in one damages instruction, with the predicate damages instruction before the list of the category of damages sought. To separate out each instruction and each category will confuse the jury. The verdict form can address any entitlement to specific categories of damages through its instructions on which damages question(s) to answer should the jury find liability on specific claims. Plaintiff further objects to some of the damages instructions being duplicative of each other.

Defendants' Response:

Defendants disagree with including damages in one instruction. This instruction appropriately follows the language of CACI No. 3900 and explains tort damages to the jury.

## **Physical Pain, Mental Suffering, and Emotional Distress (Noneconomic Damage)**

No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

To recover for future pain and suffering and emotional distress, Jennie Quan must prove that she is reasonably certain to suffer that harm.

For future emotional distress and pain and suffering, determine the amount in current dollars paid at the time of judgment that will compensate Jennie Quan for future emotional distress and pain and suffering. This amount of noneconomic damages should not be further reduced to present cash value because that reduction should only be performed with respect to economic damages.

**Sources and Authority:**

Judicial Council of California Civil Jury Instructions 3905A.

Plaintiff's Objections:

Plaintiff objects to separate instructions on separate categories of damages. The categories of damages should be included in one damages instruction, with the predicate damages instruction before the list of the category of damages sought. To separate out each instruction and each category will confuse the jury. The verdict form can address any entitlement to specific categories of damages through its instructions on which damages question(s) to answer should the jury find liability on specific claims. Plaintiff further objects to some of the damages instructions being duplicative of each other.

Defendants' Response:

Defendants disagree with including damages in one instruction. This instruction appropriately follows the language of CACI No. 3905A and explains the different categories of noneconomic damages to the jury.

1

## **<u>Arguments of Counsel Not Evidence of Damages</u>**

The arguments of the attorneys are not evidence of damages. Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

**Sources and Authority:**

Judicial Council of California Civil Jury Instructions 3925.

1  <u>Plaintiff's Objections</u>:

2       Plaintiff objects to this instruction on the basis that it is duplicative of a prior

3  instruction that argument of counsel is not evidence.

4

5  <u>Defendants' Response</u>:

6       This instruction appropriately follows the language of CACI No. 3925 and

7  should be given to the jury.

## **Damages From Multiple Defendants**

In this case, Jennie Quan seeks damages from more than one Defendant. You must determine the liability of each Defendant to Jennie Quan separately.

If you determine that more than one Defendant is liable to Jennie Quan for damages, you will be asked to find Jennie Quan's total damages and the comparative fault of each Defendant and other nonparties.

In deciding on the amount of damages, consider only Jennie Quan's claimed losses. Do not attempt to divide the damages among the Defendants. The allocation of responsibility for payment of damages among multiple Defendants is to be done by the court after you reach your verdict.

**Sources and Authority:**

Judicial Council of California Civil Jury Instructions 3933.

<u>Plaintiff's Objections</u>:

Plaintiff objects to this instruction on the basis that it is confusing and may only serve to confuse and mislead the jury. Additionally, "comparative fault" is only applicable to one of Plaintiff's claims and thus, this instruction should not be generally used for all of Plaintiff's claims.

<u>Defendants' Response</u>:

This instruction appropriately follows the language of CACI No. 3933 and should be given to the jury because of the Decedent's and/or Plaintiff's relevant comparative fault.

1

## **Damages on Multiple Legal Theories**

2          Jennie Quan seeks damages from the County of Los Angeles, Marisol Barajas

3   and Hector Vazquez under more than one legal theory. However, each item of

4   damages may be awarded only once, regardless of the number of legal theories

5   alleged.

6          You will be asked to decide whether the County or any deputy is liable to

7   Jennie Quan under the following legal theories:

8          18.    Excessive Force

9          19.    Negligence;

10         20.    Battery;

11         21.    Assault;

12         22.    Bane Act Violation

13         The following items of damages are recoverable only once under all of the

14   above legal theories:

15         23.    Lost financial support from Benjamin Chin;

16         24.    Reasonable value of household services that Benjamin Chin would have

17   provided;

18         25.    Loss of gifts or benefits that Jennie Quan would have expected to receive

19   from Benjamin Chin.

