**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
E-mail: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JENNIE QUAN, individually and as successor in interest to BENJAMIN CHIN, deceased,<br><br>                              Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES; MARISOL BARAJAS; HECTOR VAZQUEZ; and DOES 3-10, inclusive,<br><br>                              Defendants. | Case No. 2:24-cv-04805-MCS-KS<br><br>*Assigned to*:<br>Hon Mark C. Scarsi<br>Hon. Mag. Judge Karen L. Stevenson<br><br>**SECOND AMENDED JOINT DISPUTED JURY INSTRUCTIONS**<br><br>Trial:<br>Date:   February 10, 2026 |

**<u>TO THE HONORABLE COURT</u>**:

Pursuant to the Court's Order re: Jury/Court Trial, and the Court's instructions at the Pretrial Conference Order (*see* Doc. No. 91), Plaintiff Jennie Quan and Defendants County of Los Angeles, Marisol Barajas, and Hector Vazquez, by and through their respective counsel of record, hereby submit their Second Amended Joint Disputed Jury Instructions.

Respectfully submitted,

DATED:  February 3, 2026          LAW OFFICES OF DALE K. GALIPO

By_____*/s/ Hang D. Le*_____
     Dale K. Galipo
     Hang D. Le
     Attorneys for Plaintiff

DATED: February 3, 2026          HURRELL CANTRALL LLP

By_____*/s/ Jerad J. Miller\**_____
     Thomas C. Hurrell
     Jerad J. Miller
     Attorneys for Defendant, County of Los Angeles

*The filer, Hang D. Le, hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur with the filing's content and have authorized the filing.

1

2

3    **<u>PLAINTIFF'S PROPOSED DISPUTED JURY INSTRUCTIONS</u>**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### **Fourth Amendment—Unreasonable Seizure—Excessive Force**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or defending himself. Therefore, in order to prove an unreasonable seizure by excessive force in this case, the plaintiffs must prove by a preponderance of the evidence that the Defendant Officers used excessive force against Benjamin Chin.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether Defendant Officer(s) used excessive force in this case, consider all of the circumstances known to the deputy on the scene, including:

1. The nature of the crime or other circumstances known to Defendant Officer(s) at the time the force was applied;

2. Whether Benjamin Chin posed an immediate threat *of death or serious bodily injury* to the Defendant Officer(s) or to others at the time *deadly* force was applied;

3. Whether Benjamin Chin was actively resisting arrest or attempting to evade arrest by flight;

4. The amount of time each officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

5. The relationship between the need for the use of force and the amount of force used;

6. The extent of Benjamin Chin's injury;

7.    Any effort made by Defendant Officer(s) to temper or limit the amount of force;

8.    The availability of alternative methods to take Benjamin Chin into custody;

9.    How quickly the officer used deadly force after encountering the individual;

10.   Whether it was practical for the officer(s) to give warning of the imminent use of force, and whether such warning was given.

11.   Whether a reasonable officer would have or should have accurately perceived a mistaken fact; and

12.   Whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm.

"Probable cause" exists when, under all of the circumstances known to the officer[s] at the time, an objectively reasonable police officer would conclude there is a fair probability that the has committed or was committing a crime.

Source: Ninth Circuit Manual of Model Jury Civil Instructions No. 9.25 (modified); *Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1126 (9th Cir. 2021) ("Under federal law, deadly force can be reasonable only if the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others." (internal quotation marks omitted); *A. K. H v. City of Tustin*, 837 F.3d 1005, 1012 (9th Cir. 2016) (determining that "perhaps most important" was that the officer at issue "escalated to deadly force very quickly").

<u>Defendants' Objections</u>:

Defendants dispute the modified language of the circumstances the jury should consider when determining whether unreasonable force was used and propose that the Court should instruct the jury on the circumstances listed in Ninth Circuit Manual of Model Jury Civil Instructions No. 9.25. In particular, circumstance "2" requires the jury to consider whether the Decedent posed a threat of immediate harm to others at the time force was used. Plaintiff has modified the instruction to include whether the Decedent posed a threat of *death or serious bodily injury*, which does not follow the language of Ninth Circuit Manual of Model Jury Civil Instructions No. 9.25. Defendants further object to the inclusion of circumstance "9," as it is not part of Ninth Circuit Model Jury Instruction No. 9.25 but rather an added factor.

