Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrell-llp.com
Joseph K. Miller, State Bar No. 245685
E-Mail: jmiller@hurrell-llp.com
Jerad J. Miller, State Bar No. 334001
E-Mail: jjmiller@hurrell-llp.com
HURRELL-LLP
800 West 6th Street, Suite 700
Los Angeles, California 90017
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants, COUNTY OF LOS ANGELES, MARISOL BARAJAS and HECTOR VAZQUEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JENNIE QUAN, individually and as successor in interest to BENJAMIN CHIN, deceased,<br><br>        Plaintiff,<br><br>        v.<br><br>COUNTY OF LOS ANGELES; MARISOL BARAJAS; HECTOR VAZQUEZ; and DOES 3-10, inclusive,<br><br>        Defendants. | Case No. 2:24-cv-04805-MCS(KSx)<br><br>**DEFENDANTS' EX PARTE APPLICATION FOR PERMISSION TO PRESENT TESTIMONY BY CONTEMPORANEOUS TRANSMISSIONS [FRCP 43(a)]**<br><br>Date: February 9, 2026<br>Time: 9:00 a.m.<br>Crtrm: "7C"<br><br>[Assigned to Hon. Mark C. Scarsi, Courtroom "7C"] |

TO THE HONORABLE COURT, PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 9, 2026 at 9:00 a.m., or a date before or soon thereafter that is convenient to the Court, in "7C" of the above-entitled Court, Defendants COUNTY OF LOS ANGELES, MARISOL BARAJAS AND HECTOR VAZQUEZ (collectively, "Defendants") will and hereby do move *ex parte* for an order permitting Defendants' neurology expert, Jonathan Mare, M.D., to testify by live contemporaneous transmission from a different location, as permitted by Rule 43(a) of the Federal Rules of Civil Procedure.

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

1     Extraordinary circumstances exist for allowing Dr. Marehbian to testify by live
2 contemporaneous transmission. On February 2, 2026, Defendants were advised that
3 Dr. Marehbian unexpectedly required an emergency bone marrow transplant on
4 January 13, 2026. While his faculties remain intact, Dr. Marehbian is
5 immunocompromised and remains at a substantially increased risk for serious,
6 potentially life-threatening infections. Dr. Marehbian has been hospitalized since the
7 date of the transplant and is required to take extreme infectious precautions for 100
8 days post-surgery. As a result, Dr. Marehbian has been advised by his doctor, Joshua
9 Lewis, MD, to avoid public indoor settings and environments involving prolonged
10 close contact with others, including courtrooms.

11     This application is brought on an *ex parte* basis pursuant to the Court's
12 individual procedures, which authorize *ex parte* applications for routine relief. The
13 application is accompanied by a letter from Dr. Lewis setting forth the reasons for the
14 application and a declaration by Jerad J. Miller setting forth Defendants' notice to
15 counsel for Plaintiff JENNIE QUAN of the application. Plaintiff's counsel will not
16 oppose the application. This application is also accompanied by the following
17 memorandum required by Local Rule 7-19, and a proposed order as required by Local
18 Rule 7-20.

19

20 DATED: February 5, 2026      HURRELL-LLP

21

22

23                     By:     */s/ Jerad J. Miller*
24                     THOMAS C. HURRELL
                    JOSEPH K. MILLER
25                     JERAD J. MILLER
26                     Attorneys for Defendants, COUNTY OF
                    LOS ANGELES, MARISOL BARAJAS
27                     and HECTOR VAZQUEZ

28

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

HURRELL·LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants submit this memorandum pursuant to Local Rule 7-19.

## I.    COMPLIANCE WITH LOCAL RULE 7-19

### A.    Contact Information of Plaintiff's Counsel

Name:        Dale K. Galipo

Hang D. Le

Address:    21800 Burbank Blvd., Suite 310

Woodland Hills, CA 91367

Telephone:  (818) 347-3333

Email:      dalekgalipo@yahoo.com

hlee@galipolaw.com

### B.    Notice of Motion and Plaintiff's Statement of Non-Opposition

On February 2, 2026, defense counsel emailed The Law Offices of Dale K. Galipo to inform Plaintiff's counsel of Dr. Marehbian's medical status and defense counsel's intention to move *ex parte* for an order allowing Dr. Marehbian to testify by live contemporaneous transmission. *See*, Declaration of Jerad J. Miller ("Miller Decl."), at ¶ 2; Exhibit C. Defense counsel asked Plaintiff's counsel whether they would stipulate to allowing Dr. Marehbian's testimony in this manner, and whether they would oppose defense counsel's *ex parte*. *Id.* Ms. Le emailed defense counsel that she would not oppose the *ex parte*. *Id*. On February 5, 2026, defense counsel emailed notice to Plaintiff's counsel of the *ex parte* filing in accordance with Local Rule 7-19. Miller Decl., at ¶ 3; Exhibit D.

## II.    REASONS FOR SEEKING AN EX PARTE ORDER

Defendants seek this order on an *ex parte* basis because the requested relief would be moot by the time a regularly noticed motion could be heard. Miller Decl., at ¶ 4.  In accordance with Federal Rules, Defendants attach as Exhibit B their Motion in Limine No. 4 For Permission to Present Testimony by Contemporaneous Transmission [F.R.C.P. 43(a)], which contains an identical request for relief and

presents identical facts for good cause. *See, Mission Power Eng'g Co. v. Cont'l Cas. Co.,* 883 F. Supp. 488, 492 (C.D. Cal. 1995) ("[a]n ex parte motion should never be submitted by itself. It must always be accompanied by a separate proposed motion for the ultimate relief the party is seeking. Properly designed ex parte motion papers thus contain two distinct motions or parts. The first part should address only why the regular noticed motion procedures must be bypassed. The second part consists of papers identical to those that would be filed to initiate a regular noticed motion (except that they are denominated as a "proposed" motion and they show no hearing date.)) Defendants also separately file their proposed Motion in Limine No. 4. Miller Decl., at ¶ 17.

This Court's individual procedures provide that while applications for extraordinary relief are rarely granted, an application may nonetheless be submitted in accordance with Courtroom "7C"'s rules and the Local Rules.  Miller Decl., at ¶ 5. The request seeks a routine exception to the rule that testimony be presented by in-person testimony in open court.

## III.    **POINTS AND AUTHORITIES**

Under Federal Rule of Civil Procedure 43(a):

> *At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.*

"The use of such contemporaneous transmission in lieu of live testimony is *expressly reserved to the sound discretion of the trial court*." *Scott Timber, Inc. v. United States*, 93 Fed. Cl. 498, 500 (Fed. Cl. 2010); *accord Palmer v. Valdez*, 560 F.3d 965, 969 (9th Cir. 2009). In addition, "[a]ppropriate safeguards exist where the opposing party's ability to conduct cross-examination is not impaired, the witness testifies under oath in open court, and the witness's credibility can be assessed adequately." *Warner v. Cate*, No. 1:12-cv-1146-LJO-MJS, 2015 WL 4645019, at *1

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

(E.D. Cal. Aug. 4, 2015).

