

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JENNIE QUAN, individually and as successor in interest to BENJAMIN CHIN, deceased,

                              Plaintiffs,

vs.

COUNTY OF LOS ANGELES; MARISOL BARAJAS; HECTOR VAZQUEZ; and DOES 3-10, inclusive,

                              Defendants.

Case No. 2:24-cv-04805-MCS-KS

*Assigned to*:
Hon Mark C. Scarsi
Hon. Mag. Judge Karen L. Stevenson

**[PROPOSED] AMENDED FINAL PRE-TRIAL CONFERENCE ORDER**

Trial Date:    February 10, 2026

Final Pre-Trial Conference:
January 26, 2026

Judge:        Hon. Mark C. Sarsi

# **TABLE OF CONTENTS**

1.   THE PARTIES AND PLEADINGS ..................................................3

2.   JURISDICTION .............................................................................3

3.   TRIAL DURATION ........................................................................3

4.   JURY TRIAL ..................................................................................3

5.   ADMITTED FACTS ........................................................................4

6.   STIPULATED FACTS .....................................................................4

7.   PARTIES' CLAIMS AND DEFENSES ...........................................4

8.   REMAINING TRIABLE ISSUES ...................................................12

9.   DISCOVERY ..................................................................................13

10.  DISCLOSURES AND EXHIBIT LIST ...........................................13

11.  WITNESS LIST ..............................................................................13

12.  MOTIONS IN LIMINE ...................................................................14

13.  BIFURCATION ...............................................................................14

14.  ADMISSIONS ..................................................................................15

Following pretrial proceedings, pursuant to Federal Rule of Civil
Procedure, Rule 16 and Local Rule 16, IT IS HEREBY ORDERED:

**1.**     **THE PARTIES AND PLEADINGS**

Plaintiff: Jennie Quan, individually and as successor in interest to Benjamin
Chin, deceased.

Defendants: County of Los Angeles, Marisol Barajas, and Hector Vazquez.

All of the defendants have been served. All other parties named in the
pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings that raise the issues are:

A. Plaintiffs' First Amended Complaint. (Doc. No. 31).

B. Defendants' Answer. (Doc. No. 36.)

Plaintiff's second cause of action for Unreasonable Search and Seizure—
Denial of Medical Care (42 U.S.C. § 1983), third cause of action for Municipal
Liability—Ratification (42 U.S.C. § 19830, fourth cause of action for Municipal
Liability—Inadequate Training (42 U.S.C. § 1983), and fifth cause of action for
Municipal Liability—Unconstitutional Custom or Policy (42 U.S.C. § 1983) have
been dismissed.

**2.**     **JURISDICTION**

It is stipulated that subject matter jurisdiction over this action exists under 28
U.S.C. § 1367 and § 1391, and venue is proper in this District and this Division
pursuant to 28 U.S.C. § 1391(b).

**3.**     **TRIAL DURATION**

Trial is estimated to take 5-7 court days.

**4.**     **JURY TRIAL**

The trial is to be a jury trial.

Plaintiff and Defendants have served and filed their "Agreed Upon Set of Jury
Instructions and Verdict Forms" as well as the "Joint Statement re Disputed
Instructions, Verdicts, etc."

**5.    ADMITTED FACTS**

The following facts are admitted and require no proof:

1.    At all relevant times, Defendant Marisol Barajas was employed as a sheriff's deputy for the Los Angeles Sheriff's Department and by the County of Los Angeles. (Defs.' Answer to FAC, Doc. No. 36 ¶ 7).

2.    At all relevant times, Defendant Hector Vazquez was employed as a sheriff's deputy for the Los Angeles Sheriff's Department and by the County of Los Angeles. (Defs.' Answer to FAC, Doc. No. 36 ¶ 8).

**6.    STIPULATED FACTS**

The following facts, though stipulated, shall be without prejudice to any evidentiary objections:

(1)    The incident occurred on June 19, 2022.

(2)    At all relevant times, Defendants Marisol Barajas and Hector Vazquez were acting within the course and scope of their employment as police officers for Los Angeles County Sheriff's Department.

