Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrell-llp.com
Joseph K. Miller, State Bar No. 245685
E-Mail: jmiller@hurrell-llp.com
Jerad J. Miller, State Bar No. 334001
E-Mail: jjmiller@hurrell-llp.com
HURRELL-LLP
800 West 6th Street, Suite 700
Los Angeles, California 90017
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants, COUNTY OF LOS ANGELES, MARISOL BARAJAS and HECTOR VAZQUEZ

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JENNIE QUAN, individually and as successor in interest to BENJAMIN CHIN, deceased,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES; MARISOL BARAJAS; HECTOR VAZQUEZ; and DOES 3-10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-04805-MCS(KSx)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 1988 AND CAL. CIV. CODE §§ 52(b), 52.1(c)**<br><br>[Assigned to Hon. Mark C. Scarsi, Courtroom "7C"] |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants COUNTY OF LOS ANGELES, HECTOR VAZQUEZ, and MARISOL BARAJAS (collectively, "Defendants") hereby submit their Opposition to Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 1988 and Cal. Civ. Code §§ 52(b), 52.1(c).

/ / /

/ / /

/ / /

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiff's counsel claims in their Motion for Attorney's Fees ("Motion") that they are entitled to a subtotal of $902,310 in attorney's fees, which can be heightened to $1,353,265 or $1,804,620 with a 1.5 or 2.0 multiplier, respectively. Awarding Plaintiff's counsel the suggested multiplier would result in lead trial counsel, Dale Galipo, receiving a rate of $2,250 - $3,000 per hour if the Court approves his requested base rate of $1,500 per hour. The requested rate of $1,500 already reflects the substantial contingency risk that counsel would receive no compensation whatsoever if Plaintiff did not prevail. Doubling that rate would not serve to compensate for risk and would be punitive. Furthermore, a multiplier is unwarranted because this case involved relatively straightforward legal and factual issues, and the causes of action substantially overlapped, reducing the complexity of the work performed.  Lastly, the Court should not award Plaintiff's counsel the full amount of fees requested because a significant number of billing entries are duplicative, vague, improperly block billed, unnecessary and administrative.

Plaintiff's Complaint alleges causes of action for 1) Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983); 2) Unreasonable Search and Seizure – Denial of Medical Care (42 U.S.C. § 1983); 3) Municipal Liability – Ratification (42 U.S.C. § 1983); 4) Municipal Liability – Inadequate Training (42 U.S.C. § 1983); 5) Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983); 6) Battery; 7) Negligence; 8) Bane Act (Cal. Civil Code 52.1). Defendants filed a motion for summary judgment as to all causes of action, which the Court granted with respect to the claims for Denial of Medical Care, Municipal Liability – Ratification, Municipal Liability – Inadequate Training and Municipal Liability – Unconstitutional Custom or Policy. See, Declaration of Jerad J. Miller ("Miller Decl."), at ¶ 2. Only the claims for Excessive Force, Battery, Negligence and Bane Act were tried and prevailed upon by Plaintiff. *Id*. Accordingly, Plaintiff's request for up to $1,804,620

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE   (213) 426-2000

in attorneys fees is extremely excessive for a case involving four overlapping causes of action, three defendants, and a trial that consisted of only five fact witnesses (two of which are defendants) and five experts testifying at trial. Miller Decl., at ¶ 3. This fee demand is especially disproportionate to the complexity of the case, which mainly focused on one issue: was Benjamin Chin reasonably perceived as a deadly threat to the Defendants if he never raised and pointed his rifle at the Defendants prior to the shooting? Miller Decl., at ¶ 4.

Based upon the foregoing, Defendants respectfully request that the Court substantially reduce Plaintiff's request for attorneys' fees.

