**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (Bar No. 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIE QUAN, individually and as successor in interest to BENJAMIN CHIN, deceased,<br><br>     Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES; MARISOL BARAJAS; HECTOR VAZQUEZ; and DOES 3-10, inclusive,<br><br>     Defendants. | Case No. 2:24-cv-04805-MCS-KS<br><br>*Assigned to*:<br>Hon Mark C. Scarsi<br>Hon. Mag. Judge Karen L. Stevenson<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES**<br><br>[Declaration of Hang D. Le and exhibits thereto *filed concurrently herewith*]<br><br>Date: August 17, 2026<br>Time: 9:00 a.m.<br>Crtrm: 7C |

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR PARTIAL SUMMARY JUDGMENT

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................1

II. DALE GALIPO'S REQUESTED HOURLY RATE IS REASONABLE.......................................................................................................1

III. THE NUMBER OF HOURS SPENT WAS REASONABLY NECESSARY TO LITIGATION ............................................................................4

    A. Block Billing ..............................................................................................5

    B. The Attendance of Two Attorneys at Depositions Was Reasonable ..................................................................................................5

    C. Intraoffice Communications Were Reasonably Billed ..........................7

    D. Secretarial and Administrative Tasks .....................................................7

IV. LODESTAR MULTIPLIER ..................................................................................8

V. PLAINTIFF SHOULD BE COMPENSATED FOR HER ATTORNEY'S WORK ON THIS REPLY AND ANY OTHER RELATED FEE MOTION WORK ....................................................................9

VI. CONCLUSION ...................................................................................................10

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES

# TABLE OF AUTHORITIES

Cases

*Bazarganfard v. Club 360, LLC*,
  No. 2:21-CV-02272-CBM(PLAX), 2026 WL 1625655 (C.D. Cal. May 15, 2026)................................................................................................2

*C.B. v. Moreno Valley Unified Sch. Dist.*,
  No. EDCV 21-0194 JGB (SPX), 2025 WL 3040876 (C.D. Cal. Oct. 3, 2025) ..............................................................................................2, 4

*Camacho v. Bridgeport Fin., Inc.*,
  523 F.3d 973 (9th Cir. 2008).........................................................................3

*Carson v. Billings Police Dep't*,
  470 F.3d 889 (9th Cir. 2006).........................................................................1

*Chaudhry v. City of Los Angeles*,
  751 F.3d 1096 (9th Cir. 2014).......................................................................8

*Clark v. City of Los Angeles*,
  803 F.2d 987 (9th Cir. 1986).........................................................................9

*Craig v. Cnty. of Orange*,
  No. SACV1700491CJCKESX, 2019 WL 12378994 (C.D. Cal. Sept. 5, 2019) ..............................................................................................3

*Cruz ex rel. Cruz v. Alhambra Sch. Dist.*,
  601 F. Supp. 2d 1183 (C.D. Cal. 2009).........................................................7

*Davis v. City & Cnty. of San Francisco*,
  976 F.2d 1536 (9th Cir. 1992).......................................................................7

*Donastorg v. City of Ontario*,
  Case No. EDCV 18-992 JGB (SPx), 2021 WL 6103545 (C.D. Cal. Sept. 23, 2021)................................................................................................3, 10

*Fox v. Vice*,
  563 U.S. 826, (2011) .....................................................................................1

*Frias v. City of Los Angeles*,
  No. CV 16-4626 PSG (SKX), 2020 WL 4001620 (C.D. Cal. Apr. 23, 2020). 3, 5, 6

*Gates v. Deukmejian*,
  987 F.2d 1392 (9th Cir. 1992).......................................................................3

*Griffin v. City of Los Angeles*,
  No. 2:24-CV-06312-RGK-MAR, 2026 WL 1747212 (C.D. Cal. June 11, 2026)................................................................................................2, 6

*Hanson v. Oregon*,
  No. 3:21-CV-780-SI, 2021 WL 8442625 (D. Or. Oct. 29, 2021)...................6

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES

*Hensley v. Eckerhart*,
461 U.S. 424 (1983) ...................................................................................5

