UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:24-cv-04805-MCS-KS** | Date | September 3, 2026 |
| Title | ***Quan v. County of Los Angeles*** | | |

| | |
|---|---|
| Present: The Honorable | Mark C. Scarsi, United States District Judge |

| | |
|---|---|
| Stephen Montes Kerr | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER RE: MOTION TO RETAX COSTS (ECF NO. 159)**

The Court extended the deadline for Plaintiff Jennie Quan to file an application to tax costs against Defendants Marisol Barajas and Hector Vazquez until 28 days after the Court issued a ruling on any Rule 50(b) or 59 post-trial motions. (Order Re: Stip. to Modify Post-Trial Br. Schedule 2, ECF No. 112.) The Court entered judgment on March 11, 2026, (J., ECF No. 117), and denied Defendants' Rule 50(b) and 59 motion on June 5, 2026, (Order Re: Mot. for JMOL, ECF No. 131). Plaintiff filed an application to tax costs 27 days after entry of the order denying Defendants' motion. (Appl., ECF No. 138 (filed July 2, 2026).) The Clerk denied the application as untimely based on Local Rule 54-2.1, which requires such applications to be filed within 14 days after entry of judgment. (Clerk's Denial of Appl. 1, ECF No. 158.) Plaintiff moves to retax costs. (Mot., ECF No. 159.) The Court ordered Defendants to file a response, (Text Only Entry, ECF No. 160), but they did not timely do so. The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

The Court deems Defendants' failure to respond to the motion their consent to granting it in full. C.D. Cal. R. 7-12; *see Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the

parties' motion practice and enforcing local rules that place parameters on briefing.").

The Court also grants the motion on the merits. A motion to retax costs must be filed and served within seven days of the Clerk's decision on the application to tax costs. C.D. Cal. R. 54-2.5. Review of the Clerk's decision is "limited to the record made before the Clerk and encompass[es] only those items specifically identified in the motion." *Id.* Here, Plaintiff places the entire application in issue, arguing that the Clerk incorrectly denied the application as untimely because the Court extended the deadline to file it. (Mot. 2.) The Court has authority to modify the deadline to file an application to tax costs. *See Prof. Programs Grp. v. Dep't of Com.*, 29 F.3d 1349, 1353 (9th Cir. 1994) ("[T]he district court has broad discretion to depart from the strict terms of the local rules where it makes sense to do so and substantial rights are not at stake."); *cf.* Fed. R. Civ. P. 6(b)(2) (restricting courts from extending time in limited circumstances). Plaintiff timely filed the application within the extended deadline the Court set. (*See* Order Re: Stip. to Modify Post-Trial Br. Schedule 2.) The application sets forth the recoverable costs Plaintiff incurred to prosecute this action and substantiates those costs with invoices and other evidence. (*See generally* Appl.; *id.* Exs. A–E, ECF Nos. 138-1 to -5.) By failing to respond or object to the original application or the instant motion, Defendants effectively have conceded the claimed costs are recoverable.

The motion is granted. The Court awards $16,235.13 in costs to Plaintiff as the prevailing party. Fed. R. Civ. P. 54(d)(1).

**IT IS SO ORDERED.**