20         The following additional items of damages are recoverable only once for all

21   legal theories:

22      1. Loss of love, companionship, comfort, care, assistance, protection, affection,

23         society, and moral support of Benjamin Chin;

24      2. Loss of Benjamin Chin's training and guidance;

25      3. Pain and suffering, mental anguish, grief, or emotional distress experienced by

26         Jennie Quan.

27

28   **Sources and Authority:**

1    Judicial Council of California Civil Jury Instructions 3934.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED JOINT DISPUTED JURY INSTRUCTIONS

Plaintiff's Objections:

Plaintiff objects to separate instructions on separate categories of damages. The categories of damages should be included in one damages instruction, with the predicate damages instruction before the list of the category of damages sought. To separate out each instruction and each category will confuse the jury. The verdict form can address any entitlement to specific categories of damages through its instructions on which damages question(s) to answer should the jury find liability on specific claims. Plaintiff further objects to some of the damages instructions being duplicative of each other.

Defendants' Response:

Defendants disagree with including damages in one instruction. This instruction appropriately follows the language of CACI No. 3934 and properly lists Plaintiff's claims and the damages she is seeking based on her operative Complaint and discovery responses.

## **Punitive Damages – Individual Defendants – Trial Not Bifurcated**

If you decide that Marisol Barajas' and Hector Vazquez's conduct caused Benjamin Chin's harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future. You may award punitive damages only if Jennie Quan proves by clear and convincing evidence that Marisol Barajas and Hector Vazquez engaged in that conduct with malice, oppression, or fraud.

"Malice" means that Marisol Barajas and Hector Vazquez acted with intent to cause injury or that Marisol Barajas' and Hector Vazquez's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the person's conduct and deliberately fails to avoid those consequences.

"Oppression" means that Marisol Barajas' and Hector Vazquez's conduct was despicable and subjected Benjamin Chin to cruel and unjust hardship in knowing disregard of his rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Marisol Barajas and Hector Vazquez intentionally misrepresented or concealed a material fact and did so intending to harm Benjamin Chin.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a) How reprehensible was Marisol Barajas' and Hector Vazquez's conduct? In deciding how reprehensible Marisol Barajas and Hector Vazquez's conduct was, you may consider, among other factors:

1. Whether the conduct caused physical harm;

2. Whether Marisol Barajas and Hector Vazquez disregarded the health or safety of others;

3. Whether Benjamin Chin was financially weak or vulnerable and Marisol Barajas and Hector Vazquez knew Benjamin Chin was financially weak or vulnerable and took advantage of him;

4. Whether Marisol Barajas' and Hector Vazquez's conduct involved a pattern or practice; and

5. Whether Marisol Barajas and Hector Vazquez acted with trickery or deceit.

(b) Is there a reasonable relationship between the amount of punitive damages and Benjamin Chin's harm [or between the amount of punitive damages and potential harm to Benjamin Chin that Marisol Barajas and Hector Vazquez knew was likely to occur because of their conduct?

(c) In view of Marisol Barajas' and Hector Vazquez's financial condition, what amount is necessary to punish them and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because Marisol Barajas and Hector Vazquez have substantial financial resources. [Any award you impose may not exceed Marisol Barajas' and Hector Vazquez's ability to pay.]

[Punitive damages may not be used to punish Marisol Barajas and Hector Vazquez for the impact of their alleged misconduct on persons other than Benjamin Chin.]

**Sources and Authority:**

Judicial Council of California Civil Jury Instructions 3940.

1    <u>Plaintiff's Objections</u>:

2         Plaintiff objects to this instruction on the basis that Plaintiff does not intend to

3    seek punitive damages under Plaintiff's state law claims.

4

5    <u>Defendants' Response</u>:

6         This instruction appropriately follows the language of CACI No. 3940 and

7    should be given for the claims for which Plaintiff is seeking punitive damages.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **Damages—Proof**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Jennie Quan on Jennie Quan's Excessive Force (No. 1); Battery (No. 6); Negligence (No. 7); and Bane Act (No. 8) claims, you must determine Jennie Quan's damages. Jennie Quan has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Jennie Quan for any injury you find was caused by the Defendants. You should consider the following:

26.    The nature and extent of the injuries;

27.    Any loss of enjoyment of life experienced;

28.    Any mental, physical, or emotional pain and suffering experienced;

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Sources and Authority:**

Ninth Circuit Manuel of Model Jury Civil Instructions No. 5.1.

Plaintiff's Objections:

Plaintiff objects to separate instructions on separate categories of damages. The categories of damages should be included in one damages instruction, with the predicate damages instruction before the list of the category of damages sought. To separate out each instruction and each category will confuse the jury. The verdict form can address any entitlement to specific categories of damages through its instructions on which damages question(s) to answer should the jury find liability on specific claims. Plaintiff further objects to some of the damages instructions being duplicative of each other.