<u>Plaintiff's Response</u>:

Model Instruction 9.25 allows the parties to "insert other factors particular to the case." *See* Instruction 9.25, bracketed factor 16. The "Comment" section of Model Instruction 9.25 recognizes that additional factors set forth by the Ninth Circuit include "when deadly force is at issue, how quickly the officer used deadly force after encountering the individual," *see* Instruction 9.25, Comment (citing *A.K.H v. City of Tustin*, 837 F.3d 1005, 1012 (9th Cir. 2016)), and "when the use of deadly force is at issue, whether the officer has probable cause to believe that the individual poses a significant threat of death or serious physical injury to the officer or others," *see* Instruction 9.25, Comment (citing *Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1126 (9th Cir. 2021); *Zion v. Cnty. of Orange*, 874 F.3d 1072, 1076 (9th Cir. 2017); *Villanueva v. California*, 986 F.3d 1158 (9th Cir. 2021)). Since this is a deadly force case, those factors apply.

## **Alternative Causation**

You may decide that more than one of the defendants used unreasonable force or was negligent, but that the use of unreasonable force or negligence of only one of them could have actually caused Benjamin Chin's harm. If you cannot decide which defendant caused Benjamin Chin's harm, you must decide that each defendant is responsible for the harm.

However, if a defendant proves that he or she did not cause Benjamin Chin's harm, then you must conclude that defendant is not responsible.

Source: CACI 434.

<u>Defendants' Objections</u>:

Defendants object to this instruction in its entirety because the general negligence CACI instructions do not apply in this case. CACI 441 is the appropriate jury instruction for Plaintiff's negligence claim.  CACI No. 434 will mislead the jury as to the standard of care at issue in this case.  Further, Defendants object to the Plaintiff's modification and addition of "unreasonable force" under the instruction. CACI No. 434 instructs the jury on alternate causation as it applies to negligence. The additional language of "unreasonable force" does not track with the language of the instruction and will confuse the jury.

<u>Plaintiff's Response</u>:

This instruction is necessary as there are two shooters in this case and only one of Decedent's gunshot wound was determined to be lethal and the cause of Decedent's death. Additionally, the alternative causation concept is applicable to all of Plaintiff's claims rather than just Plaintiff's negligence claim.

# INSTRUCTION NO. 31

### Bane Act—Essential Elements

The plaintiff claims that Defendant Officers intentionally interfered with or attempted to interfere with Benjamin Chin's civil rights by threats, intimidation, or coercion. To establish this claim, the plaintiff must prove all of the following:

1. That the defendant officer(s) acted violently against Benjamin Chin to prevent him from exercising his right to be free from excessive force.

2. That defendant officer(s) intended to deprive Benjamin Chin of his enjoyment of the interests protected by the right to be free from excessive force

3. That Benjamin Chin was harmed; and

4. That defendant officer(s)' conduct was a substantial factor in causing Benjamin Chin's harm.

A reckless disregard of a person's constitutional rights is evidence of specific intent to deprive that person of those rights.

Source: CACI 3066 (modified); *Reese v. County of Sacramento*, 888 F.3d 1030, 1045 (9th Cir. 2018).

1  <u>Defendants' Objections</u>:

2      Defendants object to the addition of "A reckless disregard of a person's

3  constitutional rights is evidence of specific intent to deprive that person of those

4  rights," as this language is not included in the CACI No. 3066 instruction.

5

6  <u>Plaintiff's Response</u>:

7      Plaintiff contends that this language is necessary to define what "intent" means

8  in the context of Plaintiff's Bane Act claim, as it is not clear from the instruction as

9  currently worded. California courts and the Ninth Circuit have held that "specific

10  intent" may be shown by demonstrating a reckless disregard for a person's

11  constitutional rights. *See Cornell v. City & Cnty. of San Francisco*, 17 Cal. App. 5th

12  766, 803–04, as modified (Nov. 17, 2017) (citation omitted) ("[S]pecific intent" may

13  be shown by demonstrating that the defendant "acted ... 'in reckless disregard of

14  constitutional or statutory prohibitions or guarantees.' "); *Reese v. Cnty. of*

15  *Sacramento*, 888 F.3d 1030, 1045 (9th Cir. 2010) ("[A] reckless disregard for a

16  person's constitutional rights is evidence of a specific intent to deprive that person of

17  those rights.").