Appropriate safeguards exist in this case because Dr. Marehbian will provide live testimony by videoconference, will testify under oath, and will be subject to cross-examination. *See Ever Win Int'l Corp. v. Prong, Inc.,* No. CV156433DMGGJSX, 2017 WL 1654063, at *1-2 (C.D. Cal. Jan. 6, 2017) (citing *Palmer*, 560 F.3d at 973; *Beltran–Tirado v. I.N.S.*, 213 F.3d 1179, 1186 (9th Cir. 2000); *Alderman v. SEC*, 104 F.3d 285, 288 n.4 (9th Cir. 1997); *Warner*, 2015 WL 4645019, at *1). "Because a witness testifying by video is observed directly with little, if any, delay in transmission ... courts have found that video testimony can sufficiently enable cross-examination and credibility determinations, as well as preserve the overall integrity of the proceedings." *Warner*, 2015 WL 4645019, at *1 (citations omitted).

Here, as will be discussed further below, Dr. Marehbian underwent a bone marrow transplant, which has left him immunocompromised and unable to appear in court for trial.  Miller Decl., at ¶ 6.  The requested relief is not sought as matter of convenience for the witness, but as the result of an unexpected potentially life threatening condition due to serious illness.  *Id*. The advisory committee's notes to Rule 43 specifically state: "*The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place. Contemporaneous transmission may be better than an attempt to reschedule the trial, particularly if there is a risk that other--and perhaps more important--witnesses might not be available at a later time.*" Fed. R. Civ. Pro. 43 Advisory Committee's Note (1996 Amendment). Accordingly, good cause exists for Dr. Marehbian to provide testimony by live contemporaneous transmission. Miller Decl., at ¶¶ 6-7; Exhibit A.

   **A.    Dr. Marehbian's Unexpected Medical Procedure Prevents In-Person Testimony**

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

Dr. Marehbian underwent an urgent and unplanned bone marrow transplant on January 13, 2026, as treatment for a bone malignancy. Miller Decl., at ¶ 6.  A letter from his treating physician, Dr. Lewis, describing Dr. Marehbian's treatment and recovery is attached as Exhibit A.  A bone marrow transplant is a major medical procedure that necessitates a prolonged recovery period and results in significant immunosuppression. *Id*.  Dr. Marehbian would be put at severe risk for potentially life-threatening infections if he were to testify in-person at trial. Miller Decl., at ¶ 7.  During his recovery, Dr. Marehbian is advised to avoid public indoor settings and environments prolonged close contact with others, including courtrooms. *Id*.  Such exposure could result in serious infectious complications requiring hospitalization and could pose a risk to his life. *Id*.

Defendants only became aware of this procedure on February 2, 2026 after advising Dr. Marehbian that trial would be proceeding as scheduled on February 10, 2026. Miller Decl., at ¶ 8.  Defendants remained in regular contact with Dr. Marehbian through December 2025, and had no reason to expect that a medical emergency would interfere with Dr. Marehbian's ability to appear for trial. Miller Decl., at ¶ 9.  After the final pretrial conference on January 27, 2026, Defendants emailed Dr. Marehbian to advise him that trial would be proceeding on the scheduled date. Miller Decl., at ¶ 8.  It was then that Dr. Marehbian informed Defendants that he had been in the hospital since January 13, 2026 after having undergone a bone marrow transplant, and would be required to take extreme infectious precautions for 100 days post-surgery while his immune system restores. *Id*.  The surgery was unexpected and urgent, leaving Defendants unable to anticipate the accommodations Dr. Marehbian would require while also fulfilling the Court's general requirements that all trial testimony be conducted in-person.  Miller Decl., at ¶ 10.  The minor delay in Defendants' awareness of Dr. Marehbian's surgery is understandable in light of the procedure's significance and the sudden, urgent need for surgical intervention.  Miller Decl., at ¶ 6.

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

1    Dr. Marehbian's testimony is crucial to Benjamin Chin's ("Decedent")

2  damages and rebutting the opinions of Plaintiff's forensic pathologist, Bennet Omalu,

3  MD.  Dr. Omalu intends to opine that the Decedent experienced pain and suffering

4  prior to the shooting, and well after he was rendered unconscious. Miller Decl., at ¶

5  11.  Dr. Marehbian will rebut these opinions by stating that the Decedent only

6  experienced a relatively short period of pain and suffering after the shooting that

7  ceased once the Decedent became unconscious, potentially reducing the Defendants'

8  liability exposure significantly if the jury finds for the Plaintiff. Miller Decl., at ¶ 12.

9  No other expert for the defense is qualified to provide expert testimony in the same

10  field. *Id.*  Moreover, given the proximity to trial, Defendants cannot replace Dr.

11  Marehbian's testimony with another expert. Miller Decl., at ¶ 4.  Allowing Dr. Omalu

12  to testify without a rebuttal witness would severely prejudice the Defendants and

13  cause irreparable harm. Miller Decl., at ¶¶ 11-12.

14    Despite the significant procedure Dr. Marehbian is recovering from, he remains

15  competent and willing to testify through contemporaneous transmission at a safe

16  location. Miller Decl., at ¶ 13.  The risks associated with Dr. Marehbian providing

17  testimony in this manner are minimal. Miller Decl., at ¶ 14.  This matter is to be tried

18  with several in-person witnesses that will help resolve the factual issues in dispute in

19  this case. *Id.*  There is no risk of prejudice to either side stemming from the fact that

20  Dr. Marehbian will not be in the courtroom in person because Dr. Marehbian is

21  willing to testify by live contemporaneous transmission during trial at a time agreed

22  to by both parties and this Court.  *Id.*  Defendants understand that in-person testimony

23  is preferred because it gives the finder of fact the best access to nonverbal factors that

24  might affect a witness' credibility, such as body language, tone and manner. *Id.*  But

25  where the witness is unavailable, live testimony by contemporaneous transmission is

26  certainly preferable to the alternative where Dr. Marehbian cannot testify – which in

27  this instance would eliminate the Defendants' ability to rebut Dr. Omalu's testimony

28  at trial, or require a continuance request by the Defendants until a time when Dr.

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

Marehbian can provide testimony in-person. *Id*. So long as appropriate safeguards are available to ensure the witness's identity is confirmed, that his oath or affirmation is given, and that his testimony can be accurately received and transcribed, taking the testimony by contemporaneous transmission is very similar to in-person testimony and perfectly acceptable under the Federal Rules of Civil Procedure. *Id*.