(3)    At all relevant times, Defendants Marisol Barajas and Hector Vazquez were acting under color of law.

**7.    PARTIES' CLAIMS AND DEFENSES**

**Plaintiff's Claims**:

(a)    Plaintiff plans to pursue the following claims against Defendants:

**Claim 1**: Fourth Amendment—Excessive Force

**Claim 2**: Battery (Survival and Wrongful Death)

**Claim 3**: Negligence (Survival and Wrongful Death)

**Claim 4**: Violation of Cal. Civ. Code § 52.1 ("Bane Act")

(b)    The elements required to establish Plaintiff's claims are:

**Claim 1**:

1.    Marisol Barajas and Hector Vazquez acted under color of law;

2.    Whether Marisol Barajas and Hector Vazquez used excessive force

against Benjamin Chin;

3.    Whether The excessive force caused injury, damage, loss, or harm to Benjamin Chin.

**Claim 2**:

1.    Marisol Barajas and Hector Vazquez intentionally touched Benjamin Chin;

2.    Marisol Barajas and Hector Vazquez used deadly force on Benjamin Chin;

3.    Marisol Barajas' and Hector Vazquez' use of deadly force was not necessary to defend human life;

4.    Benjamin Chin was harmed or killed; and

5.    Marisol Barajas' and Hector Vazquez' use of deadly force was a substantial factor in causing Benjamin Chin's harm or death.

**Claim 3**:

1.    Marisol Barajas and Hector Vazquez were peace officers;

2.    Marisol Barajas and Hector Vazquez used deadly force on Benjamin Chin;

3.    Marisol Barajas' and Hector Vazquez's use of deadly force was not necessary to defend human life;

4.    Benjamin Chin was harmed or killed; and

5.    Marisol Barajas' and Hector Vazquez' use of deadly force was a substantial factor in causing Benjamin Chin's harm or death.

**Claim 4**:

1.    Marisol Barajas and/or Hector Vazquez acted violently against Benjamin Chin to prevent him from exercising his right to be free from excessive force;

2.    Marisol Barajas and/or Hector Vazquez intended deprive Mr. Chin of enjoyment of interest protected by the right to be free from excessive

1    force;

2    3.    Benjamin Chin was harmed; and

3    3.    Marisol Barajas and/or Hector Vazquez's conduct was a substantial

4    factor in causing Mr. Chin's harm.

5    (c)    The Key Evidence Plaintiff Relies on for Each Claim

6    **Claim 1**:

7    (1) testimonies of defendants; (2) testimonies of deputies at the scene; (3)

8    testimonies of plaintiffs' expert witnesses; (4) videos capturing the incident;

9    (5) still shots from videos capturing the incident; (6) forensic evidence,

10    including autopsy report; (7) testimonies of plaintiff and damages witnesses;

11    and (8) photographs of plaintiff and the decedent.

12    **Claim 2**:

13    (1) testimonies of defendants; (2) testimonies of deputies at the scene; (3)

14    testimonies of plaintiffs' expert witnesses; (4) videos capturing the incident;

15    (5) still shots from videos capturing the incident; (6) forensic evidence,

16    including autopsy report; (7) testimonies of plaintiff and damages witnesses;

17    and (8) photographs of plaintiff and the decedent.

18    **Claim 3**:

19    (1) testimonies of defendants; (2) testimonies of deputies at the scene; (3)

20    testimonies of plaintiffs' expert witnesses; (4) videos capturing the incident;

21    (5) still shots from videos capturing the incident; (6) forensic evidence,

22    including autopsy report; (7) testimonies of plaintiff and damages witnesses;

23    and (8) photographs of plaintiff and the decedent.

24    **Claim 4**:

25    (1) testimonies of defendants; (2) testimonies of deputies at the scene; (3)

26    testimonies of plaintiffs' expert witnesses; (4) videos capturing the incident;

27    (5) still shots from videos capturing the incident; (6) forensic evidence,

28    including autopsy report; (7) testimonies of plaintiff and damages witnesses;

[PROPOSED] AMENDED FINAL PRE-TRIAL CONFERENCE ORDER

and (8) photographs of plaintiff and the decedent.