## II.   LEGAN ANALYSIS

### A.   The Court Must Award Attorney's Fees Based on a Reasonable Amount of Hours at a Reasonable Rate

42 U.S.C. section 1988 provides that "[i]n any action or proceeding [under 42 U.S.C. section 1983], the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). To determine the amount of a reasonable fee under section 1988, district courts apply the lodestar method. *Costa v. Comm'r of SSA*, 690 F.3d 1132, 1135 (9th Cir. 2012). Under the lodestar method, the district court "multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006) (internal quotation marks omitted). To determine a reasonable amount of hours and a reasonable hourly rate, the court may consider the following factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the amount involved and the results obtained, (5) the experience, reputation, and ability of the attorneys, and (6) awards in similar cases. *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1033, fn. 11 (9th Cir. 2012). "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 131 S.Ct. 2205, 2216 (2011). Thus, the district court "may

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE   (213) 426-2000

take into account their *overall sense* of a suit, and may use estimates in calculating and allocating an attorney's time." *Id*. (emphasis added).

"A very important aspect of determining a reasonable rate is that 'such rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity.' *Davis v. City of San Francisco*, 976 F.2d 1536, 1545 (9th Cir.1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993) (emphasis added).  In this case, as in most cases reviewed by the undersigned, there is no hard, objective evidence concerning what a 'paying client' would actually disburse to his lawyer in comparable litigation.  *See also Welch v. Met. Life Ins. Co.,* 480 F.3d 942, 946 (9th Cir. 2007) emphasizing 'paying clients.'  Rather, calculation of the rate in this case, and in general, appears to have been, for the most part, an exercise in hypothesizing what a paying client might pay (if ever there were one to be found), and getting one's litigation allies to chime in—'that's what my rate is too.' Then, an hourly rate becomes 'established,' when courts actually award that hourly rate. The potential for unwarranted inflation of the then established 'reasonable hourly rate' is great because the increase methodology is also not based on hard, economic data, but on the same attorney suppositions, extrapolations and alliances which set the rate in the first place—enough to make a first year economics student blush with embarrassment." *Taylor v. Chaing*, 2009 WL 453050, at *9 (E.D. Cal. Feb. 23, 2009) (emphasis added), report and recommendation adopted sub nom. *Taylor v. Chiang*, No. CIV-S012407 JAMGGH, 2009 WL 1119390 (E.D. Cal. Apr. 24, 2009), aff'd sub nom. Taylor v. John Chiang, 405 F. App'x 167 (9th Cir. 2010).

The Ninth Circuit has held that "declarations filed by the fee applicant do not conclusively establish the prevailing market rate." *Camacho v. Bridgeport Financial, Inc*., 523 F.3d 973, 980 (9th Cir. 2008).  "These declarations suffer, for the most part, from the dichotomy between billing rate and actual paid rate.  Calculating an attorneys' fees hourly rate has to be something more than finding an attorney who has

a high billing rate, and then proffering that 'I am in the same class as the high billing attorney.' Moreover, some economic sense has to be inserted into the hourly rate analysis lest attorneys' fees become a financial death penalty for those defendants who suffer the misfortune of losing a case. As seen below, word gets around concerning the level of hourly rates awarded by courts, i.e., the cases act as precedent. Courts should not permit an attorneys' fees hourly rate to enter an impossibly high, upward inflationary spiral." *Taylor v. Chaing*, *supra,* 2009 WL 453050, at *10.

Here, Mr. Galipo's declaration is completely devoid of any evidence showing what a "paying client" is actually willing to pay. Miller Decl., at ¶ 5. *See*, ECF Docket No. 139-1. Nowhere in Mr. Galipo's declaration does he state that he has ever actually and routinely received such a fee from clients in similar cases. *Id.* Indeed, Plaintiff's self-serving declarations as well as the Declaration of Carol A. Sobel do not establish the prevailing market rate based on the authority cited above. Miller Decl., at ¶ 6. *See*, ECF Docket No. 139-7. Therefore, this Court should not award Mr. Galipo's hourly rate of $1,500 as it is not reasonable.

**B.    Plaintiff's Counsel's Billed Hours are not Reasonable**

Plaintiff's counsel's purported attorneys' fees are not reasonable in substance or description. Miller Decl., at ¶ 7. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.