*Kelly v. Wengler*,
822 F.3d 1085 (9th Cir. 2016)....................................................................6

*Ketchum v. Moses*,
24 Cal. 4th 1122 (2001)..............................................................................9

*Mangold v. California Pub. Utilities Comm'n*,
67 F.3d 1470 (9th Cir. 1995) .....................................................................8

*McGrath v. County of Nevada*,
67 F.3d 248 (9th Cir. 1995)........................................................................5

*Moreno v. City of Sacramento*,
534 F.3d 1106 (9th Cir. 2008)................................................................4, 5

*Nadarajah v. Holder*,
569 F.3d 906 (9th Cir. 2009)......................................................................7

*Notter v. City of Pleasant Hill*,
No. 16-CV-04412-JSC, 2017 WL 5972698 (N.D. Cal. Nov. 30, 2017)...........8

*P.C. v. City of Los Angeles*,
No. CV 07-3413-PLA, 2012 WL 12920203 (C.D. Cal. Sept. 14, 2012)..........6

*Parsons v. Ryan*,
949 F.3d 443 (9th Cir. 2020)......................................................................5

*Premier Med. Mgmt. Sys., Inc. v. California Ins. Guarantee Assn.*,
163 Cal. App. 4th 550 (2008)......................................................................8

*Pritchett v. Slauson Gas Station, LLC*,
No. CV 20-7915 DSF (SKX), 2022 WL 319989 (C.D. Cal. Jan. 10, 2022) ....2

*PSM Holding Corp. v. Nat'l Farm Fin. Corp.*,
743 F. Supp. 2d 1136 (C.D. Cal. 2010)......................................................5

*Rodriguez v. Cnty. of Los Angeles*,
96 F. Supp. 3d 1012 (C.D. Cal. 2014)........................................................8

*Taylor v. Chaing*,
No. CIVS012407JAMGGH, 2009 WL 453050 (E.D. Cal. Feb. 23, 2009) ......4

*United Steelworkers of Am. v. Phelps Dodge Corp.*,
896 F.2d 403 (9th Cir. 1990).....................................................................2

*Valenzuela v. City of Anaheim*,
No. SACV1700278CJCDFMX, 2023 WL 2249178 (C.D. Cal. Feb. 23, 2023)
...................................................................................................................3

*Welch v. Metro. Life Ins. Co.*,
480 F.3d 942 (9th Cir. 2007)...................................................................1, 2

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES

*Zelaya v. City of Los Angeles*,
No. 2:20-CV-08382-ODW (MAAX), 2024 WL 3183882 (C.D. Cal. June 25, 2024) ...................................................................................................3, 8

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

> [T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.

*Fox v. Vice*, 563 U.S. 826, 838 (2011).

## II. DALE GALIPO'S REQUESTED HOURLY RATE IS REASONABLE[1]

Defendants' argument that attorney Dale Galipo's requested hourly rate is "not reasonable" misses the mark as it is based on a fundamental misunderstanding of controlling precedent in determining what constitutes a reasonable, prevailing market rate and blatantly ignores ample evidence submitted by Plaintiff justifying the requested rate. Defendants contend that Plaintiff has failed to substantiate the requested hourly rate for Mr. Galipo because Plaintiff has failed to produce evidence that Mr. Galipo "has ever actually and routinely received such a fee from clients in similar cases." (Defs.' Opp. at 5). However, the Ninth Circuit has repeatedly held,

> *the determination of a reasonable hourly rate is not made by reference to the rates actually charged the prevailing part*y…[r]ather, billing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity.

*Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (cleaned up) (emphasis added); *see Carson v. Billings Police Dep't*, 470 F.3d 889, 892 (9th Cir. 2006) (the court is supposed to use the prevailing market rates for

---

[1] Defendants do not dispute the reasonableness of the requested hourly rates for attorney Hang D. Le and legal assistant Santiago G. Laurel.

attorneys of comparable experience, skill, and reputation to calculate the lodestar rather than the prevailing attorney's individual contracted hourly rate). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Here, Plaintiff not only submitted declarations from Plaintiff's attorneys and Ms. Sobel, another civil rights attorney in this district, but Plaintiff also provided evidence of past rate awards to Mr. Galipo. *See Welch*, 480 F.3d at 947 (plaintiff satisfied her burden of demonstrating the requested hourly rates were reasonable by submitting rate awards to her attorneys in other cases and declarations from comparable attorneys); *Griffin v. City of Los Angeles*, No. 2:24-CV-06312-RGK-MAR, 2026 WL 1747212, at *5 (C.D. Cal. June 11, 2026) (plaintiffs' submission of affidavits, prior court awards to plaintiffs' counsel, and citation to prior cases within the district approving comparable rates satisfied plaintiffs' burden of showing the requested rates were reasonable). Plaintiff also cited to a 2025 fee award in a comparable single-plaintiff civil rights case in this district wherein the founding partner of the firm was awarded an hourly rate of $1,550. *C.B. v. Moreno Valley Unified Sch. Dist.*, No. EDCV 21-0194 JGB (SPX), 2025 WL 3040876, at *7 (C.D. Cal. Oct. 3, 2025) (approving hourly rate of $1,550 for a founding partner). Plaintiff further provided rate ranges from the 2025 Real Rate Report, which courts in this district have routinely referred to in assessing "the reasonableness of hourly rates in the Central District of California." *Bazarganfard v. Club 360, LLC*, No. 2:21-CV-02272-CBM(PLAX), 2026 WL 1625655, at *2 (C.D. Cal. May 15, 2026); *see Pritchett v. Slauson Gas Station, LLC*, No. CV 20-7915 DSF (SKX), 2022 WL 319989, at *2 (C.D. Cal. Jan. 10, 2022).

Plaintiff also provided ample evidence regarding Mr. Galipo's skill, experience, and reputation, including recognition from a number of district court judges in this district that Mr. Galipo is at the top of his field in police excessive force cases. *See, e.g., Zelaya v. City of Los Angeles*, No. 2:20-CV-08382-ODW (MAAX), 2024 WL 3183882, at *3 (C.D. Cal. June 25, 2024); *Valenzuela v. City of Anaheim*, No. SACV1700278CJCDFMX, 2023 WL 2249178, at *3 (C.D. Cal. Feb. 23, 2023); *Donastorg v. City of Ontario*, Case No. EDCV 18-992 JGB (SPx), 2021 WL 6103545, at *8 (C.D. Cal. Sept. 23, 2021);  *Craig v. Cnty. of Orange*, No. SACV1700491CJCKESX, 2019 WL 12378994, at *2 (C.D. Cal. Sept. 5, 2019). Additionally, while Mr. Galipo's requested hourly rate may exceed the upper quartile for litigation partners in Los Angeles by $166 (*see* Ex. 6 to Galipo Decl. at 256 (2025 Real Rate Report reports that the upper quartile for litigation partners in Los Angeles is $1,334)), at least one court in this district has recognized that because of Mr. Galipo's reputation and skill in police excessive force cases, Mr. Galipo "should receive a rate *above* the upper quartile." *Frias v. City of Los Angeles*, No. CV 16-4626 PSG (SKX), 2020 WL 4001620, at *3 (C.D. Cal. Apr. 23, 2020) (emphasis added) (awarding Mr. Galipo $1,100 per hour, almost $200 more than the Real Rate Report's upper quartile for Los Angeles litigation partners).

Once the party claiming fees presents evidence supporting the claimed rate, the burden shifts to the party opposing fees to present equally specific countervailing evidence. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008); see *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992). Defendants have failed to meet this burden. Defendants have failed to present any evidence that would support their argument that Mr. Galipo's requested hourly rate is not reasonable. Instead, Defendants rely on an unpublished, out-of-district case with significantly different facts and submitted evidence.