Defendants' Response:

Defendants disagree with including damages in one instruction. This instruction appropriately follows the language of Ninth Circuit Manuel of Model Jury Civil Instructions No. 5.1.

## **<u>Damages—Proof</u>**

In determining the measure of damages, you should consider:

29.    The nature and extent of the injuries;

30.    Any loss of enjoyment of life experienced;

31.    Any mental, physical, or emotional pain and suffering experienced;

32.    The reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future;

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Sources and Authority:**

Ninth Circuit Manuel of Model Jury Civil Instructions No. 5.2.

Plaintiff's Objections:

Plaintiff objects to separate instructions on separate categories of damages. The categories of damages should be included in one damages instruction, with the predicate damages instruction before the list of the category of damages sought. To separate out each instruction and each category will confuse the jury. The verdict form can address any entitlement to specific categories of damages through its instructions on which damages question(s) to answer should the jury find liability on specific claims. Plaintiff further objects to some of the damages instructions being duplicative of each other.

Defendants' Response:

Defendants disagree with including damages in one instruction. This instruction appropriately follows the language of Ninth Circuit Manuel of Model Jury Civil Instructions No. 5.2.

## **Damages—Mitigation**

Jennie Quan has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The Defendants have the burden of proving by a preponderance of the evidence:

      1.  that Jennie Quan failed to use reasonable efforts to mitigate damages; and

      2. the amount by which damages would have been mitigated.

**Sources and Authority:**

Ninth Circuit Manuel of Model Jury Civil Instructions No. 5.3.

Plaintiff's Objections:

Plaintiff objects to this instruction on the basis that it is inapplicable to the facts and circumstances of this case and thus would only serve to confuse and mislead the jury.

Defendants' Response:

This instruction appropriately follows the language of Ninth Circuit Manuel of Model Jury Civil Instructions No. 5.3 and should be provided to the jury because Plaintiff's failure to mitigate is relevant to her damages, if any.

## **Punitive Damages**

If you find for Jennie Quan, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a Defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

Jennie Quan has the burden of proving by clear and convincing evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that Marisol Barajas' and Hector Vazquez's conduct that harmed Benjamin Chin was malicious, oppressive, or in reckless disregard of Benjamin Chin's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring Benjamin Chin. Conduct is in reckless disregard of Benjamin Chin's rights if, under the circumstances, it reflects complete indifference to Benjamin Chin's safety or rights, or if the Defendant acts in the face of a perceived risk that its actions will violate Benjamin Chin's rights under federal law. An act or omission is oppressive if the Defendant injures or damages or otherwise violates the rights of Benjamin Chin with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness, disability, or misfortune of Benjamin Chin.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the Defendant's conduct, including whether the conduct that harmed Benjamin Chin was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of punitive damages in order to punish Marisol Barajas and Hector Vazquez for harm to anyone other than Benjamin Chin in

this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on Benjamin Chin.

Punitive damages may not be awarded against the County of Los Angeles. You may impose punitive damages against one or more of the Defendant deputies and not others and may award different amounts against different Defendants. Punitive damages may be awarded even if you award Jennie Quan only nominal, and not compensatory damages.

**Sources and Authority:**

Ninth Circuit Manuel of Model Jury Civil Instructions No. 5.5.

<u>Plaintiff's Objections</u>:

Plaintiff is seeking bifurcation of entitlement and amount of punitive damages and thus objects to this instruction on the basis that part of the instruction may not be applicable to the first phase of trial.

<u>Defendants' Response</u>:

This instruction appropriately follows the language of Ninth Circuit Manuel of Model Jury Civil Instructions No. 5.5 and should be given for the claims for which Plaintiff is seeking punitive damages.

## **Nominal Damages**

The law that applies to this case authorizes an award of nominal damages. If you find for Jennie Quan but you find that Jennie Quan has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

**Sources and Authority:**

Ninth Circuit Manuel of Model Jury Civil Instructions No. 5.65.

Plaintiff's Objections:

      Plaintiff objects to this instruction on the basis that it is inapplicable to the facts and circumstances of this case.

Defendants' Response:

      This instruction appropriately follows the language of Ninth Circuit Manuel of Model Jury Civil Instructions No. 5.6 and should be given to the jury.