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 33**

<u>Damages—Proof and Types of Damages</u>

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on any of the plaintiff's claims, you must determine the plaintiff's damages and Benjamin Chin's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff and Benjamin Chin for any injury you find was caused by a defendant.

When determining Benjamin Chin's damages, you should consider the following:

1.  The nature and extent of the injuries;

2.  The loss of life; and

3.  The mental, physical, and emotional pain and suffering, grief, anxiety, emotional distress and loss of enjoyment of life experienced.

The damages the plaintiff claims fall into two categories called economic and noneconomic damages. You will be asked to state the two categories of damages separately on the verdict form.

When determining the plaintiff's economic damages, you should consider the following:

1.  The financial support, if any, that Benjamin Chin would have contributed to the plaintiff during either the life expectancy of Benjamin Chin before his death or the life expectancy of the plaintiff, whichever is shorter;

2.  The loss of gifts or benefits that the plaintiff would have expected to receive from Benjamin Chin;

3.  Funeral and burial expenses;

4. The reasonable value of household services that Benjamin Chin would have
   provided to the plaintiff.

Your award of any future economic damages must be reduced to present cash value.

When determining the plaintiff's noneconomic damages, you should consider the following:

1. The loss of Benjamin Chin's love, companionship, comfort, care, assistance, protection, affection, society, and moral support.

It is for you to determine what damages, if any, have been proved. No fixed standard exists for deciding the amount of noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

In determining the plaintiff's damages, do not consider:

1. The plaintiff's grief, sorrow, or mental anguish; or

2. Benjamin Chin's pain and suffering; or

3. The poverty or wealth of the plaintiff.

In deciding a person's life expectancy, you may consider, among other factors, the average life expectancy of a person of that age, as well as that person's health, habits, activities, lifestyle, and occupation.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

Source: Ninth Circuit Manual of Model Jury Civil Instructions Nos. 5.1, 5.2; CACI 3905A, 3921 (modified pursuant to Code Civ. Proc., § 377.34(b)).

<u>Defendants' Objections</u>:

Defendants object to this instruction because it combines Ninth Circuit Manuel of Model Jury Civil Instructions No. 5.1 & 5.2 with the CACI No. 3921 instruction for Wrongful Death. Defendants do not oppose combining Instructions No. 5.1 & 5.2, but the instructions for Wrongful Death should be included as a separate instruction, if included at all.

<u>Plaintiff's Response</u>:

Plaintiff contends that combining the survival damages and wrongful damages intruction into one is less confusing for the jury. Separating the instructions into different categories requires that the Court give slightly different prefatory instructions on damages, which could confuse the jury as to the burden of proof for damages.

1

## **DEFENDANTS' PROPOSED DISPUTED INSTRUCTIONS**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 9.2 Causation

A Defendant deprives another of a constitutional right, within the meaning of § 1983, "if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which" Plaintiff complains.

To prevail on any claim brought under 42 U.S.C. § 1983, the Plaintiff must prove that LASD Deputies Marisol Barajas' and Hector Vazquez's conduct was the cause of the alleged injury. In other words, the Plaintiff must prove that but for the LASD Deputies' conduct, the injury would not have occurred.

To prevail on any claim brought under 42 U.S.C. § 1983, the Plaintiff must prove that the LASD Deputies' unconstitutional conduct was the factual cause of the alleged injury. This means the Plaintiff must prove the injury was the foreseeable consequence of the conduct, and that without the conduct, the injury would not have occurred in the same way.

In addition, the Plaintiff must further prove the injury was a foreseeable consequence of LASD Deputies' unconstitutional conduct.

**Sources and Authority**:

Ninth Circuit Manuel of Model Jury Civil Instructions No. 9.2.

Plaintiff's Objections:

Plaintiff objects to this instruction on the basis that under the facts and circumstances of this case, causation of Decedent's injuries is uncontested. To give this instruction would only serve to confuse the jury. Additionally, the wording of this instruction is confusing. "Affirmative act" is not defined. "Factual cause" appears to be an inaccurate phrase for cause-in-fact and is not defined. The instruction also repeats confusing concepts regarding foreseeable conduct. It is undisputed that the deputies intentionally shot at Decedent and that a foreseeable consequence of shooting at Decedent is Decedent sustaining injuries and dying.