Here, appropriate safeguards are available. Defendants are willing to arrange for Dr. Marehbian to appear through videoconference at a safe location, so his identity can be visually confirmed and factors such as his body language, tone, and manner may be observed. Miller Decl., at ¶ 15. Current videoconferencing technology is advanced, and the risk that Dr. Marehbian's testimony will be difficult to hear because of poor quality in the transmission is relatively low. *Id*. Defendants can also arrange for a third party to appear at the location where the witness will be, and to show the witness any exhibits either party wishes to use in their examination. *Id*. If the Court has any concerns, they can almost certainly be addressed by appropriate safeguards. *Id*.

Dr. Marehbian's anticipated testimony is very important, but he simply cannot appear in-person due to potentially life-threatening health concerns. Miller Decl., at ¶¶ 6-7 . Accordingly, there is good cause for allowing his testimony to be taken by contemporaneous transmission from the hospital, and Defendants respectfully request the Court issue an order permitting the testimony to be taken in this manner.

## IV.  **CONCLUSION**

For the reasons set forth above, Defendants respectfully request an order permitting Dr. Marehbian to provide testimony in open court by live contemporaneous transmission during trial at a time convenient for the parties and this Court.

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

1    DATED:  February 5, 2026          HURRELL-LLP

2

3

4                                      By:      _/s/ Jerad J. Miller_

5                                          THOMAS C. HURRELL
                                           JOSEPH K. MILLER
6                                          JERAD J. MILLER
                                           Attorneys for Defendants, COUNTY OF
7                                          LOS ANGELES, MARISOL BARAJAS
                                           and HECTOR VAZQUEZ
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

## DECLARATION OF JERAD J. MILLER

I, Jerad J. Miller, declare:

1.    I am an attorney duly licensed to practice before this Court and am an associate with Hurrell-LLP, attorneys of record for COUNTY OF LOS ANGELES, MARISOL BARAJAS AND HECTOR VAZQUEZ herein.  The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto.

2.    On February 2, 2026, I emailed The Law Offices of Dale K. Galipo to inform Plaintiff's counsel of Dr. Marehbian's medical status and defense counsel's intention to move *ex parte* for an order allowing Dr. Marehbian to testify by live contemporaneous transmission. I asked Plaintiff's counsel whether they would stipulate to allowing Dr. Marehbian's testimony in this manner, and whether they would oppose defense counsel's *ex parte*. Ms. Le responded by email that she would not oppose the *ex parte.* A true and correct copy of this email exchange is attached as Exhibit C.

3.    On February 5, 2026, I provided notice through email to The Law Offices of Dale K. Galipo that Defendants would move *ex parte* on February 9, 2026, at 9:00 a.m., in Courtroom 7C of the First Street Courthouse, located at 350 W. 1st Street, Los Angeles, CA 90012, for an order allowing Dr. Marehbian to testify at trial by live contemporaneous transmission. I informed Plaintiff's counsel that the Hon. Mark C. Scarsi's *ex parte* rules require an opposition to be filed within 24 hours of the filing of the application. A true and correct copy of Defendants' notice is attached as Exhibit D.

4.    With trial scheduled for February 10, 2026, there is not sufficient time for Defendants to file a regularly noticed motion seeking the requested relief.

5.    This Court's individual procedures provide that while applications for extraordinary relief are rarely granted, an application may nonetheless be submitted in accordance with Courtroom "7C"'s rules and the Local Rules.

6.     Dr. Marehbian underwent an urgent and unplanned bone marrow transplant on January 13, 2026, which has left him immunocompromised and unable to appear in court for trial. A bone marrow transplant is a major medical procedure that necessitates a prolonged recovery period and results in significant immunosuppression. Dr. Marehbian would be put at severe risk for potentially life-threatening infections if he were to testify in-person at trial.

7.     During his recovery, Dr. Marehbian is advised to avoid public indoor settings and environments prolonged close contact with others, including courtrooms. Such exposure could result in serious infectious complications requiring hospitalization and could pose a risk to his life.

8.     Defense counsel only became aware of Dr. Marehbian's procedure on February 2, 2026, after informing Dr. Marehbian that trial would be proceeding as scheduled on February 10, 2026. Dr. Marehbian advised defense counsel that he had been in the hospital since having a bone marrow transplant on January 13, 2026. He further disclosed that he would be required to take extreme infectious precautions for 100 days post-surgery while his immune system restored.

9.     Defense counsel kept in regular contact with Dr. Marehbian through December 2025 and had no reason to expect that a medical emergency would interfere with Dr. Marehbian's ability to appear for trial.

10.     The urgent nature of the surgery left Defendants unable to anticipate the accommodations Dr. Marehbian would require while also fulfilling the Court's general requirements that all trial testimony be conduct in-person.

11.     Dr. Omalu intends to opine that the Decedent experienced pain and suffering prior to the shooting, and well after he was rendered unconscious.

12.     Dr. Marehbian will rebut these opinions by stating that the Decedent only experienced a relatively short period of pain and suffering after the shooting that ceased once the Decedent became unconscious, potentially reducing the Defendants' liability exposure significantly if the jury finds for the Plaintiff. Dr. Marehbian is

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

11

1    Defendants' only expert who can provide testimony in this field.

2        13.    Dr. Marehbian remains competent and willing to testify through
3    contemporaneous transmission at a safe location.

4        14.    The risks associated with Dr. Marehbian providing testimony in this
5    manner are minimal. This matter is to be tried with several in-person witnesses that
6    will help resolve the factual issues in dispute in this case. There is no risk of prejudice
7    to either side stemming from the fact that Dr. Marehbian will not be in the courtroom
8    in person because Dr. Marehbian is willing to testify by live contemporaneous
9    transmission during trial at a time agreed to by both parties and this Court. Defendants
10   understand that in-person testimony is preferred because it gives the finder of fact the
11   best access to nonverbal factors that might affect a witness' credibility, such as body
12   language, tone and manner. But where the witness is unavailable, live testimony by
13   contemporaneous transmission is certainly preferable to the alternative where Dr.
14   Marehbian cannot testify – which in this instance would eliminate the Defendants'
15   ability to rebut Dr. Omalu's testimony at trial, or require a continuance request by the
16   Defendants until a time when Dr. Marehbian can provide testimony in-person.