**Defendants' Affirmative Defenses**:

    A.    First Affirmative Defense: The Defendant Deputies Are Entitled to Qualified Immunity from the 42 U.S.C. § 1983 Claims

        1.    Elements Required to Establish Defendants' First Affirmative Defense:

            (a)    The Defendant Deputies' conduct did not deprive the Decedent of his constitutional rights;

            (b)    The officers did not violate a "clearly established" constitutional right of the Decedent; and

            (c)    A reasonable deputy faced with the circumstances facing the Defendant Deputies could have believed his or her conduct was lawful.

See *Saucier* v. *Katz*, 533 U.S. 194, 201 (2001); *Pearson v. Callahan*, 129 S.Ct. 808, 818 (2009); *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

        2.    Key Evidence in Support of Defendants' First Affirmative Defense:

            (1)    Dispatch reported the following to the Defendant Deputies: the Decedent was wearing a bullet-proof vest while wielding an AR-15, he fired multiple rounds in the air, there was a stabbing victim in the area;

            (2)    The Walnut Sheriff's Station received multiple 911 calls reporting the facts and observations relayed to the Defendant Deputies described in section (1) above.

            (3)    Video evidence confirms that the Decedent wielded an AR-15, wore a bullet-proof vest, stabbed the Plaintiff (his mother), and fired multiple rounds in the air;

            (4)    When Barajas and Vazquez arrived to the scene, they observed the Decedent wearing a bullet-proof vest and

1   wielding an AR-15;

2   (5)   Barajas, while traveling southbound on Diamond Bar

3   Boulevard, exited her patrol vehicle after observing the

4   Decedent walking northbound on Diamond Bar Boulevard;

5   (6)   Brandon Wiseman was inside his parked Tesla on Diamond

6   Bar Boulevard next to Barajas while the Decedent walked

7   northbound on the same street;

8   (7)   Vazquez equipped a shotgun loaded with slug ammunition

9   and followed the Decedent on foot from Crooked Creek

10   Drive to Diamond Bar Boulevard;

11   (8)   Vazquez encountered the Plaintiff on Crooked Creek Drive

12   with blood on her hands, having been stabbed by the

13   Decedent;

14   (9)   Vazquez and Detective Bronowicki issued several

15   commands for the Decedent to drop his rifle prior to the

16   Decedent arriving on Diamond Bar Boulevard, which were

17   ignored;

18   (10)  While the Decedent walked northbound on Diamond Bar

19   Boulevard, Barajas pointed her service handgun at the

20   Decedent and issued seven warnings for him to drop his

21   weapon;

22   (11)  Less-lethal ammunition was not an option because the

23   Decedent posed a lethal imminent threat, and the Defendant

24   Deputies believed less-lethal would be futile against the

25   Decedent's bullet-proof vest.

26   (12)  The Decedent approached to within 7-10 feet of Barajas'

27   vehicle on Diamond Bar Boulevard with his AR-15 slung

28   around his shoulder before Barajas fired the first shot at the

Decedent;

(13)  It was unclear to Barajas whether the first shot struck and injured the Decedent because he continued walking northbound on Diamond Bar Boulevard after the first shot;

(14)  At the time of Barajas' first shot, Vazquez was approximately 30-40 feet behind the Decedent's left-flank on Diamond Bar Boulevard;

(15)  After determining that the Decedent still posed a lethal imminent threat, Vazquez and fired his first shot – the second shot in the sequence - approximately 5.649 seconds after Barajas' shot;

(16)  It was unclear to Vazquez whether his first shot injured the Decedent because the Decedent continued walking northbound on Diamond Bar Boulevard after Vazquez's first shot;

(17)  After determining that the Decedent still posed a lethal imminent threat, Barajas ordered the Decedent to drop his weapon an eighth and ninth time, and began ordering him a tenth time, before firing her second shot – the third shot in the sequence.