The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." S.Rep. No. 94–1011, p. 6 (1976). Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Copeland v. Marshall,* 205 U.S.App.D.C. 390, 401, 641 F.2d 880, 891 (1980) (en banc) (emphasis in original). *Hensley, supra,* at 434.

If a court determines that some hours billed are not reasonable, it may exclude them using one of the two methods. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013). The court may either conduct an "hour-by-hour analysis of the fee request or make an "across the board percentage cut." *Id*. When faced with a massive fee application, the district court has the authority to make across-the board percentage cuts either in the number of hours claimed or in the final lodestar as a practical means of excluding non-compensable hours from a fee application. *Id*. The fee applicant bears the burden of demonstrating appropriate hours expended in litigation and must submit evidence of the hours worked. *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992).

As will be discussed below, the substance of the work reflected in the billing and the phrasing of the billing entries themselves warrant a significant reduction in fees. Miller Decl., at ¶ 8.  A large portion of Plaintiff's claimed fees should be excluded because they are excessive and redundant for a case of this nature. *Id*. Moreover, several of the billing descriptions are vaguely described and cannot be supported. *Id*.

> **a.      Plaintiff's Motion for Attorneys' Fees Improperly Includes Vague Block Billing**

In general, courts look unfavorably on block billing because it does not allow the Court to scrutinize the amount of time spent performing each task. *See*, *Welch v. Metro Life Ins. Co.*, 480 F.3d 942, 945 n.2 (9th Cir. 2007) (suggesting that block

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE   (213) 426-2000

billing may justify a reduction of up to 30%). Block billing warrants a reduction in the number of hours spent on a matter where, because of the manner of billing, the court cannot ascertain whether such hours "could reasonably be billed to a private client." *Gonzalez*, 729 F.3d at 1202.

Several block billed entries in Mr. Galipo's declaration warrant scrutiny and reduction. Miller Decl., at ¶ 9; *See,* Exhibit 1, ECF Docket No. 139-2. As a general billing practice, a significant number of Mr. Galipo's entries simply refer to repetitively "[r]eview[ing]" materials without any further explanation as to the work being completed. *Id.* For example, on September 27, 2023, December 4, 2023, December 7, 2023, December 8, 2023, April 20 – 21, 2024, and April 27, 2024, Mr. Galipo billed 16.2 hours to "Review Case Materials", with no further description provided. Between December 12, 2023 and January 23, 2025, however, Mr. Galipo specifically billed for reviewing the Complaint, Answer to the Complaint, the Joint Rule 26 Report, Initial Disclosures, Disclosures – Case Documents, Discovery, First Amended Complaint, and the Answer to the First Amended Complaint for a total of 11.8 hours. *Id.* The vagueness of "review case materials" makes it impossible for the Defendants to determine whether these entries overlap with the more specific billing entries. Miller Decl., at ¶ 10.

Moreover, Mr. Galipo's entries on September 20 and September 22, 2025, list "Prepare for Defendant Depositions", which total 8.5 hours. On September 24 and 25, 2025, Mr. Galipo then bills for "Vazquez Deposition – Preparation" for 5.9 hours, and then "Barajas Deposition – Preparation" for 4.7 hours, respectively. Miller Decl., at ¶ 11. Given that Defendant Barajas and Defendant Vazquez are the only two named individual defendants, these entries appear duplicative and excessive. *Id.*

The most significantly questionable billing involves Mr. Galipo's trial preparation. Starting on December 22, 2025 - January 27, 2026, Mr. Galipo begins specifically billing for several matters that appear related to trial preparation, for example, outlining officer and expert examinations and outlining opening and closing

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 9007-2710
TELEPHONE   (213) 426-2000