In *Taylor v. Chaing*, a case that did not go to trial, the prevailing party submitted declarations from their attorneys stating that the requested hourly rates

were commensurate with their normal hourly rates. *Taylor v. Chaing*, No. CIVS012407JAMGGH, 2009 WL 453050, at *9-10 (E.D. Cal. Feb. 23, 2009). The prevailing party also submitted declarations from three other attorneys outside of the case attesting to reasonableness of the requested hourly rates. *Id*. at *10. The district court found that these barebones declarations were insufficient to justify requested hourly rates that were higher than rates awarded in recent, similar cases. *Id.* Instead, the district court reviewed the hourly rates awarded in those recent cases and awarded the prevailing party's attorneys hourly rates in line with those recent awards. *Id.* at *11. Here, as discussed above, Plaintiff has submitted more than just barebones declarations in support of Mr. Galipo's requested hourly rate. Additionally, even if the Court were to follow the method employed by the *Taylor* district court in determining reasonable hourly rates, Mr. Galipo's requested hourly rate of $1,500 *is in line* with the most recent hourly rate awarded to comparable attorneys in civil rights cases. *See C.B.*, 2025 WL 3040876, at *7.

Accordingly, Mr. Galipo's requested hourly rate of $1,500 is reasonable given his experience, reputation, and skill in civil rights cases and the prevailing market rate of this Court's community.

## III. THE NUMBER OF HOURS SPENT WAS REASONABLY NECESSARY TO LITIGATION

> It must [] be kept in mind that lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees. The payoff is too uncertain, as to both the result and the amount of the fee. It would therefore be the highly atypical civil rights case where plaintiff's lawyer engages in churning. By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker.

*Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

//

//

A. <u>Block Billing</u>

"Although courts can reduce fees due to block-billing when it hinders their ability to discern the reasonable hours worked, block billing is not per se objectionable." *Frias*, 2020 WL 4001620, at *4 (internal citations omitted). "Plaintiff's counsel… is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures." *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983). "[A]ttorneys need only keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed." *Parsons v. Ryan*, 949 F.3d 443, 462 (9th Cir. 2020) (internal quotations and citations omitted). Here, the entries Defendants identify as "block billing" provide enough clarity for the Court to discern the reasonable hours worked. Mr. Galipo sufficiently identified the general subject matter of his time expenditures, including significant time spent for trial preparation.

Additionally, even if some of Mr. Galipo's entries overlapped with or are duplicative of other billing entries, the Ninth Circuit has held that duplicative work is *necessary* when a case goes on for many years and duplication is "inherent in the process of litigating over time" and that "[t]here is no reason why the lawyer should perform this necessary work for free." *Moreno*, 534 F.3d at 1112.

B. <u>Two Attorneys at Depositions Was Reasonable</u>

"Division of responsibility may make it necessary for more than one attorney to attend activities such as depositions and hearings. Multiple attorneys may be essential for planning strategy, eliciting testimony or evaluating facts or law." *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 743 F. Supp. 2d 1136, 1157 (C.D. Cal. 2010). "[T]he participation of more than one attorney does not necessarily constitute an unnecessary duplication of effort." *McGrath v. County of Nevada*, 67 F.3d 248, 255 (9th Cir. 1995). Moreover, courts have recognized that "two attorneys attending

depositions are commonplace and accepted in the Ninth Circuit." G*riffin v. City of Los Angeles*, No. 2:24-CV-06312-RGK-MAR, 2026 WL 1747212, at *8 (C.D. Cal. June 11, 2026) (declining to apply reductions to time billed by two attorneys at depositions) (citing *Kelly v. Wengler*, 822 F.3d 1085, 1105 (9th Cir. 2016)); *see Hanson v. Oregon*, No. 3:21-CV-780-SI, 2021 WL 8442625, at *3 (D. Or. Oct. 29, 2021) ("It is [] not uncommon for multiple attorneys from the same law firm to appear in court or at deposition for their client or clients in a lawsuit."); *Frias*, 2020 WL 4001620, at *4 (disagreeing with defendants' position that staffing multiple attorneys are depositions was duplicative billing because "it is not uncommon for multiple attorneys to attend depositions"); *P.C. v. City of Los Angeles*, No. CV 07-3413-PLA, 2012 WL 12920203, at *4 (C.D. Cal. Sept. 14, 2012) (stating that "this Court does not find the presence of multiple attorneys at depositions, hearings or trial to be unreasonable or atypical" in declining to reduce hours when more than one attorney appeared at a deposition or court hearing). Accordingly, Hang Le's participation in depositions taken by Mr. Galipo was not unreasonable. Indeed, even defense counsel staffed multiple depositions with two attorneys. *See, e.g.,* Exs. 9-10 to Le Decl.