Defendants' Response:

The instruction appropriately follows the language of Ninth Circuit Manuel of Model Jury Civil Instructions No. 9.2 for causation based on a § 1983 claim. Under Instruction No. 9.2, Plaintiff must prove by a preponderance of evidence that an unconstitutional action by the Defendant Deputies caused the Plaintiff's/Decedent's alleged injury. Plaintiff must prove more than the gunshots causing the Decedent's injuries – she must also prove that the action was unconstitutional, and that the unconstitutional action caused the harm.

## **Particular Rights—Fourth Amendment—Unreasonable Seizure of Person Excessive Force**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in attempting to stop or apprehend a fleeing suspect. Therefore, to establish an unreasonable seizure in this case, the Plaintiff, Jennie Quan, must prove by a preponderance of the evidence that the officers used excessive force.

Under the Fourth Amendment, a police officer may use only such force as is objectively reasonable under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant.

In determining whether the officers used excessive force in this case, you should consider all of the circumstances known to the officers at the time force was applied, including:

1.      The nature of the crime or other circumstances known to the officers at the time;

2.      Whether Benjamin Chin posed an immediate threat to the safety of the officers or others;

3.      Whether the Benjamin Chin was actively resisting arrest or attempting to evade arrest by flight;

4.      The amount of time the officers had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

5.      The relationship between the need for the use of force and the amount of force used;

6.      The extent of the Benjamin Chin's injury;

7.     Any effort made by the officers to temper or to limit the amount of force;

8.     The severity of the security problem at issue;

9.     The availability of alternative methods of capturing or subduing Benjamin Chin;

10.     the number of lives at risk and the parties' relative culpability; *i.e.*, which party created the dangerous situation, and which party is more innocent;

11.     Whether it was practical for the deputies to give a warning of the imminent use of force, and whether such warning was given;

12.     Whether a reasonable officer would have or should have accurately perceived any mistaken facts;

13.     Whether there was probable cause for a reasonable officer to believe that the decedent had committed a crime involving the infliction or threatened infliction of serious physical harm.

"Probable cause" exists when, under all of the circumstances known to the officers at the time, an objectively reasonable police officer would conclude there is a fair probability that the person has committed or was committing a crime.

**Sources and Authority:**

Ninth Circuit Manuel of Model Jury Civil Instructions No. 9.25.

<u>Plaintiff's Objections</u>:

Plaintiff objects to the failure to edit the second element to reflect that the caselaw that a suspect must pose an immediate threat of *death or serious bodily injury* to justify the use of *deadly force* that was used in this case. Plaintiff further objects to element 8 and 10 as they are inapplicable under the facts and circumstances of this case. Plaintiff further objects to the omission of "additional factors" that are applicable to the facts and circumstances of this case, including how quickly the officer used deadly force after encountering the individual. *See A.K.H v. City of Tustin*, 837 F.3d 1005, 1012 (9th Cir. 2016).

<u>Defendants' Response</u>:

The instruction proposed by Defendants appropriately follows the language of Ninth Circuit Manuel of Model Jury Civil Instructions No. 9.25. In particular, circumstance "2" instructs the jury to consider whether the Decedent posed a threat of immediate harm to others at the time force was used, and does not require a consideration of whether the Decedent posed an immediate threat of *death or serious bodily injury*. The jury should only be instructed to consider the immediate threat of harm the Decedent posed to the safety of the Defendant Deputies when considering the reasonableness of their force.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **Intent**

Deputies Marisol Barajas and Hector Vazquez acted intentionally if they intended to use deadly force on Benjamin Chin or if they were substantially certain that the use of deadly force on Benjamin Chin would result from their conduct.

**Sources and Authority:**

Judicial Council of California Civil Jury Instructions 1320.

<u>Plaintiff's Objections</u>:

Plaintiff objects to this instruction on the basis that the Defendants' intent is not in dispute under the facts and circumstances of this case and to give this instruction would only serve to confuse the jury. It is further confusingly worded.

<u>Defendants' Response</u>:

This instruction appropriately follows the language of Judicial Council of California Civil Jury Instructions 1320 and instructs the jury on the intent requirement of battery.

## **<u>Bane Act – Essential Factual Elements</u>**

Jennie Quan claims that the County of Los Angeles, Deputy Marisol Barajas, and Detective Hector Vazquez intentionally interfered with Benjamin Chin's civil rights by threats, intimidation, or coercion. To establish this claim, Jennie Quan must prove all of the following:

14.    That Marisol Barajas and Hector Vazquez, acted violently against Benjamin Chin to prevent him from exercising his right to be free from unreasonable seizure and unreasonable excessive force;

15.    That Marisol Barajas and Hector Vazquez intended to deprive Benjamin Chin of his enjoyment of the interests protected by the right to be free from unreasonable excessive force;

16.    That Benjamin Chin was harmed; and

17.    That the Marisol Barajas' and Hector Vazquez's conduct was a substantial factor in causing Benjamin Chin's harm.

**Sources and Authority:**

Judicial Council of California Civil Jury Instructions 3066.