17       15.    Appropriate safeguards are available for Dr. Marehbian's testimony.
18   Defendants are willing to arrange for Dr. Marehbian to appear through
19   videoconference at a safe location, so his identity can be visually confirmed and
20   factors such as his body language, tone, and manner may be observed. Current
21   videoconferencing technology is advanced, and the risk that Dr. Marehbian's
22   testimony will be difficult to hear because of poor quality in the transmission is
23   relatively low. Defendants can also arrange for a third party to appear at the location
24   where the witness will be, and to show the witness any exhibits either party wishes to
25   use in their examination. If the Court has any concerns, they can almost certainly be
26   addressed by appropriate safeguards.

27       16.    Attached as Exhibit A is a true and correct copy of Joshua Lewis', M.D.,
28   Letter Re: Medical Limitation Affecting In-Person Court Appearance.

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

17.    Attached as Exhibit B is a true and correct copy of Defendants' Motion in Limine No. 4 for Permission to Present Testimony by Contemporaneous Transmission [F.R.C.P. 43(a)]. Defendants also separately file Motion in Limine No. 4.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 5, 2026, at Los Angeles, California.

*/s/ Jerad J. Miller*

Jerad J. Miller

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

# EXHIBIT "A"



**JFL Medical**
**Joshua Lewis, MD**
**Board Certified in Internal Medicine**

**Date: 02/02/2026**

**Re: Medical Limitation Affecting In-Person Court Appearance**
**Patient: Jonathan Marehbian, DOB 06/19/1982**

To Whom It May Concern,

I am the treating physician for the individual referenced by this letter. I am providing this statement at the request of my patient and his legal counsel to outline his recent medical treatment, current medical condition, and the medical limitations that prevent him from safely appearing in court in person at this time.

My patient underwent a stem cell (bone marrow) transplant on **January 13th** as treatment for a bone marrow malignancy. This is a major medical procedure that necessitates a prolonged recovery period and results in significant immunosuppression. As a direct consequence of this treatment, my patient is currently immunocompromised and remains at substantially increased risk for serious, potentially life-threatening infections.

During the post-transplant recovery phase, patients are medically advised to avoid public indoor settings and environments involving prolonged close contact with others, including courtrooms. Exposure to such settings places immunocompromised individuals at a markedly elevated risk of infection, even from pathogens that would otherwise be considered routine or low risk to the general population.

At this time, requiring my patient to appear in court in person would be medically contraindicated and could be detrimental to his health and recovery. Such exposure could result in serious infectious complications requiring hospitalization and could pose a risk to his life.

It is my professional medical opinion that my patient should not appear in court in person at this time. However, participation in court proceedings via a remote format (such as videoconference) would be a medically appropriate and safe alternative that would allow him to participate without placing his health at undue risk.

I therefore recommend that my patient be permitted to participate remotely in any court proceedings until his immune system has sufficiently recovered and it is medically safe for him to resume in-person public activities. The duration of immunosuppression following stem cell transplantation varies by individual and may be prolonged.

Cedars-Sinai Medical Center | 8700 Beverly Blvd, Los Angeles, CA 90048
Email: joshua.lewis@cshs.org | Phone: 310-388-6798 | Fax: 844-556-1387
CA License: A127535 | NPI: 13061113360

1



**JFL Medical**
**Joshua Lewis, MD**
**Board Certified in Internal Medicine**

Please do not hesitate to contact me if further medical information or clarification is required.

Sincerely,



**Joshua Lewis, MD**

*Cedars-Sinai Medical Center | 8700 Beverly Blvd, Los Angeles, CA 90048*
*Email: joshua.lewis@cshs.org | Phone: 310-388-6798 | Fax: 844-556-1387*
*CA License: A127535 | NPI: 13061113360*

2

# EXHIBIT "B"

Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrell-llp.com
Joseph K. Miller, State Bar No. 245685
E-Mail: jmiller@hurrell-llp.com
Jerad J. Miller, State Bar No. 334001
E-Mail: jjmiller@hurrell-llp.com
HURRELL-LLP
800 West 6th Street, Suite 700
Los Angeles, California 90017
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants, COUNTY OF LOS ANGELES, MARISOL BARAJAS and HECTOR VAZQUEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JENNIE QUAN, individually and as successor in interest to BENJAMIN CHIN, deceased,<br><br>   Plaintiff,<br><br>  v.<br><br>COUNTY OF LOS ANGELES; MARISOL BARAJAS; HECTOR VAZQUEZ; and DOES 3-10, inclusive,<br><br>   Defendants. | Case No. 2:24-cv-04805-MCS(KSx)<br><br>**[PROPOSED] MOTION IN LIMINE NO. 4 FOR PERMISSION TO PRESENT TESTIMONY BY CONTEMPORANEOUS TRANSMISSION [F.R.C.P. 43(a)]**<br><br>Date: TBD<br>Time: TBD<br>Crtrm.: 7C<br><br>[Assigned to Hon. Mark C. Scarsi, Courtroom "7C"] |

TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

  **PLEASE TAKE NOTICE** that Defendants MARISOL BARAJAS, HECTOR VAZQUEZ and COUNTY OF LOS ANGELES (collectively, "Defendants") will move and do hereby submit their Motion in Limine No. 4 for an order *in limine* permitting Defendants' to present the testimony of their hospitalized and immunocompromised expert Jonathan Marehbian, M.D., by contemporaneous transmission under Federal Rules of Civil Procedure, Rule 43(a).

  This motion has been submitted by *ex parte* application because there is not

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

1  sufficient time for a noticed motion before the start of trial on February 10, 2026. The

2  hospitalization of Dr. Marehbian occurred suddenly under unexpected emergency

3  circumstances.  Dr. Marehbian is medically unable to appear in person at trial to

4  provide his testimony.  The defense is cognizant that in-person testimony is preferred,

5  however in this case where the witness is immunocompromised following unexpected

6  emergency stem cell (bone marrow) transplant posing a risk to his life if required to

7  testify in person, Defendants request the Court exercise the Court's discretion to

8  permit testimony by contemporaneous transmission.

9      This motion is based on the points and authorities herein, Defendants' *ex parte*

10  application for the motion to be heard on *ex parte* basis, or in the alternate an order

11  shortening time; Declaration of Defendants' counsel Jerad J. Miller and letter of expert

12  witness Dr. Marehbian's treating Board Certified Internal Medicine specialist Joshua

13  Lewis, M.D. at Cedars Sinai.

14  DATED:  February 5, 2026         HURRELL-LLP

15

16

17                    By: _____*/s/ Jerad J. Miller*_____

18                    THOMAS C. HURRELL
                    JOSEPH K. MILLER
19                    JERAD J. MILLER
                    Attorneys for Defendants, COUNTY OF
20                    LOS ANGELES, MARISOL BARAJAS
                    and HECTOR VAZQUEZ
21

22

23

24

25

26

27

28

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This motion seeks, for good cause shown, an order for permission to present the testimony of Defendants' expert Dr. Marehbian by contemporaneous transmission under Federal Rules of Civil Procedure, Rule 43(a).