(18)  Barajas' second shot occurred approximately .881 seconds after Vazquez's first shot;

(19)  It was unclear to Barajas whether the first shot struck and injured the Decedent because the Decedent continued walking northbound on Diamond Bar Boulevard after Barajas' second shot;

(20)  After determining that the Decedent still posed a lethal imminent threat, Barajas fired her third shot – the fourth shot

1  in the sequence – approximately 1.929 seconds after firing

2  her second shot.

3  (21)  Barajas' third shot struck the Decedent in the lower

4  abdomen, after which he began leaning forward;

5  (22)  After determining that the Decedent still posed a lethal

6  imminent threat, Vazquez fired his second shot – the fifth

7  and final shot in the sequence – approximately 1.552 seconds

8  after Barajas' third shot.

9  (23)  Vazquez's second shot struck the Decedent in the lower

10  back, after which the Decedent fell to the ground;

11  (24)  No additional shots were fired after the Decedent fell to the

12  ground;

13  (25)  The responding deputies approached the Decedent and

14  promptly began rendering medical care;

15  (26)  The Decedent was transported to Pomona Valley Hospital

16  Medical Center, where he was pronounced deceased later

17  that day.

18  B.  <u>Second Affirmative Defense: The Officers Are Immune Under California</u>

19  <u>*Penal Code* § 196—Justifiable Homicide</u>

20  1.  <u>Elements Required to Establish Defendants' Second Affirmative</u>

21  <u>Defense</u>:

22  (a)  The circumstances reasonably created a fear of death or

23  serious bodily harm to the officers or others; and

24  (b)  The officers necessarily committed the homicide against the

25  Decedent in the discharge of their legal duties.

26  *See* Cal. Pen. Code § 196; *Brown v. Ransweiler*, 171 Cal.App.4th 516,

27  533 (2009); *Gilmore v. Superior Court*, 230 Cal.App.3d 416, 421 (1991)

28  (justifiable homicide is privileged act that precludes all tort liability

arising therefrom).

    2.   <u>Key Evidence in Support of Defendants' Second Affirmative Defense:</u>

        (a)   See key evidence under first affirmative defense.

C.   <u>Third Affirmative Defense: Qualified Immunities (state)</u>

    1.   <u>Elements Required to Establish Defendants' Third Affirmative Defense:</u>

        (a)   If the employee is immune from liability, Defendant County of Los Angeles also is immune from liability;

        (b)   An employee of Defendant County of Los Angeles was exercising the discretion vested in him;

        (c)   An employee of Defendant County of Los Angeles cannot be held liable for an injury caused by the act or omission of another person;

        (d)   A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause.

*See* Cal. Gov. Code, § 815.2(b): Injuries by Employee within Scope of Employment; Immunity of Employee; Cal. Gov. Code, § 820.2: Discretionary Acts; Cal. Gov. Code, § 820.8: Acts or Omissions of Others; Cal. Gov. Code § 821.6: Immunity.

    2.   <u>Key Evidence in Support of Defendants' Third Affirmative Defense:</u>

        (a)   See key evidence under first affirmative defense.

D.   <u>Fourth Affirmative Defense: Self-Defense/Defense of Others</u>

    1.   <u>Elements Required to Establish Defendants' Fourth Affirmative Defense:</u>

        (a)    That the Defendant Deputies reasonably believed that the Decedent was going to harm each of them or others;

        (b)    That the Defendant Deputies used only the amount of force that was reasonably necessary to protect themselves or others.

*See* CACI 1304.

    2.    <u>Key Evidence in Support of Defendants' Fourth Affirmative Defense</u>:

        (a)    See key evidence under first affirmative defense.

E.    <u>Fifth Affirmative Defense: Contributory Negligence</u>

    1.    <u>Elements Required to Establish Defendants' Fifth Affirmative Defense</u>:

        (a)    That the Decedent was negligent;

        (b)    That the Decedent and/or others' negligence was a substantial factor in causing his harm.

*See* CACI 405 (2009).

    2.    <u>Key Evidence in Support of Defendants' Fifth Affirmative Defense</u>:

        (a)    See key evidence under first affirmative defense.