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

statements. Miller Decl., at ¶ 12.  From this time period, Mr. Galipo billed 105.2 hours for his various methods of trial preparation. *Id.* Then, from January 27 – 29, 2026 and February 9, 2026, Mr. Galipo bills 14.3 hours for "Trial Preparation (Examinations – Opening)", 20.4 hours for "Trial Preparation" from February 7 – 9, 2026, 48.5 hours for "Trial – Trial Preparation" from February 10 – 12, 2026, and lastly 12.5 hours for "Trial – Meeting" on February 13, 2026. *Id.* The billing entries that involve a variation of "Trial Preparation" include an asterisk that defines "Trial Preparation" as including "review of investigation reports, officer statements, witness statements, expert reports, deposition transcripts, exhibits, photos of scene, dispatch tape, motions in limine, witness list, exhibit list, jury instructions, verdict form, outlining examination of defendants' and officers, outlining examination of witnesses, outlining examination of plaintiff, outlining examination of experts, preparing voir dire, preparing opening statement, and preparing for direct and cross examinations and closing arguments." Miller Decl., at ¶ 12; *Id.* at p. 5. This type of block billing is improper as it leaves Defendants unable to determine the exact work Mr. Galipo did for each entry, whether the work was duplicative of other entries, the extent and degree he performed each task and whether the work was reasonable. Miller Decl., at ¶ 13.  Notably, Exhibit 3, ECF Docket No. 139-4, to Mr. Galipo's Motion is an order from the Hon. Philip S. Gutierrez, where Mr. Galipo's practice of block billing in this manner is scrutinized, leading to a reduction of 10% to his "Trial Preparation" entries. *Id.*; *See*, Exhibit 3, ECF Docket No. 139-4, at pp. 7-8. Defendants request, at the very least, a similar reduction due to the same practices being at issue here.

          **b.**      **Plaintiff's Motion Includes Duplicative Billing for Depositions**

While Defendants understand that more than one attorney may be necessary at trial, multiple attorneys are not needed for depositions in which only one attorney participates in the examination. Hang D. Le attended several depositions with Mr. Galipo where Mr. Galipo conducted the entire examination. Miller Decl., at ¶ 14.  Ms. Le billed 12.5 hours either prepping for or attending depositions in which she did not

participate in the examination. *Id*. These entries are duplicative and unnecessary and should be reduced accordingly. *Id*.

### c.    Intraoffice Communications Are Generally Not Billable

Plaintiff's Counsel's fees should further be reduced because a number of billing entries are for intraoffice communications, which are generally viewed as duplicative and cannot be recovered. "[I]n general, two attorneys cannot bill for communicating with each other, as such time is duplicative and unnecessary. *In re Mullins*, 84 F.3d 459, 467, 318 U.S. App. D.C. 19 (D.C. Cir. 1996); *Robinson v. Plourde*, 717 F. Supp. 2d 1092, 1099 (D. Haw. 2010). Moreover, as this Court previously observed, "many courts have ... reduced fee awards for time spent in 'interoffice conferences' or other internal communications." *Gauchat–Hargis v. Forest River, Inc*., 2013 WL 4828594 at *3 (E.D. Cal. Sept. 9, 2013) citing, *e.g., Mogck v. Unum Life Ins. Co. of Am*., 289 F.Supp.2d 1181, 1194 (S.D. Cal. 2003) (reducing the fee award upon finding the attorneys "billed an inordinate amount of time for interoffice conferences"); *Coles v. City of Oakland*, 2007 WL 39304, at *10 (N.D. Cal. Jan. 4, 2007) ("[c]laiming a disproportionate number of hours for communication between attorneys may indicate unreasonable overstaffing such that a reduction in hours is appropriate"); *Gibson v. City of Chicago*, 873 F.Supp.2d 975, 987 (N.D.Ill. 2012) (eliminating time entries for duplicative tasks). *Tarango v. City of Bakersfield*, No. 1:16-CV-0099-JLT, 2017 WL 5564917, at *11–13 (E.D. Cal. Nov. 20, 2017).

Mr. Galipo's billing entries contain 6.4 hours of various communications with Ms. Hang Le and/or Mr. Santiago Laurel. Miller Decl., at ¶ 15; ECF Docket No. 139-2. Additionally, several of Ms. Le's billing entries reflect intraoffice communication and should be stricken. 7.1 hours of Ms. Le's entries reflect communication with either Mr. Galipo or Mr. Laurel. *Id*.; *See*, Exhibit 7, ECF Docket No. 139-9. Approximately 15.7 hours of Mr. Laurel's billed time describe meetings and email exchanges with Ms. Le and Mr. Galipo. *Id*.; *See*, Exhibit 8, ECF Docket No. 139-11.