Additionally, Ms. Le's preparation for and participation in depositions taken by Mr. Galipo was necessary to the litigation of this case. Ms. Le's preparation for Defendants Hector Vazquez and Marisol Barajas's depositions consisted of reviewing recorded statements and going through relevant videos capturing the incident and making exhibits, including screenshots of specific portions of the videos, that were utilized during the depositions and later at trial to prove Plaintiff's case. Le Decl. ¶¶ 2-3. Additionally, Ms. Le was responsible for the day-to-day management of this case, including the preparation of pretrial documents and conferences with defense counsel regarding pretrial issues. The expert depositions conducted by Mr. Galipo occurred close in time to when the parties held meetings on pretrial issues and motions in limine. Le Decl. ¶ 4. Thus, her attendance at expert

depositions conducted by Mr. Galipo was necessary to inform her of any issues regarding experts that needed to be discussed with defense counsel and of opinions not contained in expert reports that Plaintiff would need to move to exclude at trial. *Id.*

### C. Intraoffice Communications Were Reasonably Billed

"Time billed for internal conferencing is recoverable to the extent it is reasonably necessary to conducting the litigation." C*ruz ex rel. Cruz v. Alhambra Sch. Dist.*, 601 F. Supp. 2d 1183, 1192 (C.D. Cal. 2009) (citing *Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1545 (9th Cir. 1992)); *see Nadarajah v. Holder*, 569 F.3d 906, 925 (9th Cir. 2009) (awarding requested hours for attorney conferencing because "a fair amount of conferencing among the attorneys was reasonable…and none of the cited time entries appears unreasonable"). While it is true that courts have reduced fee awards for excessive conferencing, here, Plaintiff's attorneys have only billed a total of 29.2[2] hours out of the 826.2 requested hours, which is hardly excessive for litigating a case that spanned over two and a half years and went to trial. Accordingly, the time billed for internal conferencing was reasonable.

### D. Secretarial and Administrative Tasks

Defendants contend that the Court should disallow 40.95 hours billed by Plaintiff's legal assistant because purely clerical or secretarial tasks are not compensable. While that may be true, legal assistants do not perform purely clerical tasks, and "it is appropriate to distinguish between non-legal, 'purely clerical' work, which is not compensable, and substantive legal work, which may be." *Zelaya*, 2024

---

[2] Plaintiff's attorneys engaged in more attorney conferencing than billed, as typically necessary in cases that span over years and involve multiple attorneys. However, as stated in previous declarations (*see* Doc. No. 139-8, Le Decl. ¶ 2), Plaintiff's attorneys exercised billing judgment and did not bill for all the time spent in intraoffice conferencing.

WL 3183882, at *5. "[T]asks like drafting discovery correspondence, preparing deposition notices, and reviewing and organizing case files are not necessarily purely clerical tasks and may be compensable." *Id.* The tasks performed by Plaintiff's legal assistant were not all purely clerical tasks and Defendants have failed to identify any specific entries Defendants contend are purely secretarial or administrative tasks. *Cf. Premier Med. Mgmt. Sys., Inc. v. California Ins. Guarantee Assn.*, 163 Cal. App. 4th 550, 564 (2008) (in challenging the hours claimed, "it is the burden of the challenging party to point to specific items challenged, with sufficient argument and citations to the evidence"). Thus, the Court should not disallow all hours billed by Plaintiff's legal assistant.