<u>Plaintiff's Objections</u>:

Plaintiff objects to this instruction on the basis that it does not instruct the jury that a reckless disregard for the Decedent's right can be evidence of intent to violate his rights. *See Reese v. County of Sacramento*, 888 F.3d 1030, 1045 (9th Cir. 2018).

<u>Defendants' Response</u>:

The language proposed by Plaintiff is not found in CACI No. 3066 and will only confuse the jury.

## Damages—Proof

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Jennie Quan on Jennie Quan's Excessive Force (No. 1); Battery By A Peace Officer (Deadly Force) (No. 6); Negligent Use of Deadly Force By A Peace Officer (No. 7); and Bane Act (No. 8) claims, you must determine Jennie Quan's damages. Jennie Quan has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Jennie Quan for any injury you find was caused by the Defendants. You should consider the following:

1.    The nature and extent of the injuries;

2.    Any loss of enjoyment of life experienced;

3.    Any mental, physical, or emotional pain and suffering experienced;

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Sources and Authority:**

Ninth Circuit Manuel of Model Jury Civil Instructions Nos. 5.1 & 5.2.

<u>Plaintiff's Objections</u>:

Plaintiff objects to separate instructions on separate categories of damages. The categories of damages should be included in one damages instruction, with the predicate damages instruction before the list of the category of damages sought. To separate out each instruction and each category will confuse the jury. The verdict form can address any entitlement to specific categories of damages through its instructions on which damages question(s) to answer should the jury find liability on specific claims.

<u>Defendants' Response</u>:

Defendants disagree with including damages in one instruction.  This instruction appropriately follows the language of Ninth Circuit Manuel of Model Jury Civil Instructions No. 5.1 and 5.2

### **3921. Wrongful Death (Death of an Adult)**

If you decide that Jennie Quan has proved her claims against the Defendants for the death of Benjamin Chin, you must also decide how much money will reasonably compensate Jennie Quan for the death of Benjamin Chin. This compensation is called "damages."

Jennie Quan does not have to prove the exact amount of these damages. However, you must not speculate or guess in awarding damages.

The damages Jennie Quan claims fall into two categories called economic and noneconomic damages. You will be asked to state the two categories of damages separately on the verdict form.

Jennie Quan claims the following economic damages:

1. The financial support, if any, that Benjamin Chin would have contributed to the family during either the life expectancy that Benjamin Chin had before his death or the life expectancy of Jennie Quan, whichever is shorter;

2. The loss of gifts or benefits that Jennie Quan would have expected to receive from Benjamin Chin;

3. Funeral and burial expenses; and

4. The reasonable value of household services that Benjamin Chin would have provided.

Your award of any future economic damages must be reduced to present cash value.

No fixed standard exists for deciding the amount of noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

In determining Jennie Quan's loss, do not consider:

1. Jennie Quan's grief, sorrow, or mental anguish;

2. Benjamin Chin's pain and suffering; or

3. The poverty or wealth of Jennie Quan.

In deciding a person's life expectancy, you may consider, among other factors, the average life expectancy of a person of that age, as well as that person's health, habits, activities, lifestyle, and occupation.

**Sources and Authority:**

Judicial Council of California Civil Jury Instructions 3921.

Plaintiff's Objections:

Plaintiff objects to separate instructions on separate categories of damages. The categories of damages should be included in one damages instruction, with the predicate damages instruction before the list of the category of damages sought. To separate out each instruction and each category will confuse the jury. The verdict form can address any entitlement to specific categories of damages through its instructions on which damages question(s) to answer should the jury find liability on specific claims.

Defendants' Response:

Defendants object to Plaintiff's combining of the Ninth Circuit Manuel of Model Jury Civil Instructions No. 5.1 & 5.2 with the CACI No. 3921 instruction for Wrongful Death. Defendants do not oppose combining Instructions No. 5.1 & 5.2, but the instructions for Wrongful Death should be included as a separate instruction, as indicated here, if included at all.