Defendants have contemporaneously filed an application on *ex parte* basis because the order and relief sought by this motion would be moot by the time a regularly noticed motion could be heard.

## II.    FACTS

Defendants' neurology expert, Dr. Marehbian, underwent a bone marrow transplant on January 13, 2026, as treatment for a bone malignancy. *See,* Declaration of Jerad J. Miller ("Miller Decl."), at ¶ 6; Exhibit A. A bone marrow transplant is a major medical procedure that necessitates a prolonged recovery period and results in significant immunosuppression. *Id*. Dr. Marehbian would be put at severe risk for potentially life-threatening infections if he were to testify in-person at trial. *Id*. During his recovery, Dr. Marehbian is advised to avoid public indoor settings and environments prolonged close contact with others, including courtrooms. Miller Decl., at ¶ 7. Such exposure could result in serious infectious complications requiring hospitalization and could pose a risk to his life. *Id*. A letter from Dr. Marehbian's treating physician, Joshua Lewis, M.D., is attached as Exhibit A.

Dr. Lewis opines in his letter "Medical Limitation Affecting In-Person Court Appearance":

"At this time, requiring my patient to appear in court in person would be medically contraindicated and could be detrimental to his health and recovery. Such exposure could result in serious infectious complications requiring hospitalization and could pose <u>a risk to his life</u>." Dr. Lewis further opines, "It is my professional medical opinion that my patient should not appear in court in person at this time." Dr. Lewis recommends that his patient (Defendants' trial witness Dr. Marehbian) "be permitted

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE    (213) 426-2000

1  to participate remotely in any court proceedings until his immune system has

2  sufficiently recovered and it is medically safe for him to resume in-person public

3  activities." *See*, Exhibit A.

4        Defendants only became aware of this procedure on February 2, 2026 after

5  advising Dr. Marehbian that trial would be proceeding as scheduled on February 10,

6  2026. Miller Decl., at ¶ 8. Defendants remained in regular contact with Dr. Marehbian

7  through December 2025, and had no reason to expect that a medical emergency would

8  interfere with Dr. Marehbian's ability to appear for trial. Miller Decl., at ¶ 9. After

9  the final pretrial conference on January 27, 2026, Defendants emailed Dr. Marehbian

10  to advise him that trial would be proceeding on the scheduled date. Miller Decl., at ¶

11  8. It was then that Dr. Marehbian informed Defendants that he had been in the hospital

12  since January 13, 2026 after having undergone a bone marrow transplant, and would

13  be required to take extreme infectious precautions for 100 days post-surgery while his

14  immune system restores. *Id.* The surgery was unexpected and urgent, leaving

15  Defendants unable to anticipate the accommodations Dr. Marehbian would require

16  while also fulfilling the Court's general requirements that all trial testimony be

17  conducted in-person. Miller Decl., at ¶ 10. The minor delay in Defendants' awareness

18  of Dr. Marehbian's surgery is understandable in light of the procedure's significance

19  and the sudden, urgent need for surgical intervention. Miller Decl., at ¶ 6.

20  Accordingly, Defendants request that the Court find exceptional circumstances exist

21  and allow Dr. Marehbian to testify through live contemporaneous testimony.

22  **III.**  **STANDARD**

23        Under Federal Rule of Civil Procedure 43(a):

24  *At trial, the witnesses' testimony must be taken in open court unless a*
   *federal statute, the Federal Rules of Evidence, these rules, or other rules*

25  *adopted by the Supreme Court provide otherwise. For good cause in*
   *compelling circumstances and with appropriate safeguards, the court*

26  *may permit testimony in open court by contemporaneous transmission*
   *from a different location.*

27        "The use of such contemporaneous transmission in lieu of live testimony is

28

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

4

1  *expressly reserved to the sound discretion of the trial court*." *Scott Timber, Inc. v.*
2  *United States*, 93 Fed. Cl. 498, 500 (Fed. Cl. 2010); *accord Palmer v. Valdez*, 560
3  F.3d 965, 969 (9th Cir. 2009). In addition, "[a]ppropriate safeguards exist where the
4  opposing party's ability to conduct cross-examination is not impaired, the witness
5  testifies under oath in open court, and the witness's credibility can be assessed
6  adequately." *Warner v. Cate*, No. 1:12-cv-1146-LJO-MJS, 2015 WL 4645019, at *1
7  (E.D. Cal. Aug. 4, 2015).

8  **A.    Good Cause Exists For Allowing Dr. Marehbian's Live**
9  **Contemporaneous Testimony**

10  Appropriate safeguards exist in this case because the witnesses will provide
11  live testimony by videoconference, will testify under oath, and will be subject to
12  cross-examination. *See Ever Win Int'l Corp. v. Prong, Inc.,* No.
13  CV156433DMGGJSX, 2017 WL 1654063, at *1-2 (C.D. Cal. Jan. 6, 2017) (citing
14  Palmer, 560 F.3d at 973; *Beltran–Tirado v. I.N.S.*, 213 F.3d 1179, 1186 (9th Cir.
15  2000); *Alderman v. SEC*, 104 F.3d 285, 288 n.4 (9th Cir. 1997); *Warner*, 2015 WL
16  4645019, at *1). "Because a witness testifying by video is observed directly with little,
17  if any, delay in transmission ... courts have found that video testimony can sufficiently
18  enable cross-examination and credibility determinations, as well as preserve the
19  overall integrity of the proceedings." *Warner*, 2015 WL 4645019, at *1 (citations
20  omitted).

21  Here, the witness has under gone an emergency bone marrow transplant.  Miller
22  Decl., at ¶ 6.  The bone marrow transplant has left the witness immunocompromised
23  and unable to appear in court for trial. *Id*.  The requested relief is not sought as matter
24  of convenience for the witness, but as the result of an unexpected potentially life
25  threatening condition due to serious illness.  *Id*.  The advisory committee's notes to
26  Rule 43 specifically state: "*The most persuasive showings of good cause and*
27  *compelling circumstances are likely to arise when a witness is unable to attend trial*
28  *for unexpected reasons, such as accident or illness, but remains able to testify from a*

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

5

*different place. Contemporaneous transmission may be better than an attempt to reschedule the trial, particularly if there is a risk that other--and perhaps more important--witnesses might not be available at a later time.*" Fed. R. Civ. Pro. 43 Advisory Committee's Note (1996 Amendment). Accordingly, good cause exists for Dr. Marehbian to provide testimony by live contemporaneous transmission.