## 8.    <u>REMAINING TRIABLE ISSUES</u>

In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:

1. Whether Defendants Marisol Barajas and/or Hector Vazquez used excessive and/or unreasonable force against Decedent Benjamin Chin;

2. Whether Defendants Marisol Barajas and/or Hector Vazquez's use of excessive and/or unreasonable force was a cause of Decedent Benjamin Chin's injury and/or death;

3.  Whether Defendants Marisol Barajas and/or Hector Vazquez were negligent in their conduct towards Decedent Benjamin Chin;

4.  Whether Defendants Marisol Barajas and/or Hector Vazquez's negligence was a cause of Decedent's injury and/or death Benjamin Chin;

5.  Whether Defendants Marisol Barajas and/or Hector Vazquez acted with reckless disregard of Decedent Benjamin Chin's constitutional rights;

6.  The nature and extent of Decedent Benjamin Chin's damages, including the nature and extent of Decedent's injuries, the loss of enjoyment of life, the mental, physical and emotional pain and suffering experienced prior to death;

7.  The nature and extent of Plaintiff Jennie Quan's economic and non-economic damages, including Plaintiff's loss of Decedent Benjamin Chin's love, companionship, comfort, care, assistance, protection, affection, society, and moral support.

**9.    DISCOVERY**

All discovery is complete.

**10.    DISCLOSURES AND EXHIBIT LIST**

All disclosures under Fed. R. Civ. P. 26(a)(3) have been made.

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1 ("Joint Exhibit List"). In view of the volume of exhibits marked by each party, the parties have incorporated in the attached "Joint Exhibit List" all agreements regarding admitted exhibits, and all objections, including grounds therefor.

**11.    WITNESS LIST**

Witness lists of the parties have been filed under separate cover.

Only the witnesses identified on the lists will be permitted to testify (other than solely for impeachment).

**12.    <u>MOTIONS IN LIMINE</u>**

Motions *in Limine* and or law and motion matters have been filed with the Court. The parties have met and conferred on the motions *in limine*. The following motions *in limine*, and no others, are pending or contemplated:

<u>**Plaintiff**</u>:

1.    Plaintiff's Motion *in Limine* No. 1 to Exclude Testimony of Defense Expert Joel Suss, PhD From Trial;

2.    Plaintiff's Motion *in Limine* No. 2 to Exclude Testimony of Defense Expert Edward T. Flosi From Trial;

3.    Plaintiff's Motion *in Limine* No. 3 to Exclude Opinions of Defense Expert John Marehbian, MD Not Disclosed in Rebuttal Report;

4.    Plaintiff's Motion *in Limine* No. 4 to Exclude Evidence or References to Information Not Known to Defendant Deputies at the Time of the Incident;

<u>**Defendants**</u>:

1.    Defendants' Motion in Limine No. 1 to Exclude, or Limit, the Opinions of Bennet Omalu, M.D.;

2.    Defendants' Motion in Limine No. 2 to Preclude Plaintiff From Displaying Autopsy and Postshooting Photographs of Decedent;

3.    Defendants' Motion in Limine No. 3 to Preclude Evidence of Other Claims, Lawsuits, Settlements, Verdicts, Judgments, Complaints, Administrative Investigations or Proceedings and/or Other Alleged Incidents Concerning Defendants or Other Members of Law Enforcement and the Los Angeles County Sheriff's Department.

4.    Defendants' Motion in Limine No. 4 for Permission to Present Testimony By Contemporaneous Transmission [F.R.C.P. 43(a)] (filed in the form of an *ex parte* application on February 5, 2026.)

**13.    <u>BIFURCATION</u>**

Bifurcation of the following issues for trial is ordered: none.

**14.    ADMISSIONS**

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pre-Trial Conference Order shall supersede the pleadings, and govern the course of the trial of this case, unless modified to prevent manifest justice.


DATED:                                             UNITED STATES DISTRICT COURT


                                                   _____
                                                   HON. MARK C. SCARSI
                                                   UNITED STATES DISTRICT JUDGE


Approved as to form and content:


/s/ Hang D. Le
_____
Attorney for Plaintiff


/s/ Jerad J. Miller
_____
Attorney for Defendants