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE   (213) 426-2000

9

Defendants respectfully request that the Court omit these entries from any attorneys' fee award. These time entries should be stricken entirely, or at least reduced.

### C. Plaintiff May Not Recover for Secretarial and Administrative Tasks

Clerical and administrative tasks are generally not recoverable in a motion for attorneys' fees. "When clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors." *Davis v. City & County of San Francisco,* 976 F.2d 1536, 1543 (9th Cir.1992) (citing *Missouri v. Jenkins,* 491 U.S. 274, 288 n. 10, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989)); *see also Keith v. Volpe,* 644 F.Supp. 1312, 1316 (C.D.Cal.1986*); see also Action on Smoking & Health v. CAB,* 724 F.2d 211, 222–23 (D.C.Cir.1984). *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009). Mr. Laurel billed approximately 40.95 hours for tasks that involve gathering, downloading, assembling and saving documents, scheduling, mailing, and emailing court reports and arranging service of process. Miller Decl., at ¶ 16; Exhibit 8, ECF Docket No. 139-11. These secretarial tasks are not recoverable as attorney's fees and should be disallowed by the Court. *Id*.

### D. A Lodestar Multiplier Would Be Erroneous

Multiplying Plaintiff's counsel's reasonable fee by the amount of reasonable hours worked would result in fair compensation because this is not a rare or exceptional case warranting a multiplier. Miller Decl., at ¶ 17. "[T]here is a strong presumption that the lodestar is sufficient; factors subsumed in the lodestar calculation cannot be used as a ground for increasing an award above the lodestar; and a party seeking fees has the burden of identifying a factor that the lodestar does not adequately take into account and proving with specificity that an enhanced fee is justified." *Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 546 (2010).*

Plaintiff's counsel argues that a multiplier of 1.5 or 2.0 should be applied because Plaintiff prevailed on his Bane Act claim under California law. *Id*. If Plaintiff's counsel's fee of $1,500 per hour is awarded, which already takes into consideration the contingency risks involved in a civil rights case of this nature, Mr.

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

HURRELL-LLP

800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE   (213) 426-2000

Galipo would receive an hourly rate between $2,250 - $3,000 an hour. *Id*. This result would be a punitive measure against the Defendants that falls outside the scope and purpose of Civil Code § 52(a). *Id*. While success on a Bane Act claim does allow for the court to use a lodestar multiplier to enhance an award of attorney's fees, this does not apply to federal causes of action. Miller Decl., at ¶ 18.  "Federal and California law regarding attorney's fees are coexistent except that under California law, a prevailing Plaintiff may be entitled to lodestar enhancement or multiplier." *Notter v. City of Pleasant Hill*, No. 16-CV-04412-JSC, 2017 WL 5972698, at \*2 (N.D. Cal. Nov. 30, 2017). Although a state law Bane Act claim may permit a fee multiplier under Civil Code § 52(a), Plaintiff's Motion applies a multiplier to the entire $902,310 requested – including every hour spent on litigating the federal claims - thereby bootstrapping a multiplier to all of Plaintiff's causes of action. *Id*.  Awarding a multiplier would effectively double Plaintiff's attorney's fee recovery for work arising from the same nucleus of operative facts and substantially overlapping with the federal claims, which are not subject to a multiplier. *Id*. Accordingly, a multiplier should not be used to enhance any award of attorneys' fees to Plaintiff.

### III.    CONCLUSION

For the reasons stated above, Defendants request that no multiplier be applied to any award of attorneys' fees and Plaintiff's counsel's fees be reduced consistent with the analysis above.