## IV.    LODESTAR MULTIPLIER

Defendants' argument that success on a Bane Act claim does not allow the Court to apply a multiplier to the entire attorney fee request where there are federal claims as well is not supported by the case law and does not find support in the case cited by Defendants. "The Ninth Circuit has held that it is proper to use state law to determine an attorney's fee where there are overlapping federal and state civil rights claims and state law provides a great award than does federal law." *Rodriguez v. Cnty. of Los Angeles*, 96 F. Supp. 3d 1012, 1017–18 (C.D. Cal. 2014), *aff'd,* 891 F.3d 776 (9th Cir. 2018) (citing *Mangold v. California Pub. Utilities Comm'n*, 67 F.3d 1470 (9th Cir. 1995)). "Lodestar analysis is generally the same under California law and Federal law." *Rodriguez*, 96 F.3d at 1017. However, "in the Ninth Circuit, when a plaintiff succeeds on both federal and state claims that support a fee award, the state-law multiplier is available." *Rodriguez*, 96 F.3d at 1018 (cleaned up) (citing *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1106 (9th Cir. 2014)). In *Notter v. City of Pleasant Hill*, the case relied on by Defendants, the district court applied the Bane Act multiplier to the *entire* lodestar, which included work done for plaintiff's Section 1983 claim. *Notter v. City of Pleasant Hill*, No. 16-CV-04412-JSC, 2017 WL 5972698, at *7 (N.D. Cal. Nov. 30, 2017).

In *Ketchum v. Moses*, the California Supreme Court stated, "[t]he purpose of a fee enhancement, or so-called multiplier, for contingent risk is to bring financial incentives for attorneys enforcing civil rights" and that a contingent fee must be higher than a fee paid for the same legal services as they are performed because the "contingent fee compensates lawyers not only for legal services rendered but for the loan of those of services," wherein "[t]he implicit interest rate of such a loan is higher because of the risk of default (the loss of the case which cancels the debt of the client to the lawyer)." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001). The California Supreme Court also rejected a similar argument to the one Defendants made that a multiplier would be punitive to Defendants, stating, "[n]or is it true that applying a fee enhancement will inevitably result in unfair double counting or a windfall to attorneys," since "the lodestar was expressly based on the general local rule for legal services in a *noncontingent* matter, where payment is certain regardless of outcome," "it does *not* include any compensation for contingent risk, extraordinary skill, or any other factors a trial court may consider" in awarding a multiplier. *Id.* at 1138. This case was taken on a contingent fee basis, and Plaintiff's attorneys have not received any payment from Plaintiff during the pendency of this risky, civil rights litigation. (*See* Doc. No. 139-1, Galipo Decl. ¶¶ 35, 37). Accordingly, a multiplier is appropriate to account for the contingency nature of the case, the quality of representation, and the difficulty of the case. *See Ketchum*, 24 Cal. 4th at 1139.

## V.    COMPENSATION FOR WORK ON THIS REPLY AND ANY OTHER RELATED FEE MOTION WORK

Plaintiff is entitled to fees for the time Plaintiff's counsel spends in establishing their right to attorney fees in the amount request. *See Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986). Ms. Le spent an additional 13.3 hours researching case law and drafting this Reply. Thus, Plaintiff requests that the Court award additional attorneys' fees in the amount of $10,640 ($800 x 13.3) for

additional post-trial work performed. *See Donastorg*, 2021 WL 6103545, at \*12 (awarding time spent on drafting the motion for attorney fees and reply). Plaintiff further requests that the Court award additional attorney fees related for work related to any hearing the Court may hold on Plaintiff's Motion.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court grant the full amount of Plaintiff's requested attorney fees, including the application of the lodestar multiplier.

DATED: July 30, 2026                    LAW OFFICES OF DALE K. GALIPO


By _____*/s/ Hang D. Le*_____
        Dale K. Galipo
        Hang D. Le
        Attorneys for Plaintiff

## **Certificate of Compliance**

The undersigned, counsel of record for Plaintiff Jennie Quan, certifies that this memorandum contains 2,999, which complies with the 3,000 word limit of this Court's Civil Initial Standing Order.

DATED: July 30, 2026                    LAW OFFICES OF DALE K. GALIPO


By _____*/s/ Hang D. Le*_____
   Dale K. Galipo
   Hang D. Le
   Attorneys for Plaintiff

-1-
CERTIFICATE OF COMPLIANCE