Moreover, Dr. Marehbian's testimony is crucial to Benjamin Chin's ("Decedent") damages and rebutting the opinions of Plaintiff's forensic pathologist, Bennet Omalu, MD. Dr. Omalu intends to opine that the Decedent experienced pain and suffering prior to the shooting, and well after he was rendered unconscious. Miller Decl., at ¶ 11. Dr. Marehbian will rebut these opinions by stating that the Decedent only experienced a relatively short period of pain and suffering after the shooting that ceased once the Decedent became unconscious, potentially reducing the Defendants' liability exposure significantly if the jury finds for the Plaintiff. Miller Decl., at ¶ 12. No other expert for the defense is qualified to provide expert testimony in the same field. *Id.* Moreover, given the proximity to trial, Defendants cannot replace Dr. Marehbian's testimony with another expert. Miller Decl., at ¶ 4. Allowing Dr. Omalu to testify without a rebuttal witness would severely prejudice the Defendants and cause irreparable harm.

Despite the significant procedure Dr. Marehbian is recovering from, he remains competent and willing to testify through contemporaneous transmission at a safe location. Miller Decl., at ¶ 13. The risks associated with Dr. Marehbian providing testimony in this manner are minimal. Miller Decl., at ¶ 14. This matter is to be tried with several in-person witnesses that will help resolve the factual issues in dispute in this case. *Id.* There is no risk of prejudice to either side stemming from the fact that Dr. Marehbian will not be in the courtroom in person because Dr. Marehbian is willing to testify by live contemporaneous transmission during trial at a time agreed to by both parties and this Court. *Id.* Defendants understand that in-person testimony is preferred because it gives the finder of fact the best access to nonverbal factors that

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

6

might affect a witness' credibility, such as body language, tone and manner. *Id*. But where the witness is unavailable, live testimony by contemporaneous transmission is certainly preferable to the alternative where Dr. Marehbian cannot testify – which in this instance would eliminate the Defendants' ability to rebut Dr. Omalu's testimony at trial, or require a continuance request by the Defendants until a time when Dr. Marehbian can provide testimony in-person. *Id*. So long as appropriate safeguards are available to ensure the witness's identity is confirmed, that his oath or affirmation is given, and that his testimony can be accurately received and transcribed, taking the testimony by contemporaneous transmission is very similar to in-person testimony and perfectly acceptable under the Federal Rules of Civil Procedure. Miller Decl., at ¶¶ 14-15.

Here, appropriate safeguards are available. Miller Decl., at ¶ 15. Defendants are willing to arrange for Dr. Marehbian to appear through videoconference at a safe location, so his identity can be visually confirmed and factors such as his body language, tone, and manner may be observed. *Id*. Current videoconferencing technology is advanced, and the risk that Dr. Marehbian's testimony will be difficult to hear because of poor quality in the transmission is relatively low. *Id*. Defendants can also arrange for a third party to appear at the location where the witness will be, and to show the witness any exhibits either party wishes to use in their examination. *Id*. If the Court has any concerns, they can almost certainly be addressed by appropriate safeguards. *Id*.

Dr. Marehbian's anticipated testimony is very important, but he simply cannot appear in-person due to potentially life-threatening health concerns. Miller Decl., at ¶¶ 6-7. Accordingly, there is good cause for allowing his testimony to be taken by contemporaneous transmission from the hospital, and Defendants respectfully request the Court issue an order permitting the testimony to be taken in this manner.

## IV.  **CONCLUSION**

Based on the foregoing, Defendants respectfully request that the Court grant

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

1  their Motion *in Limine*.

2

3  DATED:  February 5, 2026          HURRELL-LLP

4

5

6  By: _____/s/ Jerad J. Miller_____
7       THOMAS C. HURRELL
8       JOSEPH K. MILLER
        JERAD J. MILLER
9       Attorneys for Defendants, COUNTY OF
        LOS ANGELES, MARISOL BARAJAS
10      and HECTOR VAZQUEZ

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

8

**DECLARATION OF JERAD J. MILLER**

I, Jerad J. Miller, declare:

1.     I am an attorney duly licensed to practice before this Court and am an associate with Hurrell-LLP, attorneys of record for COUNTY OF LOS ANGELES, MARISOL BARAJAS AND HECTOR VAZQUEZ herein.  The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto.

2.     On February 2, 2026, I emailed The Law Offices of Dale K. Galipo to inform Plaintiff's counsel of Dr. Marehbian's medical status and defense counsel's intention to move *ex parte* for an order allowing Dr. Marehbian to testify by live contemporaneous transmission. I asked Plaintiff's counsel whether they would stipulate to allowing Dr. Marehbian's testimony in this manner, and whether they would oppose defense counsel's *ex parte*. Ms. Le responded by email that she would not oppose the *ex parte*. A true and correct copy of this email exchange is attached as Exhibit C.

3.     On February 5, 2026, I provided notice through email to The Law Offices of Dale K. Galipo that Defendants would move *ex parte* on February 9, 2026, at 9:00 a.m., in Courtroom 7C of the First Street Courthouse, located at 350 W. 1ˢᵗ Street, Los Angeles, CA 90012, for an order allowing Dr. Marehbian to testify at trial by live contemporaneous transmission. I informed Plaintiff's counsel that the Hon. Mark C. Scarsi's *ex parte* rules require an opposition to be filed within 24 hours of the filing of the application. A true and correct copy of Defendants' notice is attached as Exhibit D.

4.     With trial scheduled for February 10, 2026, there is not sufficient time for Defendants to file a regularly noticed motion seeking the requested relief.

5.     This Court's individual procedures provide that while applications for extraordinary relief are rarely granted, an application may nonetheless be submitted in accordance with Courtroom "7C"'s rules and the Local Rules.

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

9

6.    Dr. Marehbian underwent an urgent and unplanned bone marrow transplant on January 13, 2026, which has left him immunocompromised and unable to appear in court for trial. A bone marrow transplant is a major medical procedure that necessitates a prolonged recovery period and results in significant immunosuppression. Dr. Marehbian would be put at severe risk for potentially life-threatening infections if he were to testify in-person at trial.

7.    During his recovery, Dr. Marehbian is advised to avoid public indoor settings and environments prolonged close contact with others, including courtrooms. Such exposure could result in serious infectious complications requiring hospitalization and could pose a risk to his life.

8.    Defense counsel only became aware of Dr. Marehbian's procedure on February 2, 2026, after informing Dr. Marehbian that trial would be proceeding as scheduled on February 10, 2026. Dr. Marehbian advised defense counsel that he had been in the hospital since having a bone marrow transplant on January 13, 2026. He further disclosed that he would be required to take extreme infectious precautions for 100 days post-surgery while his immune system restored.

9.    Defense counsel kept in regular contact with Dr. Marehbian through December 2025 and had no reason to expect that a medical emergency would interfere with Dr. Marehbian's ability to appear for trial.