DATED:  July 16, 2026                    HURRELL-LLP


By:  _____/s/ Jerad J. Miller_____
       THOMAS C. HURRELL
       JOSEPH K. MILLER
       JERAD J. MILLER
       Attorneys for Defendants, COUNTY OF
       LOS ANGELES, MARISOL BARAJAS
       and HECTOR VAZQUEZ

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

## DECLARATION OF JERAD J. MILLER

I, Jerad J. Miller, declare:

1.      I am an attorney duly licensed to practice before this Court and am an associate with Hurrell-LLP, attorneys of record for COUNTY OF LOS ANGELES, MARISOL BARAJAS and HECTOR VAZQUEZ herein.  The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto.

2.      Defendants filed a motion for summary judgment as to all causes of action, which the Court granted with respect to the claims for Denial of Medical Care, Municipal Liability – Ratification, Municipal Liability – Inadequate Training and Municipal Liability – Unconstitutional Custom or Policy. Only the claims for Excessive Force, Battery, Negligence and Bane Act were tried and prevailed upon by Plaintiff

3.      This case involved four overlapping causes of action, three defendants, and a trial that consisted of only five fact witnesses (two of which are defendants) and five experts testifying at trial.

4.      Plaintiff's counsel's fee demand is disproportionate to the complexity of the case, which mainly focused on the issue of whether Benjamin Chin was reasonably perceived as a deadly threat to the defendants at the time of the shooting.

5.      Mr. Galipo's declaration is completely devoid of any evidence showing what a "paying client" is actually willing to pay. Nowhere in Mr. Galipo's declaration does he state that he has ever actually and routinely received such a fee from clients in similar cases.

6.      Plaintiff's self-serving declarations as well as the Declaration of Carol A. Sobel do not establish the prevailing market rate based on the authority cited above.

7.      Plaintiff's counsel's purported attorneys' fees are not reasonable in substance or description.

8.      The substance of the work reflected in the billing and the phrasing of the

12

billing entries themselves warrant a significant reduction in fees. A large portion of Plaintiff's claimed fees should be excluded because they are excessive and redundant for a case of this nature. Moreover, several of the billing descriptions are vaguely described and cannot be supported.

9. Several block billed entries in Mr. Galipo's declaration warrant scrutiny and reduction. As a general billing practice, a significant number of Mr. Galipo's entries simply refer to repetitively "[r]eview[ing]" materials without any further explanation as to the work being completed. For example, on September 27, 2023, December 4, 2023, December 7, 2023, December 8, 2023, April 20 – 21, 2024, and April 27, 2024, Mr. Galipo billed 16.2 hours to "Review Case Materials", with no further description provided. Between December 12, 2023 and January 23, 2025, however, Mr. Galipo specifically billed for reviewing the Complaint, Answer to the Complaint, the Joint Rule 26 Report, Initial Disclosures, Disclosures – Case Documents, Discovery, First Amended Complaint, and the Answer to the First Amended Complaint for a total of 11.8 hours.

10. The vagueness of "review case materials" makes it impossible for the Defendants to determine whether these entries overlap with the more specific billing entries.

11. Mr. Galipo's entries on September 20 and September 22, 2025, list "Prepare for Defendant Depositions", which total 8.5 hours. On September 24 and 25, 2025, Mr. Galipo then bills for "Vazquez Deposition – Preparation" for 5.9 hours, and then "Barajas Deposition – Preparation" for 4.7 hours, respectively. Given that Defendant Barajas and Defendant Vazquez are the only two named individual defendants, these entries appear duplicative and excessive.