10.    The urgent nature of the surgery left Defendants unable to anticipate the accommodations Dr. Marehbian would require while also fulfilling the Court's general requirements that all trial testimony be conduct in-person.

11.    Dr. Omalu intends to opine that the Decedent experienced pain and suffering prior to the shooting, and well after he was rendered unconscious.

12.    Dr. Marehbian will rebut these opinions by stating that the Decedent only experienced a relatively short period of pain and suffering after the shooting that ceased once the Decedent became unconscious, potentially reducing the Defendants' liability exposure significantly if the jury finds for the Plaintiff. Dr. Marehbian is

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

1    Defendants' only expert who can provide testimony in this field.

2        13.    Dr. Marehbian remains competent and willing to testify through
3    contemporaneous transmission at a safe location.

4        14.    The risks associated with Dr. Marehbian providing testimony in this
5    manner are minimal. This matter is to be tried with several in-person witnesses that
6    will help resolve the factual issues in dispute in this case. There is no risk of prejudice
7    to either side stemming from the fact that Dr. Marehbian will not be in the courtroom
8    in person because Dr. Marehbian is willing to testify by live contemporaneous
9    transmission during trial at a time agreed to by both parties and this Court. Defendants
10   understand that in-person testimony is preferred because it gives the finder of fact the
11   best access to nonverbal factors that might affect a witness' credibility, such as body
12   language, tone and manner. But where the witness is unavailable, live testimony by
13   contemporaneous transmission is certainly preferable to the alternative where Dr.
14   Marehbian cannot testify – which in this instance would eliminate the Defendants'
15   ability to rebut Dr. Omalu's testimony at trial, or require a continuance request by the
16   Defendants until a time when Dr. Marehbian can provide testimony in-person.

17       15.    Appropriate safeguards are available for Dr. Marehbian's testimony.
18   Defendants are willing to arrange for Dr. Marehbian to appear through
19   videoconference at a safe location, so his identity can be visually confirmed and
20   factors such as his body language, tone, and manner may be observed. Current
21   videoconferencing technology is advanced, and the risk that Dr. Marehbian's
22   testimony will be difficult to hear because of poor quality in the transmission is
23   relatively low. Defendants can also arrange for a third party to appear at the location
24   where the witness will be, and to show the witness any exhibits either party wishes to
25   use in their examination. If the Court has any concerns, they can almost certainly be
26   addressed by appropriate safeguards.

27       16.    Attached as Exhibit A is a true and correct copy of Joshua Lewis', M.D.,
28   Letter Re: Medical Limitation Affecting In-Person Court Appearance.

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

11

17.    A blank page has been attached as Exhibit B so that Exhibits A through D conform between Defendants' *Ex Parte* Application for Permission to Present Testimony by Contemporaneous Transmissions [FRCP 43(a)] and the noticed motion herein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 5, 2026, at Los Angeles, California.

_____
*/s/ Jerad J. Miller*
Jerad J. Miller

# EXHIBIT "A"



**JFL Medical**
**Joshua Lewis, MD**
**Board Certified in Internal Medicine**

**Date: 02/02/2026**

**Re: Medical Limitation Affecting In-Person Court Appearance**
**Patient: Jonathan Marehbian, DOB 06/19/1982**

To Whom It May Concern,

I am the treating physician for the individual referenced by this letter. I am providing this statement at the request of my patient and his legal counsel to outline his recent medical treatment, current medical condition, and the medical limitations that prevent him from safely appearing in court in person at this time.

My patient underwent a stem cell (bone marrow) transplant on **January 13th** as treatment for a bone marrow malignancy. This is a major medical procedure that necessitates a prolonged recovery period and results in significant immunosuppression. As a direct consequence of this treatment, my patient is currently immunocompromised and remains at substantially increased risk for serious, potentially life-threatening infections.

During the post-transplant recovery phase, patients are medically advised to avoid public indoor settings and environments involving prolonged close contact with others, including courtrooms. Exposure to such settings places immunocompromised individuals at a markedly elevated risk of infection, even from pathogens that would otherwise be considered routine or low risk to the general population.

At this time, requiring my patient to appear in court in person would be medically contraindicated and could be detrimental to his health and recovery. Such exposure could result in serious infectious complications requiring hospitalization and could pose a risk to his life.

It is my professional medical opinion that my patient should not appear in court in person at this time. However, participation in court proceedings via a remote format (such as videoconference) would be a medically appropriate and safe alternative that would allow him to participate without placing his health at undue risk.

I therefore recommend that my patient be permitted to participate remotely in any court proceedings until his immune system has sufficiently recovered and it is medically safe for him to resume in-person public activities. The duration of immunosuppression following stem cell transplantation varies by individual and may be prolonged.

Cedars-Sinai Medical Center | 8700 Beverly Blvd, Los Angeles, CA 90048
Email: joshua.lewis@cshs.org | Phone: 310-388-6798 | Fax: 844-556-1387
CA License: A127535 | NPI: 13061113360

1



**JFL Medical**
**Joshua Lewis, MD**
**Board Certified in Internal Medicine**

Please do not hesitate to contact me if further medical information or clarification is required.

Sincerely,



**Joshua Lewis, MD**

*Cedars-Sinai Medical Center* | 8700 Beverly Blvd, Los Angeles, CA 90048
Email: joshua.lewis@cshs.org | Phone: 310-388-6798 | Fax: 844-556-1387
CA License: A127535 | NPI: 13061113360

2

# EXHIBIT "B"

# EXHIBIT "C"

# Jerad Miller

| | |
|---|---|
| **From:** | Hang Le <hlee@galipolaw.com> |
| **Sent:** | Tuesday, February 3, 2026 4:02 PM |
| **To:** | Jerad Miller; Dale K. Galipo; Santiago Laurel |
| **Cc:** | Jennifer Turnbull; Thomas Hurrell; Mylah Quezada; Theresa Cana |
| **Subject:** | RE: EXT: Quan v. County of Los Angeles, et al. - Revised Trial Documents |
| **Attachments:** | 2026.02.03 - Second Amended Joint Disputed JIs (002).docx |

Hi Jerad,

Attached please find our responses. Please let me know if I have your permission to e-sign on your behalf and file the Joint Disputed and Joint Agreed Upon Instructions.

Additionally, re: Dr. Marehbian, we do not intend on opposing Defendants' ex parte.