12. Starting on December 22, 2025 - January 27, 2026, Mr. Galipo begins specifically billing for several matters that appear related to trial preparation, for example, outlining officer and expert examinations and outlining opening and closing statements. From this time period, Mr. Galipo billed 105.2 hours for his various

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

methods of trial preparation. Then, from January 27 – 29, 2026 and February 9, 2026, Mr. Galipo bills 14.3 hours for "Trial Preparation (Examinations – Opening)", 20.4 hours for "Trial Preparation" from February 7 – 9, 2026, 48.5 hours for "Trial – Trial Preparation" from February 10 – 12, 2026, and lastly 12.5 hours for "Trial – Meeting" on February 13, 2026. The billing entries that involve a variation of "Trial Preparation" include an asterisk that defines "Trial Preparation" as including "review of investigation reports, officer statements, witness statements, expert reports, deposition transcripts, exhibits, photos of scene, dispatch tape, motions in limine, witness list, exhibit list, jury instructions, verdict form, outlining examination of defendants' and officers, outlining examination of witnesses, outlining examination of plaintiff, outlining examination of experts, preparing voir dire, preparing opening statement, and preparing for direct and cross examinations and closing arguments."

13.    This type of block billing is improper as it leaves Defendants unable to determine the exact work Mr. Galipo did for each entry, whether the work was duplicative of other entries, the extent and degree he performed each task and whether the work was reasonable. Notably, Exhibit 3, ECF Docket No. 139-4, to Mr. Galipo's Motion is an order from the Hon. Philip S. Gutierrez, where Mr. Galipo's practice of block billing in this manner is scrutinized, leading to a reduction of 10% to his "Trial Preparation" entries.

14.    Hang D. Le attended several depositions with Mr. Galipo where Mr. Galipo conducted the entire examination. Ms. Le billed 12.5 hours either prepping for or attending depositions in which she did not participate in the examination. These entries are duplicative and unnecessary and should be reduced accordingly.

15.    Mr. Galipo's billing entries contain approximately 6.4 hours of various communications with Ms. Hang Le and/or Mr. Santiago Laurel. Additionally, several of Ms. Le's billing entries reflect intraoffice communication and should be stricken. 7.1 hours of Ms. Le's entries reflect communication with either Mr. Galipo or Mr. Laurel. Approximately 15.7 hours of Mr. Laurel's billed time describe meetings and

email exchanges with Ms. Le and Mr. Galipo. Defendants respectfully request that the Court omit these entries from any attorneys' fee award. These time entries should be stricken entirely, or at least reduced.

16.     Mr. Laurel billed approximately 40.95 hours for tasks that involve gathering, downloading, assembling and saving documents, scheduling, mailing, and emailing court reports and arranging service of process. These secretarial tasks are not recoverable as attorney's fees and should be disallowed by the Court.

17.     Multiplying Plaintiff's counsel's reasonable fee by the amount of reasonable hours worked would result in fair compensation because this is not a rare or exceptional case warranting a multiplier. Plaintiff's counsel argues that a multiplier of 1.5 or 2.0 should be applied because Plaintiff prevailed on his Bane Act claim under California law. If Plaintiff's counsel's fee of $1,500 per hour is awarded, which already takes into consideration the contingency risks involved in a civil rights case of this nature, Mr. Galipo would receive an hourly rate between $2,250 - $3,000 an hour.

18.     While success on a Bane Act claim does allow for the court to use a lodestar multiplier to enhance an award of attorney's fees, this does not apply to federal causes of action. Plaintiff's Motion applies a multiplier to the entire $902,310 requested – including every hour spent on litigating the federal claims - thereby bootstrapping a multiplier to all of Plaintiff's causes of action. Awarding a multiplier would effectively double Plaintiff's attorney's fee recovery for work arising from the same nucleus of operative facts and substantially overlapping with the federal claims, which are not subject to a multiplier.

/ / /

/ / /

/ / /

/ / /

/ / /

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 16, 2026, at Los Angeles, California.


_/s/ Jerad J. Miller_
Jerad J. Miller

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for COUNTY OF LOS ANGELES, MARISOL BARAJAS and HECTOR VAZQUEZ, certifies that this brief contains 4,909 words, which complies with the word limit of L.R. 11-6.1.

DATED:  July 16, 2026                    HURRELL-LLP


By:    /s/ Jerad J. Miller
_____
THOMAS C. HURRELL
JOSEPH K. MILLER
JERAD J. MILLER
Attorneys for Defendants, COUNTY OF LOS ANGELES, MARISOL BARAJAS and HECTOR VAZQUEZ

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

17