Best,
Hang

**Hang D. Le, Esq. | Law Offices of Dale K. Galipo** | 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367 | Office: +1.818.347.3333 | Fax: +1.818.347.4118| Email: hlee@galipolaw.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# EXHIBIT "D"

**Jerad Miller**

| | |
|---|---|
| **From:** | Jerad Miller |
| **Sent:** | Thursday, February 5, 2026 9:41 AM |
| **To:** | Hang Le; Dale K. Galipo; Santiago Laurel |
| **Cc:** | Maricela Gomez; Thomas Hurrell; Joseph Miller; Mylah Quezada; Theresa Cana; Jennifer Turnbull |
| **Subject:** | Quan v. County of Los Angeles, et al. Ex Parte Notice |

Good morning,

Please allow this to serve as notice of Defendants' *Ex Parte* Application for Permission to Present Testimony by Contemporaneous Transmission [FRCP 43(a)]. We will also be lodging a separate noticed motion requesting the same relief, as required by the Court's rules.

We intend to move *ex parte* on February 9, 2026, at 9:00 a.m., in Department "7C" of the First Street Courthouse, 350 W 1st St, Los Angeles, CA 90012, for an order allowing Dr. Marehbian to testify remotely due to his serious health concerns. Although you have indicated that you do not intend to oppose the *ex parte*, any opposition is due 24 hours after the filing of the *ex parte*.

Filing and service of papers will be completed shortly.

Best regards,

**Jerad J. Miller**
**Attorney**
jjmiller@hurrell-llp.com

**Hurrell-LLP**
800 West 6th Street, Suite 700
Los Angeles, CA  90017-2710
Tel: (213) 426-2000
Fax: (213) 426-2020
Web: www.hurrell-llp.com

PLEASE NOTE: Hurrell Cantrall LLP is now Hurrell-LLP.

***WE'VE MOVED!  PLEASE NOTE THE FIRM'S NEW ADDRESS EFFECTIVE THURSDAY, 06/26/2025.***

IMPORTANT NOTICE: This email and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom it is addressed.  This communication may contain material protected by attorney-client privilege.  If you are not the intended recipient or the person responsible for delivering the email to the intended recipient, be advised that you have received this email in error and that any use dissemination, forwarding, printing, or copying of this email and any file attachments is strictly prohibited.  If you have received this email in error, please immediately notify us by telephone at (213) 426-2000 or by reply email to the sender and destroy the original transmission and its contents.

# EXHIBIT "C"

# Jerad Miller

| | |
|---|---|
| **From:** | Hang Le <hlee@galipolaw.com> |
| **Sent:** | Tuesday, February 3, 2026 4:02 PM |
| **To:** | Jerad Miller; Dale K. Galipo; Santiago Laurel |
| **Cc:** | Jennifer Turnbull; Thomas Hurrell; Mylah Quezada; Theresa Cana |
| **Subject:** | RE: EXT: Quan v. County of Los Angeles, et al. - Revised Trial Documents |
| **Attachments:** | 2026.02.03 - Second Amended Joint Disputed JIs (002).docx |

Hi Jerad,

Attached please find our responses. Please let me know if I have your permission to e-sign on your behalf and file the Joint Disputed and Joint Agreed Upon Instructions.

Additionally, re: Dr. Marehbian, we do not intend on opposing Defendants' ex parte.

Best,
Hang

**Hang D. Le, Esq. | Law Offices of Dale K. Galipo** | 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367 | Office: +1.818.347.3333 | Fax: +1.818.347.4118| Email: hlee@galipolaw.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# EXHIBIT "D"

**Jerad Miller**

| | |
|---|---|
| **From:** | Jerad Miller |
| **Sent:** | Thursday, February 5, 2026 9:41 AM |
| **To:** | Hang Le; Dale K. Galipo; Santiago Laurel |
| **Cc:** | Maricela Gomez; Thomas Hurrell; Joseph Miller; Mylah Quezada; Theresa Cana; Jennifer Turnbull |
| **Subject:** | Quan v. County of Los Angeles, et al. Ex Parte Notice |

Good morning,

Please allow this to serve as notice of Defendants' *Ex Parte* Application for Permission to Present Testimony by Contemporaneous Transmission [FRCP 43(a)]. We will also be lodging a separate noticed motion requesting the same relief, as required by the Court's rules.

We intend to move *ex parte* on February 9, 2026, at 9:00 a.m., in Department "7C" of the First Street Courthouse, 350 W 1st St, Los Angeles, CA 90012, for an order allowing Dr. Marehbian to testify remotely due to his serious health concerns. Although you have indicated that you do not intend to oppose the *ex parte*, any opposition is due 24 hours after the filing of the *ex parte*.

Filing and service of papers will be completed shortly.

Best regards,

**Jerad J. Miller**
**Attorney**
jjmiller@hurrell-llp.com

**Hurrell-LLP**
800 West 6th Street, Suite 700
Los Angeles, CA  90017-2710
Tel: (213) 426-2000
Fax: (213) 426-2020
Web: www.hurrell-llp.com

PLEASE NOTE: Hurrell Cantrall LLP is now Hurrell-LLP.

***WE'VE MOVED!  PLEASE NOTE THE FIRM'S NEW ADDRESS EFFECTIVE THURSDAY, 06/26/2025.***

IMPORTANT NOTICE: This email and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom it is addressed.  This communication may contain material protected by attorney-client privilege.  If you are not the intended recipient or the person responsible for delivering the email to the intended recipient, be advised that you have received this email in error and that any use dissemination, forwarding, printing, or copying of this email and any file attachments is strictly prohibited.  If you have received this email in error, please immediately notify us by telephone at (213) 426-2000 or by reply email to the sender and destroy the original transmission and its contents.

# PROOF OF SERVICE

## Jennie Quan v. County of Los Angeles, et al.
### Case No. 2:24-cv-04805

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of . My business address is 800 West 6th Street, Suite 700, Los Angeles, CA 90017-2710.

On February 5, 2026, I served true copies of the following document(s) described as **DEFENDANTS' EX PARTE APPLICATION FOR PERMISSION TO PRESENT TESTIMONY BY CONTEMPORANEOUS TRANSMISSIONS [FRCP 43(A)]; [PROPOSED] ORDER** on the interested parties in this action as follows:

| | |
|---|---|
| Dale K. Galipo, Esq.<br>Hang D. Le, Esq<br>LAW OFFICES OF DALE K. GALIPO<br>21800 Burbank Blvd., Suite 310<br>Woodland Hills, CA 91367<br>Tel: (818) 347-3333<br>Fax: (818) 347-4118<br>dalekgalipo@yahoo.com<br>hlee@galipolaw.com<br>ldeleon@galipolaw.com<br>slaurel@galipolaw.com | *Attorneys for Plaintiff, Jennie Quan, individually and as successor in interest to Benjamin Chin, deceased* |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address tcana@hurrell-llp.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 5, 2026, at Los Angeles, California.

*/s/ Theresa T. Caña*
Theresa T. Caña

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000